COPY

1 | DENNIS J. HERRERA, State Bar #139669
City Attorney
2 | ELIZABETH S. SALVESON, State Bar # 83788
Chief Labor Attorney
3 | LAWRENCE HECIMOVICH, State Bar #129688
ADELMISE ROSEME WARNER, State Bar #215385
4 | Deputy City Attorneys
Fox Plaza
5 | 1390 Market Street, 5th Floor
San Francisco, California 94102-5408
6 | Telephone:    (415) 554-3933
Facsimile:     (415) 554-4248

7

8 | Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO and
9 | HEATHER FONG

ORIGINAL
FILED

FEB 2 8 2007

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-filing

10 |                UNITED STATES DISTRICT COURT

11 |               NORTHERN DISTRICT OF CALIFORNIA

12

SI

C 07    1186

13 | CLAYTON HARMSTON, an individual;
GIGI GEORGE, an individual; JAMES
14 | LEWIS, an individual; MIKE EVANSON,
an individual; ERIK SOLARES, an
15 | individual; DAVE PARRY, an individual;
ANDREW COHEN, an individual;
16 | NOAH MALLINGER, an individual;
CARLOS MUSTAFICH, an individual;
17 | LUIS DEJESUS, an individual; JAMES
D. AHERNE, an individual; JASON
18 | KIRCHNER, an individual; REGINALD
SCOTT, an individual; GERALD P.
19 | LYONS, an individual; WENDY
HURLEY, an individual; HOLLY
20 | STOUMEN, an individual; CHRISTINE
ARNDT, an individual; SHAREEF
21 | NASIR, an individual,

22 |            Plaintiffs,

23 |      vs.

24 | CITY AND COUNTY OF SAN
FRANCISCO, HEATHER FONG, an
25 | individual, and DOES 1-50,

26 |            Defendants.

Case No.

**NOTICE OF REMOVAL OF
ACTION PURSUANT TO 28 U.S.C.
SECTIONS 1441 and 1446;
STATEMENT OF JURISDICTION**

(Federal Question Jurisdiction)

27

28

1

1  **TO THE CLERK OF THE DISTRICT COURT FOR THE NORTHERN DISTRICT**

2  **OF CALIFORNIA AND TO PLAINTIFFS CLAYTON HARMSTON; GIGI GEORGE;**

3  **JAMES LEWIS; MIKE EVANSON; ERIK SOLARES; DAVE PARRY; ANDREW COHEN;**

4  **NOAH MALLINGER; CARLOS MUSTAFICH; LUIS DEJESUS; JAMES D. AHERNE;**

5  **JASON KIRCHNER; REGINALD SCOTT; GERALD P. LYONS; WENDY HURLEY;**

6  **HOLLY STOUMEN; CHRISTINE ARNDT; SHAREEF NASIR, AND THEIR**

7  **ATTORNEYS OF RECORD**:

8  NOTICE IS HEREBY GIVEN that the City and County of San Francisco and Heather Fong,

9  Defendants in the above-captioned action, San Francisco Superior Court Case No. CGC-06-454955

10  hereby file in the United States District Court for the Northern District of California, a Notice of

11  Removal of said action to said United States District Court, pursuant to 28 U.S. C. §1441, and are

12  filing in said Superior Court a Notice of Removal.

13  **STATE COURT ACTION**

14  On or about August 10, 2006, Plaintiffs Clayton Harmston; Gigi George; James Lewis;

15  Mike Evanson; Erik Solares; Dave Parry; Andrew Cohen; Noah Mallinger; Carlos Mustafich; Luis

16  Dejesus; James D. Aherne; Jason Kirchner; Reginald Scott; Gerald P. Lyons; Wendy Hurley; Holly

17  Stoumen; Christine Arndt; Shareef Nasir ("Plaintiffs") commenced a civil action in the Superior

18  Court of California, in and for the City and County of San Francisco, Action No. Case No.

19  CGC-06-454955. A copy of the summons and complaint filed in San Francisco Superior Court was

20  served upon and received by Defendants on or about August 17, 2006, and is attached hereto as

21  **Exhibit A**. The complaint alleged claims for (1) racial discrimination under the California Fair

22  Employment and Housing Act, Cal. Govt. Code §§ 12960, *et al.* ("FEHA"); (2) retaliation under the

23  FEHA; (3) defamation; and (4) intentional infliction of emotional distress. Defendants filed their

24  answer in the Superior Court on or about September 18, 2006, and a true and correct copy of the

25  answer is attached hereto as **Exhibit B**.

26  On or about October 11, 2006, Defendants filed with the Court, and served Plaintiffs with, a

27  motion for a protective order precluding certain written and oral discovery by Plaintiffs. A true and

28  correct copy of Defendants' motion is attached hereto as **Exhibit C**. On or about that same day,

1   Plaintiffs also filed a motion to compel attendance at deposition of Defendant Heather Fong and a

2   person most knowledgeable.  A true and correct copy of Plaintiffs' motion is attached hereto as

3   **Exhibit D**.  On or about January 16, 2007, the Court issued an order granting in part Defendants'

4   motion for protective order, and denying in part Plaintiffs' motion to compel.  A true and correct

5   copy of the Court's January 16 order is attached hereto as **Exhibit E**.

6   　　　　As evidenced on the original complaint, an initial case management conference was

7   scheduled for January 12, 2007.  However, on or about January 3, 2007, the Court issued an order

8   continuing the initial case management conference to February 23, 2007.  A true and correct copy

9   of the Court's January 3 order continuing the initial case management conference is attached hereto

10   as **Exhibit F.**

11   　　　　On or about December 19, 2006, Plaintiffs moved for an order from the Superior Court

12   granting them leave to file a first amended complaint.  A true and correct copy of the Plaintiffs'

13   motion is attached hereto as **Exhibit G**.  Defendants did not oppose the motion.  Therefore, on or

14   about January 22, 2007, the Superior Court issued an order granting Plaintiffs leave to file a first

15   amended complaint.  A true and correct copy of the Court's January 22 order is attached hereto as

16   **Exhibit H**.

