# EXHIBIT "C"

EXHIBIT "C"

ENDORSED
FILED
San Francisco County Superior Court

OCT 1 1 2006

GORDON PARK-LI, Clerk
BY: _____ MARY ANN MORAN
Deputy Clerk

| | |
|---|---|
| 1 | DENNIS J. HERRERA, State Bar #139669 |
| | City Attorney |
| 2 | ELIZABETH S. SALVESON, State Bar # 83788 |
| | Chief Labor Attorney |
| 3 | LAWRENCE HECIMOVICH, State Bar #129688 |
| | ADELMISE ROSEME WARNER, State Bar #215385 |
| 4 | Deputy City Attorneys |
| | Fox Plaza |
| 5 | 1390 Market Street, 5th Floor |
| | San Francisco, California 94102-5408 |
| 6 | Telephone:     (415) 554-3933 |
| | Facsimile:     (415) 554-4248 |
| 7 | |
| | Attorneys for Defendants |
| 8 | CITY AND COUNTY OF SAN FRANCISCO and |
| | HEATHER FONG |

9

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

10

### COUNTY OF SAN FRANCISCO

11

### UNLIMITED JURISDICTION

| | | |
|---|---|---|
| 12 | CLAYTON HARMSTON, an individual; *et al.*, | Case No. 06-454955 |
| 13 | | **DISCOVERY** |
| | Plaintiffs, | |
| 14 | | **AMENDED NOTICE OF MOTION** |
| | vs. | **AND MOTION FOR PROTECTIVE** |
| 15 | | **ORDER; MEMORANDUM OF** |
| | CITY AND COUNTY OF SAN FRANCISCO, | **POINTS AND AUTHORITIES IN** |
| 16 | HEATHER FONG, an individual, and DOES 1-50, | **SUPPORT OF MOTION FOR** |
| | | **PROTECTIVE ORDER** |
| 17 | Defendants. | |
| 18 | | **Date:**     **November 02, 2006** |
| | | **Time:**     10:30 a.m. |
| 19 | | **Dept.:**     612 |
| | | Commissioner |
| 20 | | Everett A. Hewlett, Jr. |
| 21 | | Action Filed: August 10, 2006 |
| | | Trial Date: None |
| 22 | | |
| 23 | | <u>Concurrently Filed Documents</u>: |
| 24 | | 1. Memorandum of Points and |
| | | Authorities in support of Defendants' |
| 25 | | Motion for Protective Order; |
| | | 2. Statement of Items In Dispute |
| 26 | | 3. Declaration of Lawrence Hecimovich |
| | | (and attached exhibits) |
| 27 | | 4. Proposed Order Granting Defendants' |
| 28 | | Motion for Protective Order |

1

# TABLE OF CONTENTS

NOTICE OF MOTION AND MOTION ..................................................................................1

MEMORANDUM OF POINTS AND AUTHORITIES .......................................................3

INTRODUCTION .................................................................................................................3

BACKGROUND ....................................................................................................................4

I.     THE DISCOVERY IN DISPUTE ...........................................................................4

     A.    The Written Discovery...............................................................................5

          1.    Plaintiffs' Requests of Confidential Personnel Information Regarding Their Own Suspensions Or The Status Of Other Department Officers.........................................................................5

          2.    Plaintiffs' Requests of Information That Is Part of Ongoing Administrative Investigation:............................................................8

     B.    The Deposition Notices..............................................................................11

II.    DEFENDANTS' ATTEMPTS TO MEET AND CONFER WITH PLAINTIFFS .........................................................................................................12

ARGUMENT .........................................................................................................................12

I.     DEFENDANTS CANNOT PRODUCE DOCUMENTS OR TESTIMONY PROTECTED BY PENAL CODE § 832.7 OR EVIDENCE CODE § 1043........12

     A.    The Standards for Disclosure of Confidential Personnel Information Relating to Peace Officers .......................................................................12

     B.    The Information Sought By Plaintiffs Constitutes Confidential Personnel Information Protected By Penal Code Section 832.7, And Can Only Be Disclosed Pursuant To California Evidence Code Section 1043 or 1045. .........................................................................14

     C.    Because Plaintiffs Failed to Comply with the Procedures Set Forth in Evidence Code Section 1043, Defendants Cannot Be Compelled to Produce The Requested Discovery. .......................................................16

II.    DEFENDANTS CANNOT BE COMPELLED TO PROVIDE PLAINTIFFS WITH ANY DISCOVERY RELATING TO THE VIDEOTAPES BECAUSE SUCH INFORMATION IS PART OF AN ONGOING INVESTIGATION AND PROTECTED BY THE OFFICIAL INFORMATION PRIVILEGE. .......................................................................17

CONCLUSION ......................................................................................................................18

**NOTICE OF MOTION AND MOTION**

**TO PLAINTIFFS CLAYTON HARMSTON, et al. AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on **November 2, 2006**, at 10:30 a.m., in Department 612 of the above Court, located at 400 McAllister Street, San Francisco, Commissioner Everett A. Hewlett, Jr., presiding, Defendants the City and County of San Francisco ("the City") and Heather Fong, Chief of the San Francisco Police Department ("Chief Fong"), by and through their attorneys of record (collectively "Defendants"), will and hereby do move the Court, jointly and severally, for a protective order precluding Plaintiffs from seeking written discovery sought in their Requests for Production of Documents, the Form Interrogatories, the General Interrogatories, and Requests for Admissions recently propounded on the City and Chief Fong, and staying the effect of Plaintiffs' notices of the October 5, 2006 depositions of Chief Fong and a "person most knowledgeable" (hereafter "Department PMK"), which notices were served on September 18, 2006.

This Motion for Protective Order is brought on the following grounds:

1) Defendants cannot be compelled to disclose personnel information relating to Plaintiffs until Plaintiffs – each of whom is employed as a peace officer with the San Francisco Police Department – execute a written release of the statutory confidentiality provisions set forth in California Penal Code § 832.7 allowing the production of Plaintiffs' personnel information to third parties, including their attorneys, and the use of that information for purposes of the instant litigation.

2) Defendants cannot be compelled to disclose confidential personnel information relating to peace officers other than Plaintiffs absent Plaintiffs' compliance with the procedures set forth in California Evidence Code § 1043, *et seq.*, which require a written noticed motion ("*Pitchess*" motion). Plaintiffs have refused to comply with these procedures.

3) Defendants cannot be compelled to disclose information relating to the Department's investigation of officers' participation in the videotapes at issue because that information is part of an ongoing administrative investigation and is protected by the

2

official information privilege set forth in Evidence Code Section 1040. Disclosure of this information would jeopardize the Department's ability to complete that administrative process, and Plaintiffs have not shown a compelling justification for discovering this information prior to the completion of the investigation.

This Motion for Protective Order is based on: this Notice of Motion and Motion for Protective Order; the attached Memorandum of Points and Authorities in support thereof; the declaration of Lawrence Hecimovich; attached exhibits; the pleadings in this action; and such oral argument as ay be permitted by the Court.

Notice of Motion/Motion; MP&A ISO Motion for Protective Order / 454955                 n:\labor\li2006\070245\00403602.doc

# MEMORANDUM OF POINTS AND AUTHORITIES
## INTRODUCTION

This case arises out of San Francisco Police Chief Heather Fong's one-week temporary suspension of Plaintiffs, each of whom is an officer with the San Francisco Police Department. The Chief suspended each of the Plaintiffs based on their participation in the creation of offensive videotapes that were released to the public in or before December 2005, damaging the Department's mission in the community it serves. Plaintiffs contend that the Chief's actions discriminated against them based on their race in that she suspended them but did not suspend four Asian officers ("the Asian Officers") who appeared in other videotapes that have not yet become public. The Department is in the process of finalizing its investigation into the misconduct at issue and, under applicable law, has until December 2006 to complete its investigation and make disciplinary recommendations to the Police Commission. *Govt. Code* Section 3304(d).

Plaintiffs' written and deposition discovery seeks information relating to the following key issues in this litigation:

- The Department's knowledge of Plaintiffs' conduct in participating in the videos;
- The Department's knowledge of the Asian Officers' conduct in participating in the videos;
- The basis for the Department's decision to temporarily suspend Plaintiffs;
- The basis for the Department's decision not to temporarily suspend the Asian Officers (or other officers who appeared in the non-public videotapes but were not suspended); and
- The Department's pending disciplinary actions against Plaintiffs and other officers, including but not limited to the Asian Officers.

Defendants are precluded from producing this information because 1) Plaintiffs have refused to waive their statutory confidentiality rights set forth in California Penal Code § 832.7 so as to allow the production of Plaintiffs' personnel information to third parties, including their attorneys, and the use of that information for purposes of the instant litigation; 2) Plaintiffs have failed and refused to comply with the procedures set forth in California Evidence Code § 1043, *et seq.*, which

4

require a written noticed motion ("Pitchess" motion) prior to disclosure of personnel information relating to other, non-Plaintiff, officers; and 3) the Department's investigation of officers' participation in the videotapes at issue is part of an ongoing administrative investigation, and is protected by the official information privilege set forth in Evidence Code Section 1040.

Defendants have met and conferred with Plaintiffs' counsel as to each of these issues, to no avail.

### BACKGROUND

On August 10, 2006, Plaintiffs filed a complaint in this Court, naming the City and County of San Francisco ("City") and Heather Fong, Chief of San Francisco Police Department ("Chief Fong") as defendants. Complaint ¶¶ 20, 21. Plaintiffs' complaint alleges claims for discrimination on the basis of race in violation of the California Fair Employment and Housing Act, California Government Code §§ 12940, *et seq.* ("FEHA"), retaliation in violation of the FEHA, defamation, and intentional infliction of emotional distress. Complaint ¶¶ 32-58. Plaintiffs served the City and Chief Fong with a copy of the Complaint on or about August 17, 2006..[1] Defendants answered the Complaint on or about September 18, 2006. *Id.*

Plaintiffs claim that the Department discriminated against them on the basis of race when it temporarily suspended them but not four Asian Officers. Complaint ¶ 26-27. Plaintiffs further claim that Defendants retaliated against them for filing Notices of Tort Claims against Defendants related to their discrimination claims by taking various personnel actions against them. Complaint ¶¶ 40-41. Finally, Plaintiffs' defamation claim alleges that Defendants called them "racist, sexist and homophobic." Complaint ¶¶ 28, 46-52.

### I.    THE DISCOVERY IN DISPUTE

On or about September 18, 2006, Plaintiffs served Defendants with the following discovery:

- PLAINTIFF [COHEN'S] REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE, TO DEFENDANT CITY AND COUNTY OF SAN FRANCISCO

---

[1] A true and correct copy of the Complaint is attached as Exhibit A to the Declaration of Lawrence Hecimovich ("Hecimovich Decl.").

- PLAINTIFF CLAYTON HARMSTON'S FORM INTERROGATORIES TO THE CITY AND COUNTY OF SAN FRANCISCO, SET NO. 1 – EMPLOYMENT LAW

- FORM INTERROGATORIES – GENERAL (COHEN TO CCSF)

- FORM INTERROGATORIES – GENERAL (COHEN TO CHIEF FONG)

- PLAINTIFF [COHEN'S] REQUEST FOR ADMISSIONS, SET ONE, TO DEFENDANT CITY AND COUNTY OF SAN FRANCISCO, PURSUANT TO CALIFORNIA CODE OF CIVIL PROCEDURE SECTION 2033

- PLAINTIFF [COHEN'S] REQUEST FOR ADMISSIONS, SET ONE, TO DEFENDANT FONG, PURSUANT TO CALIFORNIA CODE OF CIVIL PROCEDURE SECTION 2033

- PLAINTIFF [HARMSTON'S] REQUEST FOR ADMISSIONS, SET ONE, TO DEFENDANT CITY AND COUNTY OF SAN FRANCISCO, PURSUANT TO CALIFORNIA CODE OF CIVIL PROCEDURE SECTION 2033

- PLAINTIFF [HARMSTON'S] REQUEST FOR ADMISSIONS, SET ONE, TO DEFENDANT FONG, PURSUANT TO CALIFORNIA CODE OF CIVIL PROCEDURE SECTION 2033

- NOTICE OF DEPOSITION OF PERSON MOST KNOWLEDGEABLE PURSUANT TO CCP § 2025.230

- NOTICE OF DEPOSITION OF CHIEF HEATHER FONG[2]

**A.    The Written Discovery**

This motion seeks a protective order staying or precluding Plaintiffs' discovery of the following categories of information: (1) confidential personnel information about peace officers, which is protected by Penal Code § 832.7, and/or (2) information that is part of a current on-going administrative investigation, which is protected by the official information privilege as set forth in Evidence Code § 1040, *et seq.*

**1.    Plaintiffs' Requests of Confidential Personnel Information Regarding Their Own Suspensions Or The Status Of Other Department Officers**

The following are examples of the many written discovery requests that seek confidential personnel information about peace officers:

---

[2] Copies of these discovery requests and deposition notices are attached as Exhibits B through K to the Declaration of Lawrence Hecimovich. Plaintiffs also served a Notice of Taking Deposition of Mayor Gavin Newsom but have agreed to meet and confer regarding the propriety of that notice.