17   　　　　Plaintiffs filed a first amended complaint on or about February 1, 2007.  A copy of the first

18   amended complaint was served upon and received by Defendants about the same day, and is

19   attached hereto as **Exhibit I**. The First Amended Complaint alleges claims for

20   (1) racial discrimination under the FEHA; (2) racial discrimination under Title VII of the Civil

21   Rights Act of 1964, 42 U.S.C. §§ 2000e-2, *et seq.* ("Title VII"); (3) retaliation under the FEHA;

22   (4) retaliation under Title VII (5) defamation; and (6) intentional infliction of emotional distress.

23   Defendants filed their answer to the first amended complaint in the Superior Court on or about

24   February 27, 2007.  A true and correct copy of Defendants' answer to the first amended complaint is

25   attached hereto as **Exhibit J**.

26   　　　　Defendants filed a case management statement with the Superior Court on or about

27   January 29, 2007.  A true and correct copy of Defendants' case management conference statement is

28   attached hereto as **Exhibit K**.  Plaintiffs filed a case management conference statement on or about

February 13, 2007.  A copy of Plaintiffs' case management conference statement is attached hereto as **Exhibit L**.  On or about February 14, 2007, the Court issued an order continuing the February 23, 2007 case management conference to April 6, 2007.  A true and correct copy of the Court's February 14 order is attached hereto as **Exhibit M**.

In addition to the above, Defendants respectfully request that the Court take notice that the parties are currently awaiting a signed order from the Court related to Plaintiffs' *Pitchess* motion for production of non-plaintiff peace officer personnel records.  Plaintiffs had filed a *Pitchess* motion on or about January 4, 2007.  A copy of Plaintiffs' motion is attached hereto as **Exhibit N**.  Defendants did not oppose the *Pitchess* motion, but requested that the Superior Court issue a protective order protecting subsequent disclosure of these non-plaintiff peace officer personnel records.  At a hearing held on February 2, 2007, the Superior Court granted Plaintiffs' *Pitchess* motion, and ordered that all documents produced by Defendants pursuant to the *Pitchess* motion be produced pursuant to a protective order.  The parties disagree, however, with respect to the proposed order submitted by Plaintiffs to the Court and the protective order proposed by Defendants.

The above represents the only pleadings, processes, and orders on file with the Superior Court to the knowledge of the undersigned, as required by 28 U.S.C. § 1446(a).  The above also represents a true and accurate description of the status of the Superior Court action.

## JURISDICTION

Where a defendant is sued in a state court for alleged federal civil rights violations, the defendant has the option of defending in the state court or removing the proceeding to federal court pursuant to 28 U.S.C. §1441(b).  Section 1441(b) provides in relevant part:

> [a]ny civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties.

Section 1441(a) states that the proper venue upon removal is to the district court "for the district and division embracing the place where such state action is pending."  28 U.S.C. §1441(a).  Section 1446(b) provides that the notice of removal "may be filed within thirty days after receipt by

NOTICE OF REMOVAL TO FEDERAL COURT/STAT OF JURISDICTION                n:\labor\li2007\070245\00010701.doc

1  defendant. . . of a copy of an amended pleading, motion . . . or other paper from which it may first

2  be ascertained that the case is one which is or has become removable. . ." 28 U.S.C. § 1446(b).

3        The above-described First Amended Complaint presents a civil action of which this court

4  has original jurisdiction under 28 U.S.C. §1331, in that Plaintiffs allege two causes of action for

5  employment discrimination and retaliation in violation of the laws of the United States, over which

6  this Court has original jurisdiction.  The second and fourth causes of action allege violation of

7  Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2, *et seq.* – a federal statute.

8  Defendants file this Notice within 30 days after Plaintiffs' filing, and Defendants' receipt, of service

9  of the First Amended Complaint, which is the first pleading from which it can be ascertained that

10  this action is removable, pursuant to 28 U.S.C. §§ 1441(a) and 1446(b).  To the extent that

11  Plaintiffs' first amended complaint alleges a claim or cause of action other than violations of rights

12  under the laws of the United States, said cause(s) of action may be removed and adjudicated by this

13  Court pursuant to 28 U.S.C. §1441(c).  Section 1441(c) provides that:

14        Whenever a separate and independent claim or cause of action within the
jurisdiction conferred by section 1331 of this title is joined with one or

15  more otherwise non-removable claims or causes of action, the entire case
may be removed and the district court may determine all issues therein, or,

16  in its discretion, may remand all matters in which State law predominates.

17        WHEREFORE, Defendants pray that the above action now pending in the Superior Court of

18  the State of California in and for the City and County of San Francisco be removed in its entirety to

19  this Court for all further proceedings, pursuant to 28 U.S.C. § 1441, *et seq.*

20  Dated:  February 28, 2007           Respectfully submitted,

21                      DENNIS J. HERRERA

22                      City Attorney
                    ELIZABETH S. SALVESON

23                      Chief Labor Attorney
                    LAWRENCE HECIMOVICH

24                      ADELMISE ROSEME WARNER
                    Deputy City Attorneys

25                  By:

26                      ADELMISE ROSEME WARNER

27                      Attorneys for Defendants
                    CITY AND COUNTY OF SAN FRANCISCO and

28                      HEATHER FONG

NOTICE OF REMOVAL TO FEDERAL COURT/STAT OF JURISDICTION       n:\labor\li2007\070245\00010701.doc

1

2

**PROOF OF SERVICE**

*Harmston, Clayton, et al. v. CCSF, et al.*
**SF Superior Court Case No. 06-454955**

3

4

I, BLANCA MARTIN, the undersigned, declare as follows:

I am a citizen of the United States, over the age of eighteen years and not a party to the above-entitled action.  I am employed at the City Attorney's Office of San Francisco, Fox Plaza Building, 1390 Market Street, Fifth Floor, San Francisco, CA 94102.

5

6

On February 28, 2007, I served the following document(s):

7

8

- **NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. SECTIONS 1441 AND 1446; STATEMENT OF JURISDICTION**

9

on the following persons at the location specified:

10

11

12

13

Aldon Bolaños, Esq.
Waukeen Q. McCoy, Esq.
Law Offices of Waukeen Q. McCoy
703 Market Street, Suite 1407
San Francisco, CA  94111
Facsimile No. (415) 675-2530

14

in the manner indicated below:

15

16

☒  **BY PERSONAL SERVICE**: I sealed true and correct copies of the above document in an addressed envelope(s) and caused such envelope(s) to be delivered by hand at the above location by a professional messenger service.  **A declaration from the messenger who made the delivery ☐ is attached or ☒ will be filed separately with the court.**

17

18

I declare under penalty of perjury pursuant to the laws of the State of California that the foregoing is true and correct.