Notice of Motion/Motion; MP&A ISO Motion for Protective Order / 454955            n:\labor\li2006\070245\00403602.doc

- Document Request Nos. 1, 2, 4, 5, 6, 7, and 8 of Plaintiff Cohen's First Request for Production of Documents to the CITY;

**Request No. 1**

1.)    Produce all DOCUMENTS related to or contained within the San Francisco Police Department personnel files, including but not limited to documents regarding employment history disciplinary record, performance reviews, commendations, and applications for employment or promotions, of each of the following persons: CLAYTON HARMSTON, GIGI GEORGE, JAMES LEWIS, MIKE EVANSON, ERIK SOLARES, DAVE PARRY, ANDREW COHEN, NOAH MALLINGER, CARLOS MUSTAFICH, LUIS DEJESUS, JAMES D. AHERNE, JASON KIRCHNER, REGINALD SCOTT, GERALD P. LYONS, WENDY HURLEY, HOLLY STOUMEN, CHRISTINE ARNDT, SHAREEF NASIR.

**Request No. 2**

2.)    Produce all DOCUMENTS related to or contained within the San Francisco Police Department personnel files, including but not limited to documents regarding employment history, disciplinary record, performance reviews, commendations, and applications for employment or promotions, of each of the following persons: JOHN PAL ALEX KWAN, ERIC CHANG, DERRICK LEW.

- Plaintiff Harmston's Form Interrogatories (Employment Law) Nos. 201.3, 201.4 to the CITY;

**Form Interrogatory No. 201.3**

Were there any other **ADVERSE EMPLOYMENT ACTIONS**, including (the asking party should list the **ADVERSE EMPLOYMENT ACTIONS**):

Suspension, demotion, reprimand, loss of pay, failure or refusal to promote

If so, for each action, provide the following:

(a)    all reasons for each **ADVERSE EMPLOYMENT ACTION**:

7

(b)    the name, **ADDRESS**, and telephone number of each **PERSON** who participated in making each **ADVERSE EMPLOYMENT ACTION** decision;

(c)    the name, **ADDRESS**, and telephone number of each **PERSON** who provided any information relied upon in making each **ADVERSE EMPLOYMENT ACTION** decision; and

(d)    the identity of all **DOCUMENTS** relied upon in making each **ADVERSE EMPLOYMENT ACTION** decision.

**Interrogatory No. 201.4**

Was the **TERMINATION** or any other **ADVERSE EMPLOYMENT ACTIONS** referred to in Interrogatories 201.1 through 201.3 based in whole or in part on the **EMPLOYEE'S** job performance?  If so, for each action:

(a)    identify the **ADVERSE EMPLOYMENT ACTION**;

(b)    identify the **EMPLOYEE'S** specific job performance that played a role in that **ADVERSE EMPLOYMENT ACTION**;

(c)    identify any rules, guidelines, policies, or procedures that were used to evaluate the **EMPLOYEE'S** specific job performance;

(d)    state the names, **ADDRESSES**, and telephone numbers of all **PERSONS** who had responsibility for evaluating the specific job performance of the **EMPLOYEE**;

(e)    state the names, **ADDRESSES**, and telephone numbers of all **PERSONS** who have knowledge of the **EMPLOYEE'S** specific job performance that played a role in that **ADVERSE EMPLOYMENT ACTION**; and

(f)    describe all warnings given with respect to the **EMPLOYEE'S** specific job performance.

8

## 2.   Plaintiffs' Requests of Information That Is Part of Ongoing Administrative Investigation:

The written discovery requests that fall under the second category – those that seek information that is part of an on-going administrative investigation -- include the following:

- **Document Request Nos. 3, 16, and 25 of Plaintiff Cohen's First Request for Production of Documents to the CITY;**

**Request No. 3**

3.)   Produce all DOCUMENTS relating to or evidencing communications, whether internal or external, between CITY employees regarding the video described in paragraph 26 of Plaintiffs' Complaint.

**Request No. 16**

16.)   Produce all DOCUMENTS relating to or evidencing any investigation, whether concluded or ongoing, into any matter related to the video referred to and described in paragraph 26 of Plaintiffs' complaint, including but not limited to memoranda, reports, conclusions, recommendations, or commissioning of a so-called "Blue Ribbon" panel. committee or commission.

**Request No. 25**

25.)   Produce all DOCUMENTS relating to or evidencing any communication, formal or informal, written or otherwise, between members of the San Francisco Police Department command staff. the Office of the Mayor. and the San Francisco District Attorney's office relating to the video referred to and described in Paragraph 26 of Plaintiffs' Complaint.

- **Form Interrogatories (General) Nos. 12.1, 12.2, 12.3, 12.4, 12.5, 12.6, 12.7, 13.2 to the CITY;**

- **Form Interrogatory No. 12.1**

⊠   12.1 State the name, **ADDRESS.** and telephone number of each individual:

9

(a) who witnessed the **INCIDENT** or the events occurring immediately before or after the **INCIDENT**;

(b) who made any statement at the scene of the **INCIDENT**;

(c) who heard any statements made about the **INCIDENT** by any individual at the scene; and

(d) who **YOU OR ANYONE ACTING ON YOUR BEHALF** claim has knowledge of the **INCIDENT** (except for expert witnesses covered by Code of Civil Procedure, § 2034).

**Form Interrogatory No. 12.2**

☒ 12.2 Have **YOU OR ANYONE ACTING ON YOUR BEHALF** interviewed any individual concerning the **INCIDENT**? If so, for each individual state:

(a) the name, **ADDRESS**, and telephone number of the individual interviewed;

(b) the date of the interview; and

(c) the name, **ADDRESS**, and telephone number of the **PERSON** who conducted the interview.

**Form Interrogatory No. 12.3**

☒ 12.3 Have **YOU OR ANYONE ACTING ON YOUR BEHALF** obtained a written or recorded statement from any individual concerning the **INCIDENT**? If so, for each statement state:

(a) the name, **ADDRESS**, and telephone number of the individual from whom the statement was obtained;

(b) the name, **ADDRESS**, and telephone number of the individual who obtained the statement;

(c) the date the statement was obtained; and

(d) the name, **ADDRESS**, and telephone number of each **PERSON** who has the original statement or a copy.

10

**Form Interrogatory No. 12.4**

☒    12.4  Have **YOU OR ANYONE ACTING ON YOUR BEHALF** know of

any photographs, films, or videotapes depicting any place, object, or

individual concerning the **INCIDENT** or plaintiff's injuries? If so, state:

(a)    the number of photographs or feet of film or videotape;

(b)    the places, objects, or persons photographed, filmed, or videotaped;

(c)    the date the photographs, films, or videotapes were taken;

(d)    the name, **ADDRESS**, and telephone number of the individual taking

the photographs, films, or videotapes;

(e)    the name, **ADDRESS**, and telephone number of each **PERSON** who

has the original or a copy of the photographs, films, or videotapes.

**Form Interrogatory No. 12.5**

☒    12.5  Do **YOU OR ANYONE ACTING ON YOUR BEHALF** know of any

diagram, reproduction, or model of any place or thing (except for items

developed by expert witnesses covered by Code of Civil Procedure, §

2034.210-2434.310) concerning the **INCIDENT?** If so, for each item state:

(a)    the type (i.e., diagram, reproduction, or model);

(b)    the subject matter;

(c)    the name, **ADDRESS**, and telephone number of each **PERSON** who

has it.

**Form Interrogatory No. 12.6**

☒    12.6  Was a report made by any **PERSON** concerning the **INCIDENT?** If

so, state:

(a)    the name, title, identification number, and employer of the **PERSON**

who made the report;

(b)    the date and type of report made;

(c)    the name, **ADDRESS**, and telephone number of the **PERSON** for

whom the report was made; and

11

1          (d)    the name, **ADDRESS**, and telephone number of each **PERSON** who

2                  has the original or a copy of the report.

3    **Form Interrogatory No. 12.7**

4       ☒    12.7  Have **YOU OR ANYONE ACTING ON YOUR BEHALF** inspected

5           the scene of the **INCIDENT?** If so, for each inspection state:

6          (a)    the name, **ADDRESS**, and telephone number of the individual

7                  making the inspection (except for expert witnesses covered by Code

8                  of Civil Procedure, § 2034.210-2434.310); and

9          (b)    the date of the inspection.

10    **Form Interrogatory No. 13.2**

11      ☒    13.2  Has a written report been prepared on the surveillance? If so, for each

12          written report state:

13         (a)    the title;

14         (b)    the date;

15         (c)    the name, **ADDRESS**, and telephone number of the individual who

16                prepared the report; and

17         (d)    the name, **ADDRESS**, and telephone number of each **PERSON** who

18                has the original or a copy.

19   **B.**    **The Deposition Notices**

20    Plaintiffs' notice of deposition for the Department's Person Most Knowledgeable

21  ("Department PMK") – and, by implication, Plaintiffs' notice of Chief Fong's deposition -- identifies

22  the same categories of information as are at issue in Plaintiffs' complaint and written discovery:

23      •   the criteria used in the decision to suspend plaintiffs;

24      •   the criteria used in the decision to take away plaintiffs' badges and guns; and

25      •   the criteria used in the decision used to discipline plaintiffs for their role in the video

26          that is the subject of the complaint.

27

28

Notice of Motion/Motion; MP&A ISO Motion for Protective Order / 454955       n:\labor\li2006\070245\00403602.doc

## II.   DEFENDANTS' ATTEMPTS TO MEET AND CONFER WITH PLAINTIFFS

Counsel for Defendants has written several letters to counsel for Plaintiffs regarding the issues identified above.  See Hecimovich Decl. Exhs. L through T.  Through these communications, counsel for Defendants has proposed reasonable solutions as a way to resolve these discovery disputes:

- with respect to the discovery that seeks confidential personnel information regarding Plaintiffs, Defendants have provided Plaintiffs with a form authorization/release, and have agreed to meet and confer regarding changes to the form of release, to no avail;

- regarding the discovery that seeks confidential personnel information regarding non-plaintiff peace officers, Defendants have advised Plaintiffs of the procedures set forth in Evidence Code § 1043, *et seq.* (*Pitchess* Motion), only to have Plaintiffs again refuse to comply with these procedures;

- regarding the discovery that seek information that is part of the City's ongoing investigation into the making of the video, Defendants have advised Plaintiffs that the Department is moving into the final stage of its investigation and has no more than two months prior to the anticipated deadline for disciplinary recommendations. Plaintiffs have not proffered any compelling reasons why they cannot wait until the completion of the investigation to seek the requested information.