19

Executed February 28, 2007, at San Francisco, California.

20

*Blanca Martin*
BLANCA MARTIN

21

22

23

24

25

26

27

28

# EXHIBIT "A"

EXHIBIT "A"

ENDORSED
F I L E D
*San Francisco County Superior Court*

AUG 1 0 2006

GORDON PARK-LI, Clerk
CASE MANAGEMENT CONFERENCE SET A
Deputy Clerk

JAN 1 2 2007 -9⁰⁰ AM

DEPARTMENT 212

1  WAUKEEN Q. McCOY, ESQ. (SBN: 168228)
   LAW OFFICES OF WAUKEEN Q. McCOY
2  703 Market Street, Suite 1407
   San Francisco, California 94103
3  Telephone (415) 675-7705
   Facsimile (415) 675-2530

4  Attorney for Plaintiffs
   CLAYTON HARMSTON et al.

5

6         SUPERIOR COURT OF THE STATE OF CALIFORNIA

7            CITY AND COUNTY OF SAN FRANCISCO

8

9  CLAYTON HARMSTON, an individual; GIGI          Case No.: CGC-06-454955
   GEORGE, an individual; JAMES LEWIS, an
10 individual; MIKE EVANSON, an individual;        UNLIMITED JURISDICTION
   ERICK SOLARES, an individual; DAVE
11 PARRY, an individual; ANDREW COHEN,             **COMPLAINT FOR:**
   an individual; NOAH MALLINGER, an
12 individual; CARLOS MUSTAFICH, an                1. RACIAL DISCRIMINATION
   individual; LUIS DEJESUS, an individual;
13 JAMES D. AHERNE, an individual; JASON           2. RETALIATION
14 KIRCHNER, an individual; REGINALD
   SCOTT, an individual; GERALD P. LYONS,          3. DEFAMATION
15 an individual; WENDY HURLEY, an
   individual; HOLLY STOUMEN, an individual;       4. INTENTIONAL INFLICTION OF
16 CHRISTINE ARNDT, an individual;                    EMOTIONAL DISTRESS
17 SHAREEF NASIR, an individual

18        Plaintiffs,                              **TWENTY (20) MILLION DOLLARS
                                                   DEMANDED**
19    vs.

20                                                 **JURY TRIAL DEMANDED**

21 CITY AND COUNTY OF SAN FRANCISCO,
   HEATHER FONG, an individual, and DOES
22 1-50
23        Defendants.

24

25

26

27

28

RECEIVED
MAYOR'S OFFICE
06 AUG 17 PH 3: 28

COMPLAINT                                          1

1  Plaintiffs allege as follows:

2                              **INTRODUCTION**

3        1.      This is an action for damages for Racial Discrimination, Defamation, and

4  Intentional Infliction of Emotional Distress.  This action arises out of events involving Plaintiffs

5  CLAYTON HARMSTON et al. (hereafter "Plaintiffs") and Defendant City and County of San

6  Francisco (hereafter "defendant" or "THE CITY").  Plaintiffs were employed by the City and

7  County of San Francisco in San Francisco.  Therefore, jurisdiction in San Francisco County is

8  appropriate.

9                              **THE PARTIES**

10       2.      Clayton Harmston ("Harmston") is a non-Asian individual employed by THE

11  CITY as a Police Officer.  THE CITY has employed HARMSTON for six years, both as a police

12  officer and as a Field Training Officer.  In 2003, he received the Medal of Valor and a Purple

13  Heart.  The American Legion named him Officer of the Year.  HARMSTON has also won the

14  California Peace Officers' Association Valor Award.  HARMSTON suffered a pattern and

15  practice of racial discrimination, and other wrongful acts committed by defendants.

16       3.      Gigi George ("George") is a non-Asian individual employed by THE CITY as a

17  Police Officer.  THE CITY has employed GEORGE for eleven years.  Beyond her duties as an

18  Officer, GEORGE has been a liaison between the Police and San Francisco schools, and has

19  worked directly with the Office of the City Attorney.  GEORGE suffered a pattern and practice

20  of racial discrimination, and other wrongful acts committed by defendants.

21       4.      James Lewis ("Lewis") is a non-Asian individual employed by THE CITY as a

22  Police Officer.  THE CITY has employed LEWIS for twenty-four years.  LEWIS has spent his

23  career both as an Officer and as a Housing officer for the San Francisco Police.  LEWIS suffered

24  a pattern and practice of racial discrimination, and other wrongful acts committed by defendants.

25       5.      Mike Evanson ("Evanson") is a non-Asian individual employed by THE CITY as

26  a Police Officer.  THE CITY has employed EVANSON for twenty-five years.  He has served

27  beyond his duties as an officer, acting as a Field Training Officer and Training Coordinator, and

28  as a Weapon of Mass Destruction Instructor.  At the time of his suspension, EVANSON was

1   preparing an officer safety course in response to the recent murder of another Bayview District

2   Police Officer.  As well, Officer EVANSON has received a Bronze Medal of Valor, three

3   Meritorious Conduct Awards, eight Police Commission Commendations, two Unit Citations, and

4   over one hundred Captain's Complimentary Reports.  EVANSON suffered a pattern and practice

5   of racial discrimination, and other wrongful acts committed by defendants.

6        6.      Erick Solares ("Solares") is a non-Asian individual employed by THE CITY as a

7   Police Officer.  THE CITY has employed SOLARES for seven years.  SOLARES has been a

8   dedicated officer, taking part in the Cease Fire Program, as well as undertaking plainclothes

9   positions and participating in the Robbery Apprehension Team, which responds to bank

10  robberies in progress.  SOLARES suffered a pattern and practice of racial discrimination, and

11  other wrongful acts committed by defendants.

12       7.      David Parry ("Parry") is a non-Asian individual employed by THE CITY as a

13  Police Officer.  THE CITY has employed PARRY for eight years.  During his career, PARRY

14  has won the American Legion Police Officer of the Year award (2003), and the Police Officers'

15  Association Medal of Valor (2003).  Parry is also a Field Training Officer.  PARRY suffered a

16  pattern and practice of racial discrimination, and other wrongful acts committed by defendants.