### ARGUMENT

## I.   DEFENDANTS CANNOT PRODUCE DOCUMENTS OR TESTIMONY PROTECTED BY PENAL CODE § 832.7 OR EVIDENCE CODE § 1043.

### A.   The Standards for Disclosure of Confidential Personnel Information Relating to Peace Officers

Information from peace officer personnel records is confidential, and are not subject to disclosure except as provided in Evidence Code § 1043 *et seq.* ("*Pitchess* motion.") Penal Code § 832.7; *People v. Memro* (1985) 38 Cal.3d 658, 678.  Penal Code Section 832.7 specifically provides, in pertinent part, that:

> (a) Peace officer or custodial officer personnel records and records maintained by any state or local agency pursuant to Section 832.5, or information obtained from these records, are *confidential* and *shall not*

1    be disclosed in any criminal or civil proceeding except by discovery
     pursuant to Sections 1043 and 1046 of the Evidence Code."

2    Cal. Penal Code § 832.7 (emphasis added).

3    The term "Personnel records" means:

4    "any file maintained under that individual's name by his or her employing
     agency and containing records relating to any of the following:

5
     (a) Personal data, including marital status, family members, educational and
6        employment history, home addresses, or similar information.
     (b) Medical history.
7    (c) Election of employee benefits.
     (d) Employee advancement, appraisal, or discipline.
8    (e) Complaints, or investigations of complaints, concerning an event or
         transaction in which he or she participated, or which he or she perceived,
9        and *pertaining to the manner in which he or she performed his or her*
10       *duties.*
     (f) Any other information the disclosure of which would constitute an
11       unwarranted invasion of personal privacy.

12   Cal. Penal Code § 832.8.

13   Thus, under Penal Code Section 832.7, any person (including a party to a lawsuit) seeking

14   disclosure of confidential peace officer personnel records (or information obtained from such

15   records) must comply with the procedures set forth in Evidence Code §§ 1043 and 1045. *See*

16   *Albritton v. Superior Court* (1990) 225 Cal.App.3d 961, 963; *County of Los Angeles v. Superior*

17   *Court* (1990) 219 Cal.App.3d 1605, 1611. *See also Davis v. City of Sacramento* (1994)

18   24 Cal.App.4th 393, 401, n.2 ("Evidence Code section 1043, setting forth the procedure for

19   requesting official police information, is the exclusive method for obtaining both peace office

20   personnel records and the information contained in them.").  This privilege is possessed by both the

21   agency in possession and control of the subject peace officer's personnel records, as well as the

22   officer. *City of Hemet v. Superior Court* (1995) 37 Cal.App.4th 1411, 1430.

23   Evidence Code § 1043 provides that a party seeking peace officer personnel records must

24   file a written motion with the appropriate court or administrative body upon written notice to the

25   governmental agency which has custody and control of the records. Cal. Evid. Code § 1043(a).

26   Subsection (b) of Evidence Code § 1043 sets forth the required components of such a motion,

27

28

14

1   including sufficient identification of the records sought and affidavits showing good cause and

2   materiality.

3       **B.**    **The Information Sought By Plaintiffs Constitutes Confidential Personnel Information Protected By Penal Code Section 832.7, And Can Only Be Disclosed Pursuant To California Evidence Code Section 1043 or 1045.**

4

5       As stated above, "personnel records" for purposes of Penal Code Section 832.7 include not

6   only personal information regarding peace officers, but also information regarding employee

7   benefits, advancement, appraisal, or discipline. Cal. Penal Code § 832.8. Moreover, "personnel

8   records" include "complaints, or investigations of complaints, concerning an event or transaction in

9   which [a peace officer] participated, or which he or she perceived, and pertaining to the manner in

10  which he or she performed his or her duties." *Id.*

11      Here, the deposition notices and written discovery requests (including those identified

12  above) seek information that falls squarely under the ambit of information protected by the Penal

13  Code. For example, Request No. 1 of Plaintiff Cohen's Request for Production of Documents seek

14  "all DOCUMENTS related to or contained within the San Francisco Police Department personnel

15  files, including but not limited to documents regarding employment history, disciplinary record,

16  performance reviews, commendations, and applications of employment or promotions of

17  [Plaintiffs]." Request No. 2 is identical to Request No. 1, except that it seeks the personnel files of

18  other police officers who are not parties to this lawsuit (i.e., John Pai, Alex Kwan, Eric Chang, and

19  Derrick Lew). Other requests contained in Plaintiffs' document request also seek confidential

20  personnel information about police officers. Those include: Request No. 4, which seeks documents

21  related to reassignment of duty within the last five years of Plaintiffs as well as non-plaintiff police

22  officers; Request No. 5, which seeks documents related to "disarming" of police officers; Request

23  No. 6, which seeks documents related to return of police officer badges to the Department; Request

24  No. 7, which seeks documents related to suspension of police officers; and Request No. 8, which

25  seeks documents related to overtime work assignments of police officers. See Hecimovich Decl.

26  Exhs. B through K.

27      Moreover, Plaintiff Harmston's form interrogatories (employment law) Nos. 201.3 and 201.4

28  seek information regarding Harmston's alleged "suspension, demotion, reprimand, loss of pay,

15

1 │ failure or refusal to promote," and "job performance" respectively. Id. On their face, these

2 │ interrogatories clearly seek the very information protected by Penal Code § 832.7.

3 │      Similarly, Plaintiffs' requests for admissions also seek information that is protected by Penal

4 │ Code § 832.7. See, e.g., Plaintiff Cohen's Requests for Admission to the City Nos. 7, 8, 9, 10. 22,

5 │ 23, 27, 28, 29, 34, 35, 36, 41, 42, 43, 48, 49, 50, 53 (first), 53 (second), 54, 55, 56; Plaintiff Cohen's

6 │ Requests for Admission to Fong Nos. 3, 4, 5, 6, 18, 19, 23, 24, 25, 30, 31, 32, 37, 38, 39, 44, 45, 46,

7 │ 49, 50, 51, 52, 53; Plaintiff Harmston's Requests for Admission to the City Nos. 3, 4, 5, 6, 18, 19,

8 │ 23, 24, 25, 30, 31, 32, 37, 38, 39, 44, 45, 46, 49, 50, 51, 52, 53; and Plaintiff Harmston's Requests

9 │ for Admission to the Fong Nos. 3, 4, 5, 6, 18, 19, 23, 24, 25, 30, 31, 32, 37, 38, 39, 44, 45, 46, 49,

10 │ 50, 51, 52, 53. For instance, Plaintiff Cohen's Request for Admission No. 27 to the City asks:

11 │ "Admit that CITY did not formally disarm Officer Derrick Lew by requiring him to relinquish his

12 │ department issued firearm for participating in the VIDEO." Plaintiff Harmston's Request for

13 │ Admission No. 25 asks: "Admit that CITY did not reassign Officer Derrick Lew to non-public

14 │ contact duty for participating in the VIDEO." The other Requests for Admission identified above

15 │ asks for similar information relating to various police officers of the SFPD.

16 │      The PMK deposition notice falls within the realm of the protections afforded under Penal

17 │ Code Section 832.7 because it seeks deposition testimony about the criteria used to suspend

18 │ plaintiffs; those used to take away plaintiffs' badges and guns; and those used (prospectively) to

19 │ discipline plaintiffs. To comply with this notice, the City inevitably would have to disclose

20 │ confidential information contained in police officers' personnel records, as that term is defined in

21 │ Penal Code Section 832.8. Thus, under Penal Code Section 832.7, Defendants can only disclose

22 │ such information pursuant to Evidence Code Sections 1043 and 1045. While the notice of Chief

23 │ Fong's deposition does not explicitly set forth the subject of the required testimony, it is clear from

24 │ the Complaint and Plaintiffs' accompanying discovery that Plaintiffs will attempt to examine Chief

25 │ Fong regarding disciplinary and other issues related to Plaintiffs. See Complaint; Hecimovich Decl.

26 │ Exhs. A, L through T. Testimony regarding such issues inherently would involve disclosure of

27 │ confidential personnel information related to peace officers. Thus, Penal Code § 832.7 also

28 │ precludes disclosure of such information by means of deposition or trial testimony unless the

16

1   appropriate procedures are taken.  See, e.g., *Fletcher v. Superior Court* (2002) 100 Cal.App.4th 386,

2   403 (Penal Code Section 832.7's privilege pertaining to the confidentiality of peace officer's

3   personnel records, and its exceptions which allow opposing party to seek such information, apply to

4   both pretrial discovery and to live testimony); *City of San Diego v. Superior Court* (1981)

5   136 Cal.App.3d 236, 239 ("a litigant may not obtain indirectly what is directly privileged and

6   immune from discovery").  As demonstrated above, Plaintiffs' deposition notices and written

7   discovery seek confidential personnel information regarding peace officers.  Such information is

8   protected by Penal Code § 832.7, and can only be disclosed pursuant to Evidence Code § 1043,

9   *et seq.*

10        **C.**     **Because Plaintiffs Failed to Comply with the Procedures Set Forth in Evidence**

                  **Code Section 1043, Defendants Cannot Be Compelled to Produce The**

11                   **Requested Discovery.**

12       Defendants cannot be compelled to produce Chief Fong and the PMK witness, or to produce

13   the requested written discovery identified above because Plaintiffs have failed (and refuse) to follow

14   the procedures set forth in Evidence Code § 1043.

15       The requirements of Evidence Code Section 1043 are not optional.  To the contrary, they are

16   mandatory.  Cal. Evid. Code § 1043 (a) ("the party seeking the discovery or disclosure [of peace

17   officer personnel records] shall file a written motion."); *see also Rosales v. City of Los Angeles*

18   (2000) 82 Cal.App.4th 419, 426 ("Because police personnel records are confidential, their disclosure

19   requires adherence to the motion and hearing requirements of Evidence Code sections 1043 and

20   1045, despite the context in which such records are requested."); *City of Hemet,* 37 Cal.App.4th at

21   1423 ("Evidence Code section 1043 et seq. constitute[s] the exclusive means by which a litigant in a

22   civil action may obtain discovery of records governed by those statutes.").  Plaintiffs have not filed

23   the written motion required by Evidence Code Section 1043.  Despite the fact that Defendants have,

24   on several occasions, advised Plaintiffs that Defendants cannot disclose the requested information

25   unless and until Plaintiffs file the proper motion and receive a court order, Plaintiffs have refused to

26   file the motion.  Rather, Plaintiffs insist that they are entitled to the requested discovery.  But,

27   Plaintiffs have not provided Defendants with any legal authority for their contention.

28

1    With respect to confidential personnel information related to Plaintiffs, Defendants have

2    suggested that Plaintiffs sign a release authorizing Defendants to disclose such information.

3    Defendants even have provided Plaintiffs with a form authorization and release for review, and

4    remain willing to discuss possible changes to the form.

5    Because Plaintiffs have not followed the procedures set forth in Evidence Code Section

6    1043, Defendants cannot produce the discovery requested.

7    **II.    DEFENDANTS CANNOT BE COMPELLED TO PROVIDE PLAINTIFFS WITH
         ANY DISCOVERY RELATING TO THE VIDEOTAPES BECAUSE SUCH**

8    **INFORMATION IS PART OF AN ONGOING INVESTIGATION AND
         PROTECTED BY THE OFFICIAL INFORMATION PRIVILEGE.**

9    Defendants cannot be compelled to produce information relating to the Department's

10   investigation because that ongoing administrative investigation is protected by the official

11   information privilege set forth in Evidence Code Section 1040.

12   Under Evidence Code Section 1040, a "public entity [such as the City] has a privilege to

13   refuse to disclose official information, and to prevent another from disclosing official information,

14   if the privilege is claimed by a person authorized by the public entity to do so and . . . disclosure is

15   against the public interest because there is a necessity for preserving the confidentiality of the

16   information that outweighs the necessity for disclosure in the interest of justice."  Cal. Evid.

17   Code § 1040(b); *Michael P. v. Superior Court* (2001) 92 Cal.App.4[th] 1036, 1042 (Official

18   information privilege under the California's evidence code "'represents the exclusive means by

19   which a public entity may assert a claim of governmental privilege based on the necessity for

20   secrecy,'" quoting *Shepherd v. Superior Court* (1976) 17 Cal.3d 107, 123).  "Ongoing investigations

21   fall under the privilege for official information."  *People v. Jackson* (2003) 110 Cal.App.4[th] 280,

22   287 (citing Evid. Code § 1040).  For purposes of Section 1040, "official information" means

23   information acquired in confidence by a public employee in the course of his or her duty and not

24   open, or officially disclosed, to the public prior to the time the claim of privilege is made."