17       8.      Andrew Cohen ("Cohen") is a non-Asian individual employed by THE CITY as

18  Police Officer.  THE CITY has employed COHEN for eleven years.  During this time, COHEN

19  produced a variety of videos for the Police Department and THE CITY, including documentaries

20  and other satirical videos.  COHEN's superiors and peers encouraged his artistic abilities, noting

21  that they were morale boosters for other officers.  COHEN suffered a pattern and practice of

22  racial discrimination, and other wrongful acts committed by defendants.

23       9.      Noah Mallinger ("Mallinger") is a non-Asian individual employed by THE CITY

24  as a Police Officer.  THE CITY has employed the Plaintiffs for nine years.  As an officer

25  stationed in the Bayview neighborhood, MALLINGER has volunteered beyond his duties as a

26  police officer.  MALLINGER participated in the Police Department's Cease Fire Project, an

27  effort to decrease violence the Bayview neighborhood.  As well, he has taken part in gift drives

28  at Bayview Housing, has taken disadvantaged children to sporting events, and has visited ill

1    children in local hospitals. MALLINGER suffered a pattern and practice of racial

2    discrimination, and other wrongful acts committed by defendants.

3        10.    Carlos Mustafich ("Mustafich") is a non-Asian individual employed by THE

4    CITY as a Police Officer. THE CITY has employed MUSTAFICH for seven years. During this

5    time, MUSTAFICH worked in the Cease Fire Project, an effort to decrease violence the Bayview

6    neighborhood. MUSTAFICH suffered a pattern and practice of racial discrimination, and other

7    wrongful acts committed by defendants.

8        11.    Luis DeJesus ("DeJesus") is a non-Asian individual employed by THE CITY as a

9    Police Officer. THE CITY has employed DEJESUS for eight years. During this time,

10   DEJESUS worked in the Cease Fire Project, an effort to decrease violence the Bayview

11   neighborhood. He also volunteered with the Police Athletic League's fishing program. As an

12   officer, he received a Medal of Valor, two Police Commission Commendations, and two

13   Meritorious Conduct awards. DEJESUS suffered a pattern and practice of racial discrimination,

14   and other wrongful acts committed by defendants.

15       12.    James D. Aherne ("Aherne") is a non-Asian individual employed by THE CITY

16   as a Police Officer. THE CITY has employed AHERNE for eight years. During this time, he

17   took part in the Cease Fire Project, an effort to reduce violence in the Bayview neighborhood.

18   AHERNE suffered a pattern and practice of racial discrimination, and other wrongful acts

19   committed by defendants.

20       13.    Jason Kirchner ("Kirchner") is a non-Asian individual employed by THE CITY

21   as a Police Officer. THE CITY has employed KIRCHNER for four years. During this time, he

22   has been recommended several times for the Medal of Valor. He has received dozens of

23   Captains' Complimentary Reports, and received a Unit Citation for Work and Valor during the

24   Iraq riots. KIRCHNER suffered a pattern and practice of racial discrimination, and other

25   wrongful acts committed by defendants.

26       14.    Reginald Scott ("Scott") is a non-Asian individual employed by THE CITY as a

27   Police Officer. THE CITY has employed SCOTT for six years. He earned the Medal of Valor,

28   the Chief's Award, and the Humanitarian award during his time at the Police Department. Prior

1    to his tenure with the San Francisco Police, SCOTT worked in the San Francisco Sheriff's

2    Department. In that position, he was named Deputy of the Year in 1998. SCOTT suffered a

3    pattern and practice of racial discrimination, and other wrongful acts committed by defendants.

4         15.    Gerald P. Lyons ("Lyons") is a non-Asian individual employed by THE CITY as

5    a Police Officer. THE CITY has employed LYONS for thirteen years. During this time, LYONS

6    served as a plainclothes officer at both the Taraval and Bayview Stations. LYONS suffered a

7    pattern and practice of racial discrimination, and other wrongful acts committed by defendants.

8         16.    Wendy Hurley ("Hurley") is a non-Asian individual employed by THE CITY as a

9    Police Officer. THE CITY has employed HURLEY for ten years. HURLEY suffered a pattern

10   and practice of racial discrimination, and other wrongful acts committed by defendants.

11        17.    Holly Stoumen ("Stoumen") is a non-Asian individual employed by THE CITY

12   as a Police Officer. THE CITY has employed STOUMEN for six years. In her career,

13   STOUMEN has undertaken a variety of leadership and training positions, including being a Field

14   Training Officer Instructor at the Police Academy. She also taught an Officer Safety and Field

15   Tactics Course focused on schools and the workplace that all San Francisco Police Officers must

16   take. STOUMEN is also a member of the Cease Fire Program. STOUMEN suffered a pattern

17   and practice of racial discrimination, and other wrongful acts committed by defendants.

18        18.    Christine Arndt ("Arndt") is perceived to be a non-Asian individual employed by

19   THE CITY as a Police Officer. THE CITY has employed ARNDT for eight years. During her

20   career, she has worked undercover and as a uniformed officer, and has on several occasions

21   requested transfers to work in Bayview, one of the most difficult areas for San Francisco Police.

22   She received many Captain's Complimentary Reports, and a Police Commission Commendation

23   Award. ARNDT suffered a pattern and practice of racial discrimination, and other wrongful acts

24   committed by defendants.

25        19.    Shareef Nasir ("Nasir") is a non-Asian individual or perceived to be non-Asian,

26   and employed by THE CITY as a Police Officer. THE CITY has employed NASIR for several

27   years. Plaintiff suffered a pattern and practice of racial discrimination, and other wrongful acts

28   committed by defendants.