25   Id. § 1040(a).

26   The SFPD is currently investigating various issues involving the videotapes at issue in this

27   case.  It is imperative that the City maintains the confidentiality of information obtained through its

28

18

investigations thus far because disclosure of such information would jeopardize both the

investigation and the Department's ability to act on its findings. Plaintiffs have not provided

Defendants with any compelling reasons why they cannot wait until the Department completes its

investigation to obtain the requested discovery.

Given Defendants' public interest in preserving the confidentiality of information related to

the videotapes and the Department's investigations relating to those tapes, and Plaintiffs' lack of

stated necessity, the Court should issue a protective order staying any discovery regarding the

videotapes and the Department's investigations related to those tapes.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the court issue a protective

order precluding Plaintiffs from seeking discovery of confidential personnel information relating to

peace officers unless and until Plaintiffs provide waivers as to their own personnel information and

obtain a court order pursuant to Evidence Code Section 1043 authorizing the Department to disclose

other officers' information. The Court should also issue a protective order staying any discovery

related to the Department's investigation pending completion of that investigation.

Dated: October 11, 2006

> DENNIS J. HERRERA
> City Attorney
> ELIZABETH S. SALVESON
> Chief Labor Attorney
> LAWRENCE HECIMOVICH
> ADELMISE ROSEMÉ WARNER
> Deputy City Attorneys
>
> By: _____
> LAWRENCE HECIMOVICH
>
> Attorneys for Defendant(s)
> CITY AND COUNTY OF SAN FRANCISCO and
> HEATHER FONG

19

ENDORSED
FILED
San Francisco County Superior Court

OCT 11 2006

GORDON PARK-LI, Clerk
BY: MARY ANN MORAN
Deputy Clerk

1    DENNIS J. HERRERA, State Bar #139669
     City Attorney
2    ELIZABETH S. SALVESON, State Bar # 83788
     Chief Labor Attorney
3    LAWRENCE HECIMOVICH, State Bar #129688
     ADELMISE ROSEMÉ WARNER, State Bar #215385
4    Deputy City Attorneys
     Fox Plaza
5    1390 Market Street, 5th Floor
     San Francisco, California 94102-5408
6    Telephone:    (415) 554-3933
     Facsimile:    (415) 554-4248
7    E-Mail:       larry.hecimovich@sfgov.org

8    Attorneys for Defendants
     CITY AND COUNTY OF SAN FRANCISCO and
9    HEATHER FONG

10            SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                    COUNTY OF SAN FRANCISCO

12                   UNLIMITED CIVIL JURISDICTION

13
     CLAYTON HARMSTON, an individual;        Case No. 06-454955
14   et al.,
                                             DISCOVERY
15               Plaintiffs,
                                             DEFENDANTS' STATEMENT OF
16          vs.                              ITEMS IN DISPUTE RE
                                             DEFENDANTS' MOTION FOR
17   CITY AND COUNTY OF SAN                  PROTECTIVE ORDER
     FRANCISCO, HEATHER FONG, an
18   individual, and DOES 1-50,             Date:      November 02, 2006
                                            Time:      10:30 a.m.
19               Defendants.                Dept.:     612
                                                       Commissioner
20                                                     Everett A. Hewlett, Jr.

21                                          Action Filed: August 10, 2006
                                            Trial Date: None
22

23

24

25

26

27

28
                                      1
     Defs' Statement of Items in Dispute re Mot for Prot. Order / Case No. 454955     N:\LABOR\LI2006\070245\00404414.DOC

1    Defendants hereby submit the following statement regarding items in dispute

2   relating to Defendants' motion for protective order:[1]

3   **I.**    **PLAINTIFF [COHEN'S] REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE TO DEFENDANT CITY AND COUNTY OF SAN FRANCISCO**

4

5   **A.**    **Document Request Nos. 1, 2, 4, 5, 6, 7 and 8:**

6   **Request No. 1**

7    1.)    Produce all DOCUMENTS related to or contained within the San Francisco Police Department personnel files, including but not limited to documents regarding employment history, disciplinary record, performance reviews, commendations, and applications for employment or promotions, of each of the following persons: CLAYTON HARMSTON, GIGI GEORGE, JAMES LEWIS, MIKE EVANSON, ERIK SOLARES, DAVE PARRY, ANDREW COHEN, NOAH MALLINGER, CARLOS MUSTAFICH, LUIS DEJESUS, JAMES D. AHERNE, JASON KIRCHNER, REGINALD SCOTT, GERALD P. LYONS, WENDY HURLEY, HOLLY STOUMEN, CHRISTINE ARNDT, SHAREEF NASIR.

8

9

10

11

12

13   **Request No. 2**

14    2.)    Produce all DOCUMENTS related to or contained within the San Francisco Police Department personnel files, including but not limited to documents regarding employment history, disciplinary record, performance reviews, commendations, and applications for employment or promotions, of each of the following persons: JOHN PAL ALEX KWAN, ERIC CHANG, DERRICK LEW.

15

16

17   **Request No. 4**

18

19    4.)    Produce all DOCUMENTS relating to or evidencing communications, whether internal or external, between CITY employees regarding any reassignment of duty within the last five years of any of the following persons: CLAYTON HARMSTON, GIGI GEORGE, JAMES LEWIS, MIKE EVANSON, ERIK SOLARES, DAVE PARRY, ANDREW COHEN, NOAH MALLINGER, CARLOS MUSTAFICH, LUIS DEJESUS, JAMES D. AHERNE, JASON KIRCHNER, REGINALD SCOTT, GERALD P. LYONS, WENDY HURLEY, HOLLY STOUMEN, CHRISTINE ARNDT, SHAREEF NASIR, JOHN PAL ALEX KWAN, ERIC CHANG, DERRICK LEW.

20

21

22

23

24   **Request No. 5**

25    5.)    Produce all DOCUMENTS relating to or evidencing communications, whether internal or external, between CITY employees regarding the

26

_____

27   [1] The complete set of the discovery that is the subject of this motion is attached as Exhibits B through K to the Declaration of Lawrence Hecimovich In Support of Defendants' Motion for Protective Order.

28

2

formal disarming, by requesting return of department-issued firearm, of any of the following persons on or after December 1, 2005: CLAYTON HARMSTON, GIGI GEORGE, JAMES LEWIS, MIKE EVANSON, ERIK SOLARES, DAVE PARRY, ANDREW COHEN, NOAH MALLINGER, CARLOS MUSTAFICH, LUIS DEJESUS, JAMES D. AHERNE, JASON KIRCHNER, REGINALD

## Request No. 6

6.) Produce all DOCUMENTS relating to or evidencing communications, whether internal or external, between CITY employees regarding a request to return the department-issued badge and identification of any of the following persons on or after December 1, 2005: CLAYTON HARMSTON, GIGI GEORGE, JAMES LEWIS, MIKE EVANSON, ERIK SOLARES, DAVE PARRY, ANDREW COHEN, NOAH MALLINGER, CARLOS MUSTAFICH, LUIS DEJESUS, JAMES D. AHERNE, JASON KIRCHNER, REGINALD SCOTT, GERALD P. LYONS, WENDY HURLEY, HOLLY STOUMEN, CHRISTINE ARNDT, SHAREEF NASIR, JOHN PAI, ALEX KWAN, ERIC CHANG, DERRICK LEW.

## Request No. 7

7.) Produce all DOCUMENTS relating to or evidencing communications, whether internal or external, between CITY employees regarding the suspension without pay of any of the following persons on or after December 1.2005: CLAYTON HARMSTON, GIGI GEORGE, JAMES LEWIS, MIKE EVANSON, ERIK SOLARES, DAVE PARRY, ANDREW COHEN, NOAH MALLINGER, CARLOS MUSTAFICH, LUIS DEJESUS, JAMES D. AHERNE, JASON KIRCHNER, REGINALD SCOTT, GERALD P. LYONS, WENDY HURLEY, HOLLY STOUMEN, CHRISTINE ARNDT, SHAREEF NASIR, JOHN PAL ALEX KWAN, ERIC CHANG, DERRICK LEW.

## Request No. 8

8.) Produce all DOCUMENTS relating to or evidencing communications, whether internal or external, between CITY employees regarding prohibiting any of the following persons from taking overtime work assignments on or after December 1, 2005: CLAYTON HARMSTON, GIGI GEORGE, JAMES LEWIS, MIKE EVANSON, ERIK SOLARES, DAVE PARRY, ANDREW COHEN, NOAH MALLINGER, CARLOS MUSTAFICH, LUIS DEJESUS, JAMES D. AHERNE, JASON KIRCHNER, REGINALD SCOTT, GERALD P. LYONS, WENDY HURLEY, HOLLY STOUMEN, CHRISTINE ARNDT, SHAREEF NASIR, JOHN PAL ALEX KWAN, ERIC CHANG, DERRICK LEW.

## Defendants' Position Regarding Document Request Nos. 1, 2, 4, 5, 6, 7 and 8

Defendants object to these requests on the grounds that they seek disclosure of information from the Department's personnel files for various officers. Such information is protected by California Penal Code § 832.7, and disclosure is permissible only under the procedures set forth in California Evidence Code § 1043, *et seq.*, which require a written noticed motion ("*Pitchess*" motion). Plaintiffs have

3

refused to follow these procedures. Accordingly, Defendants cannot produce the requested information.

With respect to Request Nos. 1, 4, 5, 6, 7 and 8, as they relate to Plaintiffs, Defendants remain willing to meet and confer with Plaintiffs regarding production of non-privileged documents responsive to these requests, provided that Plaintiffs first sign mutually acceptable releases releasing their confidentiality claims in their personnel information under applicable law. Defendants have provided Plaintiffs with a form of authorization it believes is suitable, and remain willing to meet and confer regarding possible modifications to that form.

With respect to the requests that seek confidential personnel information relating to non-plaintiff peace officers (i.e., Request Nos. 2, 4, 5, 6, 7 and 8), Plaintiffs are required to follow the procedures set forth in Evidence Code § 1043, *et seq.*

**Plaintiffs' Position Regarding Document Request Nos. 1, 2, 4, 5, 6, 7 and 8**

Plaintiffs have refused to follow the procedures set forth in Evidence Code Section 1043 with respect to the personnel information of non-plaintiff officers, and have refused to provide Defendants with a release authorizing Defendants to disclose their personnel information to third parties and for purposes of this litigation.

**B.      Document Request Nos. 3, 16 and 25:**

**Request No. 3**

3.)      Produce all DOCUMENTS relating to or evidencing communications, whether internal or external, between CITY employees regarding the video described in paragraph 26 of Plaintiffs' Complaint.

**Request No. 16**

16.)      Produce all DOCUMENTS relating to or evidencing any investigation. whether concluded or ongoing, into any matter related to the video referred to and described in paragraph 26 of Plaintiffs' complaint, including but not limited to memoranda, reports, conclusions, recommendations, or commissioning of a so-called "Blue Ribbon" panel. committee or commission.

**Request No. 25**

25.)      Produce all DOCUMENTS relating to or evidencing any communication, formal or informal. written or otherwise, between members of the San Francisco Police Department command staff. the Office of the Mayor. and the San Francisco District Attorney's office relating to the video referred to and described in Paragraph 26 of Plaintiffs' Complaint.

**Defendants' Position Regarding Document Request Nos. 3, 16, and 25**

Defendants object to these requests on the grounds that they seek production of information that is part of an ongoing administrative investigation, which is protected by. *inter alia,* the official information privilege set forth in Evidence Code Section 1040, *et seq.* The Department has not completed its investigation of the facts related to the videotapes. Until the investigation is completed. Defendants have a strong

4

public interest in preserving the confidentiality of information obtained during its investigation, and disclosure of such information would jeopardize Defendants' ability to complete that administrative process.

**Plaintiffs' Position Regarding Document Request Nos. 3, 16, and 25**

Plaintiffs have not stated any reason as to why they cannot wait until the completion of the investigation to obtain the requested information.