COMPLAINT                                    5

1    20.    Plaintiffs are informed and believe and thereon allege that THE CITY is a
2    government entity.
3    21.    Plaintiffs are informed and believe and thereon allege that defendant HEATHER
4    FONG ("Fong") is an individual employed by THE CITY as Chief of Police.
5    22.    Plaintiffs are ignorant of the true names and capacities of defendants sued herein
6    as DOES 1-50, inclusive, and Plaintiffs therefore sue such defendants by such fictitious names.
7    Plaintiffs will amend this complaint to allege their true names and capacities when ascertained.
8    Plaintiffs are informed and believe and thereon allege that each of these fictitiously named
9    defendants is responsible in some manner for the occurrences, and that such aforementioned
10   defendants' acts and omissions proximately caused the Plaintiffs' injuries as alleged herein.
11   23.    Plaintiffs are informed and believe and thereon allege that at all times mentioned
12   herein, each individual defendant was and is the **agent, employee and servant of THE CITY** and
13   committed the occurrences, acts and omissions complained of herein while acting within the
14   scope of such agency, employment and servitude.   Each defendant is responsible for the
15   occurrences, acts and omissions of each other defendant complained of herein.
16                          **GENERAL ALLEGATIONS**
17   24.    Plaintiffs incorporate by reference the factual allegations of paragraphs 1 through
18   23 above.
19   25.    Plaintiffs are informed and believe and thereon allege that THE CITY hired them
20   all as uniformed and plainclothes police officers.  Plaintiffs are of various races, **including**
21   **Caucasian, African American, and Latino, but none identifies as Asian. All the Plaintiffs are**
22   **currently employed by THE CITY.**
23   26.    Plaintiffs are informed and believe and thereon allege that THE CITY and FONG
24   suspended them and otherwise disciplined them and/or subjected them to various adverse
25   employment actions for participating in a satirical video made in late 2005.  That video was
26   intended to be a parody of life as Police Officers assigned to the Bayview district of San
27   Francisco.  Plaintiffs' supervisors knew of, consented to, and required participation by the
28   Plaintiffs in the video.  Plaintiffs intended the video to be a morale booster at the Bayview

Hunter's-Point Station.  THE CITY and FONG did not suspend any of the Plaintiffs' Asian (Chinese-American) co-workers, who also participated in the video.

27.  Plaintiffs are informed and believe and thereon allege that because of Plaintiffs' participation in the video, THE CITY and FONG suspended them, and required Plaintiffs to turn in their police IDs, badges, and weapons.  Because of their suspension, Plaintiffs lost significant amounts of pay, accrual of sick leave, vacation time, and other benefits.  Some of the Plaintiffs lost their overtime pay and Field Training Officer pay from the start of their suspension to the present, costing them tens of thousands of dollars in lost earnings.

28.  Plaintiffs are informed and believe and thereon allege that before, during, and after their suspensions, THE CITY and FONG publicly insulted Plaintiffs, accusing them of being racist, sexist, and homophobic, which is not true.  In some cases, defendants posted pictures of Plaintiffs alongside the comments, increasing the humiliation Plaintiffs suffered. Defendants did this repeatedly, in print, on the radio, and on television, in local, regional, and national media outlets.  Defendants did not make these comments about the Asian officers who participated in the video.

29.  Plaintiffs are informed and believe and thereon allege that THE CITY and FONG acted outside of required procedures by suspending and insulting Plaintiffs.  Rather than conducting a formal investigation, filing charges, or convening a Chief's Hearing, on December 8, 2005, and other dates, THE CITY and FONG groundlessly suspended, and publicly insulted Plaintiffs.  This inappropriate response to the video violates the San Francisco Charter and the San Francisco Police Department General Order, requiring a formal investigation, filing of charges, and a hearing underway before the Police Commission for all allegations of misconduct to properly suspend a Police Officer.

30.  Plaintiffs are informed and believe and thereon allege that THE CITY and FONG did not use a valid, non-discriminatory criterion to determine Plaintiffs' discipline.  Plaintiffs wrote to Defendants on July 13, 2006 and July 19, 2006 in an attempt to determine Defendants' criterion for disciplining Plaintiffs.  Defendants refused to provide any criterion used in

1  Plaintiffs' discipline which justified the omission of Plaintiffs' Asian (Chinese-American)

2  counterparts from any discipline.  Defendants failed even to acknowledge Plaintiffs' reasonable

3  requests.  See the letters attached as Exhibit A.

4        31.      Plaintiffs are informed and believe and thereon allege that because of the acts of

5  FONG and THE CITY, they have all suffered extreme humiliation and embarrassment.  Being

6  suspended from work, losing pay, and being publicly disgraced has taken a great toll on

7  Plaintiffs, including loss of friendships, alienation from family members, and straining

8  marriages, not to mention plaintiffs' personal feelings of fear, shame, and anger.

9  ## FIRST CAUSE OF ACTION AGAINST DEFENDANT THE CITY

10 ## RACE DISCRIMINATION

11 ### Cal. Govt. Code § 12940

12 ### [AS TO ALL PLAINTIFFS]

13       32.      Plaintiffs incorporate by reference the factual allegations of paragraphs 1 through

14 31 above.

15       33.      Defendants, through their agents and employees, engaged in a pattern and practice

16 of unlawful racial discrimination in violation of the Fair Employment and Housing Act

17 (hereinafter referred to as "FEHA") in connection with its treatment of Plaintiffs and the terms

18 and conditions of their employment.   Defendants used race as a basis to determine discipline

19 regarding the video.  Specifically, Defendants disciplined only the non-Asian officers, and those

20 perceived to be non-Asian, who were involved in the video.

21       34.      At all relevant times, defendants had actual and constructive knowledge of the

22 discriminatory conduct described and alleged herein, and condoned, ratified and participated in

23 the discrimination.  Because of the hostile and offensive work environment perpetrated and

24 maintained by defendants, and their failure to protect Plaintiffs from further discrimination,

25 Plaintiffs suffered severe emotional distress.

26       35.      Plaintiffs are informed and believe and thereon allege that in addition to the

27 practices enumerated above, defendants, and each of them, have engaged in other discriminatory

28

1 practices against Plaintiffs, which are not yet fully known. When said discriminatory practices

2 become known to Plaintiffs, they will seek leave of court to amend this complaint in those

3 regards.

4     36.    As a direct and proximate result of the willful, knowing, and intentional

5 discrimination against Plaintiffs, and the failure to act by defendants, Plaintiffs have suffered

6 mental distress, anguish, and indignation. Plaintiffs are thereby entitled to general and

7 compensatory damages in an amount to be proven at trial.