**II.** **PLAINTIFF CLAYTON HARMSTON'S FORM INTERROGATORIES TO THE CITY AND COUNTY OF SAN FRANCISCO, SET NO. 1 – EMPLOYMENT LAW**

**Form Interrogatories (Employment Law) Nos. 201.3, 201.4:**

**Form Interrogatory No. 201.3**

Were there any other **ADVERSE EMPLOYMENT ACTIONS**, including (the asking party should list the **ADVERSE EMPLOYMENT ACTIONS**):

Suspension, demotion, reprimand, loss of pay, failure or refusal to promote

If so, for each action, provide the following:

(a)    all reasons for each **ADVERSE EMPLOYMENT ACTION**;

(b)    the name, **ADDRESS**, and telephone number of each **PERSON** who participated in making each **ADVERSE EMPLOYMENT ACTION** decision;

(c)    the name, **ADDRESS**, and telephone number of each **PERSON** who provided any information relied upon in making each **ADVERSE EMPLOYMENT ACTION** decision; and

(d)    the identity of all **DOCUMENTS** relied upon in making each **ADVERSE EMPLOYMENT ACTION** decision.

**Interrogatory No. 201.4**

Was the **TERMINATION** or any other **ADVERSE EMPLOYMENT ACTIONS** referred to in Interrogatories 201.1 through 201.3 based in whole or in part on the **EMPLOYEE'S** job performance? If so, for each action:

(a)    identify the **ADVERSE EMPLOYMENT ACTION**;

(b)    identify the **EMPLOYEE'S** specific job performance that played a role in that **ADVERSE EMPLOYMENT ACTION**;

(c)    identify any rules, guidelines, policies, or procedures that were used to evaluate the **EMPLOYEE'S** specific job performance;

(d)    state the names, **ADDRESSES**, and telephone numbers of all **PERSONS** who had responsibility for evaluating the specific job performance of the **EMPLOYEE**;

5

    (e)    state the names, **ADDRESSES**, and telephone numbers of all **PERSONS** who have knowledge of the **EMPLOYEE'S** specific job performance that played a role in that **ADVERSE EMPLOYMENT ACTION**; and

    (f)    describe all warnings given with respect to the **EMPLOYEE'S** specific job performance.

### Defendants' Position Regarding Form Interrogatories (Employment Law) Nos. 201.3, 201.4

Defendants object to these form interrogatories on the grounds that they seek disclosure of confidential peace officer personnel information, which information is protected by California Penal Code § 832.7. Disclosure of such confidential information is permissible only under the procedures set forth in California Evidence Code § 1043, *et seq.*, which require a written noticed motion ("*Pitchess*" motion). Plaintiffs have refused to follow these procedures. Accordingly, Defendants cannot provide the requested information.

Defendants have advised Plaintiffs that they remain willing to meet and confer with Plaintiffs regarding providing non-privileged information that is responsive to these interrogatories, provided that Plaintiffs first sign releases releasing their confidentiality claims in their personnel information under applicable law.

### Plaintiffs' Position Regarding Form Interrogatories (Employment Law) Nos. 201.3, 201.4

Plaintiffs have refused to follow the procedures set forth in Evidence Code Section 1043 with respect to the personnel information of non-plaintiff officers, and have refused to provide Defendants with a release authorizing Defendants to disclose their personnel information to third parties and for purposes of this litigation.

## III.    FORM INTERROGATORIES – GENERAL (COHEN TO CCSF)

### Form Interrogatories (General) Nos. 12.1, 12.2, 12.3, 12.4, 12.5, 12.6, 12.7, 13.2:

### Form Interrogatory No. 12.1

☒    12.1  State the name, **ADDRESS**, and telephone number of each individual:

    (a)    who witnessed the **INCIDENT** or the events occurring immediately before or after the **INCIDENT**;

    (b)    who made any statement at the scene of the **INCIDENT**;

    (c)    who heard any statements made about the **INCIDENT** by any individual at the scene; and

    (d)    who **YOU OR ANYONE ACTING ON YOUR BEHALF** claim has knowledge of the **INCIDENT** (except for expert witnesses covered by Code of Civil Procedure, § 2034).

### Form Interrogatory No. 12.2

6

☒ 12.2  Have **YOU OR ANYONE ACTING ON YOUR BEHALF**
interviewed any individual concerning the **INCIDENT?** If so, for each
individual state:

    (a)    the name, **ADDRESS**, and telephone number of the individual
interviewed;

    (b)    the date of the interview; and

    (c)    the name, **ADDRESS**, and telephone number of the **PERSON**
who conducted the interview.

**Form Interrogatory No. 12.3**

☒ 12.3  Have **YOU OR ANYONE ACTING ON YOUR BEHALF**
obtained a written or recorded statement from any individual concerning
the **INCIDENT?** If so, for each statement state:

    (a)    the name, **ADDRESS**, and telephone number of the individual
from whom the statement was obtained;

    (b)    the name, **ADDRESS**, and telephone number of the individual
who obtained the statement;

    (c)    the date the statement was obtained; and

    (d)    the name, **ADDRESS**, and telephone number of each **PERSON**
who has the original statement or a copy.

**Form Interrogatory No. 12.4**

☒ 12.4  Have **YOU OR ANYONE ACTING ON YOUR BEHALF** know
of any photographs, films, or videotapes depicting any place, object, or
individual concerning the **INCIDENT** or plaintiff's injuries? If so, state:

    (a)    the number of photographs or feet of film or videotape;

    (b)    the places, objects, or persons photographed, filmed, or
videotaped;

    (c)    the date the photographs, films, or videotapes were taken;

    (d)    the name, **ADDRESS**, and telephone number of the individual
taking the photographs, films, or videotapes; and

    (e)    the name, **ADDRESS**, and telephone number of each **PERSON**
who has the original or a copy of the photographs, films, or
videotapes.

**Form Interrogatory No. 12.5**

☒ 12.5  Do **YOU OR ANYONE ACTING ON YOUR BEHALF** know
of any diagram, reproduction, or model of any place or thing (except for
items developed by expert witnesses covered by Code of Civil

7

Procedure, § 2034.210-2434.310) concerning the **INCIDENT**? If so, for each item state:

    (a)    the type (i.e., diagram, reproduction, or model);

    (b)    the subject matter;

    (c)    the name, ADDRESS, and telephone number of each **PERSON** who has it.

## Form Interrogatory No. 12.6

☒    12.6  Was a report made by any **PERSON** concerning the **INCIDENT**? If so, state:

(a)    the name, title, identification number, and employer of the **PERSON** who made the report;

(b)    the date and type of report made;

(c)    the name, ADDRESS, and telephone number of the **PERSON** for whom the report was made; and

(d)    the name, ADDRESS, and telephone number of each **PERSON** who has the original or a copy of the report.

## Form Interrogatory No. 12.7

☒    12.7  Have **YOU OR ANYONE ACTING ON YOUR BEHALF** inspected the scene of the **INCIDENT**? If so, for each inspection state:

(a)    the name, ADDRESS, and telephone number of the individual making the inspection (except for expert witnesses covered by Code of Civil Procedure, § 2034.210-2434.310); and

(b)    the date of the inspection.

## Form Interrogatory No. 13.2

☒    13.2  Has a written report been prepared on the surveillance? If so, for each written report state:

(a)    the title;

(b)    the date;

(c)    the name, ADDRESS, and telephone number of the individual who prepared the report; and

(d)    the name, ADDRESS, and telephone number of each **PERSON** who has the original or a copy.

**Defendants' Position Regarding Form Interrogatories (General) Nos. 12.1, 12.2, 12.3, 12.4, 12.5, 12.6, 12.7, 13.2:**

8

Defendants object to these interrogatories on the grounds that they seek information that is part of an ongoing administrative investigation, which is protected by the official information privilege set forth in Evidence Code Section 1040, *et seq.* The Department has not completed its investigation of the facts related to the videotapes. Until the investigation is completed, Defendants have a strong public interest in preserving the confidentiality of information obtained during its investigation, and disclosure of such information would jeopardize Defendants' ability to complete that administrative process.

**Plaintiffs' Position Regarding Form Interrogatories (General) Nos. 12.1, 12.2, 12.3, 12.4, 12.5, 12.6, 12.7, and 13.2:**

Plaintiffs have not stated any reason as to why they cannot wait until the completion of the investigation to obtain the requested information.

**IV.     FORM INTERROGATORIES – GENERAL (COHEN TO CHIEF FONG)**

Form Interrogatories (General) Nos. 12.1, 12.2, 12.3, 12.4, 12.5, 12.6, 12.7, and 13.2:

**Form Interrogatory No. 12.1**

☒        12.1  State the name, **ADDRESS**, and telephone number of each individual:

(a)    who witnessed the **INCIDENT** or the events occurring immediately before or after the **INCIDENT**;

(b)    who made any statement at the scene of the **INCIDENT**;

(c)    who heard any statements made about the **INCIDENT** by any individual at the scene;

(d)    who **YOU OR ANYONE ACTING ON YOUR BEHALF** claim has knowledge of the **INCIDENT** (except for expert witnesses covered by Code of Civil Procedure, § 2034).

**Form Interrogatory No. 12.2**

☒        12.2  Have **YOU OR ANYONE ACTING ON YOUR BEHALF** interviewed any individual concerning the **INCIDENT?** If so, for each individual state:

(a)    the name, **ADDRESS**, and telephone number of the individual interviewed;

(b)    the date of the interview; and

(c)    the name, **ADDRESS**, and telephone number of the **PERSON** who conducted the interview.

**Form Interrogatory No. 12.3**

9

☒    12.3  Have **YOU OR ANYONE ACTING ON YOUR BEHALF**
obtained a written or recorded statement from any individual concerning
the **INCIDENT?** If so, for each statement state:

(a)    the name, **ADDRESS**, and telephone number of the individual
from whom the statement was obtained;

(b)    the name, **ADDRESS**, and telephone number of the individual
who obtained the statement;

(c)    the date the statement was obtained; and

(d)    the name, **ADDRESS**, and telephone number of each **PERSON**
who has the original statement or a copy.

**Form Interrogatory No. 12.4**

☒    12.4  Have **YOU OR ANYONE ACTING ON YOUR BEHALF** know
of any photographs, films, or videotapes depicting any place, object, or
individual concerning the **INCIDENT** or plaintiff's injuries? If so, state:

(a)    the number of photographs or feet of film or videotape;

(b)    the places, objects, or persons photographed, filmed, or
videotaped;

(c)    the date the photographs, films, or videotapes were taken;

(d)    the name, **ADDRESS**, and telephone number of the individual
taking the photographs, films, or videotapes;

(e)    the name, **ADDRESS**, and telephone number of each **PERSON**
who has the original or a copy of the photographs, films, or
videotapes.

**Form Interrogatory No. 12.5**

☒    12.5  Do **YOU OR ANYONE ACTING ON YOUR BEHALF** know
of any diagram, reproduction, or model of any place or thing (except for
items developed by expert witnesses covered by Code of Civil
Procedure, § 2034.210-2434.310) concerning the **INCIDENT?** If so, for
each item state:

(a)    the type (i.e., diagram, reproduction, or model);

(b)    the subject matter;

(c)    the name, **ADDRESS**, and telephone number of each **PERSON**
who has it.

**Form Interrogatory No. 12.6**

☒    12.6  Was a report made by any **PERSON** concerning the **INCIDENT?**
If so, state:

10

(a)   the name, title, identification number, and employer of the PERSON who made the report;

(b)   the date and type of report made;

(c)   the name, ADDRESS, and telephone number of the PERSON for whom the report was made; and

(d)   the name, ADDRESS, and telephone number of each PERSON who has the original or a copy of the report.

## Form Interrogatory No. 12.7

☒   **12.7  Have YOU OR ANYONE ACTING ON YOUR BEHALF** inspected the scene of the INCIDENT? If so, for each inspection state:

(a)   the name, ADDRESS, and telephone number of the individual making the inspection (except for expert witnesses covered by Code of Civil Procedure, § 2034.210-2434.310); and

(b)   the date of the inspection.