8     37.    Defendants' acts alleged herein are malicious, oppressive, despicable, and in

9 conscious disregard of Plaintiffs' rights. As such, punitive damages are warranted against

10 defendants in order to punish and make an example of their actions.

## SECOND CAUSE OF ACTION AGAINST

## DEFENDANTS CITY, FONG, AND DOES 1-50

## RETALIATION

## Cal. Govt. Code §12940

## [AS TO PLAINTIFFS EVANSON, PARRY, and HARMSTON]

16     38.    Plaintiffs incorporate by reference the factual allegations of paragraphs 1 through

17 37 above.

18     39.    Plaintiffs are informed and believe and thereon allege that defendants THE CITY

19 and FONG engaged in retaliatory conduct in violation of public policy against Plaintiffs for

20 opposing unlawful practices under FEHA.

21     40.    Plaintiffs are informed and believe and thereon allege that THE CITY through its

22 agent and employee FONG retaliated against Plaintiffs in violation of California Government

23 Code §12940. Defendants did so by materially changing the employment conditions of

24 Plaintiffs EVANSON, PARRY, and HARMSTON after they filed Notices of Tort Claims for

25 their race discrimination claims related to their suspensions.

26     41.    Plaintiffs are informed and believe and thereon allege that on May 31, 2006,

27 Plaintiffs filed Notices of Tort Claims against defendants THE CITY and FONG. On June 20,

28 2006, Plaintiffs EVANSON, PARRY, and HARMSTON were transferred from their previous

1    positions to the O.P.S. Center, and were given different, odd-hour, schedules, in violation of their

2    contracts.  Plaintiffs' new positions were regarded as highly undesirable, and their new hours

3    restricted Plaintiffs' ability to provide childcare.

4         42.     Plaintiff is informed and believes and thereon alleges that in addition to the

5    enumerated adverse actions above, defendants, and each of them, have engaged in other unlawful

6    practices against EVANSON, PARRY, and HARMSTON which are not yet fully known.  When

7    said practices become known to Plaintiffs, they will seek leave to amend this complaint in those

8    regards.

9         43.     As a direct and proximate result of defendants' willful, knowing, and intentional

10   acts, and defendants' failure to act, EVANSON, PARRY, and HARMSTON have suffered and

11   will continue to suffer mental distress, anguish, and indignation.  EVANSON, PARRY, and

12   HARMSTON are thereby entitled to general and compensatory damages in an amount to be

13   proven at trial.

14        44.     Defendants' acts alleged herein are malicious, oppressive, despicable, and in

15   conscious disregard of EVANSON, PARRY, and HARMSTON's rights.  As such, punitive

16   damages are warranted against defendants in order to punish and make an example of them.

17                  **THIRD CAUSE OF ACATION AGAINST**

18              **DEFENDANTS CITY, FONG AND DOES 1-50**

19                       **DEFAMATION**

20                  **[AS TO ALL PLAINTIFFS]**

21        45.     Plaintiffs incorporate by reference the factual allegations of paragraphs 1 through

22   44 above.

23        46.     Plaintiffs are informed and believe and thereon allege that THE CITY and FONG

24   repeatedly publicized, or caused to be publicized, to third persons false allegations concerning

25   Plaintiffs.  These false allegations include but are not limited to allegations that they are bigots.

26        47.     Plaintiffs are informed and believe and thereon allege that the defendants made

27   accusations directly concerning Plaintiffs and were so understood by all persons involved in the

28   publication.

48.     Plaintiffs are informed and believe and thereon allege that these accusations were defamatory per se because they accused Plaintiffs of being racist, sexist, and homophobic.  The accusations stated above, by natural consequence, cause actual damage to Plaintiffs both personally and professionally.

49.     Plaintiffs are informed and believe and thereon allege that these accusations were false because Plaintiffs are not racist, sexist, or homophobic.

50.     Plaintiffs are informed and believe and thereon allege that furthermore, THE CITY and FONG made these accusations knowing that they were false.

51.     Plaintiffs are informed and believe and thereon allege that as a proximate result of the above-described accusations, Plaintiffs have suffered loss of their reputation, shame, mortification, and hurt feelings, all to their general damage in an amount according to proof.

52.     Plaintiffs are informed and believe and thereon allege that the above-described accusations were publicized by defendants because of the defendants' rash and irrational response to public pressure.  Defendants made the accusations without any investigation, thereby justifying an award of punitive damages against defendants in an amount appropriate to punish defendants for their wrongful conduct and to deter others from engaging in such conduct.

## FOURTH CAUSE OF ACTION AGAINST
## DEFENDANTS CITY, FONG AND DOES 1-50
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## [AS TO ALL PLAINTIFFS]

53.     Plaintiffs incorporate by reference the factual allegations of paragraphs 1 through 52 above.

54.     Plaintiffs are informed and believe and thereon allege that THE CITY by and through its agents, employees and defendants FONG and DOES 1-50 acted without regard to the health and safety of Plaintiffs, and each of them treated Plaintiffs in the deplorable manner alleged herein.

55.     Plaintiffs are informed and believe and thereon allege that Defendants spoke about the video on local and national news outlets.  Making public statements regarding a private

personnel matter constitutes extreme and outrageous conduct. Furthermore, acting in a discriminatory manner is extreme and outrageous conduct in a civil society.

56.     Plaintiffs are informed and believe and thereon allege that defendants, standing in a position of authority over Plaintiffs, deliberately acted without regard to Plaintiffs' health, safety, or well-being, causing them severe emotional and physical distress.

57.     Plaintiffs are informed and believe and thereon allege that as a proximate result of defendants' extreme and outrageous acts, Plaintiffs suffered severe emotional distress in the form of humiliation, embarrassment, mental-anguish, anxiety, stress and indignation. Defendants acted with the willful knowledge that Plaintiffs would suffer severe harm as a result.

58.     Plaintiffs are informed and believe and thereon allege that defendants' acts alleged herein are malicious, oppressive, despicable, and in conscious disregard of Plaintiffs' rights. As such, punitive damages are warranted against defendants in order to punish them and make an example of their actions.