## Form Interrogatory No. 13.2

☒   13.2  Has a written report been prepared on the surveillance? If so, for each written report state:

(a)   the title;

(b)   the date;

(c)   the name, ADDRESS, and telephone number of the individual who prepared the report; and

(d)   the name, ADDRESS, and telephone number of each PERSON who has the original or a copy.

**Defendants' Position Regarding Form Interrogatories (General) Nos. 12.1, 12.2, 12.3, 12.4, 12.5, 12.6, 12.7, 13.2:**

Defendants object to these interrogatories on the grounds that they seek information that is part of an ongoing administrative investigation, which is privileged and protected by the official information privilege set forth in Evidence Code Section 1040, *et seq.* Until the Department's investigation is completed, Defendants have a strong public interest in preserving the confidentiality of information obtained during its investigation because disclosure of such information would jeopardize Defendants' ability to complete that administrative process.

**Plaintiffs' Position Regarding Form Interrogatories (General) Nos. 12.1, 12.2, 12.3, 12.4, 12.5, 12.6, 12.7, and 13.2:**

Plaintiffs have not stated any reason as to why they cannot wait until the completion of the investigation to obtain the requested information.

11

Defs' Statement of Items in Dispute re Mot for Prot. Order / Case No. 454955          N:\LABOR\LI2006\070245\00404414.DOC

**V.     PLAINTIFF [COHEN'S] REQUEST FOR ADMISSIONS, SET ONE, TO DEFENDANT CITY AND COUNTY OF SAN FRANCISCO, PURSUANT TO CALIFORNIA CODE OF CIVIL PROCEDURE SECTION 2033**

Request for Admissions Nos. 7, 8, 9, 10, 22, 23, 27, 28, 29, 34, 35, 36, 41, 42, 43, 48, 49, 50, 53 (first), 53 (second), 54, 55, 56:

**Request for Admissions No. 7**

NUMBER SEVEN: Admit that on or about December 6, 2005, CITY required Officer Cohen to relinquish his department-issued firearm.

**Request for Admissions No. 8**

NUMBER EIGHT: Admit that on or about December 6, 2005, CITY required Officer Cohen to relinquish his department-issued police badge.

**Request for Admissions No. 9**

NUMBER NINE: Admit that on or about December 6, 2005 CITY reassigned Officer Cohen to non-public contact duty in the Records Room at the Hall of Justice.

**Request for Admissions No. 10**

NUMBER TEN: Admit that CITY required Officer Cohen to relinquish his department-issued firearm and badge, and reassigned him to duty in the Records Room because of his participation in creating the VIDEO.

**Request for Admissions No. 22**

NUMBER TWENTY-TWO: Admit that on December 8, 2005, CITY suspended Officer Cohen from duty without pay.

**Request for Admissions No. 23**

NUMBER TWENTY-THREE: Admit that CITY Suspended Officer Cohen from duty without pay because of his participation in creating the VIDEO.

**Request for Admissions No. 27**

NUMBER TWENTY-SEVEN: Admit that CITY did not formally disarm Officer Derrick Lew by requiring him to relinquish his department issued firearm for participating in the VIDEO.

**Request for Admissions No. 28**

NUMBER TWENTY-EIGHT: Admit that CITY did not require Officer Derrick Lew to relinquish his department issued police badge for participating in the VIDEO.

**Request for Admissions No. 29**

NUMBER TWENTY-NINE: Admit that CITY did not reassign Officer Derrick Lew to non-public contact duty for participating in the VIDEO.

12

### Request for Admissions No. 34

NUMBER THIRTY-FOUR: Admit that CITY did not formally disarm Officer Eric Chaing by requiring him to relinquish his department issued firearm for participating in the video.

### Request for Admissions No. 35

NUMBER THIRTY-FIVE: Admit that CITY did not require Officer Eric Chaing to relinquish his department issued police badge for participating in the video.

### Request for Admissions No. 36

NUMBER THIRTY-SIX: Admit that CITY did not reassign Officer Eric Chaing to non-public contact duty for participating in the video.

### Request for Admissions No. 41

NUMBER FORTY-ONE: Admit that CITY did not formally disarm Officer Alex Kwan by requiring him to relinquish his department issued firearm for participating in the VIDEO.

### Request for Admissions No. 42

NUMBER FORTY-TWO: Admit that CITY did not require Officer Alex Kwan to relinquish his department issued police badge for participating in the VIDEO.

### Request for Admissions No. 43

NUMBER FORTY-THREE: Admit that CITY did not reassign Officer Alex Kwan to non-public contact duty for participating in the VIDEO.

### Request for Admissions No. 48

NUMBER FORTY-EIGHT: Admit that CITY did not formally disarm Officer John Pai by requiring him to relinquish his department issued firearm for participating in the VIDEO.

### Request for Admissions No. 49

NUMBER FORTY-NINE: Admit that CITY did not require Officer John Pai to relinquish his department issued police badge for participating in the VIDEO.

### Request for Admissions No. 50

NUMBER FIFTY: Admit that CITY did not reassign Officer John Pai to non-public contact duty' for participating in the VIDEO.

### Request for Admissions No. 53 (first)

NUMBER FIFTY-THREE: Admit that on or about December 6, 2006, CITY advised Cohen that he could not work overtime hours due to his participation in the VIDEO.

13

**Request for Admissions No. 53 (second)**

NUMBER FIFTY-THREE: Admit that Officer Derrick Lew was not prohibited from receiving overtime hours for his participation in the VIDEO.

**Request for Admissions No. 54**

NUMBER FIFTY-FOUR: Admit that Officer Eric Chaing was not prohibited from receiving overtime hours for his participation in the VIDEO.

**Request for Admissions No. 55**

NUMBER FIFTY-FIVE: Admit that Officer Alex Kwan was not prohibited from receiving overtime hours for his participation in the VIDEO.

**Request for Admissions No. 56**

NUMBER FIFTY-SIX: Admit that Officer John Pal was not prohibited from receiving overtime hours for his participation in the VIDEO.

**Defendants' Position Regarding Request for Admissions Nos. 7, 8, 9, 10. 22, 23, 27, 28, 29, 34, 35, 36, 41, 42, 43, 48, 49, 50, 53 (first), 53 (second), 54, 55, 56**

Defendants object to these requests for admission on the grounds that they seek disclosure of confidential police officer personnel information, which information is protected by California Penal Code § 832.7. Disclosure of such confidential information is permissible only under the procedures set forth in California Evidence Code § 1043, *et seq.*, which require a written noticed motion ("*Pitchess*" motion). Plaintiffs have refused to follow these procedures. Accordingly, Defendants cannot provide responses to these requests.

- **Requests Relating to Plaintiff Peace Officers:**

With respect to Request Nos. 7, 8, 9, 10, 22, 23, and 53 (first), as they relate to Plaintiffs, Defendants are unable to respond to these requests unless and until Plaintiffs sign releases releasing their confidentiality claims in their personnel information under applicable law.

- **Requests Relating to Non-Plaintiff Peace Officers:**

Request Nos. 27, 28, 29, 34, 35, 36, 41, 42, 43, 48, 49, 50, 53 (second), 54, 55, and 56 seek confidential personnel information relating to non-plaintiff peace officers. With respect to those requests, Plaintiffs are required to comply with the procedures set forth in Evidence Code § 1043, *et seq.*

**Plaintiffs' Position Regarding Request for Admissions Nos. 7, 8, 9, 10. 22, 23, 27, 28, 29, 34, 35, 36, 41, 42, 43, 48, 49, 50, 53 (first), 53 (second), 54, 55, 56**

Plaintiffs have refused to follow the procedures set forth in Evidence Code Section 1043 with respect to the personnel information of non-plaintiff officers, and have refused to provide Defendants with a release authorizing Defendants to disclose their personnel information to third parties and for purposes of this litigation.

14

## VI. PLAINTIFF [COHEN'S] REQUEST FOR ADMISSIONS, SET ONE, TO DEFENDANT FONG, PURSUANT TO CALIFORNIA CODE OF CIVIL PROCEDURE SECTION 2033

Request for Admissions Nos. 3, 4, 5, 6, 18, 19, 23, 24, 25, 30, 31, 32, 37, 38, 39, 44, 45, 46, 49, 50, 51, 52, 53:

### Request for Admissions No. 3

NUMBER THREE: Admit that on or about December 8, 2005, you required Officer Cohen to relinquish his department-issued firearm.

### Request for Admissions No. 4

NUMBER FOUR: Admit that on or about December 4, 2005, you required Officer Cohen to relinquish his department-issued police badge.

### Request for Admissions No. 5

NUMBER FIVE: Admit that on or about December 8, 2005 you reassigned Officer Cohen to non-public contact duty in the Records Room at the Hall of Justice.

### Request for Admissions No. 6

NUMBER SIX: Admit that you required Officer Cohen to relinquish his department-issued firearm and badge, and reassigned him to duty in the Records Room because of his participation in creating the VIDEO.

### Request for Admissions No. 18

NUMBER EIGHTEEN: Admit that on December 8, 2005, you suspended Officer Cohen from duty without pay.

### Request for Admissions No. 19

NUMBER NINETEEN: Admit that you suspended Officer Cohen from duty without pay because of his participation in creating the VIDEO.

### Request for Admissions No. 23

NUMBER TWENTY-THREE: Admit that you did not formally disarm Officer Derrick Lew by requiring him to relinquish his department issued firearm for participating in the VIDEO.

### Request for Admissions No. 24

NUMBER TWENTY-FOUR: Admit that you did not require Officer Derrick Lew to relinquish his department issued police badge for participating in the VIDEO.

### Request for Admissions No. 25

NUMBER TWENTY-FIVE: Admit that you did not reassign Officer Derrick Lew to non-public contact duty for participating in the VIDEO.

15

### Request for Admissions No. 30

NUMBER THIRTY: Admit that you did not formally disarm Officer Eric Chaing by requiring him to relinquish his department issued firearm for participating in the video.

### Request for Admissions No. 31

NUMBER THIRTY-ONE: Admit that you did not require Officer Eric Chaing to relinquish his department issued police badge for participating in the video.

### Request for Admissions No. 32

NUMBER THIRTY-TWO: Admit that you did not reassign Officer Eric Chaing to non-public contact duty for participating in the video.

### Request for Admissions No. 37

NUMBER THIRTY-SEVEN: Admit that you did not formally disarm Officer Alex Kwan by requiring him to relinquish his department issued firearm for participating in the VIDEO.

### Request for Admissions No. 38

NUMBER THIRTY-EIGHT: Admit that you did not require Officer Alex Kwan to relinquish his department issued police badge for participating in the VIDEO.

### Request for Admissions No. 39

NUMBER THIRTY-NINE: Admit that you did not reassign Officer Alex Kwan to non-public contact duty for participating in the VIDEO.

### Request for Admissions No. 44

NUMBER FORTY-FOUR: Admit that you did not formally disarm Officer John Pai by requiring him to relinquish his department issued firearm for participating in the VIDEO.

### Request for Admissions No. 45

NUMBER FORTY-FIVE: Admit that you did not require Officer John Pai to relinquish his department issued police badge for participating in the VIDEO.

### Request for Admissions No. 46

NUMBER FORTY-SIX: Admit that you did not reassign Officer John Pai to non-public contact duty for participating in the VIDEO.

### Request for Admissions No. 49

NUMBER FORTY-NINE: Admit that on or about December 6, 2006, you advised Cohen that he could not work overtime hours due to his participation in the VIDEO.

16

### Request for Admissions No. 50

NUMBER FIFTY: Admit that Officer Derrick Lew was not prohibited from receiving overtime hours for his participation in the VIDEO.

### Request for Admissions No. 51

NUMBER FIFTY-ONE: Admit that Officer Eric Chaing was not prohibited from receiving overtime hours for his participation in the VIDEO.

### Request for Admissions No. 52

NUMBER FIFTY-TWO: Admit that Officer Alex Kwan was not prohibited from receiving overtime hours for his participation in the VIDEO.

### Request for Admissions No. 53

NUMBER FIFTY-THREE Admit that Officer John Pai was not prohibited from receiving overtime hours for his participation in the VIDEO.