///
///
///
///

///

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFFS pray for relief as follows:

1.      For general damages in excess of twenty (20) million dollars and in no event less than the jurisdictional limit of this court;

2.      For special damages in amounts according to proof;

3.      For punitive damages in amounts according to proof;

4.      For attorneys' fees as provided by law;

5.      For a mandatory injunction requiring defendants to reinstate Plaintiffs to their previous positions without record of the adverse employment actions taken by defendants, pursuant to Government Code §12970(a);

6.      For interest as provided by law;

7.      For costs of suit incurred herein; and

8.      For such other and further relief as the Court deems fair and just.

Dated: August 10, 2006                          LAW OFFICES OF WAUKEEN Q. McCOY


By _____
WAUKEEN Q. McCOY
Attorney for Plaintiffs

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

COMPLAINT

*Law Offices of*

*Waukeen Q. McCoy*

July 13, 2006

Larry Heeimuvich, Esq.
San Francisco City Attorney's Office
875 Stevenson St., RM. 440
San Francisco, CA 94103

       RE: SFPD Video Plaintiffs

      Dear Mr. Heeimuvich, Esq.:

       Thank you for speaking with me today via telephone. In our communications, you mentioned that you knew of the criterion used that determined the discipline of my clients; you stated that race was not a factor. Please outline the criterion that was used as a basis to discipline my clients, which will justify why none of the Asian officers (Chinese Americans) were disciplined that participated in the video. Please respond no later than Monday, July 17, 2006. If we do not receive a response, we will assume that our request has been rejected and that there was no criterion used at the time of the disciplines. Please be advised that I did not expect for you to admit that race was a factor, even though our position is that race was a factor.

      Thank you for your prompt attention in this matter.

     LAW OFFICES OF WAUKEEN McCOY

     WAUKEEN McCOY, ESQ.

*Law Offices of*

**Waukeen Q. McCoy**

July 19, 2006

Larry Hecimuvich, Esq.
San Francisco City Attorney's Office
875 Stevenson St., RM 140
San Francisco, CA 94103

RE:  SFPD Videogate Plaintiffs

Dear Mr. Hecimuvich:

This is a follow-up to my July 13, 2006 letter to you regarding the criterion used that determined the discipline of my clients. You have failed to respond. I take this failure to respond to mean that your client had no valid criterion for disciplining my clients.

Again, if you indeed knew of the criterion used to determine the discipline, please let me know immediately. If no response is provided, we will assume that any reason offered at a later date is a pretext for discrimination.

We would like to review this information so that we can avoid protracted litigation, if possible. Please provide the information, if any, immediately.

Thank you for your immediate attention in this matter.

LAW OFFICES OF WAUKEEN McCOY

WAUKEEN McCOY

# EXHIBIT "B"

EXHIBIT "B"



DENNIS J. HERRERA, State Bar #139669
City Attorney
ELIZABETH S. SALVESON, State Bar # 83788
Chief Labor Attorney
LAWRENCE HECIMOVICH, State Bar #129688
Deputy City Attorney
Fox Plaza
1390 Market Street, 5th Floor
San Francisco, California 94102-5408
Telephone:    (415) 554-3933
Facsimile:    (415) 554-4248

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO and
HEATHER FONG

ENDORSED
F I L E D
San Francisco County Superior Court

SEP 1 8 2006

GORDON PARK-LI, Clerk
BY: _____ MARY ANN MORAN
Deputy Clerk

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN FRANCISCO

UNLIMITED JURISDICTION

CLAYTON HARMSTON, an individual; GIGI
GEORGE, an individual; JAMES LEWIS, an
individual; MIKE EVANSON, an individual;
ERIK SOLARES, an individual; DAVE PARRY,
an individual; ANDREW COHEN, an individual;
NOAH MALLINGER, an individual; CARLOS
MUSTAFICH, an individual; LUIS DEJESUS, an
individual; JAMES D. AHERNE, an individual;
JASON KIRCHNER, an individual; REGINALD
SCOTT, an individual; GERALD P. LYONS, an
individual; WENDY HURLEY, an individual;
HOLLY STOUMEN, an individual; CHRISTINE
ARNDT, an individual; SHAREEF NASIR, an
individual

       Plaintiffs,

  vs.

CITY AND COUNTY OF SAN FRANCISCO,
HEATHER FONG, an individual, and DOES 1-50,

       Defendants.

Case No. 06-454955

**DEFENDANTS' ANSWER TO
PLAINTIFFS' UNVERIFIED
COMPLAINT**

Date Action Filed:    August 10, 2006

1

1

## GENERAL DENIAL

2      Defendants City and County of San Francisco and Heather Fong, Chief of the San Francisco

3  Police Department, hereby answer Plaintiffs' unverified Complaint ("Complaint") and generally

4  deny each and every allegation thereof and, further, deny that Plaintiffs have been or will be

5  damaged in any sum or at all.

6      In addition, Defendants allege the following separate and affirmative defenses:

7

## AFFIRMATIVE DEFENSES

8

### FIRST AFFIRMATIVE DEFENSE

9

### (Failure to State A Claim)

10     As an affirmative defense, Defendants assert that Plaintiffs have failed to state a claim upon

11  which relief can be granted.

12

### SECOND AFFIRMATIVE DEFENSE

13

### (Statute of Limitations)

14     As an affirmative defense, Defendants assert that Plaintiffs' claims are barred in whole or in

15  part by the applicable statutes of limitations.

16

### THIRD AFFIRMATIVE DEFENSE

17

### (Immunity, Qualified Immunity and Privilege)

18     As an affirmative defense, Defendants assert that the City is a public entity and therefore

19  Defendants have the benefit of immunities and privileges contained in California Government Code

20  sections 815 *et seq.* and 820 *et seq.*, the United States Constitution, and Federal/State

21  common/statutory law.

22

### FOURTH AFFIRMATIVE DEFENSE

23

### (Equitable Defenses)

24     As an affirmative defense, Defendants assert that all or part of Plaintiffs' claims are barred

25  by the equitable doctrines of waiver, laches, estoppel and unclean hands.

26

27

28

2

1

## FIFTH AFFIRMATIVE DEFENSE

2

### (Claim Presentation)

3    As an affirmative defense, Defendants assert that Plaintiffs have failed to fully comply with

4    the requirements of the California Tort Claims Act as contained in the California Government Code.