**Defendants' Position Regarding Request for Admissions Nos. 3, 4, 5, 6, 18, 19, 23, 24, 25, 30, 31, 32, 37, 38, 39, 44, 45, 46, 49, 50, 51, 52, 53**

Defendants object to these requests for admission on the grounds that they seek disclosure of confidential police officer personnel information, which information is protected by California Penal Code § 832.7. Disclosure of such confidential information is permissible only under the procedures set forth in California Evidence Code § 1043, *et seq.*, which require a written noticed motion ("*Pitchess*" motion).

- **Requests Relating to Plaintiff Peace Officers:**

With respect to Request Nos. 3, 4, 5, 6, 18, 19, and 49, as they relate to Plaintiffs, Defendants are unable to respond to these requests unless and until Plaintiffs sign releases releasing their confidentiality claims in their personnel information under applicable law

- **Requests Relating to Non-Plaintiff Peace Officers:**

Request Nos. 23, 24, 25, 30, 31, 32, 37, 38, 39, 44, 45, 46, 50, 51, 52, and 53 seek confidential personnel information relating to non-plaintiff peace officers. With respect to those requests, Plaintiffs must comply with Evidence Code § 1043, *et seq.*

**Plaintiffs' Position Regarding Request for Admissions Nos. 3, 4, 5, 6, 18, 19, 23, 24, 25, 30, 31, 32, 37, 38, 39, 44, 45, 46, 49, 50, 51, 52, 53**

Plaintiffs have refused to follow the procedures set forth in Evidence Code Section 1043 with respect to the personnel information of non-plaintiff officers, and have refused to provide Defendants with a release authorizing Defendants to disclose their personnel information to third parties and for purposes of this litigation.

17

**VII.    PLAINTIFF [HARMSTON'S] REQUEST FOR ADMISSIONS, SET ONE, TO DEFENDANT CITY AND COUNTY OF SAN FRANCISCO, PURSUANT TO CALIFORNIA CODE OF CIVIL PROCEDURE SECTION 2033**

Request for Admissions Nos. 3, 4, 5, 6, 18, 19, 23, 24, 25, 30, 31, 32, 37, 38, 39, 44, 45, 46, 49, 50, 51, 52, 53:

**Request for Admissions No. 3**

NUMBER THREE: Admit that on or about December 8, 2005, CITY required Officer Harmston to relinquish his department-issued firearm.

**Request for Admissions No. 4**

NUMBER FOUR: Admit that on or about December 8, 2005, CITY required Officer Harmston to relinquish his department-issued police badge.

**Request for Admissions No. 5**

NUMBER FIVE: Admit that on or about December 8, 2005 CITY reassigned Officer Harmston to non-public contact duty in the Records Room at the Hall of Justice.

**Request for Admissions No. 6**

NUMBER SIX: Admit that CITY required Officer Harmston to relinquish his department-issued firearm and badge, and reassigned him to duty in the Records Room because of his participation in creating the VIDEO.

**Request for Admissions No. 18**

NUMBER EIGHTEEN: Admit that on December 8, 2005, CITY suspended Officer Harmston from duty without pay.

**Request for Admissions No. 19**

NUMBER NINETEEN: Admit that CITY suspended Officer Harmston from duty without pay because of his participation in creating the VIDEO.

**Request for Admissions No. 23**

NUMBER TWENTY-THREE: Admit that CITY did not formally disarm Officer Derrick Lew by requiring him to relinquish his department issued firearm for participating in the VIDEO.

**Request for Admissions No. 24**

NUMBER TWENTY-FOUR: Admit that CITY did not require Officer Derrick Lew to relinquish his department issued police badge for participating in the VIDEO.

**Request for Admissions No. 25**

18

NUMBER TWENTY-FIVE: Admit that CITY did not reassign Officer Derrick Lew to nonpublic contact duty for participating in the VIDEO.

**Request for Admissions No. 30**

NUMBER THIRTY: Admit that CITY did not formally disarm Officer Eric Chaing by requiring him to relinquish his department issued firearm for participating in the video.

**Request for Admissions No. 31**

NUMBER THIRTY-ONE: Admit that CITY did not require Officer Eric Chaing to relinquish his department issued police badge for participating in the video.

**Request for Admissions No. 32**

NUMBER THIRTY-TWO: Admit that CITY did not reassign Officer Eric Chaing to non-public contact duty for participating in the video.

**Request for Admissions No. 37**

NUMBER THIRTY-SEVEN: Admit that CITY did not formally disarm Officer Alex Kwan by requiring him to relinquish his department issued firearm for participating in the VIDEO.

**Request for Admissions No. 38**

NUMBER THIRTY-EIGHT: Admit that CITY did not require Officer Alex Kwan to relinquish his department issued police badge for participating in the VIDEO.

**Request for Admissions No. 39**

NUMBER THIRTY-NINE: Admit that CITY did not reassign Officer Alex Kwan to non-public contact duty for participating in the VIDEO.

**Request for Admissions No. 44**

NUMBER FORTY-FOUR: Admit that CITY did not formally disarm Officer John Pai by requiring him to relinquish his department issued firearm for participating in the VIDEO.

**Request for Admissions No. 45**

NUMBER FORTY-FIVE: Admit that CITY did not require Officer John Pai to relinquish his department issued police badge for participating in the VIDEO.

**Request for Admissions No. 46**

NUMBER FORTY-SIX: Admit that CITY did not reassign Officer John Pai to non-public contact duty for participating in the VIDEO.

**Request for Admissions No. 49**

19

NUMBER FORTY-NINE: Admit that on or about December 6, 2006, CITY advised Harriston that he could not work overtime hours due to his participation in the VIDEO.

**Request for Admissions No. 50**

NUMBER FIFTY: Admit that Officer Derrick Lew was not prohibited from receiving overtime hours for his participation in the VIDEO.

**Request for Admissions No. 51**

NUMBER FIFTY-ONE: Admit that Officer Eric Chaing was not prohibited from receiving overtime hours for his participation in the VIDEO.

**Request for Admissions No. 52**

NUMBER FIFTY-TWO: Admit that Officer Alex Kwan was not prohibited from receiving overtime hours for his participation in the VIDEO.

**Request for Admissions No. 53**

NUMBER FIFTY-THREE Admit that Officer John Pai was not prohibited from receiving overtime hours for his participation in the VIDEO.

**Defendants' Position Regarding Request for Admissions Nos. 3, 4, 5, 6, 18, 19, 23, 24, 25, 30, 31, 32, 37, 38, 39, 44, 45, 46, 49, 50, 51, 52, 53**

Defendants object to these requests for admission on the grounds that they seek disclosure of confidential police officer personnel information, which information is protected by California Penal Code § 832.7. Disclosure of such confidential information is permissible only under the procedures set forth in California Evidence Code § 1043, *et seq.*

**Requests Relating to Plaintiff Peace Officers:**

With respect to Request Nos. 3, 4, 6, 18, 19, and 49, as they relate to Plaintiffs, Defendants are unable to respond to these requests unless and until Plaintiffs sign releases releasing their confidentiality claims in their personnel information under applicable law.

• **Requests Relating to Non-Plaintiff Peace Officers:**

Request Nos. 23, 24, 25, 30, 31, 32, 37, 38, 39, 44, 45, 46, 50, 51, 52, and 53 seek confidential personnel information relating to non-plaintiff peace officers. With respect to those requests, Plaintiffs are required to comply with the procedures set forth in Evidence Code § 1043, *et seq.*

**Plaintiffs' Position Regarding Request for Admissions Nos. 3, 4, 5, 6, 18, 19, 23, 24, 25, 30, 31, 32, 37, 38, 39, 44, 45, 46, 49, 50, 51, 52, 53**

Plaintiffs have refused to follow the procedures set forth in Evidence Code Section 1043 with respect to the personnel information of non-plaintiff officers, and have refused to provide Defendants with a release authorizing Defendants to disclose their personnel information to third parties and for purposes of this litigation.

20

VIII.   PLAINTIFF [HARMSTON'S] REQUEST FOR ADMISSIONS, SET ONE, TO DEFENDANT FONG, PURSUANT TO CALIFORNIA CODE OF CIVIL PROCEDURE SECTION 2033

Request for Admissions Nos. 3, 4, 5, 6, 18, 19, 23, 24, 25, 30, 31, 32, 37, 38, 39, 44, 45, 46, 49, 50, 51, 52, 53:

**Request for Admissions No. 3**

NUMBER THREE: Admit that on or about December 8, 2005, you required Officer Harmston to relinquish his department-issued firearm.

**Request for Admissions No. 4**

NUMBER FOUR: Admit that on or about December 8, 2005, you required Officer Harmston to relinquish his department-issued police badge.

**Request for Admissions No. 5**

NUMBER FIVE: Admit that on or about December 8, 2005 you reassigned Officer Harmston to non-public contact duty in the Records Room at the Hall of Justice.

**Request for Admissions No. 6**

NUMBER SIX: Admit that you required Officer Harmston to relinquish his department-issued firearm and badge, and reassigned him to duty in the Records Room because of his participation in creating the VIDEO.

**Request for Admissions No. 18**

NUMBER EIGHTEEN: Admit that on December 8, 2005, you suspended Officer Harmston from duty without pay.

**Request for Admissions No. 19**

NUMBER NINETEEN: Admit that you suspended Officer Harmston from duty without pay because of his participation in creating the VIDEO.

**Request for Admissions No. 23**

NUMBER TWENTY-THREE: Admit that you did not formally disarm Officer Derrick Lew by requiring him to relinquish his department issued firearm for participating in the VIDEO.

**Request for Admissions No. 24**

NUMBER TWENTY-FOUR: Admit that you did not require Officer Derrick Lew to relinquish his department issued police badge for participating in the VIDEO.

**Request for Admissions No. 25**

NUMBER TWENTY-FIVE: Admit that you did not reassign Officer Derrick Lew to non-public contact duty for participating in the VIDEO.

21

### Request for Admissions No. 30

NUMBER THIRTY: Admit that you did not formally disarm Officer Eric Chaing by requiring him to relinquish his department issued firearm for participating in the video.

### Request for Admissions No. 31

NUMBER THIRTY-ONE: Admit that you did not require Officer Eric Chaing to relinquish his department issued police badge for participating in the video.

### Request for Admissions No. 32

NUMBER THIRTY-TWO: Admit that you did not reassign Officer Eric Chaing to non-public contact duty for participating in the video.

### Request for Admissions No. 37

NUMBER THIRTY-SEVEN: Admit that you did not formally disarm Officer Alex Kwan by requiring him to relinquish his department issued firearm for participating in the VIDEO.

### Request for Admissions No. 38

NUMBER THIRTY-EIGHT: Admit that you did not require Officer Alex Kwan to relinquish his department issued police badge for participating in the VIDEO.

### Request for Admissions No. 39

NUMBER THIRTY-NINE: Admit that you did not reassign Officer Alex Kwan to non-public contact duty for participating in the VIDEO.

### Request for Admissions No. 44

NUMBER FORTY-FOUR: Admit that you did not formally disarm Officer John Pai by requiring him to relinquish his department issued firearm for participating in the VIDEO.

### Request for Admissions No. 45

NUMBER FORTY-FIVE: Admit that you did not require Officer John Pai to relinquish his department issued police badge for participating in the VIDEO.

### Request for Admissions No. 46

NUMBER FORTY-SIX: Admit that you did not reassign Officer John Pai to non-public contact duty for participating in the VIDEO.

### Request for Admissions No. 49

NUMBER FORTY-NINE: Admit that on or about December 6, 2006, you advised Harmston that he could not work overtime hours due to his participation in the VIDEO.

### Request for Admissions No. 50

22

1   NUMBER FIFTY: Admit that Officer Derrick Lew was not prohibited from receiving overtime hours for his participation in the VIDEO.

2

### Request for Admissions No. 51

3

4   NUMBER FIFTY-ONE: Admit that Officer Eric Chaing was not prohibited from receiving overtime hours for his participation in the VIDEO.

5   ### Request for Admissions No. 52

6   NUMBER FIFTY-TWO: Admit that Officer Alex Kwan was not prohibited from receiving overtime hours for his participation in the VIDEO.