5

## SIXTH AFFIRMATIVE DEFENSE

6

### (Failure to Exhaust Administrative/Contractual Remedies)

7    As an affirmative defense, Defendants assert that all or part of this action is barred due to

8    Plaintiffs' failure to exhaust administrative and/or contractual remedies as required under federal

9    and/or state law.

10

## SEVENTH AFFIRMATIVE DEFENSE

11

### (Legitimate Non-Discriminatory, Non-Retaliatory Reasons for Employment Decision)

12    As an affirmative defense, Defendants assert that any and all employment actions taken with

13    respect to Plaintiffs were not based on any illegal consideration, but rather were based on one or

14    more legitimate, sufficient, non-discriminatory, non-retaliatory reasons.

15

## EIGHTH AFFIRMATIVE DEFENSE

16

### (Qualified Immunity)

17    As a separate and affirmative defense, Defendants allege that the actions complained of

18    are protected by the doctrine of qualified immunity.

19

## NINTH AFFIRMATIVE DEFENSE

20

### (Reasonable Steps)

21    As an affirmative defense, Defendants assert that the City promptly took all

22    reasonable/necessary steps to remedy any discrimination, retaliation, or any other alleged wrongful

23    or inappropriate conduct as alleged by Plaintiffs and that Plaintiffs unreasonably failed to take

24    advantage of any preventative or corrective procedures provided by Defendants or to take other

25    steps to avoid harm.

26

27

28

3

## TENTH AFFIRMATIVE DEFENSE

### (Honest and Mistaken Belief)

As an affirmative defense, Defendants assert that if they did violate any statute or other law (which Defendants expressly deny), Defendants cannot be liable for any damages Plaintiffs may have sustained because Defendants had an honest but mistaken belief that there was sufficient and adequate cause for the actions taken with respect to Plaintiffs and their employment with Defendants.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Workers Compensation)

As an affirmative defense, Defendants assert that to the extent Plaintiffs have a claim for damages, it is barred by the exclusivity provisions of the Workers' Compensation Act.

## TWELFTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

As an affirmative defense, Defendants assert that Plaintiffs have had, and continue to have, the ability and opportunity to mitigate the damages alleged in the Complaint and have failed to act reasonably to mitigate any such damages.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Fair Responsibility Act)

As an affirmative defense, Defendants assert that Plaintiffs' recovery, if any, is limited to the percentage of fault, if any, attributable to Defendants as provided in the Fair Responsibility Act of 1986, California Civil Code sections 1431-1431.5.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Other's Conduct)

As an affirmative defense, Defendants assert that any recovery is barred because Plaintiffs' damages, if any, were caused by the intentional, reckless or negligent acts, omissions and/or misconduct of Plaintiffs or a third party.

4

1

## FIFTEENTH AFFIRMATIVE DEFENSE

2

### (Discrimination)

3      As an affirmative defense, Defendants allege that they exercised reasonable care to prevent

4  and promptly correct any discrimination and Plaintiffs unreasonably failed to take advantage of any

5  preventative or corrective procedures provided by Defendants or take other steps to avoid harm.

6      WHEREFORE, Defendants pray for judgment a follows:

7      1.      That Plaintiffs take nothing from Defendants;

8      2.      That the complaint be dismissed with prejudice;

9      3.      That Defendants recover costs of suit herein, including attorney's fees; and

10      4.      For such other relief as is just and proper.

11  Dated:  September 18, 2006

12

13  DENNIS J. HERRERA
City Attorney
ELIZABETH S. SALVESON
14  Chief Labor Attorney
LAWRENCE HECIMOVICH
15  Deputy City Attorney

16

17  By: _____
LAWRENCE HECIMOVICH

18

19  Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO and
HEATHER FONG

20

21

22

23

24

25

26

27

28

DEFS.' ANSWER TO COMPLAINT -- CASE NO. 06-454955                    n:\labor\li2006\070245\00396599.doc

# PROOF OF SERVICE

*Harmston, Clayton, et al. v. CCSF, et al.*
**SF Superior Court Case No. 06-454955**

I, LISA HARRIS, declare as follows:

I am a citizen of the United States, over the age of eighteen years and not a party to the above-entitled action. I am employed at the City Attorney's Office of San Francisco, Fox Plaza Building, 1390 Market Street, Fifth Floor, San Francisco, CA 94102.

On September 18, 2006, I served the following document(s):

**DEFENDANTS' ANSWER TO PLAINTIFFS' UNVERIFIED COMPLAINT**

on the following persons at the locations specified:

Waukeen Q. McCoy, Esq.
Law Offices of Waukeen Q. McCoy
703 Market Street, Suite 1407
San Francisco, CA  94111

in the manner indicated below:

☒ **BY UNITED STATES MAIL**: Following ordinary business practices, I sealed true and correct copies of the above documents in addressed envelope(s) and placed them at my workplace for collection and mailing with the United States Postal Service. I am readily familiar with the practices of the San Francisco City Attorney's Office for collecting and processing mail. In the ordinary course of business, the sealed envelope(s) that I placed for collection would be deposited, postage prepaid, with the United States Postal Service that same day.

☐ **BY PERSONAL SERVICE**: I sealed true and correct copies of the above documents in addressed envelope(s) and caused such envelope(s) to be delivered by hand at the above locations by a professional messenger service. A declaration from the messenger who made the delivery ☐ **is attached or** ☐ **will be filed separately with the court.**

☐ **BY OVERNIGHT DELIVERY**: I sealed true and correct copies of the above documents in addressed envelope(s) and placed them at my workplace for collection and delivery by overnight courier service. I am readily familiar with the practices of the San Francisco City Attorney's Office for sending overnight deliveries. In the ordinary course of business, the sealed envelope(s) that I placed for collection would be collected by a courier the same day.

☐ **BY FACSIMILE**: Based on a written agreement of the parties to accept service by fax, I transmitted true and correct copies of the above document(s) via a facsimile machine at telephone number Fax #' to the persons and the fax numbers listed above. The fax transmission was reported as complete and without error. The transmission report was properly issued by the transmitting facsimile machine, and **a copy of the transmission report** ☐ **is attached or** ☐ **will be filed separately with the court.**

I declare under penalty of perjury pursuant to the laws of the State of California that the foregoing is true and correct.

Executed September 18, 2006, at San Francisco, California.

LISA HARRIS

6

n:\labor\li2006\070245\00396599.doc