7   ### Request for Admissions No. 53

8   NUMBER FIFTY-THREE Admit that Officer John Pai was not prohibited from receiving overtime hours for his participation in the VIDEO.

9

10  **Defendants' Position Regarding Request for Admissions Nos. 3, 4, 5, 6, 18, 19, 23, 24, 25, 30, 31, 32, 37, 38, 39, 44, 45, 46, 49, 50, 51, 52, 53**

11

12      Defendants object to these requests for admission on the grounds that they seek disclosure of confidential police officer personnel information, which information is protected by California Penal Code § 832.7. Disclosure of such confidential information is permissible only under the procedures set forth in California Evidence Code § 1043, *et seq.*

13

14      • **Requests Relating to Plaintiff Peace Officers:**

15      With respect to Request Nos. 3, 4, 6, 18, 19, and 49, as they relate to Plaintiffs, Defendants are unable to respond to these requests unless and until Plaintiffs sign releases releasing their confidentiality claims in their personnel information under applicable law.

16

17

18      • **Requests Relating to Non-Plaintiff Peace Officers:**

19      Request Nos. 23, 24, 25, 30, 31, 32, 37, 38, 39, 44, 45, 46, 50, 51, 52, and 53 seek confidential personnel information relating to non-plaintiff peace officers. With respect to those requests, Plaintiffs are required to comply with the procedures set forth in Evidence Code § 1043, *et seq.*

20

21  **Plaintiffs' Position Regarding Request for Admissions Nos. 3, 4, 5, 6, 18, 19, 23, 24, 25, 30, 31, 32, 37, 38, 39, 44, 45, 46, 49, 50, 51, 52, 53**

22

23      Plaintiffs have refused to follow the procedures set forth in Evidence Code Section 1043 with respect to the personnel information of non-plaintiff officers, and have refused to provide Defendants with a release authorizing Defendants to disclose their personnel information to third parties and for purposes of this litigation.

24

25

26

27

28

23

Dated:  October 11, 2006

DENNIS J. HERRERA
City Attorney
ELIZABETH S. SALVESON
Chief Labor Attorney
LAWRENCE HECIMOVICH
ADELMISE ROSEMÉ WARNER
Deputy City Attorneys

By: _____
LAWRENCE HECIMOVICH

Attorneys for Defendant(s)
CITY AND COUNTY OF SAN
FRANCISCO and
HEATHER FONG

24

ENDORSED
FILED
San Francisco County Superior Court

OCT 11 2006

GORDON PARK-LI, Clerk
BY: _____ MARY ANN MORAN
Deputy Clerk

DENNIS J. HERRERA, State Bar #139669
City Attorney
ELIZABETH S. SALVESON, State Bar # 83788
Chief Labor Attorney
LAWRENCE HECIMOVICH, State Bar #129688
ADELMISE ROSEMÉ WARNER, State Bar #215385
Deputy City Attorneys
Fox Plaza
1390 Market Street, 5th Floor
San Francisco, California 94102-5408
Telephone:     (415) 554-3933
Facsimile:      (415) 554-4248
E-Mail:         larry.hecimovich@sfgov.org

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO and
HEATHER FONG

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN FRANCISCO

UNLIMITED CIVIL JURISDICTION

| | |
|---|---|
| CLAYTON HARMSTON, an individual; et al., | Case No. 06-454955 |
| Plaintiffs, | **DISCOVERY** |
| vs. | **DECLARATION OF LAWRENCE HECIMOVICH IN SUPPORT OF DEFENDANTS' MOTION FOR PROTECTIVE ORDER** |
| CITY AND COUNTY OF SAN FRANCISCO, HEATHER FONG, an individual, and DOES 1-50, | **Date:**   **November 02, 2006**<br>Time:   10:30 a.m.<br>Dept.:   612<br>Commissioner<br>Everett A. Hewlett, Jr. |
| Defendants. | Action Filed: August 10, 2006<br>Trial Date: None |

1

1    I, LAWRENCE HECIMOVICH, declare as follows:

2    1.    I am an attorney of record for Defendants the City and County of San

3    Francisco and Heather Fong, Chief of Police of the San Francisco Police Department, in

4    the above-captioned matter. I am admitted to practice law in California and to appear

5    before this Court. I have personal knowledge of the facts in this declaration, and if called

6    upon to testify, I could and would testify competently to the facts contained herein.

7    2.    I am the Deputy City Attorney primarily in charge of this action. This

8    case arises out of San Francisco Police Chief Heather Fong's one-week temporary

9    suspension of Plaintiffs, each of whom is an officer with the San Francisco Police

10    Department. The Chief suspended each of the Plaintiffs based on their participation in

11    the creation of offensive videotapes that were released to the public in or before

12    December 2005. Plaintiffs contend that the Chief's actions discriminated against them

13    based on their race in that she suspended them but did not suspend four Asian officers

14    ("the Asian Officers") who appeared in other videotapes that have not yet become public.

15    3.    The Department is in the process of finalizing its investigation into the

16    misconduct at issue and, under applicable law, has until December 2006 to complete its

17    investigation and make disciplinary recommendations to the Police Commission.

18    4.    Plaintiffs' written and deposition discovery seeks information relating to

19    the following key issues in this litigation:

20    • The Department's knowledge of Plaintiffs' conduct in participating in the

21        videos;

22    • The Department's knowledge of the Asian Officers' conduct in

23        participating in the videos;

24    • The basis for the Department's decision to temporarily suspend Plaintiffs;

25    • The basis for the Department's decision not to temporarily suspend the

26        Asian Officers (or other officers who appeared in the non-public

27        videotapes but were not suspended); and

28

2

- The Department's pending disciplinary actions against Plaintiffs and other officers, including but not limited to the Asian Officers.

5.     The San Francisco Police Department ("SFPD" or "Department") has been investigating the circumstances surrounding the videotapes at issue in this litigation. Pursuant to the procedures set forth in the Police Officers Bill of Rights, Cal. Govt. Code §§ 3304(d), the SFPD has until approximately December 2006 to complete its investigation and make the appropriate recommendations to the San Francisco Police Commission regarding what actions, if any, the Department should take with respect to the individuals involved in the making of the videotapes.

6.     I have met and conferred with opposing counsel to resolve Defendants' objections to the outstanding discovery identified in this motion, but have been unable to make any progress in those efforts. My extensive meet and confer efforts are reflected in the correspondence attached to this declaration.

7.     Attached hereto as Exhibit A is a true and correct copy of the Complaint in this matter that was served on Defendants.

8.     Attached hereto as Exhibit B is a true and correct copy of PLAINTIFF [COHEN'S] REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE, TO DEFENDANT CITY AND COUNTY OF SAN FRANCISCO.

9.     Attached hereto as Exhibit C is a true and correct copy of PLAINTIFF CLAYTON HARMSTON'S FORM INTERROGATORIES TO THE CITY AND COUNTY OF SAN FRANCISCO, SET NO. 1 – EMPLOYMENT LAW

10.    Attached hereto as Exhibit D is a true and correct copy of FORM INTERROGATORIES – GENERAL (COHEN TO CCSF).

11.    Attached hereto as Exhibit E is a true and correct copy of FORM INTERROGATORIES – GENERAL (COHEN TO CHIEF FONG).

12.    Attached hereto as Exhibit F is a true and correct copy of PLAINTIFF [COHEN'S] REQUEST FOR ADMISSIONS, SET ONE, TO DEFENDANT CITY AND

3

1   COUNTY OF SAN FRANCISCO, PURSUANT TO CALIFORNIA CODE OF CIVIL

2   PROCEDURE SECTION 2033.

3        13.    Attached hereto as Exhibit G is a true and correct copy of PLAINTIFF

4   [COHEN'S] REQUEST FOR ADMISSIONS, SET ONE, TO DEFENDANT FONG,

5   PURSUANT TO CALIFORNIA CODE OF CIVIL PROCEDURE SECTION 2033.

6        14.    Attached hereto as Exhibit H is a true and correct copy of PLAINTIFF

7   [HARMSTON'S] REQUEST FOR ADMISSIONS, SET ONE, TO DEFENDANT CITY

8   AND COUNTY OF SAN FRANCISCO, PURSUANT TO CALIFORNIA CODE OF

9   CIVIL PROCEDURE SECTION 2033.

10       15.    Attached hereto as Exhibit I is a true and correct copy of PLAINTIFF

11  [HARMSTON'S] REQUEST FOR ADMISSIONS, SET ONE, TO DEFENDANT

12  FONG, PURSUANT TO CALIFORNIA CODE OF CIVIL PROCEDURE SECTION

13  2033.

14       16.    Attached hereto as Exhibit J is a true and correct copy of Plaintiffs'

15  NOTICE OF DEPOSITION OF PERSON MOST KNOWLEDGEABLE PURSUANT

16  TO CCP § 2025.230.

17       17.    Attached hereto as Exhibit K is a true and correct copy of Plaintiffs'

18  NOTICE OF DEPOSITION OF CHIEF HEATHER FONG.

19       18.    Attached hereto as Exhibit L is a true and correct copy of a meet and

20  confer letter dated September 27, 2006 from counsel for Defendants to counsel for

21  Plaintiffs identifying issues with respect to the scope of the propounded discovery (i.e.,

22  that the discovery sought information related to confidential personnel records as well as

23  information that is part of an ongoing administrative investigation).

24       19.    Attached hereto as Exhibit M is a true and correct copy of a meet and

25  confer letter dated September 27, 2006 from counsel for Plaintiffs to counsel for

26  Defendants responding to the letter from counsel for Defendants regarding the disputed

27  issues with respect to the propounded discovery.

28                                         4

20.     Attached hereto as Exhibit N is a true and correct copy of a meet and confer letter dated September 29, 2006 from counsel for Defendants to counsel for Plaintiffs following up on the disputed issues, and advising Plaintiffs' counsel that, among other things, Plaintiffs must file a Pitchess motion to obtain information related to non-plaintiff police officers, and suggesting that Plaintiffs provide Defendants with a release authorizing the release of their personnel information.  Counsel for Defendants also reiterated that Defendants could not release any information related to the Department's on-going investigation.  Finally, Defendants' counsel advised Plaintiffs' counsel that Defendants will seek an appropriate protective order from the Court unless the parties are able to resolve these disputes.

21.     Attached hereto as Exhibit O is a true and correct copy of a meet and confer letter dated October 2, 2006 from counsel for Plaintiffs to counsel for Defendants advising, among other things, that Plaintiffs will not file the suggested *Pitchess* motion, nor provide the requested release.

22.     Attached hereto as Exhibit P is a true and correct copy of a meet and confer letter dated October 3, 2006 from counsel for Plaintiffs to counsel for Defendants clarifying, among other things, Plaintiffs' refusal to file the suggested *Pitchess* motion, or provide the requested release.

23.     Attached hereto as Exhibit Q is a true and correct copy of a meet and confer letter dated October 3, 2006 from counsel for Defendants to counsel for Plaintiffs following up on the disputed issues with respect to the propounded discovery.

24.     Attached hereto as Exhibit R is a true and correct copy of a meet and confer letter dated October 5, 2006 from counsel for Defendants to counsel for Plaintiffs identifying in detail each of the disputed issues with respect to the propounded discovery that are the subject of Defendants' motion for protective order.

25.     Attached hereto as Exhibit S is a true and correct copy of a meet and confer letter dated October 5, 2006 from counsel for Plaintiffs to counsel for Defendants

5

1    again reiterating Plaintiffs' refusal to file the suggested *Pitchess* motion, or provide the

2    requested release.

3         26.    Attached hereto as Exhibit T is a true and correct copy of a meet and

4    confer letter dated October 6, 2006 from counsel for Defendants to counsel for Plaintiffs

5    reiterating Defendants' position with respect to the disputed discovery issues.

6         I declare under penalty of perjury under the laws of the State of California that the

7    foregoing is true and correct.  Executed this 11th day of October 2006, in San Francisco,

8    California.

9

10                                          LAWRENCE HECIMOVICH

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                          6