# EXHIBIT "A"

EXHIBIT "A"

WAUKEEN Q. McCOY, ESQ. (SBN: 168228)
LAW OFFICES OF WAUKEEN Q. McCOY
703 Market Street, Suite 1407
San Francisco, California 94103
Telephone (415) 675-7705
Facsimile (415) 675-2530

Attorney for Plaintiffs
CLAYTON HARMSTON et al.

**F I L E D**

San Francisco County Superior Court

AUG 1 0 2006

GORDON PARK-LI, Clerk
BY: _____
Deputy Clerk

CASE MANAGEMENT CONFERENCE SET

JAN 1 2 2007  -9∞ AM

SUPERIOR COURT OF THE STATE OF CALIFORNIA

DEPARTMENT 212

CITY AND COUNTY OF SAN FRANCISCO

SUMMONS ISSUED

CGC - 06 - 454955

CLAYTON HARMSTON, an individual; GIGI GEORGE, an individual; JAMES LEWIS, an individual; MIKE EVANSON, an individual, ERICK SOLARES, an individual; DAVE PARRY, an individual; ANDREW COHEN, an individual; NOAH MALLINGER, an individual; CARLOS MUSTAFICH, an individual; LUIS DEJESUS, an individual; JAMES D. AHERNE, an individual; JASON KIRCHNER, an individual; REGINALD SCOTT, an individual; GERALD P. LYONS, an individual; WENDY HURLEY, an individual; HOLLY STOUMEN, an individual; CHRISTINE ARNDT, an individual; SHAREEF NASIR, an individual

      Plaintiffs,

vs.

CITY AND COUNTY OF SAN FRANCISCO, HEATHER FONG, an individual, and DOES. 1-50

      Defendants.

Case No.

UNLIMITED JURISDICTION

COMPLAINT FOR:

1. RACIAL DISCRIMINATION

2. RETALIATION

3. DEFAMATION

4. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

TWENTY (20) MILLION DOLLARS DEMANDED

JURY TRIAL DEMANDED

COMPLAINT

1

Plaintiffs allege as follows:

## INTRODUCTION

1.      This is an action for damages for Racial Discrimination, Defamation, and Intentional Infliction of Emotional Distress. This action arises out of events involving Plaintiffs CLAYTON HARMSTON et al. (hereafter "Plaintiffs") and Defendant City and County of San Francisco (hereafter "defendant" or "THE CITY"). Plaintiffs were employed by the City and County of San Francisco in San Francisco. Therefore, jurisdiction in San Francisco County is appropriate.

## THE PARTIES

2.      Clayton Harmston ("Harmston") is a non-Asian individual employed by THE CITY as a Police Officer. THE CITY has employed HARMSTON for six years, both as a police officer and as a Field Training Officer. In 2003, he received the Medal of Valor and a Purple Heart. The American Legion named him Officer of the Year. HARMSTON has also won the California Peace Officers' Association Valor Award. HARMSTON suffered a pattern and practice of racial discrimination, and other wrongful acts committed by defendants.

3.      Gigi George ("George") is a non-Asian individual employed by THE CITY as a Police Officer. THE CITY has employed GEORGE for eleven years. Beyond her duties as an Officer, GEORGE has been a liaison between the Police and San Francisco schools, and has worked directly with the Office of the City Attorney. GEORGE suffered a pattern and practice of racial discrimination, and other wrongful acts committed by defendants.

4.      James Lewis ("Lewis") is a non-Asian individual employed by THE CITY as a Police Officer. THE CITY has employed LEWIS for twenty-four years. LEWIS has spent his career both as an Officer and as a Housing officer for the San Francisco Police. LEWIS suffered a pattern and practice of racial discrimination, and other wrongful acts committed by defendants.

5.      Mike Evanson ("Evanson") is a non-Asian individual employed by THE CITY as a Police Officer. THE CITY has employed EVANSON for twenty-five years. He has served beyond his duties as an officer, acting as a Field Training Officer and Training Coordinator, and as a Weapon of Mass Destruction Instructor. At the time of his suspension, EVANSON was

1    preparing an officer safety course in response to the recent murder of another Bayview District
2    Police Officer. As well, Officer EVANSON has received a Bronze Medal of Valor, three
3    Meritorious Conduct Awards, eight Police Commission Commendations, two Unit Citations, and
4    over one hundred Captain's Complimentary Reports. EVANSON suffered a pattern and practice
5    of racial discrimination, and other wrongful acts committed by defendants.

6       6.      Erick Solares ("Solares") is a non-Asian individual employed by THE CITY as a
7    Police Officer. THE CITY has employed SOLARES for seven years. SOLARES has been a
8    dedicated officer, taking part in the Cease Fire Program, as well as undertaking plainclothes
9    positions and participating in the Robbery Apprehension Team, which responds to bank
10   robberies in progress. SOLARES suffered a pattern and practice of racial discrimination, and
11   other wrongful acts committed by defendants.

12      7.      David Parry ("Parry") is a non-Asian individual employed by THE CITY as a
13   Police Officer. THE CITY has employed PARRY for eight years. During his career, PARRY
14   has won the American Legion Police Officer of the Year award (2003), and the Police Officers'
15   Association Medal of Valor (2003). Parry is also a Field Training Officer. PARRY suffered a
16   pattern and practice of racial discrimination, and other wrongful acts committed by defendants.

17      8.      Andrew Cohen ("Cohen") is a non-Asian individual employed by THE CITY as a
18   Police Officer. THE CITY has employed COHEN for eleven years. During this time, COHEN
19   produced a variety of videos for the Police Department and THE CITY, including documentaries
20   and other satirical videos. COHEN's superiors and peers encouraged his artistic abilities, noting
21   that they were morale boosters for other officers. COHEN suffered a pattern and practice of
22   racial discrimination, and other wrongful acts committed by defendants.

23      9.      Noah Mallinger ("Mallinger") is a non-Asian individual employed by THE CITY
24   as a Police Officer. THE CITY has employed the Plaintiffs for nine years. As an officer
25   stationed in the Bayview neighborhood, MALLINGER has volunteered beyond his duties as a
26   police officer. MALLINGER participated in the Police Department's Cease Fire Project, an
27   effort to decrease violence the Bayview neighborhood. As well, he has taken part in gift drives
28   at Bayview Housing, has taken disadvantaged children to sporting events, and has visited ill

COMPLAINT                                    3

1   children in local hospitals. MALLINGER suffered a pattern and practice of racial

2   discrimination, and other wrongful acts committed by defendants.

3        10.   Carlos Mustafich ("Mustafich") is a non-Asian individual employed by THE

4   CITY as a Police Officer. THE CITY has employed MUSTAFICH for seven years. During this

5   time, MUSTAFICH worked in the Cease Fire Project, an effort to decrease violence the Bayview

6   neighborhood. MUSTAFICH suffered a pattern and practice of racial discrimination, and other

7   wrongful acts committed by defendants.

8        11.   Luis DeJesus ("DeJesus") is a non-Asian individual employed by THE CITY as a

9   Police Officer. THE CITY has employed DEJESUS for eight years. During this time,

10  DEJESUS worked in the Cease Fire Project, an effort to decrease violence the Bayview

11  neighborhood. He also volunteered with the Police Athletic League's fishing program. As an

12  officer, he received a Medal of Valor, two Police Commission Commendations, and two

13  Meritorious Conduct awards. DEJESUS suffered a pattern and practice of racial discrimination,

14  and other wrongful acts committed by defendants.

15       12.   James D. Aherne ("Aherne") is a non-Asian individual employed by THE CITY

16  as a Police Officer. THE CITY has employed AHERNE for eight years. During this time, he

17  took part in the Cease Fire Project, an effort to reduce violence in the Bayview neighborhood.

18  AHERNE suffered a pattern and practice of racial discrimination, and other wrongful acts

19  committed by defendants.

20       13.   Jason Kirchner ("Kirchner") is a non-Asian individual employed by THE CITY

21  as a Police Officer. THE CITY has employed KIRCHNER for four years. During this time, he

22  has been recommended several times for the Medal of Valor. He has received dozens of

23  Captains' Complimentary Reports, and received a Unit Citation for Work and Valor during the

24  Iraq riots. KIRCHNER suffered a pattern and practice of racial discrimination, and other

25  wrongful acts committed by defendants.

26       14.   Reginald Scott ("Scott") is a non-Asian individual employed by THE CITY as a

27  Police Officer. THE CITY has employed SCOTT for six years. He earned the Medal of Valor,

28  the Chief's Award, and the Humanitarian award during his time at the Police Department. Prior

COMPLAINT

4

to his tenure with the San Francisco Police, SCOTT worked in the San Francisco Sheriff's Department. In that position, he was named Deputy of the Year in 1998. SCOTT suffered a pattern and practice of racial discrimination, and other wrongful acts committed by defendants.

15.    Gerald P. Lyons ("Lyons") is a non-Asian individual employed by THE CITY as a Police Officer. THE CITY has employed LYONS for thirteen years. During this time, LYONS served as a plainclothes officer at both the Taraval and Bayview Stations. LYONS suffered a pattern and practice of racial discrimination, and other wrongful acts committed by defendants.

16.    Wendy Hurley ("Hurley") is a non-Asian individual employed by THE CITY as a Police Officer. THE CITY has employed HURLEY for ten years. HURLEY suffered a pattern and practice of racial discrimination, and other wrongful acts committed by defendants.

17.    Holly Stoumen ("Stoumen") is a non-Asian individual employed by THE CITY as a Police Officer. THE CITY has employed STOUMEN for six years. In her career, STOUMEN has undertaken a variety of leadership and training positions, including being a Field Training Officer Instructor at the Police Academy. She also taught an Officer Safety and Field Tactics Course focused on schools and the workplace that all San Francisco Police Officers must take. STOUMEN is also a member of the Cease Fire Program. STOUMEN suffered a pattern and practice of racial discrimination, and other wrongful acts committed by defendants.

18.    Christine Arndt ("Arndt") is perceived to be a non-Asian individual employed by THE CITY as a Police Officer. THE CITY has employed ARNDT for eight years. During her career, she has worked undercover and as a uniformed officer, and has on several occasions requested transfers to work in Bayview, one of the most difficult areas for San Francisco Police. She received many Captain's Complimentary Reports, and a Police Commission Commendation Award. ARNDT suffered a pattern and practice of racial discrimination, and other wrongful acts committed by defendants.

19.    Shareef Nasir ("Nasir") is a non-Asian individual or perceived to be non-Asian, and employed by THE CITY as a Police Officer. THE CITY has employed NASIR for several years. Plaintiff suffered a pattern and practice of racial discrimination, and other wrongful acts committed by defendants.

20.     Plaintiffs are informed and believe and thereon allege that THE CITY is a government entity.

21.     Plaintiffs are informed and believe and thereon allege that defendant HEATHER FONG ("Fong") is an individual employed by THE CITY as Chief of Police.

22.     Plaintiffs are ignorant of the true names and capacities of defendants sued herein as DOES 1-50, inclusive, and Plaintiffs therefore sue such defendants by such fictitious names. Plaintiffs will amend this complaint to allege their true names and capacities when ascertained. Plaintiffs are informed and believe and thereon allege that each of these fictitiously named defendants is responsible in some manner for the occurrences, and that such aforementioned defendants' acts and omissions proximately caused the Plaintiffs' injuries as alleged herein.

23.     Plaintiffs are informed and believe and thereon allege that at all times mentioned herein, each individual defendant was and is the agent, employee and servant of THE CITY and committed the occurrences, acts and omissions complained of herein while acting within the scope of such agency, employment and servitude.   Each defendant is responsible for the occurrences, acts and omissions of each other defendant complained of herein.

## GENERAL ALLEGATIONS

24.     Plaintiffs incorporate by reference the factual allegations of paragraphs 1 through 23 above.

25.     Plaintiffs are informed and believe and thereon allege that THE CITY hired them all as uniformed and plainclothes police officers.  Plaintiffs are of various races, including Caucasian, African American, and Latino, but none identifies as Asian.  All the Plaintiffs are currently employed by THE CITY.

26.     Plaintiffs are informed and believe and thereon allege that THE CITY and FONG suspended them and otherwise disciplined them and/or subjected them to various adverse employment actions for participating in a satirical video made in late 2005.  That video was intended to be a parody of life as Police Officers assigned to the Bayview district of San Francisco.  Plaintiffs' supervisors knew of, consented to, and required participation by the Plaintiffs in the video.  Plaintiffs intended the video to be a morale booster at the Bayview

COMPLAINT

6

Hunter's-Point Station. THE CITY and FONG did not suspend any of the Plaintiffs' Asian
(Chinese-American) co-workers, who also participated in the video.

27.    Plaintiffs are informed and believe and thereon allege that because of Plaintiffs'
participation in the video, THE CITY and FONG suspended them, and required Plaintiffs to turn
in their police IDs, badges, and weapons. Because of their suspension, Plaintiffs lost significant
amounts of pay, accrual of sick leave, vacation time, and other benefits. Some of the Plaintiffs
lost their overtime pay and Field Training Officer pay from the start of their suspension to the
present, costing them tens of thousands of dollars in lost earnings.

28.    Plaintiffs are informed and believe and thereon allege that before, during, and
after their suspensions, THE CITY and FONG publicly insulted Plaintiffs, accusing them of
being racist, sexist, and homophobic, which is not true. In some cases, defendants posted
pictures of Plaintiffs alongside the comments, increasing the humiliation Plaintiffs suffered.
Defendants did this repeatedly, in print, on the radio, and on television, in local, regional, and
national media outlets. Defendants did not make these comments about the Asian officers who
participated in the video.

29.    Plaintiffs are informed and believe and thereon allege that THE CITY and FONG
acted outside of required procedures by suspending and insulting Plaintiffs. Rather than
conducting a formal investigation, filing charges, or convening a Chief's Hearing, on December
8, 2005, and other dates, THE CITY and FONG groundlessly suspended, and publicly insulted
Plaintiffs. This inappropriate response to the video violates the San Francisco Charter and the
San Francisco Police Department General Order, requiring a formal investigation, filing of
charges, and a hearing underway before the Police Commission for all allegations of misconduct
to properly suspend a Police Officer.

30.    Plaintiffs are informed and believe and thereon allege that THE CITY and FONG
did not use a valid, non-discriminatory criterion to determine Plaintiffs' discipline. Plaintiffs
wrote to Defendants on July 13, 2006 and July 19, 2006 in an attempt to determine Defendants'
criterion for disciplining Plaintiffs. Defendants refused to provide any criterion used in

COMPLAINT

7

1   Plaintiffs' discipline which justified the omission of Plaintiffs' Asian (Chinese-American)

2   counterparts from any discipline. Defendants failed even to acknowledge Plaintiffs' reasonable

3   requests. See the letters attached as Exhibit A.

4       31.     Plaintiffs are informed and believe and thereon allege that because of the acts of

5   FONG and THE CITY, they have all suffered extreme humiliation and embarrassment. Being

6   suspended from work, losing pay, and being publicly disgraced has taken a great toll on

7   Plaintiffs, including loss of friendships, alienation from family members, and straining

8   marriages, not to mention plaintiffs' personal feelings of fear, shame, and anger.

9            FIRST CAUSE OF ACTION AGAINST DEFENDANT THE CITY

10                           RACE DISCRIMINATION

11                           Cal. Govt. Code § 12940

12                           [AS TO ALL PLAINTIFFS]

13      32.     Plaintiffs incorporate by reference the factual allegations of paragraphs 1 through

14   31 above.

15      33.     Defendants, through their agents and employees, engaged in a pattern and practice

16   of unlawful racial discrimination in violation of the Fair Employment and Housing Act

17   (hereinafter referred to as "FEHA") in connection with its treatment of Plaintiffs and the terms

18   and conditions of their employment.   Defendants used race as a basis to determine discipline

19   regarding the video. Specifically, Defendants disciplined only the non-Asian officers, and those

20   perceived to be non-Asian, who were involved in the video.

21      34.     At all relevant times, defendants had actual and constructive knowledge of the

22   discriminatory conduct described and alleged herein, and condoned, ratified and participated in

23   the discrimination. Because of the hostile and offensive work environment perpetrated and

24   maintained by defendants, and their failure to protect Plaintiffs from further discrimination,

25   Plaintiffs suffered severe emotional distress.

26      35.     Plaintiffs are informed and believe and thereon allege that in addition to the

27   practices enumerated above, defendants, and each of them, have engaged in other discriminatory

28

COMPLAINT                              8

1   practices against Plaintiffs, which are not yet fully known.  When said discriminatory practices

2   become known to Plaintiffs, they will seek leave of court to amend this complaint in those

3   regards.

4       36.     As a direct and proximate result of the willful, knowing, and intentional

5   discrimination against Plaintiffs, and the failure to act by defendants, Plaintiffs have suffered

6   mental distress, anguish, and indignation.  Plaintiffs are thereby entitled to general and

7   compensatory damages in an amount to be proven at trial.

8       37.     Defendants' acts alleged herein are malicious, oppressive, despicable, and in

9   conscious disregard of Plaintiffs' rights.  As such, punitive damages are warranted against

10   defendants in order to punish and make an example of their actions.

11                     SECOND CAUSE OF ACTION AGAINST

12                     DEFENDANTS CITY, FONG, AND DOES 1-50

13                                 RETALIATION

14                             Cal. Govt. Code §12940

15                 [AS TO PLAINTIFFS EVANSON, PARRY, and HARMSTON]

16       38.     Plaintiffs incorporate by reference the factual allegations of paragraphs 1 through

17   37 above.

18       39.     Plaintiffs are informed and believe and thereon allege that defendants THE CITY

19   and FONG engaged in retaliatory conduct in violation of public policy against Plaintiffs for

20   opposing unlawful practices under FEHA.

21       40.     Plaintiffs are informed and believe and thereon allege that THE CITY through its

22   agent and employee FONG retaliated against Plaintiffs in violation of California Government

23   Code §12940.  Defendants did so by materially changing the employment conditions of

24   Plaintiffs EVANSON, PARRY, and HARMSTON after they filed Notices of Tort Claims for

25   their race discrimination claims related to their suspensions.

26       41.     Plaintiffs are informed and believe and thereon allege that on May 31, 2006,

27   Plaintiffs filed Notices of Tort Claims against defendants THE CITY and FONG.  On June 20,

28   2006, Plaintiffs EVANSON, PARRY, and HARMSTON were transferred from their previous

COMPLAINT

1  positions to the O.P.S. Center, and were given different, odd-hour, schedules, in violation of their

2  contracts. Plaintiffs' new positions were regarded as highly undesirable, and their new hours

3  restricted Plaintiffs' ability to provide childcare.

4      42.    Plaintiff is informed and believes and thereon alleges that in addition to the

5  enumerated adverse actions above, defendants, and each of them, have engaged in other unlawful

6  practices against EVANSON, PARRY, and HARMSTON which are not yet fully known. When

7  said practices become known to Plaintiffs, they will seek leave to amend this complaint in those

8  regards.

9      43.    As a direct and proximate result of defendants' willful, knowing, and intentional

10  acts, and defendants' failure to act, EVANSON, PARRY, and HARMSTON have suffered and

11  will continue to suffer mental distress, anguish, and indignation. EVANSON, PARRY, and

12  HARMSTON are thereby entitled to general and compensatory damages in an amount to be

13  proven at trial.

14      44.    Defendants' acts alleged herein are malicious, oppressive, despicable, and in

15  conscious disregard of EVANSON, PARRY, and HARMSTON's rights. As such, punitive

16  damages are warranted against defendants in order to punish and make an example of them.

17  **THIRD CAUSE OF ACATION AGAINST**

18  **DEFENDANTS CITY, FONG AND DOES 1-50**

19  **DEFAMATION**

20  **[AS TO ALL PLAINTIFFS]**

21      45.    Plaintiffs incorporate by reference the factual allegations of paragraphs 1 through

22  44 above.

23      46.    Plaintiffs are informed and believe and thereon allege that THE CITY and FONG

24  repeatedly publicized, or caused to be publicized, to third persons false allegations concerning

25  Plaintiffs. These false allegations include but are not limited to allegations that they are bigots.

26      47.    Plaintiffs are informed and believe and thereon allege that the defendants made

27  accusations directly concerning Plaintiffs and were so understood by all persons involved in the

28  publication.

COMPLAINT                  10

48.     Plaintiffs are informed and believe and thereon allege that these accusations were defamatory per se because they accused Plaintiffs of being racist, sexist, and homophobic. The accusations stated above, by natural consequence, cause actual damage to Plaintiffs both personally and professionally.

49.     Plaintiffs are informed and believe and thereon allege that these accusations were false because Plaintiffs are not racist, sexist, or homophobic.

50.     Plaintiffs are informed and believe and thereon allege that furthermore, THE CITY and FONG made these accusations knowing that they were false.

51.     Plaintiffs are informed and believe and thereon allege that as a proximate result of the above-described accusations, Plaintiffs have suffered loss of their reputation, shame, mortification, and hurt feelings, all to their general damage in an amount according to proof.

52.     Plaintiffs are informed and believe and thereon allege that the above-described accusations were publicized by defendants because of the defendants' rash and irrational response to public pressure. Defendants made the accusations without any investigation, thereby justifying an award of punitive damages against defendants in an amount appropriate to punish defendants for their wrongful conduct and to deter others from engaging in such conduct.

## FOURTH CAUSE OF ACTION AGAINST
## DEFENDANTS CITY, FONG AND DOES 1- 50
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## [AS TO ALL PLAINTIFFS]

53.     Plaintiffs incorporate by reference the factual allegations of paragraphs 1 through 52 above.

54.     Plaintiffs are informed and believe and thereon allege that THE CITY by and through its agents, employees and defendants FONG and DOES 1-50 acted without regard to the health and safety of Plaintiffs, and each of them treated Plaintiffs in the deplorable manner alleged herein.

55.     Plaintiffs are informed and believe and thereon allege that Defendants spoke about the video on local and national news outlets. Making public statements regarding a private

COMPLAINT

11

1    personnel matter constitutes extreme and outrageous conduct. Furthermore, acting in a

2    discriminatory manner is extreme and outrageous conduct in a civil society.

3        56.    Plaintiffs are informed and believe and thereon allege that defendants, standing in

4    a position of authority over Plaintiffs, deliberately acted without regard to Plaintiffs' health,

5    safety, or well-being, causing them severe emotional and physical distress.

6        57.    Plaintiffs are informed and believe and thereon allege that as a proximate result of

7    defendants' extreme and outrageous acts, Plaintiffs suffered severe emotional distress in the form

8    of humiliation, embarrassment, mental-anguish, anxiety, stress and indignation. Defendants

9    acted with the willful knowledge that Plaintiffs would suffer severe harm as a result.

10       58.    Plaintiffs are informed and believe and thereon allege that defendants' acts alleged

11   herein are malicious, oppressive, despicable, and in conscious disregard of Plaintiffs' rights. As

12   such, punitive damages are warranted against defendants in order to punish them and make an

13   example of their actions.

14   ///

15   ///

16   ///

17   ///

18   ///

19   ///

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

COMPLAINT

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFFS pray for relief as follows:

1.  For general damages in excess of twenty (20) million dollars and in no event less than the jurisdictional limit of this court;

2.  For special damages in amounts according to proof;

3.  For punitive damages in amounts according to proof;

4.  For attorneys' fees as provided by law;

5.  For a mandatory injunction requiring defendants to reinstate Plaintiffs to their previous positions without record of the adverse employment actions taken by defendants, pursuant to Government Code §12970(a);

6.  For interest as provided by law;

7.  For costs of suit incurred herein; and

8.  For such other and further relief as the Court deems fair and just.

Dated: August 10, 2006                    LAW OFFICES OF WAUKEEN Q. McCOY

By _____
WAUKEEN Q. McCOY
Attorney for Plaintiffs

COMPLAINT

13

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

COMPLAINT

703 Market Street, Suite 1407
San Francisco, CA 94103
Web: www.waukeenmccoy.com

*Law Offices of*
*Waukeen Q. McCoy*

Phone: (415) 675-7705
Facsimile: (415) 675-2530
Email: mail@waukeenmccoy.com



July 19, 2006

Larry Hecimovich, Esq.
San Francisco City Attorney's Office
875 Stevenson St., RM 440
San Francisco, CA 94103

RE:  SFPD Videogate Plaintiffs

Dear Mr. Hecimovich:

This is a follow-up to my July 13, 2006 letter to you regarding the criterion used that determined the discipline of my clients. You have failed to respond. I take this failure to respond to mean that your client had no valid criterion for disciplining my clients.

Again, if you indeed knew of the criterion used to determine the discipline, please let me know immediately. If no response is provided, we will assume that any reason offered at a later date is a pretext for discrimination.

We would like to review this information so that we can avoid protracted litigation, if possible. Please provide the information, if any, immediately.

Thank you for your immediate attention in this matter.

LAW OFFICES OF WAUKEEN McCOY

WAUKEEN McCOY

# EXHIBIT "B"

EXHIBIT "B"

WAUKEEN Q. McCOY, ESQ. (SBN: 168228)
LAW OFFICES OF WAUKEEN Q. McCOY
703 Market Street, Suite 1407
San Francisco, California 94103
Telephone (415) 675-7705
Facsimile (415) 675-2530

Attorney for Plaintiffs
CLAYTON HARMSTON, et al.,

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SAN FRANCISCO

| | |
|---|---|
| CLAYTON HARMSTON, et al., | Case No. 06-454955 |
| Plaintiff, | **PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE TO DEFENDANT CITY AND COUNTY OF SAN FRANCISCO** |
| vs. | |
| CITY AND COUNTY OF SAN FRANCISCO, et al. | **[C.C.P. § 2031]** |
| Defendants. | |

PROPOUNDING PARTY:     Plaintiff ANDREW COHEN

RESPONDING PARTY:      Defendant CITY AND COUNTY OF SAN FRANCISCO

SET NO.:                      SET #1

     Pursuant to California Code of Civil Procedure § 2031, Plaintiff Andrew Cohen ("COHEN") hereby requests that defendant CITY AND COUNTY OF SAN FRANCISCO ("CITY") answer each of the following Requests for Production of Documents, Set No. One, separately, fully, and under oath, within thirty (30) days from service hereof by producing the documents listed below. Please identify whether Defendant will comply with these demands, lacks the ability to comply with these demands or has objections as to these demands.

## DEFINITIONS

    1.) "Defendant," "You," "Yours," and / or "CITY," – shall include the Defendant CITY AND COUNTY OF SAN FRANCISCO and its agents, employees, attorneys, investigators or anyone acting on its behalf.

    2.) "Plaintiff" and / or "COHEN" shall refer to Plaintiff Andrew Cohen.

    3.) "Incident" shall refer to the circumstances and events as alleged in COHEN complaint that gave rise to this action or proceeding.

    4.) "Person" includes natural person, firm, association, organization, partnership, business trust, corporation, or public entity.

    5.) "Document" means a writing, as defined in California Evidence Code Section 250, and includes the original or copy of handwriting, typewriting, printing, photostatting, photographing and every other means of recording upon any tangible thing and form of communication or representation, including letters, words, pictures, sounds, symbols, or combination of them.

## DOCUMENTS TO BE PRODUCED

    1.) Produce all DOCUMENTS related to or contained within the San Francisco Police Department personnel files, including but not limited to documents regarding employment

1   history, disciplinary record, performance reviews, commendations, and applications for

2   employment or promotions, of each of the following persons: CLAYTON HARMSTON, GIGI

3   GEORGE, JAMES LEWIS, MIKE EVANSON, ERIK SOLARES, DAVE PARRY, ANDREW

4   COHEN, NOAH MALLINGER, CARLOS MUSTAFICH, LUIS DEJESUS, JAMES D.

5   AHERNE, JASON KIRCHNER, REGINALD SCOTT, GERALD P. LYONS, WENDY

6   HURLEY, HOLLY STOUMEN, CHRISTINE ARNDT, SHAREEF NASIR.

7     2.) Produce all DOCUMENTS related to or contained within the San Francisco Police

8   Department personnel files, including but not limited to documents regarding employment

9   history, disciplinary record, performance reviews, commendations, and applications for

10  employment or promotions, of each of the following persons: JOHN PAI, ALEX KWAN, ERIC

11  CHANG, DERRICK LEW.

12     3.) Produce all DOCUMENTS relating to or evidencing communications, whether internal

13  or external, between CITY employees regarding the video described in paragraph 26 of

14  Plaintiffs' Complaint.

15     4.) Produce all DOCUMENTS relating to or evidencing communications, whether internal

16  or external, between CITY employees regarding any reassignment of duty within the last five

17  years of any of the following persons: CLAYTON HARMSTON, GIGI GEORGE, JAMES

18  LEWIS, MIKE EVANSON, ERIK SOLARES, DAVE PARRY, ANDREW COHEN, NOAH

19  MALLINGER, CARLOS MUSTAFICH, LUIS DEJESUS, JAMES D. AHERNE, JASON

20  KIRCHNER, REGINALD SCOTT, GERALD P. LYONS, WENDY HURLEY, HOLLY

21  STOUMEN, CHRISTINE ARNDT, SHAREEF NASIR, JOHN PAI, ALEX KWAN, ERIC

22  CHANG, DERRICK LEW.

23     5.) Produce all DOCUMENTS relating to or evidencing communications, whether internal

24  or external, between CITY employees regarding the formal disarming, by requesting return of

25  department-issued firearm, of any of the following persons on or after December 1, 2005:

26  CLAYTON HARMSTON, GIGI GEORGE, JAMES LEWIS, MIKE EVANSON, ERIK

27  SOLARES, DAVE PARRY, ANDREW COHEN, NOAH MALLINGER, CARLOS

28  MUSTAFICH, LUIS DEJESUS, JAMES D. AHERNE, JASON KIRCHNER, REGINALD

1  SCOTT, GERALD P. LYONS, WENDY HURLEY, HOLLY STOUMEN, CHRISTINE

2  ARNDT, SHAREEF NASIR, JOHN PAI, ALEX KWAN, ERIC CHANG, DERRICK LEW.

3      6.) Produce all DOCUMENTS relating to or evidencing communications, whether internal

4  or external, between CITY employees regarding a request to return the department-issued badge

5  and identification of any of the following persons on or after December 1, 2005: CLAYTON

6  HARMSTON, GIGI GEORGE, JAMES LEWIS, MIKE EVANSON, ERIK SOLARES, DAVE

7  PARRY, ANDREW COHEN, NOAH MALLINGER, CARLOS MUSTAFICH, LUIS

8  DEJESUS, JAMES D. AHERNE, JASON KIRCHNER, REGINALD SCOTT, GERALD P.

9  LYONS, WENDY HURLEY, HOLLY STOUMEN, CHRISTINE ARNDT, SHAREEF NASIR,

10  JOHN PAI, ALEX KWAN, ERIC CHANG, DERRICK LEW.

11      7.) Produce all DOCUMENTS relating to or evidencing communications, whether internal

12  or external, between CITY employees regarding the suspension without pay of any of the

13  following persons on or after December 1, 2005: CLAYTON HARMSTON, GIGI GEORGE,

14  JAMES LEWIS, MIKE EVANSON, ERIK SOLARES, DAVE PARRY, ANDREW COHEN,

15  NOAH MALLINGER, CARLOS MUSTAFICH, LUIS DEJESUS, JAMES D. AHERNE,

16  JASON KIRCHNER, REGINALD SCOTT, GERALD P. LYONS, WENDY HURLEY,

17  HOLLY STOUMEN, CHRISTINE ARNDT, SHAREEF NASIR, JOHN PAI, ALEX KWAN,

18  ERIC CHANG, DERRICK LEW .

19      8.) Produce all DOCUMENTS relating to or evidencing communications, whether internal

20  or external, between CITY employees regarding prohibiting any of the following persons from

21  taking overtime work assignments on or after December 1, 2005: CLAYTON HARMSTON,

22  GIGI GEORGE, JAMES LEWIS, MIKE EVANSON, ERIK SOLARES, DAVE PARRY,

23  ANDREW COHEN, NOAH MALLINGER, CARLOS MUSTAFICH, LUIS DEJESUS, JAMES

24  D. AHERNE, JASON KIRCHNER, REGINALD SCOTT, GERALD P. LYONS, WENDY

25  HURLEY, HOLLY STOUMEN, CHRISTINE ARNDT, SHAREEF NASIR, JOHN PAI, ALEX

26  KWAN, ERIC CHANG, DERRICK LEW.

27      9.) Produce all DOCUMENTS relating to or evidencing the convening of a press conference

28  by CITY, its agents or affiliates, on December 7, 2005.

10.)     Produce all DOCUMENTS relating to or evidencing the preparation for or conduct of a press conference by CITY, its agents or employees, on December 7, 2005, including but not limited to any notes, memoranda, or internal communications between CITY employees.

11.)     Produce all DOCUMENTS relating to or evidencing CITY or its employees concluding or forming an opinion prior to December 7, 2005, that any of the following persons is racist, sexist, or homophobic: CLAYTON HARMSTON, GIGI GEORGE, JAMES LEWIS, MIKE EVANSON, ERIK SOLARES, DAVE PARRY, ANDREW COHEN, NOAH MALLINGER, CARLOS MUSTAFICH, LUIS DEJESUS, JAMES D. AHERNE, JASON KIRCHNER, REGINALD SCOTT, GERALD P. LYONS, WENDY HURLEY, HOLLY STOUMEN, CHRISTINE ARNDT, SHAREEF NASIR.

12.)     Produce all DOCUMENTS in possession of CITY or its employees prior to December 6, 2005 in which any of the following persons are described as racist, sexist, or homophobic: CLAYTON HARMSTON, GIGI GEORGE, JAMES LEWIS, MIKE EVANSON, ERIK SOLARES, DAVE PARRY, ANDREW COHEN, NOAH MALLINGER, CARLOS MUSTAFICH, LUIS DEJESUS, JAMES D. AHERNE, JASON KIRCHNER, REGINALD SCOTT, GERALD P. LYONS, WENDY HURLEY, HOLLY STOUMEN, CHRISTINE ARNDT, SHAREEF NASIR.

13.)     Produce all DOCUMENTS identifying, describing, establishing, or relating to any General Orders applying to all employees of the San Francisco Police Department established prior to December 5, 2006.

14.)     Produce all DOCUMENTS identifying, describing, establishing, or relating to any General Orders applying to all employees of the San Francisco Police Department established on or after December 6, 2006.

15.)     Produce all DOCUMENTS relating to or evidencing any policies in existence prior to December 6, 2005, providing for discipline of any employee of the San Francisco Police Department for participating in, creating, or appearing in a video or video production.

16.)     Produce all DOCUMENTS relating to or evidencing any investigation, whether concluded or ongoing, into any matter related to the video referred to and described in paragraph

1  26 of Plaintiffs' complaint, including but not limited to memoranda, reports, conclusions,

2  recommendations, or commissioning of a so-called "Blue Ribbon" panel, committee or

3  commission.

4      17.)      Produce all DOCUMENTS relating to or evidencing specific criteria relied on by

5  CITY in determining disciplinary measures to be taken against employees of the San Francisco

6  Police Department.

7      18.)      Produce all DOCUMENTS relating to or evidencing specific procedural

8  guidelines promulgated by CITY to be followed prior to taking disciplinary measures against

9  employees of the San Francisco Police Department.

10      19.)      Produce all DOCUMENTS relating to or evidencing specific procedural measures

11  which CITY may be required by force of law to follow prior to taking disciplinary measures

12  against employees of the San Francisco Police Department.

13      20.)      Produce all DOCUMENTS relating to or evidencing specific procedural measures

14  which CITY may be contractually obligated to follow prior to taking disciplinary measures

15  against employees of the San Francisco Police Department.

16      21.)      Produce all DOCUMENTS relating to or evidencing any complaint or complaints,

17  whether formal or informal, made within the last five years by any person against CITY or its

18  employees which allege that one or more CITY employees of Asian race were or are provided

19  undue favorable or preferential treatment by CITY.

20      22.)      Produce all DOCUMENTS relating to or evidencing any complaint or complaints,

21  whether formal or informal, made within the last five years by any person against CITY or its

22  employees which allege that one or more CITY employees of Chinese-American ethnicity were

23  or are provided undue favorable or preferential treatment by CITY.

24      23.)      Produce all DOCUMENTS relating to or evidencing any complaint or complaints,

25  whether formal or informal, made within the last five years by any person against Heather Fong

26  which allege that one or more CITY employees of Asian race were or are provided undue

27  favorable or preferential treatment by Heather Fong.

28

24.)        Produce all DOCUMENTS relating to or evidencing any complaint or complaints, whether formal or informal, made within the last five years by any person against Heather Fong which allege that one or more CITY employees of Chinese-American ethnicity were or are provided undue favorable or preferential treatment by Heather Fong.

25.)        Produce all DOCUMENTS relating to or evidencing any communication, formal or informal, written or otherwise, between members of the San Francisco Police Department command staff, the Office of the Mayor, and the San Francisco District Attorney's office relating to the video referred to and described in Paragraph 26 of Plaintiffs' Complaint.

DATED: September 20, 2006          LAW OFFICES OF WAUKEEN Q. MCCOY

                                   _____
                                   Waukeen Q. McCoy
                                   Attorney for Plaintiffs
                                   CLAYTON HARMSTON, et al.

1   WAUKEEN Q. McCOY, ESQ. (SBN: 168228)
    LAW OFFICES OF WAUKEEN Q. McCOY
2   703 Market Street, Suite 1407
    San Francisco, California 94103
3   Telephone (415) 675-7705
    Facsimile (415) 675-2530

4   Attorney for Plaintiffs
    CLAYTON HARMSTON et al.
5

6           SUPERIOR COURT OF THE STATE OF CALIFORNIA
7                       SAN FRANCISCO

8
    CLAYTON HARMSTON, an individual; GIGI      )
9   GEORGE, an individual; JAMES LEWIS, an     )   Case No. CGC 06-454955
    individual; MIKE EVANSON, an individual,   )
10                                             )   **PROOF OF SERVICE**
    ERICK SOLARES, an individual; DAVE         )
11  PARRY, an individual; ANDREW COHEN,        )
    an individual; NOAH MALLINGER, an          )
12  individual; CARLOS MUSTAFICH, an           )
13  individual; LUIS DEJESUS, an individual;   )
    JAMES D. AHERNE, an individual; JASON      )
14  KIRCHNER, an individual; REGINALD          )
15  SCOTT, an individual; GERALD P. LYONS,     )
    an individual; WENDY HURLEY, an            )
16  individual; HOLLY STOUMEN, an individual;  )
17  CHRISTINE ARNDT, an individual;            )
    SHAREEF NASIR, an individual               )
18                                             )
            Plaintiffs,                        )
19                                             )
        vs.                                    )
20                                             )
21                                             )
    CITY AND COUNTY OF SAN FRANCISCO,          )
22  HEATHER FONG, an individual, and DOES      )
    1-50                                       )
23                                             )
            Defendants.                        )
24  ─────────────────────────────────────

25

26

27

28

PROOF OF SERVICE

                            1

# PROOF OF SERVICE

I declare:

My business address is 703 Market Street, Suite 1407, San Francisco, CA. I am over the age of 18 and am not a party to this action.

On September 20, 2006 , I caused to be served:

**PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE TO DEFENDANT CCSF (A. COHEN)**

**On** the party(ies) listed below, addressed as follows:

*LAWRENCE HECIMOVICH*

1390 MARKET ST 5TH FLOOR .

SAN FRANCISCO. CA 94103

___X___       **By Hand Delivery**

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on September 20, 2006  at San Francisco, California.

LAW OFFICES OF WAUKEEN Q. McCOY

Mark D Roberts

# EXHIBIT "C"

EXHIBIT "C"

FI-130

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* |
|---|
| Waukeen Q. McCoy, Esq. (SBN: 168228) |
| LAW OFFICES OF WAUKEEN Q. McCOY |
| 703 Market Street, Suite 1407 |
| San Francisco, CA  94103 |

TELEPHONE NO.: (415) 675-7705     FAX NO. *(Optional):*  (415) 675-2530

E-MAIL ADDRESS *(Optional):*

ATTORNEY FOR *(Name):*  Clayton Harmston, et al.

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  SAN FRANCISCO

SHORT TITLE: **PLAINTIFF CLAYTON HARMSTON'S FORM INTERROGATORIES TO THE CITY AND COUNTY OF SAN FRANCISCO, SET NO. 1**

| FORM INTERROGATORIES – EMPLOYMENT LAW | CASE NUMBER: |
|---|---|
| Asking Party: **Plaintiff Clayton Harmston** | |
| Answering Party: **Defendant City and County of San Francisco** | 06-454955 |
| Set No.: **1** | |

### Sec. 1. Instructions to All Parties

(a) Interrogatories are written questions prepared by a party to an action that are sent to any other party in the action to be answered under oath. The interrogatories below are form interrogatories approved for use in employment cases.

(b) For time limitations, requirements for service on other parties, and other details, see Code of Civil Procedure sections 2030.010–2030.410 and the cases construing those sections.

(c) These form interrogatories do not change existing law relating to interrogatories nor do they affect an answering party's right to assert any privilege or make any objection.

### Sec. 2. Instructions to the Asking Party

(a) These form interrogatories are designed for optional use by parties in employment cases. (Separate sets of interrogatories, *Form Interrogatories* (form FI-120) and *Form Interrogatories—Economic Litigation* (form FI-129) may also be used where applicable in employment cases.)

(b) Insert the names of the **EMPLOYEE** and **EMPLOYER** to whom these interrogatories apply in the definitions in sections 4(d) and (e) below.

(c) Check the box next to each interrogatory that you want the answering party to answer. Use care in choosing those interrogatories that are applicable to the case.

(d) The interrogatories in section 211.0, Loss of Income Interrogatories to Employer, should not be used until the employer has had a reasonable opportunity to conduct an investigation or discovery of the employee's injuries and damages.

(e) Additional interrogatories may be attached.

### Sec. 3. Instructions to the Answering Party

(a) You must answer or provide another appropriate response to each interrogatory that has been checked below.

(b) As a general rule, within 30 days after you are served with these interrogatories, you must serve your responses on the asking party and serve copies of your responses on all other parties to the action who have appeared. See Code of Civil Procedure sections 2030.260–2030.270 for details.

(c) Each answer must be as complete and straightforward as the information reasonably available to you permits. If an interrogatory cannot be answered completely, answer it to the extent possible.

(d) If you do not have enough personal knowledge to fully answer an interrogatory, say so, but make a reasonable and good faith effort to get the information by asking other persons or organizations, unless the information is equally available to the asking party.

(e) Whenever an interrogatory may be answered by referring to a document, the document may be attached as an exhibit to the response and referred to in the response. If the document has more than one page, refer to the page and section where the answer to the interrogatory can be found.

(f) Whenever an address and telephone number for the same person are requested in more than one interrogatory, you are required to furnish them in answering only the first interrogatory asking for that information.

(g) If you are asserting a privilege or making an objection to an interrogatory, you must specifically assert the privilege or state the objection in your written response.

(h) Your answers to these interrogatories must be verified, dated, and signed. You may wish to use the following form at the end of your answers:

*I declare under penalty of perjury under the laws of the State of California that the foregoing answers are true and correct.*

_____        _____
(DATE)                                         (SIGNATURE)

### Sec. 4. Definitions

Words in **BOLDFACE CAPITALS** in these interrogatories are defined as follows:

(a) **PERSON** includes a natural person, firm, association, organization, partnership, business, trust, limited liability company, corporation, or public entity.

Form Approved for Optional Use
Judicial Council of California
FI-130 [Rev. January 1, 2006]

**FORM INTERROGATORIES–EMPLOYMENT LAW**

Code of Civil Procedure,
§§ 2030.010–2030.410, 2033.710

American LegalNet, Inc.
www.USCourtForms.com

(b) YOU OR ANYONE ACTING ON YOUR BEHALF includes you, your agents, your employees, your insurance companies, their agents, their employees, your attorneys, your accountants, your investigators, and anyone else acting on your behalf.

(c) EMPLOYMENT means a relationship in which an EMPLOYEE provides services requested by or on behalf of an EMPLOYER, other than an independent contractor relationship.

(d) EMPLOYEE means a PERSON who provides services in an EMPLOYMENT relationship and who is a party to this lawsuit. For purposes of these interrogatories. EMPLOYEE refers to (insert name):

*(If no name is inserted, EMPLOYEE means all such PERSONS.)*

(e) EMPLOYER means a PERSON who employs an EMPLOYEE to provide services in an EMPLOYMENT relationship and who is a party to this lawsuit. For purposes of these interrogatories, EMPLOYER refers to (insert name):

*(If no name is inserted, EMPLOYER means all such PERSONS.)*

(f) ADVERSE EMPLOYMENT ACTION means any TERMINATION, suspension, demotion, reprimand, loss of pay, failure or refusal to hire, failure or refusal to promote, or other action or failure to act that adversely affects the EMPLOYEE'S rights or interests and which is alleged in the PLEADINGS.

(g) TERMINATION means the actual or constructive termination of employment and includes a discharge, firing, layoff, resignation, or completion of the term of the employment agreement.

(h) PUBLISH means to communicate orally or in writing to anyone other than the plaintiff. This includes communications by one of the defendant's employees to others. *(Kelly v. General Telephone Co.* (1982) 136 Cal.App.3d 278, 284.)

(i) PLEADINGS means the original or most recent amended version of your complaint, answer, cross-complaint, or answer to cross-complaint.

(j) BENEFIT means any benefit from an EMPLOYER, including an "employee welfare benefit plan" or employee pension benefit plan" within the meaning of Title 29 United States Code section 1002(1) or (2) or ERISA.

(k) HEALTH CARE PROVIDER includes any PERSON referred to in Code of Civil Procedure section 667.7(e)(3).

(l) DOCUMENT means a writing, as defined in Evidence Code section 250, and includes the original or a copy of handwriting, typewriting, printing, photostats, photographs, electronically stored information, and every other means of recording upon any tangible thing and form of communicating or representation, including letters, words, pictures, sounds, or symbols, or combinations of them.

(m) ADDRESS means the street address, including the city, state, and zip code.

**Sec. 5. Interrogatories**

The following interrogatories for employment law cases have been approved by the Judicial Council under Code of Civil Procedure section 2033.710:

CONTENTS

200.0  Contract Formation
201.0  Adverse Employment Action
202.0  Discrimination Interrogatories to Employee
203.0  Harassment Interrogatories to Employee
204.0  Disability Discrimination
205.0  Discharge in Violation of Public Policy
206.0  Defamation
207.0  Internal Complaints
208.0  Governmental Complaints
209.0  Other Employment Claims by Employee or Against Employer
210.0  Loss of income Interrogatories to Employee
211.0  Loss of income Interrogatories to Employer
212.0  Physical, Mental, or Emotional Injuries— Interrogatories to Employee
213.0  Other Damages Interrogatories to Employee
214.0  Insurance
215.0  Investigation
216.0  Denials and Special or Affirmative Defenses
217.0  Response to Request for Admissions

**200.0  Contract Formation**

☑ 200.1  Do you contend that the EMPLOYMENT relationship was at "at will"? If so:
  (a)  state all facts upon which you base this contention;
  (b)  state the name, ADDRESS, and telephone number of each PERSON who has knowledge of those facts; and
  (c)  identify all DOCUMENTS that support your contention.

☑ 200.2  Do you contend that the EMPLOYMENT relationship was not "at will"? If so:
  (a)  state all facts upon which you base this contention;
  (b)  state the name, ADDRESS, and telephone number of each PERSON who has knowledge of those facts; and
  (c)  identify all DOCUMENTS that support your contention.

☑ 200.3  Do you contend that the EMPLOYMENT relationship was governed by any agreement—written, oral, or implied? If so:
  (a)  state all facts upon which you base this contention;
  (b)  state the name, ADDRESS, and telephone number of each PERSON who has knowledge of those facts; and
  (c)  identify all DOCUMENTS that support your contention.

☑ 200.4  Was any part of the parties' **EMPLOYMENT** relationship governed in whole or in part by any written rules, guidelines, policies, or procedures established by the **EMPLOYER**? If so, for each **DOCUMENT** containing the written rules, guidelines, policies, or procedures:

(a)   state the date and title of the DOCUMENT and a general description of its contents;

(b)   state the manner in which the DOCUMENT was communicated to employees; and

(c)   state the manner, if any, in which employees acknowledged either receipt of the **DOCUMENT** or knowledge of its contents.

☑ 200.5  Was any part of the parties' **EMPLOYMENT** relationship covered by one or more collective bargaining agreements or memorandums of understanding between the **EMPLOYER** (or an association of employers) and any labor union or employee association? If so, for each collective bargaining agreement or memorandum of understanding, state:

(a)   the names and **ADDRESSES** of the parties to the collective bargaining agreement or memorandum of understanding;

(b)   the beginning and ending dates, if applicable, of the collective bargaining agreement or memorandum of understanding; and

(c)   which parts of the collective bargaining agreement or memorandum of understanding, if any, govern (1) any dispute or claim referred to in the **PLEADINGS** and (2) the rules or procedures for resolving any dispute or claim referred to in the **PLEADINGS**.

☑ 200.6  Do you contend that the **EMPLOYEE** and the **EMPLOYER** were in a business relationship other than an **EMPLOYMENT** relationship? If so, for each relationship:

(a)   state the names of the parties to the relationship;

(b)   identify the relationship; and

(c)   state all facts upon which you base your contention that the parties were in a relationship other than an **EMPLOYMENT** relationship.

## 201.0  Adverse Employment Action

☐ 201.1  Was the **EMPLOYEE** involved in a **TERMINATION**? If so:

(a)   state all reasons for the EMPLOYEE'S TERMINATION;

(b)   state the name, ADDRESS, and telephone number of each PERSON who participated in the TERMINATION decision;

(c)   state the name, ADDRESS, and telephone number of each PERSON who provided any information relied upon in the TERMINATION decision; and

(d)   identify all DOCUMENTS relied upon in the TERMINATION decision.

201.2  Are there any facts that would support the **EMPLOYEE'S TERMINATION** that were first discovered after the **TERMINATION**? If so:

(a)   state the specific facts;

(b)   state when and how **EMPLOYER** first learned of each specific fact;

(c)   state the name, ADDRESS, and telephone number of each **PERSON** who has knowledge of the specific facts; and

(d)   identify all DOCUMENTS that evidence these specific facts.

☑ 201.3  Were there any other **ADVERSE EMPLOYMENT ACTIONS**, including (the asking party should list the ADVERSE EMPLOYMENT ACTIONS):

Suspension, demotion, reprimand, loss of pay, failure or refusal to promote

If so, for each action, provide the following:

(a)   all reasons for each **ADVERSE EMPLOYMENT ACTION**;

(b)   the name, ADDRESS, and telephone number of each **PERSON** who participated in making each **ADVERSE EMPLOYMENT ACTION** decision;

(c)   the name, ADDRESS, and telephone number of each **PERSON** who provided any information relied upon in making each **ADVERSE EMPLOYMENT ACTION** decision; and

(d)   the identity of all DOCUMENTS relied upon in making each **ADVERSE EMPLOYMENT ACTION** decision.

☑ 201.4  Was the **TERMINATION** or any other **ADVERSE EMPLOYMENT ACTIONS** referred to in Interrogatories 201.1 through 201.3 based in whole or in part on the **EMPLOYEE'S** job performance? If so, for each action:

(a)   identify the ADVERSE EMPLOYMENT ACTION;

(b)   identify the **EMPLOYEE'S** specific job performance that played a role in that ADVERSE EMPLOYMENT ACTION;

(c)   identify any rules, guidelines, policies, or procedures that were used to evaluate the **EMPLOYEE'S** specific job performance;

(d)   state the names, ADDRESSES, and telephone numbers of all PERSONS who had responsibility for evaluating the specific job performance of the **EMPLOYEE**;

(e)   state the names, ADDRESSES, and telephone numbers of all PERSONS who have knowledge of the **EMPLOYEE'S** specific job performance that played a role in that ADVERSE EMPLOYMENT ACTION; and

(f)   describe all warnings given with respect to the **EMPLOYEE'S** specific job performance.

FI-130

☐ 201.5  Was any PERSON hired to replace the EMPLOYEE after the EMPLOYEE'S TERMINATION or demotion? If so, state the PERSON'S name, job title, qualifications, ADDRESS and telephone number, and the date the PERSON was hired.

☐ 201.6  Has any PERSON performed any of the EMPLOYEE'S former job duties after the EMPLOYEE'S TERMINATION or demotion? If so:

(a)  state the PERSON'S name, job title, ADDRESS, and telephone number;

(b)  identify the duties; and

(c)  state the date on which the PERSON started to perform the duties.

☑ 201.7  If the ADVERSE EMPLOYMENT ACTION involved the failure or refusal to select the EMPLOYEE (for example, for hire, promotion, transfer, or training), was any other PERSON selected instead? If so, for each ADVERSE EMPLOYMENT ACTION, state the name, ADDRESS, and telephone number of each PERSON selected; the date the PERSON was selected; and the reason the PERSON was selected instead of the EMPLOYEE.

**202.0    Discrimination—Interrogatories to Employee**

☐ 202.1  Do you contend that any ADVERSE EMPLOYMENT ACTIONS against you were discriminatory? If so:

(a)  identify each ADVERSE EMPLOYMENT ACTION that involved unlawful discrimination;

(b)  identify each characteristic (for example, gender, race, age, etc.) on which you base your claim or claims of discrimination;

(c)  state all facts upon which you base each claim of discrimination;

(d)  state the name, ADDRESS, and telephone number of each PERSON with knowledge of those facts; and

(e)  identify all DOCUMENTS evidencing those facts.

☐ 202.2  State all facts upon which you base your contention that you were qualified to perform any job which you contend was denied to you on account of unlawful discrimination.

**203.0    Harassment—Interrogatories to Employee**

☐ 203.1  Do you contend that you were unlawfully harassed in your employment? If so:

(a)  state the name, ADDRESS, telephone number, and employment position of each PERSON whom you contend harassed you;

(b)  for each PERSON whom you contend harassed you, describe the harassment;

(c)  identify each characteristic (for example, gender, race, age, etc.) on which you base your claim of harassment;

(d)  state all facts upon which you base your contention that you were unlawfully harassed;

(e)  state the name, ADDRESS, and telephone number of each PERSON with knowledge of those facts; and

(f)  identify all DOCUMENTS evidencing those facts.

**204.0    Disability Discrimination**

☐ 204.1  Name and describe each disability alleged in the PLEADINGS.

☐ 204.2  Does the EMPLOYEE allege any injury or illness that arose out of or in the course of EMPLOYMENT? If so, state:

(a)  the nature of such injury or illness;

(b)  how such injury or illness occurred;

(c)  the date on which such injury or illness occurred;

(d)  whether EMPLOYEE has filed a workers' compensation claim. If so, state the date and outcome of the claim; and

(e)  whether EMPLOYEE has filed or applied for disability benefits of any type. If so, state the date, identify the nature of the benefits applied for, and the outcome of any such application.

☐ 204.3  Were there any communications between the EMPLOYEE (or the EMPLOYEE'S HEALTH CARE PROVIDER) and the EMPLOYER about the type or extent of any disability of EMPLOYEE? If so:

(a)  state the name, ADDRESS, and telephone number of each person who made or received the communications;

(b)  state the name, ADDRESS, and telephone number of each PERSON who witnessed the communications;

(c)  describe the date and substance of the communications; and

(d)  identify each DOCUMENT that refers to the communications.

☐ 204.4  Did the EMPLOYER have any information about the type, existence, or extent of any disability of EMPLOYEE other than from communications with the EMPLOYEE or the EMPLOYEE'S HEALTH CARE PROVIDER? If so, state the sources and substance of that information and the name, ADDRESS, and telephone number of each PERSON who provided or received the information.

☐ 204.5  Did the EMPLOYEE need any accommodation to perform any function of the EMPLOYEE'S job position or need a transfer to another position as an accommodation? If so, describe the accommodations needed.

**FORM INTERROGATORIES–EMPLOYMENT LAW**

204.6  Were there any communications between the **EMPLOYEE** (or the **EMPLOYEE'S HEALTH CARE PROVIDER**) and the **EMPLOYER** about any possible accommodation of **EMPLOYEE**? If so, for each communication:

(a)  state the name, **ADDRESS**, and telephone number of each **PERSON** who made or received the communication;

(b)  state the name, **ADDRESS**, and telephone number of each **PERSON** who witnessed the communication;

(c)  describe the date and substance of the communication; and

(d)  identify each **DOCUMENT** that refers to the communication.

204.7  What did the **EMPLOYER** consider doing to accommodate the **EMPLOYEE**? For each accommodation considered:

(a)  describe the accommodation considered;

(b)  state whether the accommodation was offered to the **EMPLOYEE**;

(c)  state the **EMPLOYEE'S** response; or

(d)  if the accommodation was not offered, state all the reasons why this decision was made;

(e)  state the name, **ADDRESS**, and telephone number of each **PERSON** who on behalf of **EMPLOYER** made any decision about what accommodations, if any, to make for the **EMPLOYEE**; and

(f)  state the name, **ADDRESS**, and telephone number of each **PERSON** who on behalf of the **EMPLOYER** made or received any communications about what accommodations, if any, to make for the **EMPLOYEE**.

**205.0  Discharge in Violation of Public Policy**

205.1  Do you contend that the **EMPLOYER** took any **ADVERSE EMPLOYMENT ACTION** against you in violation of public policy? If so:

(a)  identify the constitutional provision, statute, regulation, or other source of the public policy that you contend was violated; and

(b)  state all facts upon which you base your contention that the **EMPLOYER** violated public policy.

**206.0  Defamation**

206.1  Did the **EMPLOYER'S** agents or employees **PUBLISH** any of the allegedly defamatory statements identified in the **PLEADINGS**? If so, for each statement:

(a)  identify the **PUBLISHED** statement;

(b)  state the name, **ADDRESS**, telephone number, and job title of each person who **PUBLISHED** the statement;

(c)  state the name, **ADDRESS**, and telephone number of each person to whom the statement was **PUBLISHED**;

(d)  state whether, at the time the statement was **PUBLISHED**, the **PERSON** who **PUBLISHED** the statement believed it to be true; and

(e)  state all facts upon which the **PERSON** who published the statement based the belief that it was true.

206.2  State the name and **ADDRESS** of each agent or employee of the **EMPLOYER** who responded to any inquiries regarding the **EMPLOYEE** after the **EMPLOYEE'S TERMINATION**.

206.3  State the name and **ADDRESS** of the recipient and the substance of each post-**TERMINATION** statement **PUBLISHED** about **EMPLOYEE** by any agent or employee of **EMPLOYER**.

**207.0  Internal Complaints**

207.1  Were there any internal written policies or regulations of the **EMPLOYER** that apply to the making of a complaint of the type that is the subject matter of this lawsuit? If so:

(a)  state the title and date of each **DOCUMENT** containing the policies or regulations and a general description of the **DOCUMENT'S** contents;

(b)  state the manner in which the **DOCUMENT** was communicated to **EMPLOYEES**;

(c)  state the manner, if any, in which **EMPLOYEES** acknowledged receipt of the **DOCUMENT** or knowledge of its contents, or both;

(d)  state, if you contend that the **EMPLOYEE** failed to use any available internal complaint procedures, all facts that support that contention; and

(e)  state, if you contend that the **EMPLOYEE'S** failure to use internal complaint procedures was excused, all facts why the **EMPLOYEE'S** use of the procedures was excused.

207.2  Did the **EMPLOYEE** complain to the **EMPLOYER** about any of the unlawful conduct alleged in the **PLEADINGS**? If so, for each complaint:

(a)  state the date of the complaint;

(b)  state the nature of the complaint;

(c)  state the name and **ADDRESS** of each **PERSON** to whom the complaint was made;

(d)  state the name, **ADDRESS**, telephone number, and job title of each **PERSON** who investigated the complaint;

(e)  state the name, **ADDRESS**, telephone number, and job title of each **PERSON** who participated in making decisions about how to conduct the investigation;



(f) state the name, ADDRESS, telephone number, and job title of each PERSON who was interviewed or who provided an oral or written statement as part of the investigation of the complaint;

(g) state the nature and date of any action taken in response to the complaint;

(h) state whether the EMPLOYEE who made the complaint was made aware of the actions taken by the EMPLOYER in response to the complaint, and, if so, state how and when;

(i) identify all DOCUMENTS relating to the complaint, the investigation, and any action taken in response to the complaint; and

(j) state the name, ADDRESS, and telephone number of each PERSON who has knowledge of the EMPLOYEE'S complaint or the EMPLOYER'S response to the complaint.

**208.0  Governmental Complaints**

208.1 Did the EMPLOYEE file a claim, complaint, or charge with any governmental agency that involved any of the material allegations made in the PLEADINGS? If so, for each claim, complaint, or charge:

(a) state the date on which it was filed;

(b) state the name and ADDRESS of the agency with which it was filed;

(c) state the number assigned to the claim, complaint, or charge by the agency;

(d) state the nature of each claim, complaint, or charge made;

(e) state the date on which the EMPLOYER was notified of the claim, complaint, or charge;

(f) state the name, ADDRESS, and telephone number of all PERSONS within the governmental agency with whom the EMPLOYER has had any contact or communication regarding the claim, complaint, or charge;

(g) state whether a right to sue notice was issued and, if so, when; and

(h) state whether any findings or conclusions regarding the complaint or charge have been made, and, if so, the date and description of the agency's findings or conclusions.

208.2 Did the EMPLOYER respond to any claim, complaint, or charge identified in Interrogatory 208.1? If so, for each claim, complaint, or charge:

(a) state the nature and date of any investigation done or any other action taken by the EMPLOYER in response to the claim, complaint, or charge;

(b) state the name, ADDRESS, telephone number, and job title of each person who investigated the claim, complaint, or charge;

(c) state the name, ADDRESS, telephone number, and job title of each PERSON who participated in making decisions about how to conduct the investigation; and

(d) state the name, ADDRESS, telephone number, and job title of each PERSON who was interviewed or who provided an oral or written statement as part of the investigation.

**209.0  Other Employment Claims by Employee or Against Employer**

209.1 Except for this action, in the past 10 years has the EMPLOYEE filed a civil action against any employer regarding the EMPLOYEE'S employment? If so, for each civil action:

(a) state the name, ADDRESS, and telephone number of each employer against whom the action was filed;

(b) state the court, names of the parties, and case number of the civil action;

(c) state the name, ADDRESS, and telephone number of any attorney representing the EMPLOYEE; and

(d) state whether the action has been resolved or is pending.

209.2 Except for this action, in the past 10 years has any employee filed a civil action against the EMPLOYER regarding his or her employment? If so, for each civil action:

(a) state the name, ADDRESS, and telephone number of each employee who filed the action;

(b) state the court, names of the parties, and case number of the civil action;

(c) state the name, ADDRESS, and telephone number of any attorney representing the EMPLOYER; and

(d) state whether the action has been resolved or is pending.

**210.0  Loss of Income—Interrogatories to Employee**

210.1 Do you attribute any loss of income, benefits, or earning capacity to any ADVERSE EMPLOYMENT ACTION? *(If your answer is "no," do not answer Interrogatories 210.2 through 210.6.)*

210.2 State the total amount of income, benefits, or earning capacity you have lost to date and how the amount was calculated.

210.3 Will you lose income, benefits, or earning capacity in the future as a result of any ADVERSE EMPLOYMENT ACTION? If so, state the total amount of income, benefits, or earning capacity you expect to lose, and how the amount was calculated.

210.4 Have you attempted to minimize the amount of your lost income? If so, describe how; if not, explain why not.

☐ 210.5  Have you purchased any benefits to replace any benefits to which you would have been entitled if the ADVERSE EMPLOYMENT ACTION had not occurred? If so, state the cost for each benefit purchased.

☐ 210.6  Have you obtained other employment since any ADVERSE EMPLOYMENT ACTION? If so, for each new employment:

(a)  state when the new employment commenced;

(b)  state the hourly rate or monthly salary for the new employment; and

(c)  state the benefits available from the new employment.

**211.0  Loss of Income—Interrogatories to Employer**
*[See instruction 2(d).]*

☑ 211.1  Identify each type of BENEFIT to which the EMPLOYEE would have been entitled, from the date of the ADVERSE EMPLOYMENT ACTION to the present, if the ADVERSE EMPLOYMENT ACTION had not happened and the EMPLOYEE had remained in the same job position. For each type of benefit, state the amount the EMPLOYER would have paid to provide the benefit for the EMPLOYEE during this time period and the value of the BENEFIT to the EMPLOYEE.

☑ 211.2  Do you contend that the EMPLOYEE has not made reasonable efforts to minimize the amount of the EMPLOYEE'S lost income? If so:

(a)  describe what more EMPLOYEE should have done;

(b)  state the names, ADDRESSES, and telephone numbers of all PERSONS who have knowledge of the facts that support your contention; and

(c)  identify all DOCUMENTS that support your contention and state the name, ADDRESS, and telephone number of the PERSON who has each DOCUMENT.

☑ 211.3  Do you contend that any of the lost income claimed by the EMPLOYEE, as disclosed in discovery thus far in this case, is unreasonable or was not caused by the ADVERSE EMPLOYMENT ACTION? If so:

(a)  state the amount of claimed lost income that you dispute;

(b)  state all facts upon which you base your contention;

(c)  state the names, ADDRESSES, and telephone numbers of all PERSONS who have knowledge of the facts; and

(d)  identify all DOCUMENTS that support your contention and state the name, ADDRESS, and telephone number of the PERSON who has each DOCUMENT.

**212.0  Physical, Mental, or Emotional Injuries— Interrogatories to Employee**

☐ 212.1  Do you attribute any physical, mental, or emotional injuries to the ADVERSE EMPLOYMENT ACTION? *(If your answer is "no," do not answer Interrogatories 212.2 through 212.7.)*

☐ 212.2  Identify each physical, mental, or emotional injury that you attribute to the ADVERSE EMPLOYMENT ACTION and the area of your body affected.

☐ 212.3  Do you still have any complaints of physical, mental, or emotional injuries that you attribute to the ADVERSE EMPLOYMENT ACTION? If so, for each complaint state:

(a)  a description of the injury;

(b)  whether the complaint is subsiding, remaining the same, or becoming worse; and

(c)  the frequency and duration.

☐ 212.4  Did you receive any consultation or examination (except from expert witnesses covered by Code of Civil Procedure section 2034) or treatment from a HEALTH CARE PROVIDER for any injury you attribute to the ADVERSE EMPLOYMENT ACTION? If so, for each HEALTH CARE PROVIDER state:

(a)  the name, ADDRESS, and telephone number;

(b)  the type of consultation, examination, or treatment provided;

(c)  the dates you received consultation, examination, or treatment; and

(d)  the charges to date.

☐ 212.5  Have you taken any medication, prescribed or not, as a result of injuries that you attribute to the ADVERSE EMPLOYMENT ACTION? If so, for each medication state:

(a)  the name of the medication;

(b)  the name, ADDRESS and telephone number of the PERSON who prescribed or furnished it;

(c)  the date prescribed or furnished;

(d)  the dates you began and stopped taking it; and

(e)  the cost to date.

☐ 212.6  Are there any other medical services not previously listed in response to interrogatory 212.4 (for example, ambulance, nursing, prosthetics) that you received for injuries attributed to the ADVERSE EMPLOYMENT ACTION? If so, for each service state:

(a)  the nature;

(b)  the date;

(c)  the cost; and

(d)  the name, ADDRESS, and telephone number of each HEALTH CARE PROVIDER.

☐ **212.7** Has any HEALTH CARE PROVIDER advised that you may require future or additional treatment for any injuries that you attribute to the ADVERSE EMPLOYMENT ACTION? If so, for each injury state:

(a)    the name and ADDRESS of each HEALTH CARE PROVIDER;

(b)    the complaints for which the treatment was advised; and

(c)    the nature, duration, and estimated cost of the treatment.

## 213.0  Other Damages—Interrogatories to Employee

☐ **213.1** Are there any other damages that you attribute to the ADVERSE EMPLOYMENT ACTION? If so, for each item of damage state:

(a)    the nature;

(b)    the date it occurred;

(c)    the amount; and

(d)    the name, ADDRESS, and telephone number of each PERSON who has knowledge of the nature or amount of the damage.

☐ **213.2** Do any DOCUMENTS support the existence or amount of any item of damages claimed in Interrogatory 213.1? If so, identify the DOCUMENTS and state the name, ADDRESS, and telephone number of the PERSON who has each DOCUMENT.

## 214.0  Insurance

☑ **214.1** At the time of the ADVERSE EMPLOYMENT ACTION, was there in effect any policy of insurance through which you were or might be insured in any manner for the damages, claims, or actions that have arisen out of the ADVERSE EMPLOYMENT ACTION? If so, for each policy state:

(a)    the kind of coverage;

(b)    the name and ADDRESS of the insurance company;

(c)    the name, ADDRESS, and telephone number of each named insured;

(d)    the policy number;

(e)    the limits of coverage for each type of coverage contained in the policy;

(f)    whether any reservation of rights or controversy or coverage dispute exists between you and the insurance company: and

(g)    the name, ADDRESS, and telephone number of the custodian of the policy.

☑ **214.2** Are you self-insured under any statute for the damages, claims, or actions that have arisen out of the ADVERSE EMPLOYMENT ACTION? If so, specify the statute.

## 215.0  Investigation

☑ **215.1** Have YOU OR ANYONE ACTING ON YOUR BEHALF interviewed any individual concerning the ADVERSE EMPLOYMENT ACTION? If so, for each individual state:

(a)    the name, ADDRESS, and telephone number of the individual interviewed;

(b)    the date of the interview; and

(c)    the name, ADDRESS, and telephone number of the PERSON who conducted the interview.

☑ **215.2** Have YOU OR ANYONE ACTING ON YOUR BEHALF obtained a written or recorded statement from any individual concerning the ADVERSE EMPLOYMENT ACTION? If so, for each statement state:

(a)    the name, ADDRESS, and telephone number of the individual from whom the statement was obtained;

(b)    the name, ADDRESS, and telephone number of the individual who obtained the statement;

(c)    the date the statement was obtained; and

(d)    the name, ADDRESS, and telephone number of each PERSON who has the original statement or a copy.

## 216.0  Denials and Special or Affirmative Defenses

☑ **216.1** Identify each denial of a material allegation and each special or affirmative defense in your PLEADINGS and for each:

(a)    state all facts upon which you base the denial or special or affirmative defense;

(b)    state the names, ADDRESSES, and telephone numbers of all PERSONS who have knowledge of those facts; and

(c)    identify all DOCUMENTS and all other tangible things, that support your denial or special or affirmative defense, and state the name, ADDRESS, and telephone number of the PERSON who has each DOCUMENT.

## 217.0  Response to Request for Admissions

☑ **217.1** Is your response to each request for admission served with these interrogatories an unqualified admission? If not, for each response that is not an unqualified admission:

(a)    state the number of the request;

(b)    state all facts upon which you base your response;

(c)    state the names, ADDRESSES, and telephone numbers of all PERSONS who have knowledge of those facts; and

(d)    identify all DOCUMENTS and other tangible things that support your response and state the name, ADDRESS, and telephone number of the PERSON who has each DOCUMENT or thing.

# EXHIBIT "D"

EXHIBIT "D"

FI-120

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Waukeen Q. McCoy, Esq. (SBN:168228)
Law Offices of Waukeen McCoy
703 Market St., Ste. 1407, San Francisco, CA 94103
TELEPHONE NO.: 415-675-7705
FAX NO. *(Optional):* 415-675-2530
E-MAIL ADDRESS *(Optional):* mccoylawsf@yahoo.com
ATTORNEY FOR *(Name):* Andrew Cohen

SUPERIOR COURT OF CALIFORNIA, COUNTY OF
San Francisco

SHORT TITLE OF CASE:  Plaintiff Harmston, et. al., v. City and County of San Francisco, et al.

| | |
|---|---|
| **FORM INTERROGATORIES—GENERAL**<br><br>Asking Party: Plaintiff Andrew Cohen<br><br>Answering Party: Defendant City and County of San Francisco<br>Set No.: One | CASE NUMBER:<br><br>06-454955 |

## Sec. 1. Instructions to All Parties

(a)  Interrogatories are written questions prepared by a party to an action that are sent to any other party in the action to be answered under oath. The interrogatories below are form interrogatories approved for use in civil cases.

(b)  For time limitations, requirements for service on other parties, and other details, see Code of Civil Procedure sections 2030.010–2030.410 and the cases construing those sections.

(c)  These form interrogatories do not change existing law relating to interrogatories nor do they affect an answering party's right to assert any privilege or make any objection.

## Sec. 2. Instructions to the Asking Party

(a)  These interrogatories are designed for optional use by parties in unlimited civil cases where the amount demanded exceeds $25,000. Separate interrogatories, Form *Interrogatories—Economic Litigation* (form FI-129), which have no subparts, are designed for use in limited civil cases where the amount demanded is $25,000 or less; however, those interrogatories may also be used in unlimited civil cases.

(b)  Check the box next to each interrogatory that you want the answering party to answer. Use care in choosing those interrogatories that are applicable to the case.

(c)  You may insert your own definition of INCIDENT in Section 4, but only where the action arises from a course of conduct or a series of events occurring over a period of time.

(d)  The interrogatories in section 16.0, Defendant's Contentions–Personal Injury, should not be used until the defendant has had a reasonable opportunity to conduct an investigation or discovery of plaintiff's injuries and damages.

(e)  Additional interrogatories may be attached.

## Sec. 3. Instructions to the Answering Party

(a)  An answer or other appropriate response must be given to each interrogatory checked by the asking party.

(b)  As a general rule, within 30 days after you are served with these interrogatories, you must serve your responses on the asking party and serve copies of your responses on all other parties to the action who have appeared. See Code of Civil Procedure sections 2030.260–2030.270 for details.

(c)  Each answer must be as complete and straightforward as the information reasonably available to you, including the information possessed by your attorneys or agents, permits. If an interrogatory cannot be answered completely, answer it to the extent possible.

(d)  If you do not have enough personal knowledge to fully answer an interrogatory, say so, but make a reasonable and good faith effort to get the information by asking other persons or organizations, unless the information is equally available to the asking party.

(e)  Whenever an interrogatory may be answered by referring to a document, the document may be attached as an exhibit to the response and referred to in the response. If the document has more than one page, refer to the page and section where the answer to the interrogatory can be found.

(f)  Whenever an address and telephone number for the same person are requested in more than one interrogatory, you are required to furnish them in answering only the first interrogatory asking for that information.

(g)  If you are asserting a privilege or making an objection to an interrogatory, you must specifically assert the privilege or state the objection in your written response.

(h)  Your answers to these interrogatories must be verified, dated, and signed. You may wish to use the following form at the end of your answers:

*I declare under penalty of perjury under the laws of the State of California that the foregoing answers are true and correct.*

_____     _____
*(DATE)*                              *(SIGNATURE)*

## Sec. 4. Definitions

Words in **BOLDFACE CAPITALS** in these interrogatories are defined as follows:

(a) *(Check one of the following):*

☑  (1)  INCIDENT includes the circumstances and events surrounding the alleged accident, injury, or other occurrence or breach of contract giving rise to this action or proceeding.

Form Approved for Optional Use
Judicial Council of California
FI-120 [Rev. January 1, 2006]

**FORM INTERROGATORIES—GENERAL**

Code of Civil Procedure,
§§ 2030.010-2030.410, 2033.710
www.courtinfo.ca.gov

American LegalNet, Inc.
www.USCourtForms.com

☐ (2)   INCIDENT means *(insert your definition here or on a separate, attached sheet labeled "Sec. 4(a)(2)")*:

**(b) YOU OR ANYONE ACTING ON YOUR BEHALF** includes you, your agents, your employees, your insurance companies, their agents, their employees, your attorneys, your accountants, your investigators, and anyone else acting on your behalf.

**(c) PERSON** includes a natural person, firm, association, organization, partnership, business, trust, limited liability company, corporation, or public entity.

**(d) DOCUMENT** means a writing, as defined in Evidence Code section 250, and includes the original or a copy of handwriting, typewriting, printing, photostats, photographs, electronically stored information, and every other means of recording upon any tangible thing and form of communicating or representation, including letters, words, pictures, sounds, or symbols, or combinations of them.

**(e) HEALTH CARE PROVIDER** includes any PERSON referred to in Code of Civil Procedure section 667.7(e)(3).

**(f) ADDRESS** means the street address, including the city, state, and zip code.

**Sec. 5. Interrogatories**

The following interrogatories have been approved by the Judicial Council under Code of Civil Procedure section 2033.710:

## CONTENTS

1.0 Identity of Persons Answering These Interrogatories
2.0 General Background Information—Individual
3.0 General Background Information—Business Entity
4.0 Insurance
5.0 *[Reserved]*
6.0 Physical, Mental, or Emotional Injuries
7.0 Property Damage
8.0 Loss of Income or Earning Capacity
9.0 Other Damages
10.0 Medical History
11.0 Other Claims and Previous Claims
12.0 Investigation—General
13.0 Investigation—Surveillance
14.0 Statutory or Regulatory Violations
15.0 Denials and Special or Affirmative Defenses
16.0 Defendant's Contentions Personal Injury
17.0 Responses to Request for Admissions
18.0 *[Reserved]*
19.0 *[Reserved]*
20.0 How the Incident Occurred—Motor Vehicle
25.0 *[Reserved]*
30.0 *[Reserved]*
40.0 *[Reserved]*
50.0 Contract
60.0 *[Reserved]*
70.0 Unlawful Detainer *[See separate form FI-128]*
101.0 Economic Litigation *[See separate form FI-129]*
200.0 Employment Law *[See separate form FI-130]*
        Family Law *[See separate form 1292.10]*

**1.0 Identity of Persons Answering These Interrogatories**

☑ 1.1 State the name, ADDRESS, telephone number, and relationship to you of each PERSON who prepared or assisted in the preparation of the responses to these interrogatories. *(Do not identify anyone who simply typed or reproduced the responses.)*

**2.0 General Background Information—Individual**

☐ 2.1 State:
(a) your name;
(b) every name you have used in the past; and
(c) the dates you used each name.

☐ 2.2 State the date and place of your birth.

☐ 2.3 At the time of the INCIDENT, did you have a driver's license? If so state:
(a) the state or other issuing entity;
(b) the license number and type;
(c) the date of issuance; and
(d) all restrictions.

☐ 2.4 At the time of the INCIDENT, did you have any other permit or license for the operation of a motor vehicle? If so, state:
(a) the state or other issuing entity;
(b) the license number and type;
(c) the date of issuance; and
(d) all restrictions.

☐ 2.5 State:
(a) your present residence ADDRESS;
(b) your residence ADDRESSES for the past five years; and
(c) the dates you lived at each ADDRESS.

☐ 2.6 State:
(a) the name, ADDRESS, and telephone number of your present employer or place of self-employment; and
(b) the name, ADDRESS, dates of employment, job title, and nature of work for each employer or self-employment you have had from five years before the INCIDENT until today.

☐ 2.7 State:
(a) the name and ADDRESS of each school or other academic or vocational institution you have attended, beginning with high school;
(b) the dates you attended;
(c) the highest grade level you have completed; and
(d) the degrees received.

☐ 2.8 Have you ever been convicted of a felony? If so, for each conviction state:
(a) the city and state where you were convicted;
(b) the date of conviction;
(c) the offense; and
(d) the court and case number.

☐ 2.9 Can you speak English with ease? If not, what language and dialect do you normally use?

☐ 2.10 Can you read and write English with ease? If not, what language and dialect do you normally use?

[✓] 2.11 At the time of the INCIDENT were you acting as an agent or employee for any PERSON? If so, state:
(a) the name, ADDRESS, and telephone number of that PERSON; and
(b) a description of your duties.

[ ] 2.12 At the time of the INCIDENT did you or any other person have any physical, emotional, or mental disability or condition that may have contributed to the occurrence of the INCIDENT? If so, for each person state:
(a) the name, ADDRESS, and telephone number;
(b) the nature of the disability or condition; and
(c) the manner in which the disability or condition contributed to the occurrence of the INCIDENT.

[ ] 2.13 Within 24 hours before the INCIDENT did you or any person involved in the INCIDENT use or take any of the following substances: alcoholic beverage, marijuana, or other drug or medication of any kind (prescription or not)? If so, for each person state:
(a) the name, ADDRESS, and telephone number;
(b) the nature or description of each substance;
(c) the quantity of each substance used or taken;
(d) the date and time of day when each substance was used or taken;
(e) the ADDRESS where each substance was used or taken;
(f) the name, ADDRESS, and telephone number of each person who was present when each substance was used or taken; and
(g) the name, ADDRESS, and telephone number of any HEALTH CARE PROVIDER who prescribed or furnished the substance and the condition for which it was prescribed or furnished.

## 3.0 General Background Information—Business Entity

[✓] 3.1 Are you a corporation? If so, state:
(a) the name stated in the current articles of incorporation;
(b) all other names used by the corporation during the past 10 years and the dates each was used;
(c) the date and place of incorporation;
(d) the ADDRESS of the principal place of business; and
(e) whether you are qualified to do business in California.

[✓] 3.2 Are you a partnership? If so, state:
(a) the current partnership name;
(b) all other names used by the partnership during the past 10 years and the dates each was used;
(c) whether you are a limited partnership and, if so, under the laws of what jurisdiction;
(d) the name and ADDRESS of each general partner; and
(e) the ADDRESS of the principal place of business.

[✓] 3.3 Are you a limited liability company? If so, state:
(a) the name stated in the current articles of organization;
(b) all other names used by the company during the past 10 years and the date each was used;
(c) the date and place of filing of the articles of organization;
(d) the ADDRESS of the principal place of business; and
(e) whether you are qualified to do business in California.

[✓] 3.4 Are you a joint venture? If so, state:
(a) the current joint venture name;
(b) all other names used by the joint venture during the past 10 years and the dates each was used;
(c) the name and ADDRESS of each joint venturer; and
(d) the ADDRESS of the principal place of business.

[✓] 3.5 Are you an unincorporated association? If so, state:
(a) the current unincorporated association name;
(b) all other names used by the unincorporated association during the past 10 years and the dates each was used; and
(c) the ADDRESS of the principal place of business.

[✓] 3.6 Have you done business under a fictitious name during the past 10 years? If so, for each fictitious name state:
(a) the name;
(b) the dates each was used;
(c) the state and county of each fictitious name filing; and
(d) the ADDRESS of the principal place of business.

[✓] 3.7 Within the past five years has any public entity registered or licensed your business? If so, for each license or registration:
(a) identify the license or registration;
(b) state the name of the public entity; and
(c) state the dates of issuance and expiration.

## 4.0 Insurance

[✓] 4.1 At the time of the INCIDENT, was there in effect any policy of insurance through which you were or might be insured in any manner (for example, primary, pro-rata, or excess liability coverage or medical expense coverage) for the damages, claims, or actions that have arisen out of the INCIDENT? If so, for each policy state:
(a) the kind of coverage;
(b) the name and ADDRESS of the insurance company;
(c) the name, ADDRESS, and telephone number of each named insured;
(d) the policy number;
(e) the limits of coverage for each type of coverage contained in the policy;
(f) whether any reservation of rights or controversy or coverage dispute exists between you and the insurance company; and
(g) the name, ADDRESS, and telephone number of the custodian of the policy.

[✓] 4.2 Are you self-insured under any statute for the damages, claims, or actions that have arisen out of the INCIDENT? If so, specify the statute.

## 5.0 [Reserved]

## 6.0 Physical, Mental, or Emotional Injuries

[ ] 6.1 Do you attribute any physical, mental, or emotional injuries to the INCIDENT? (If your answer is "no," do not answer interrogatories 6.2 through 6.7).

[ ] 6.2 Identify each injury you attribute to the INCIDENT and the area of your body affected.

FI-120

6.3    Do you still have any complaints that you attribute to the INCIDENT? If so, for each complaint state:
(a) a description;
(b) whether the complaint is subsiding, remaining the same, or becoming worse; and
(c) the frequency and duration.

6.4    Did you receive any consultation or examination (except from expert witnesses covered by Code of Civil Procedure sections 2034.210–2034.310) or treatment from a HEALTH CARE PROVIDER for any injury you attribute to the INCIDENT? If so, for each HEALTH CARE PROVIDER state:
(a) the name, ADDRESS, and telephone number;
(b) the type of consultation, examination, or treatment provided;
(c) the dates you received consultation, examination, or treatment; and
(d) the charges to date.

6.5    Have you taken any medication, prescribed or not, as a result of injuries that you attribute to the INCIDENT? If so, for each medication state:
(a) the name;
(b) the PERSON who prescribed or furnished it;
(c) the date it was prescribed or furnished;
(d) the dates you began and stopped taking it; and
(e) the cost to date.

6.6    Are there any other medical services necessitated by the injuries that you attribute to the INCIDENT that were not previously listed (for example, ambulance, nursing, prosthetics)? If so, for each service state:
(a) the nature;
(b) the date;
(c) the cost; and
(d) the name, ADDRESS, and telephone number of each provider.

6.7    Has any HEALTH CARE PROVIDER advised that you may require future or additional treatment for any injuries that you attribute to the INCIDENT? If so, for each injury state:
(a) the name and ADDRESS of each HEALTH CARE PROVIDER;
(b) the complaints for which the treatment was advised; and
(c) the nature, duration, and estimated cost of the treatment.

7.0    Property Damage

7.1    Do you attribute any loss of or damage to a vehicle or other property to the INCIDENT?  If so, for each item of property:
(a) describe the property;
(b) describe the nature and location of the damage to the property;

(c) state the amount of damage you are claiming for each item of property and how the amount was calculated; and
(d) if the property was sold, state the name, ADDRESS, and telephone number of the seller, the date of sale, and the sale price.

7.2    Has a written estimate or evaluation been made for any item of property referred to in your answer to the preceding interrogatory? If so, for each estimate or evaluation state:
(a) the name, ADDRESS, and telephone number of the PERSON who prepared it and the date prepared;
(b) the name, ADDRESS, and telephone number of each PERSON who has a copy of it; and
(c) the amount of damage stated.

7.3    Has any item of property referred to in your answer to interrogatory 7.1 been repaired? If so, for each item state:
(a) the date repaired;
(b) a description of the repair;
(c) the repair cost;
(d) the name, ADDRESS, and telephone number of the PERSON who repaired it;
(e) the name, ADDRESS, and telephone number of the PERSON who paid for the repair.

8.0    Loss of Income or Earning Capacity

8.1    Do you attribute any loss of income or earning capacity to the INCIDENT?  (If your answer is "no," do not answer interrogatories 8.2 through 8.8).

8.2    State:
(a) the nature of your work;
(b) your job title at the time of the INCIDENT; and
(c) the date your employment began.

8.3    State the last date before the INCIDENT that you worked for compensation.

8.4    State your monthly income at the time of the INCIDENT and how the amount was calculated.

8.5    State the date you returned to work at each place of employment following the INCIDENT.

8.6    State the dates you did not work and for which you lost income as a result of the INCIDENT.

8.7    State the total income you have lost to date as a result of the INCIDENT and how the amount was calculated.

8.8    Will you lose income in the future as a result of the INCIDENT? If so, state:
(a) the facts upon which you base this contention;
(b) an estimate of the amount;
(c) an estimate of how long you will be unable to work; and
(d) how the claim for future income is calculated.

FORM INTERROGATORIES—GENERAL

FI-120

### 9.0 Other Damages

□ 9.1 Are there any other damages that you attribute to the INCIDENT? If so, for each item of damage state:
(a) the nature;
(b) the date it occured;
(c) the amount; and
(d) the name, ADDRESS, and telephone number of each PERSON to whom an obligation was incurred.

□ 9.2 Do any DOCUMENTS support the existence or amount of any item of damages claimed in interrogatory 9.1? If so, describe each document and state the name, ADDRESS, and telephone number of the PERSON who has each DOCUMENT.

### 10.0 Medical History

□ 10.1 At any time before the INCIDENT did you have complaints or injuries that involved the same part of your body claimed to have been injured in the INCIDENT? If so, for each state:
(a) a description of the complaint or injury;
(b) the dates it began and ended; and
(c) the name, ADDRESS, and telephone number of each HEALTH CARE PROVIDER whom you consulted or who examined or treated you.

□ 10.2 List all physical, mental, and emotional disabilities you had immediately before the INCIDENT. *(You may omit mental or emotional disabilities unless you attribute any mental or emotional injury to the INCIDENT.)*

□ 10.3 At any time after the INCIDENT, did you sustain injuries of the kind for which you are now claiming damages? If so, for each incident giving rise to an injury state:
(a) the date and the place it occurred;
(b) the name, ADDRESS, and telephone number of any other PERSON involved;
(c) the nature of any injuries you sustained;
(d) the name, ADDRESS, and telephone number of each HEALTH CARE PROVIDER who you consulted or who examined or treated you; and
(e) the nature of the treatment and its duration.

### 11.0 Other Claims and Previous Claims

☑ 11.1 Except for this action, in the past 10 years have you filed an action or made a written claim or demand for compensation for your personal injuries? If so, for each action, claim, or demand state:
(a) the date, time, and place and location (closest street ADDRESS or intersection) of the INCIDENT giving rise to the action, claim, or demand;
(b) the name, ADDRESS, and telephone number of each PERSON against whom the claim or demand was made or the action filed;

(c) the court, names of the parties, and case number of any action filed;
(d) the name, ADDRESS, and telephone number of any attorney representing you;
(e) whether the claim or action has been resolved or is pending; and
(f) a description of the injury.

□ 11.2 In the past 10 years have you made a written claim or demand for workers' compensation benefits? If so, for each claim or demand state:
(a) the date, time, and place of the INCIDENT giving rise to the claim;
(b) the name, ADDRESS, and telephone number of your employer at the time of the injury;
(c) the name, ADDRESS, and telephone number of the workers' compensation insurer and the claim number;
(d) the period of time during which you received workers' compensation benefits;
(e) a description of the injury;
(f) the name, ADDRESS, and telephone number of any HEALTH CARE PROVIDER who provided services; and
(g) the case number at the Workers' Compensation Appeals Board.

### 12.0 Investigation—General

☑ 12.1 State the name, ADDRESS, and telephone number of each individual:
(a) who witnessed the INCIDENT or the events occurring immediately before or after the INCIDENT;
(b) who made any statement at the scene of the INCIDENT;
(c) who heard any statements made about the INCIDENT by any individual at the scene; and
(d) who YOU OR ANYONE ACTING ON YOUR BEHALF claim has knowledge of the INCIDENT (except for expert witnesses covered by Code of Civil Procedure section 2034).

☑ 12.2 Have YOU OR ANYONE ACTING ON YOUR BEHALF interviewed any individual concerning the INCIDENT? If so, for each individual state:
(a) the name, ADDRESS, and telephone number of the individual interviewed;
(b) the date of the interview; and
(c) the name, ADDRESS, and telephone number of the PERSON who conducted the interview.

☑ 12.3 Have YOU OR ANYONE ACTING ON YOUR BEHALF obtained a written or recorded statement from any individual concerning the INCIDENT? If so, for each statement state:
(a) the name, ADDRESS, and telephone number of the individual from whom the statement was obtained;
(b) the name, ADDRESS, and telephone number of the individual who obtained the statement;
(c) the date the statement was obtained; and
(d) the name, ADDRESS, and telephone number of each PERSON who has the original statement or a copy.

☑ **12.4** Do YOU OR ANYONE ACTING ON YOUR BEHALF know of any photographs, films, or videotapes depicting any place, object, or individual concerning the INCIDENT or plaintiff's injuries? If so, state:

(a) the number of photographs or feet of film or videotape;

(b) the places, objects, or persons photographed, filmed, or videotaped;

(c) the date the photographs, films, or videotapes were taken;

(d) the name, ADDRESS, and telephone number of the individual taking the photographs, films, or videotapes; and

(e) the name, ADDRESS, and telephone number of each PERSON who has the original or a copy of the photographs, films, or videotapes.

☑ **12.5** Do YOU OR ANYONE ACTING ON YOUR BEHALF know of any diagram, reproduction, or model of any place or thing (except for items developed by expert witnesses covered by Code of Civil Procedure sections 2034.210–2034.310) concerning the INCIDENT? If so, for each item state:

(a) the type (i.e., diagram, reproduction, or model);

(b) the subject matter; and

(c) the name, ADDRESS, and telephone number of each PERSON who has it.

☑ **12.6** Was a report made by any PERSON concerning the INCIDENT? If so, state:

(a) the name, title, identification number, and employer of the PERSON who made the report;

(b) the date and type of report made;

(c) the name, ADDRESS, and telephone number of the PERSON for whom the report was made; and

(d) the name, ADDRESS, and telephone number of each PERSON who has the original or a copy of the report.

☑ **12.7** Have YOU OR ANYONE ACTING ON YOUR BEHALF inspected the scene of the INCIDENT? If so, for each inspection state:

(a) the name, ADDRESS, and telephone number of the individual making the inspection (except for expert witnesses covered by Code of Civil Procedure sections 2034.210–2034.310); and

(b) the date of the inspection.

### 13.0 Investigation—Surveillance

☐ **13.1** Have YOU OR ANYONE ACTING ON YOUR BEHALF conducted surveillance of any individual involved in the INCIDENT or any party to this action? If so, for each surveillance state:

(a) the name, ADDRESS, and telephone number of the individual or party;

(b) the time, date, and place of the surveillance;

(c) the name, ADDRESS, and telephone number of the individual who conducted the surveillance; and

(d) the name, ADDRESS, and telephone number of each PERSON who has the original or a copy of any surveillance photograph, film, or videotape.

☑ **13.2** Has a written report been prepared on the surveillance? If so, for each written report state:

(a) the title;

(b) the date;

(c) the name, ADDRESS, and telephone number of the individual who prepared the report; and

(d) the name, ADDRESS, and telephone number of each PERSON who has the original or a copy.

### 14.0 Statutory or Regulatory Violations

☑ **14.1** Do YOU OR ANYONE ACTING ON YOUR BEHALF contend that any PERSON involved in the INCIDENT violated any statute, ordinance, or regulation and that the violation was a legal (proximate) cause of the INCIDENT? If so, identify the name, ADDRESS, and telephone number of each PERSON and the statute, ordinance, or regulation that was violated.

☑ **14.2** Was any PERSON cited or charged with a violation of any statute, ordinance, or regulation as a result of this INCIDENT? If so, for each PERSON state:

(a) the name, ADDRESS, and telephone number of the PERSON;

(b) the statute, ordinance, or regulation allegedly violated;

(c) whether the PERSON entered a plea in response to the citation or charge and, if so, the plea entered; and

(d) the name and ADDRESS of the court or administrative agency, names of the parties, and case number.

### 15.0 Denials and Special or Affirmative Defenses

☐ **15.1** Identify each denial of a material allegation and each special or affirmative defense in your pleadings and for each:

(a) state all facts upon which you base the denial or special or affirmative defense;

(b) state the names, ADDRESSES, and telephone numbers of all PERSONS who have knowledge of those facts; and

(c) identify all DOCUMENTS and other tangible things that support your denial or special or affirmative defense, and state the name, ADDRESS, and telephone number of the PERSON who has each DOCUMENT.

### 16.0 Defendant's Contentions—Personal Injury

☑ **16.1** Do you contend that any PERSON, other than you or plaintiff, contributed to the occurrence of the INCIDENT or the injuries or damages claimed by plaintiff? If so, for each PERSON:

(a) state the name, ADDRESS, and telephone number of the PERSON;

(b) state all facts upon which you base your contention;

(c) state the names, ADDRESSES, and telephone numbers of all PERSONS who have knowledge of the facts; and

(d) identify all DOCUMENTS and other tangible things that support your contention and state the name, ADDRESS, and telephone number of the PERSON who has each DOCUMENT or thing.

☑ **16.2** Do you contend that plaintiff was not injured in the INCIDENT? If so:

(a) state all facts upon which you base your contention;

(b) state the names, ADDRESSES, and telephone numbers of all PERSONS who have knowledge of the facts; and

(c) identify all DOCUMENTS and other tangible things that support your contention and state the name, ADDRESS, and telephone number of the PERSON who has each DOCUMENT or thing.

[✓] **16.3** Do you contend that the injuries or the extent of the injuries claimed by plaintiff as disclosed in discovery proceedings thus far in this case were not caused by the INCIDENT? If so, for each injury:

(a) identify it;
(b) state all facts upon which you base your contention;
(c) state the names, ADDRESSES, and telephone numbers of all PERSONS who have knowledge of the facts; and
(d) identify all DOCUMENTS and other tangible things that support your contention and state the name, ADDRESS, and telephone number of the PERSON who has each DOCUMENT or thing.

[✓] **16.4** Do you contend that any of the services furnished by any HEALTH CARE PROVIDER claimed by plaintiff in discovery proceedings thus far in this case were not due to the INCIDENT? If so:

(a) identify each service;
(b) state all facts upon which you base your contention;
(c) state the names, ADDRESSES, and telephone numbers of all PERSONS who have knowledge of the facts; and
(d) identify all DOCUMENTS and other tangible things that support your contention and state the name, ADDRESS, and telephone number of the PERSON who has each DOCUMENT or thing.

[ ] **16.5** Do you contend that any of the costs of services furnished by any HEALTH CARE PROVIDER claimed as damages by plaintiff in discovery proceedings thus far in this case were not necessary or unreasonable? If so:

(a) identify each cost;
(b) state all facts upon which you base your contention;
(c) state the names, ADDRESSES, and telephone numbers of all PERSONS who have knowledge of the facts; and
(d) identify all DOCUMENTS and other tangible things that support your contention and state the name, ADDRESS, and telephone number of the PERSON who has each DOCUMENT or thing.

[✓] **16.6** Do you contend that any part of the loss of earnings or income claimed by plaintiff in discovery proceedings thus far in this case was unreasonable or was not caused by the INCIDENT? If so:

(a) identify each part of the loss;
(b) state all facts upon which you base your contention;
(c) state the names, ADDRESSES, and telephone numbers of all PERSONS who have knowledge of the facts; and
(d) identify all DOCUMENTS and other tangible things that support your contention and state the name, ADDRESS, and telephone number of the PERSON who has each DOCUMENT or thing.

[ ] **16.7** Do you contend that any of the property damage claimed by plaintiff in discovery Proceedings thus far in this case was not caused by the INCIDENT? If so:

(a) identify each item of property damage;
(b) state all facts upon which you base your contention;
(c) state the names, ADDRESSES, and telephone numbers of all PERSONS who have knowledge of the facts; and
(d) identify all DOCUMENTS and other tangible things that support your contention and state the name, ADDRESS, and telephone number of the PERSON who has each DOCUMENT or thing.

[ ] **16.8** Do you contend that any of the costs of repairing the property damage claimed by plaintiff in discovery proceedings thus far in this case were unreasonable? If so:

(a) identify each cost item;
(b) state all facts upon which you base your contention;
(c) state the names, ADDRESSES, and telephone numbers of all PERSONS who have knowledge of the facts; and
(d) identify all DOCUMENTS and other tangible things that support your contention and state the name, ADDRESS, and telephone number of the PERSON who has each DOCUMENT or thing.

[ ] **16.9** Do YOU OR ANYONE ACTING ON YOUR BEHALF have any DOCUMENT (for example, insurance bureau index reports) concerning claims for personal injuries made before or after the INCIDENT by a plaintiff in this case? If so, for each plaintiff state:

(a) the source of each DOCUMENT;
(b) the date each claim arose;
(c) the nature of each claim; and
(d) the name, ADDRESS, and telephone number of the PERSON who has each DOCUMENT.

[✓] **16.10** Do YOU OR ANYONE ACTING ON YOUR BEHALF have any DOCUMENT concerning the past or present physical, mental, or emotional condition of any plaintiff in this case from a HEALTH CARE PROVIDER not previously identified (except for expert witnesses covered by Code of Civil Procedure sections 2034.210–2034.310)? If so, for each plaintiff state:

(a) the name, ADDRESS, and telephone number of each HEALTH CARE PROVIDER;
(b) a description of each DOCUMENT; and
(c) the name, ADDRESS, and telephone number of the PERSON who has each DOCUMENT.

**17.0 Responses to Request for Admissions**

[✓] **17.1** Is your response to each request for admission served with these interrogatories an unqualified admission? If not, for each response that is not an unqualified admission:

(a) state the number of the request;
(b) state all facts upon which you base your response;
(c) state the names, ADDRESSES, and telephone numbers of all PERSONS who have knowledge of those facts; and
(d) identify all DOCUMENTS and other tangible things that support your response and state the name, ADDRESS, and telephone number of the PERSON who has each DOCUMENT or thing.

**18.0** *[Reserved]*

**19.0** *[Reserved]*

**20.0 How the Incident Occurred—Motor Vehicle**

[ ] **20.1** State the date, time, and place of the INCIDENT (closest street ADDRESS or intersection).

[ ] **20.2** For each vehicle involved in the INCIDENT, state:

(a) the year, make, model, and license number;
(b) the name, ADDRESS, and telephone number of the driver;



FI-120

(c) the name, ADDRESS, and telephone number of each occupant other than the driver;

(d) the name, ADDRESS, and telephone number of each registered owner;

(e) the name, ADDRESS, and telephone number of each lessee;

(f) the name, ADDRESS, and telephone number of each owner other than the registered owner or lien holder; and

(g) the name of each owner who gave permission or consent to the driver to operate the vehicle.

☐ 20.3 State the ADDRESS and location where your trip began and the ADDRESS and location of your destination.

☐ 20.4 Describe the route that you followed from the beginning of your trip to the location of the INCIDENT, and state the location of each stop, other than routine traffic stops, during the trip leading up to the INCIDENT.

☐ 20.5 State the name of the street or roadway, the lane of travel, and the direction of travel of each vehicle involved in the INCIDENT for the 500 feet of travel before the INCIDENT.

☐ 20.6 Did the INCIDENT occur at an intersection? If so, describe all traffic control devices, signals, or signs at the intersection.

☐ 20.7 Was there a traffic signal facing you at the time of the INCIDENT? If so, state:
(a) your location when you first saw it;
(b) the color;
(c) the number of seconds it had been that color; and
(d) whether the color changed between the time you first saw it and the INCIDENT.

☐ 20.8 State how the INCIDENT occurred, giving the speed, direction, and location of each vehicle involved:
(a) just before the INCIDENT;
(b) at the time of the INCIDENT; and (c) just after the INCIDENT.

☐ 20.9 Do you have information that a malfunction or defect in a vehicle caused the INCIDENT? If so:
(a) identify the vehicle;
(b) identify each malfunction or defect;
(c) state the name, ADDRESS, and telephone number of each PERSON who is a witness to or has information about each malfunction or defect; and
(d) state the name, ADDRESS, and telephone number of each PERSON who has custody of each defective part.

☐ 20.10 Do you have information that any malfunction or defect in a vehicle contributed to the injuries sustained in the INCIDENT? If so:
(a) identify the vehicle;
(b) identify each malfunction or defect;
(c) state the name, ADDRESS, and telephone number of each PERSON who is a witness to or has information about each malfunction or defect; and

(d) state the name, ADDRESS, and telephone number of each PERSON who has custody of each defective part.

☐ 20.11 State the name, ADDRESS, and telephone number of each owner and each PERSON who has had possession since the INCIDENT of each vehicle involved in the INCIDENT.

**25.0** *[Reserved]*

**30.0** *[Reserved]*

**40.0** *[Reserved]*

**50.0 Contract**

☑ 50.1 For each agreement alleged in the pleadings:
(a) identify each DOCUMENT that is part of the agreement and for each state the name, ADDRESS, and telephone number of each PERSON who has the DOCUMENT;
(b) state each part of the agreement not in writing, the name, ADDRESS, and telephone number of each PERSON agreeing to that provision, and the date that part of the agreement was made;
(c) identify all DOCUMENTS that evidence any part of the agreement not in writing and for each state the name, ADDRESS, and telephone number of each PERSON who has the DOCUMENT;
(d) identify all DOCUMENTS that are part of any modification to the agreement, and for each state the name, ADDRESS, and telephone number of each PERSON who has the DOCUMENT;
(e) state each modification not in writing, the date, and the name, ADDRESS, and telephone number of each PERSON agreeing to the modification, and the date the modification was made;
(f) identify all DOCUMENTS that evidence any modification of the agreement not in writing and for each state the name, ADDRESS, and telephone number of each PERSON who has the DOCUMENT.

☑ 50.2 Was there a breach of any agreement alleged in the pleadings? If so, for each breach describe and give the date of every act or omission that you claim is the breach of the agreement.

☑ 50.3 Was performance of any agreement alleged in the pleadings excused? If so, identify each agreement excused and state why performance was excused.

☑ 50.4 Was any agreement alleged in the pleadings terminated by mutual agreement, release, accord and satisfaction, or novation? If so, identify each agreement terminated, the date of termination, and the basis of the termination.

☑ 50.5 Is any agreement alleged in the pleadings unenforceable? If so, identify each unenforceable agreement and state why it is unenforceable.

☑ 50.6 Is any agreement alleged in the pleadings ambiguous? If so, identify each ambiguous agreement and state why it is ambiguous.

**60.0** *[Reserved]*

FI-120 [Rev. January 1, 2008]       **FORM INTERROGATORIES—GENERAL**

# EXHIBIT "E"

EXHIBIT "E"

**FI-120**

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*

Waukeen Q. McCoy, Esq. (SBN:168228)
Law Offices of Waukeen McCoy
703 Market St., Ste. 1407, San Francisco, CA  94103
TELEPHONE NO.:  415-675-7705
FAX NO. *(Optional):*  415-675-2530
E-MAIL ADDRESS *(Optional):*  mccoylawsf@yahoo.com
ATTORNEY FOR *(Name):*  Andrew Cohen

SUPERIOR COURT OF CALIFORNIA, COUNTY OF
San Francisco

SHORT TITLE OF CASE:   Plaintiff Harmston, et. al., v. City and County of San Francisco, et al.

| FORM INTERROGATORIES—GENERAL | CASE NUMBER: |
|---|---|
| Asking Party: Plaintiff Andrew Cohen | 06-454955 |
| Answering Party: Defendant Heather Fong | |
| Set No.: One | |

### Sec. 1. Instructions to All Parties

(a)  Interrogatories are written questions prepared by a party to an action that are sent to any other party in the action to be answered under oath. The interrogatories below are form interrogatories approved for use in civil cases.

(b)  For time limitations, requirements for service on other parties, and other details, see Code of Civil Procedure sections 2030.010–2030.410 and the cases construing those sections.

(c)  These form interrogatories do not change existing law relating to interrogatories nor do they affect an answering party's right to assert any privilege or make any objection.

### Sec. 2. Instructions to the Asking Party

(a)  These interrogatories are designed for optional use by parties in unlimited civil cases where the amount demanded exceeds $25,000. Separate interrogatories, Form *Interrogatories—Economic Litigation* (form FI-129), which have no subparts, are designed for use in limited civil cases where the amount demanded is $25,000 or less; however, those interrogatories may also be used in unlimited civil cases.

(b)  Check the box next to each interrogatory that you want the answering party to answer. Use care in choosing those interrogatories that are applicable to the case.

(c)  You may insert your own definition of INCIDENT in Section 4, but only where the action arises from a course of conduct or a series of events occurring over a period of time.

(d)  The interrogatories in section 16.0, Defendant's Contentions–Personal Injury, should not be used until the defendant has had a reasonable opportunity to conduct an investigation or discovery of plaintiff's injuries and damages.

(e)  Additional interrogatories may be attached.

### Sec. 3. Instructions to the Answering Party

(a)  An answer or other appropriate response must be given to each interrogatory checked by the asking party.

(b)  As a general rule, within 30 days after you are served with these interrogatories, you must serve your responses on the asking party and serve copies of your responses on all other parties to the action who have appeared. See Code of Civil Procedure sections 2030.260–2030.270 for details.

(c)  Each answer must be as complete and straightforward as the information reasonably available to you, including the information possessed by your attorneys or agents, permits. If an interrogatory cannot be answered completely, answer it to the extent possible.

(d)  If you do not have enough personal knowledge to fully answer an interrogatory, say so, but make a reasonable and good faith effort to get the information by asking other persons or organizations, unless the information is equally available to the asking party.

(e)  Whenever an interrogatory may be answered by referring to a document, the document may be attached as an exhibit to the response and referred to in the response. If the document has more than one page, refer to the page and section where the answer to the interrogatory can be found.

(f)  Whenever an address and telephone number for the same person are requested in more than one interrogatory, you are required to furnish them in answering only the first interrogatory asking for that information.

(g)  If you are asserting a privilege or making an objection to an interrogatory, you must specifically assert the privilege or state the objection in your written response.

(h)  Your answers to these interrogatories must be verified, dated, and signed. You may wish to use the following form at the end of your answers:

*I declare under penalty of perjury under the laws of the State of California that the foregoing answers are true and correct.*

_____          _____
          *(DATE)*                                    *(SIGNATURE)*

### Sec. 4. Definitions

Words in **BOLDFACE CAPITALS** in these interrogatories are defined as follows:

(a) *(Check one of the following):*

☑  (1)  INCIDENT includes the circumstances and events surrounding the alleged accident, injury, or other occurrence or breach of contract giving rise to this action or proceeding.

Form Approved for Optional Use
Judicial Council of California
FI-120 [Rev. January 1, 2006]

**FORM INTERROGATORIES—GENERAL**

Code of Civil Procedure,
§§ 2030.010-2030.410, 2033.710
www.courtinfo.ca.gov

☐ **(2)** INCIDENT means *(insert your definition here or on a separate, attached sheet labeled "Sec. 4(a)(2)"):*

**(b) YOU OR ANYONE ACTING ON YOUR BEHALF** includes you, your agents, your employees, your insurance companies, their agents, their employees, your attorneys, your accountants, your investigators, and anyone else acting on your behalf.

**(c) PERSON** includes a natural person, firm, association, organization, partnership, business, trust, limited liability company, corporation, or public entity.

**(d) DOCUMENT** means a writing, as defined in Evidence Code section 250, and includes the original or a copy of handwriting, typewriting, printing, photostats, photographs, electronically stored information, and every other means of recording upon any tangible thing and form of communicating or representation, including letters, words, pictures, sounds, or symbols, or combinations of them.

**(e) HEALTH CARE PROVIDER** includes any **PERSON** referred to in Code of Civil Procedure section 667.7(e)(3).

**(f) ADDRESS** means the street address, including the city, state, and zip code.

**Sec. 5. Interrogatories**

The following interrogatories have been approved by the Judicial Council under Code of Civil Procedure section 2033.710:

## CONTENTS

1.0 Identity of Persons Answering These Interrogatories
2.0 General Background Information—Individual
3.0 General Background Information—Business Entity
4.0 Insurance
5.0 *[Reserved]*
6.0 Physical, Mental, or Emotional Injuries
7.0 Property Damage
8.0 Loss of Income or Earning Capacity
9.0 Other Damages
10.0 Medical History
11.0 Other Claims and Previous Claims
12.0 Investigation—General
13.0 Investigation—Surveillance
14.0 Statutory or Regulatory Violations
15.0 Denials and Special or Affirmative Defenses
16.0 Defendant's Contentions Personal Injury
17.0 Responses to Request for Admissions
18.0 *[Reserved]*
19.0 *[Reserved]*
20.0 How the Incident Occurred—Motor Vehicle
25.0 *[Reserved]*
30.0 *[Reserved]*
40.0 *[Reserved]*
50.0 Contract
60.0 *[Reserved]*
70.0 Unlawful Detainer *[See separate form FI-128]*
101.0 Economic Litigation *[See separate form FI-129]*
200.0 Employment Law *[See separate form FI-130]*
    Family Law *[See separate form 1292.10]*

**1.0 Identity of Persons Answering These Interrogatories**

☑ **1.1** State the name, ADDRESS, telephone number, and relationship to you of each PERSON who prepared or assisted in the preparation of the responses to these interrogatories. *(Do not identify anyone who simply typed or reproduced the responses.)*

**2.0 General Background Information—individual**

☑ **2.1** State:
   (a) your name;
   (b) every name you have used in the past; and
   (c) the dates you used each name.

☑ **2.2** State the date and place of your birth.

☑ **2.3** At the time of the **INCIDENT**, did you have a driver's license? If so state:
   (a) the state or other issuing entity;
   (b) the license number and type;
   (c) the date of issuance; and
   (d) all restrictions.

☑ **2.4** At the time of the **INCIDENT**, did you have any other permit or license for the operation of a motor vehicle? If so, state:
   (a) the state or other issuing entity;
   (b) the license number and type;
   (c) the date of issuance; and
   (d) all restrictions.

☑ **2.5** State:
   (a) your present residence ADDRESS;
   (b) your residence ADDRESSES for the past five years; and
   (c) the dates you lived at each ADDRESS.

☑ **2.6** State:
   (a) the name, ADDRESS, and telephone number of your present employer or place of self-employment; and
   (b) the name, ADDRESS, dates of employment, job title, and nature of work for each employer or self-employment you have had from five years before the INCIDENT until today.

☑ **2.7** State:
   (a) the name and ADDRESS of each school or other academic or vocational institution you have attended, beginning with high school;
   (b) the dates you attended;
   (c) the highest grade level you have completed; and
   (d) the degrees received.

☑ **2.8** Have you ever been convicted of a felony? If so, for each conviction state:
   (a) the city and state where you were convicted;
   (b) the date of conviction;
   (c) the offense; and
   (d) the court and case number.

☑ **2.9** Can you speak English with ease? If not, what language and dialect do you normally use?

☑ **2.10** Can you read and write English with ease? If not, what language and dialect do you normally use?

FI-120 [Rev. January 1, 2008]    **FORM INTERROGATORIES—GENERAL**

☑ 2.11 At the time of the INCIDENT were you acting as an agent or employee for any PERSON? If so, state:
(a) the name, ADDRESS, and telephone number of that PERSON; and
(b) a description of your duties.

☐ 2.12 At the time of the INCIDENT did you or any other person have any physical, emotional, or mental disability or condition that may have contributed to the occurrence of the INCIDENT? If so, for each person state:
(a) the name, ADDRESS, and telephone number;
(b) the nature of the disability or condition; and
(c) the manner in which the disability or condition contributed to the occurrence of the INCIDENT.

☐ 2.13 Within 24 hours before the INCIDENT did you or any person involved in the INCIDENT use or take any of the following substances: alcoholic beverage, marijuana, or other drug or medication of any kind (prescription or not)? If so, for each person state:
(a) the name, ADDRESS, and telephone number;
(b) the nature or description of each substance;
(c) the quantity of each substance used or taken;
(d) the date and time of day when each substance was used or taken;
(e) the ADDRESS where each substance was used or taken;
(f) the name, ADDRESS, and telephone number of each person who was present when each substance was used or taken; and
(g) the name, ADDRESS, and telephone number of any HEALTH CARE PROVIDER who prescribed or furnished the substance and the condition for which it was prescribed or furnished.

3.0 General Background Information—Business Entity

☑ 3.1 Are you a corporation? If so, state:
(a) the name stated in the current articles of incorporation;
(b) all other names used by the corporation during the past 10 years and the dates each was used;
(c) the date and place of incorporation;
(d) the ADDRESS of the principal place of business; and
(e) whether you are qualified to do business in California.

☑ 3.2 Are you a partnership? If so, state:
(a) the current partnership name;
(b) all other names used by the partnership during the past 10 years and the dates each was used;
(c) whether you are a limited partnership and, if so, under the laws of what jurisdiction;
(d) the name and ADDRESS of each general partner; and
(e) the ADDRESS of the principal place of business.

☑ 3.3 Are you a limited liability company? If so, state:
(a) the name stated in the current articles of organization;
(b) all other names used by the company during the past 10 years and the date each was used;
(c) the date and place of filing of the articles of organization;
(d) the ADDRESS of the principal place of business; and
(e) whether you are qualified to do business in California.

☑ 3.4 Are you a joint venture? If so, state:
(a) the current joint venture name;
(b) all other names used by the joint venture during the past 10 years and the dates each was used;
(c) the name and ADDRESS of each joint venturer; and
(d) the ADDRESS of the principal place of business.

☑ 3.5 Are you an unincorporated association? If so, state:
(a) the current unincorporated association name;
(b) all other names used by the unincorporated association during the past 10 years and the dates each was used; and
(c) the ADDRESS of the principal place of business.

☑ 3.6 Have you done business under a fictitious name during the past 10 years? If so, for each fictitious name state:
(a) the name;
(b) the dates each was used;
(c) the state and county of each fictitious name filing; and
(d) the ADDRESS of the principal place of business.

☑ 3.7 Within the past five years has any public entity registered or licensed your business? If so, for each license or registration:
(a) identify the license or registration;
(b) state the name of the public entity; and
(c) state the dates of issuance and expiration.

4.0 Insurance

☑ 4.1 At the time of the INCIDENT, was there in effect any policy of insurance through which you were or might be insured in any manner (for example, primary, pro-rata, or excess liability coverage or medical expense coverage) for the damages, claims, or actions that have arisen out of the INCIDENT? If so, for each policy state:
(a) the kind of coverage;
(b) the name and ADDRESS of the insurance company;
(c) the name, ADDRESS, and telephone number of each named insured;
(d) the policy number;
(e) the limits of coverage for each type of coverage contained in the policy;
(f) whether any reservation of rights or controversy or coverage dispute exists between you and the insurance company; and
(g) the name, ADDRESS, and telephone number of the custodian of the policy.

☑ 4.2 Are you self-insured under any statute for the damages, claims, or actions that have arisen out of the INCIDENT? If so, specify the statute.

5.0 [Reserved]

6.0 Physical, Mental, or Emotional Injuries

☐ 6.1 Do you attribute any physical, mental, or emotional injuries to the INCIDENT? (If your answer is "no," do not answer interrogatories 6.2 through 6.7)

☐ 6.2 Identify each injury you attribute to the INCIDENT and the area of your body affected.

6.3 Do you still have any complaints that you attribute to the INCIDENT? If so, for each complaint state:
(a) a description;
(b) whether the complaint is subsiding, remaining the same, or becoming worse; and
(c) the frequency and duration.

6.4 Did you receive any consultation or examination (except from expert witnesses covered by Code of Civil Procedure sections 2034.210–2034.310) or treatment from a HEALTH CARE PROVIDER for any injury you attribute to the INCIDENT? If so, for each HEALTH CARE PROVIDER state:
(a) the name, ADDRESS, and telephone number;
(b) the type of consultation, examination, or treatment provided;
(c) the dates you received consultation, examination, or treatment; and
(d) the charges to date.

6.5 Have you taken any medication, prescribed or not, as a result of injuries that you attribute to the INCIDENT? If so, for each medication state:
(a) the name;
(b) the PERSON who prescribed or furnished it;
(c) the date it was prescribed or furnished;
(d) the dates you began and stopped taking it; and
(e) the cost to date.

6.6 Are there any other medical services necessitated by the injuries that you attribute to the INCIDENT that were not previously listed (for example, ambulance, nursing, prosthetics)? If so, for each service state:
(a) the nature;
(b) the date;
(c) the cost; and
(d) the name, ADDRESS, and telephone number of each provider.

6.7 Has any HEALTH CARE PROVIDER advised that you may require future or additional treatment for any injuries that you attribute to the INCIDENT? If so, for each injury state:
(a) the name and ADDRESS of each HEALTH CARE PROVIDER;
(b) the complaints for which the treatment was advised; and
(c) the nature, duration, and estimated cost of the treatment.

## 7.0 Property Damage

7.1 Do you attribute any loss of or damage to a vehicle or other property to the INCIDENT? If so, for each item of property:
(a) describe the property;
(b) describe the nature and location of the damage to the property;

(c) state the amount of damage you are claiming for each item of property and how the amount was calculated; and
(d) if the property was sold, state the name, ADDRESS, and telephone number of the seller, the date of sale, and the sale price.

7.2 Has a written estimate or evaluation been made for any item of property referred to in your answer to the preceding interrogatory? If so, for each estimate or evaluation state:
(a) the name, ADDRESS, and telephone number of the PERSON who prepared it and the date prepared;
(b) the name, ADDRESS, and telephone number of each PERSON who has a copy of it; and
(c) the amount of damage stated.

7.3 Has any item of property referred to in your answer to interrogatory 7.1 been repaired? If so, for each item state:
(a) the date repaired;
(b) a description of the repair;
(c) the repair cost;
(d) the name, ADDRESS, and telephone number of the PERSON who repaired it;
(e) the name, ADDRESS, and telephone number of the PERSON who paid for the repair.

## 8.0 Loss of Income or Earning Capacity

8.1 Do you attribute any loss of income or earning capacity to the INCIDENT? *(If your answer is "no," do not answer interrogatories 8.2 through 8.8).*

8.2 State:
(a) the nature of your work;
(b) your job title at the time of the INCIDENT; and
(c) the date your employment began.

8.3 State the last date before the INCIDENT that you worked for compensation.

8.4 State your monthly income at the time of the INCIDENT and how the amount was calculated.

8.5 State the date you returned to work at each place of employment following the INCIDENT.

8.6 State the dates you did not work and for which you lost income as a result of the INCIDENT.

8.7 State the total income you have lost to date as a result of the INCIDENT and how the amount was calculated.

8.8 Will you lose income in the future as a result of the INCIDENT? If so, state:
(a) the facts upon which you base this contention;
(b) an estimate of the amount;
(c) an estimate of how long you will be unable to work; and
(d) how the claim for future income is calculated.

## 9.0 Other Damages

☐ 9.1  Are there any other damages that you attribute to the INCIDENT? If so, for each item of damage state:
(a) the nature;
(b) the date it occurred;
(c) the amount; and
(d) the name, ADDRESS, and telephone number of each PERSON to whom an obligation was incurred.

☐ 9.2  Do any DOCUMENTS support the existence or amount of any item of damages claimed in interrogatory 9.1? If so, describe each document and state the name, ADDRESS, and telephone number of the PERSON who has each DOCUMENT.

## 10.0  Medical History

☐ 10.1  At any time before the INCIDENT did you have complaints or injuries that involved the same part of your body claimed to have been injured in the INCIDENT? If so, for each state:
(a) a description of the complaint or injury;
(b) the dates it began and ended; and
(c) the name, ADDRESS, and telephone number of each HEALTH CARE PROVIDER whom you consulted or who examined or treated you.

☐ 10.2  List all physical, mental, and emotional disabilities you had immediately before the INCIDENT. *(You may omit mental or emotional disabilities unless you attribute any mental or emotional injury to the INCIDENT.)*

☐ 10.3  At any time after the INCIDENT, did you sustain injuries of the kind for which you are now claiming damages? If so, for each incident giving rise to an injury state:
(a) the date and the place it occurred;
(b) the name, ADDRESS, and telephone number of any other PERSON involved;
(c) the nature of any injuries you sustained;
(d) the name, ADDRESS, and telephone number of each HEALTH CARE PROVIDER who you consulted or who examined or treated you; and
(e) the nature of the treatment and its duration.

## 11.0  Other Claims and Previous Claims

☑ 11.1  Except for this action, in the past 10 years have you filed an action or made a written claim or demand for compensation for your personal injuries? If so, for each action, claim, or demand state:
(a) the date, time, and place and location (closest street ADDRESS or intersection) of the INCIDENT giving rise to the action, claim, or demand;
(b) the name, ADDRESS, and telephone number of each PERSON against whom the claim or demand was made or the action filed;

(c) the court, names of the parties, and case number of any action filed;
(d) the name, ADDRESS, and telephone number of any attorney representing you;
(e) whether the claim or action has been resolved or is pending; and
(f) a description of the injury.

☐ 11.2  In the past 10 years have you made a written claim or demand for workers' compensation benefits? If so, for each claim or demand state:
(a) the date, time, and place of the INCIDENT giving rise to the claim;
(b) the name, ADDRESS, and telephone number of your employer at the time of the injury;
(c) the name, ADDRESS, and telephone number of the workers' compensation insurer and the claim number;
(d) the period of time during which you received workers' compensation benefits;
(e) a description of the injury;
(f) the name, ADDRESS, and telephone number of each HEALTH CARE PROVIDER who provided services; and
(g) the case number at the Workers' Compensation Appeals Board.

## 12.0  Investigation—General

☑ 12.1  State the name, ADDRESS, and telephone number of each individual:
(a) who witnessed the INCIDENT or the events occurring immediately before or after the INCIDENT;
(b) who made any statement at the scene of the INCIDENT;
(c) who heard any statements made about the INCIDENT by any individual at the scene; and
(d) who YOU OR ANYONE ACTING ON YOUR BEHALF claim has knowledge of the INCIDENT (except for expert witnesses covered by Code of Civil Procedure section 2034).

☑ 12.2  Have YOU OR ANYONE ACTING ON YOUR BEHALF interviewed any individual concerning the INCIDENT? If so, for each individual state:
(a) the name, ADDRESS, and telephone number of the individual interviewed;
(b) the date of the interview; and
(c) the name, ADDRESS, and telephone number of the PERSON who conducted the interview.

☑ 12.3  Have YOU OR ANYONE ACTING ON YOUR BEHALF obtained a written or recorded statement from any individual concerning the INCIDENT? If so, for each statement state:
(a) the name, ADDRESS, and telephone number of the individual from whom the statement was obtained;
(b) the name, ADDRESS, and telephone number of the individual who obtained the statement;
(c) the date the statement was obtained; and
(d) the name, ADDRESS, and telephone number of each PERSON who has the original statement or a copy.

☑ **12.4  Do YOU OR ANYONE ACTING ON YOUR BEHALF** know of any photographs, films, or videotapes depicting any place, object, or individual concerning the INCIDENT or plaintiff's injuries? If so, state:

(a) the number of photographs or feet of film or videotape;

(b) the places, objects, or persons photographed, filmed, or videotaped;

(c) the date the photographs, films, or videotapes were taken;

(d) the name, ADDRESS, and telephone number of the individual taking the photographs, films, or videotapes; and

(e) the name, ADDRESS, and telephone number of each PERSON who has the original or a copy of the photographs, films, or videotapes.

☑ **12.5  Do YOU OR ANYONE ACTING ON YOUR BEHALF** know of any diagram, reproduction, or model of any place or thing (except for items developed by expert witnesses covered by Code of Civil Procedure sections 2034.210–2034.310) concerning the INCIDENT? If so, for each item state:

(a) the type (i.e., diagram, reproduction, or model);

(b) the subject matter; and

(c) the name, ADDRESS, and telephone number of each PERSON who has it.

☑ **12.6  Was a report made by any PERSON** concerning the INCIDENT? If so, state:

(a) the name, title, identification number, and employer of the PERSON who made the report;

(b) the date and type of report made;

(c) the name, ADDRESS, and telephone number of the PERSON for whom the report was made; and

(d) the name, ADDRESS, and telephone number of each PERSON who has the original or a copy of the report.

☑ **12.7  Have YOU OR ANYONE ACTING ON YOUR BEHALF** inspected the scene of the INCIDENT? If so, for each inspection state:

(a) the name, ADDRESS, and telephone number of the individual making the inspection (except for expert witnesses covered by Code of Civil Procedure sections 2034.210–2034.310); and

(b) the date of the inspection.

## 13.0 Investigation—Surveillance

☐ **13.1  Have YOU OR ANYONE ACTING ON YOUR BEHALF** conducted surveillance of any individual involved in the INCIDENT or any party to this action? If so, for each surveillance state:

(a) the name, ADDRESS, and telephone number of the individual or party;

(b) the time, date, and place of the surveillance;

(c) the name, ADDRESS, and telephone number of the individual who conducted the surveillance; and

(d) the name, ADDRESS, and telephone number of each PERSON who has the original or a copy of any surveillance photograph, film, or videotape.

☑ **13.2  Has a written report been prepared on the** surveillance? If so, for each written report state:

(a) the title;

(b) the date;

(c) the name, ADDRESS, and telephone number of the individual who prepared the report; and

(d) the name, ADDRESS, and telephone number of each PERSON who has the original or a copy.

## 14.0 Statutory or Regulatory Violations

☑ **14.1  Do YOU OR ANYONE ACTING ON YOUR BEHALF** contend that any PERSON involved in the INCIDENT violated any statute, ordinance, or regulation and that the violation was a legal (proximate) cause of the INCIDENT? If so, identify the name, ADDRESS, and telephone number of each PERSON and the statute, ordinance, or regulation that was violated.

☑ **14.2  Was any PERSON cited or charged** with a violation of any statute, ordinance, or regulation as a result of this INCIDENT? If so, for each PERSON state:

(a) the name, ADDRESS, and telephone number of the PERSON;

(b) the statute, ordinance, or regulation allegedly violated;

(c) whether the PERSON entered a plea in response to the citation or charge and, if so, the plea entered; and

(d) the name and ADDRESS of the court or administrative agency, names of the parties, and case number.

## 15.0 Denials and Special or Affirmative Defenses

☐ **15.1  Identify each denial** of a material allegation and each special or affirmative defense in your pleadings and for each:

(a) state all facts upon which you base the denial or special or affirmative defense;

(b) state the names, ADDRESSES, and telephone numbers of all PERSONS who have knowledge of those facts; and

(c) identify all DOCUMENTS and other tangible things that support your denial or special or affirmative defense, and state the name, ADDRESS, and telephone number of the PERSON who has each DOCUMENT.

## 16.0 Defendant's Contentions—Personal Injury

☑ **16.1  Do you contend that any PERSON**, other than you or plaintiff, contributed to the occurrence of the INCIDENT or the injuries or damages claimed by plaintiff? If so, for each PERSON:

(a) state the name, ADDRESS, and telephone number of the PERSON;

(b) state all facts upon which you base your contention;

(c) state the names, ADDRESSES, and telephone numbers of all PERSONS who have knowledge of the facts; and

(d) identify all DOCUMENTS and other tangible things that support your contention and state the name, ADDRESS, and telephone number of the PERSON who has each DOCUMENT or thing.

☑ **16.2  Do you contend that plaintiff was not injured** in the INCIDENT? If so:

(a) state all facts upon which you base your contention;

(b) state the names, ADDRESSES, and telephone numbers of all PERSONS who have knowledge of the facts; and

(c) identify all DOCUMENTS and other tangible things that support your contention and state the name, ADDRESS, and telephone number of the PERSON who has each DOCUMENT or thing.

FI-120

✓ 16.3   Do you contend that the injuries or the extent of the injuries claimed by plaintiff as disclosed in discovery proceedings thus far in this case were not caused by the INCIDENT? If so, for each injury:

(a)  identify it;

(b)  state all facts upon which you base your contention;

(c)  state the names, ADDRESSES, and telephone numbers of all PERSONS who have knowledge of the facts; and

(d)  identify all DOCUMENTS and other tangible things that support your contention and state the name, ADDRESS, and telephone number of the PERSON who has each DOCUMENT or thing.

✓ 16.4   Do you contend that any of the services furnished by any HEALTH CARE PROVIDER claimed by plaintiff in discovery proceedings thus far in this case were not due to the INCIDENT? If so:

(a)  identify each service;

(b)  state all facts upon which you base your contention;

(c)  state the names, ADDRESSES, and telephone numbers of all PERSONS who have knowledge of the facts; and

(d)  identify all DOCUMENTS and other tangible things that support your contention and state the name, ADDRESS, and telephone number of the PERSON who has each DOCUMENT or thing.

16.5   Do you contend that any of the costs of services furnished by any HEALTH CARE PROVIDER claimed as damages by plaintiff in discovery proceedings thus far in this case were not necessary or unreasonable? If so:

(a)  identify each cost;

(b)  state all facts upon which you base your contention;

(c)  state the names, ADDRESSES, and telephone numbers of all PERSONS who have knowledge of the facts; and

(d)  identify all DOCUMENTS and other tangible things that support your contention and state the name, ADDRESS, and telephone number of the PERSON who has each DOCUMENT or thing.

✓ 16.6   Do you contend that any part of the loss of earnings or income claimed by plaintiff in discovery proceedings thus far in this case was unreasonable or was not caused by the INCIDENT? If so:

(a)  identify each part of the loss;

(b)  state all facts upon which you base your contention;

(c)  state the names, ADDRESSES, and telephone numbers of all PERSONS who have knowledge of the facts; and

(d)  identify all DOCUMENTS and other tangible things that support your contention and state the name, ADDRESS, and telephone number of the PERSON who has each DOCUMENT or thing.

16.7   Do you contend that any of the property damage claimed by plaintiff in discovery Proceedings thus far in this case was not caused by the INCIDENT? If so:

(a)  identify each item of property damage;

(b)  state all facts upon which you base your contention;

(c)  state the names, ADDRESSES, and telephone numbers of all PERSONS who have knowledge of the facts; and

(d)  identify all DOCUMENTS and other tangible things that support your contention and state the name, ADDRESS, and telephone number of the PERSON who has each DOCUMENT or thing.

16.8   Do you contend that any of the costs of repairing the property damage claimed by plaintiff in discovery proceedings thus far in this case were unreasonable? If so:

(a)  identify each cost item;

(b)  state all facts upon which you base your contention;

(c)  state the names, ADDRESSES, and telephone numbers of all PERSONS who have knowledge of the facts; and

(d)  identify all DOCUMENTS and other tangible things that support your contention and state the name, ADDRESS, and telephone number of the PERSON who has each DOCUMENT or thing.

16.9   Do YOU OR ANYONE ACTING ON YOUR BEHALF have any DOCUMENT (for example, insurance bureau index reports) concerning claims for personal injuries made before or after the INCIDENT by a plaintiff in this case? If so, for each plaintiff state:

(a)  the source of each DOCUMENT;

(b)  the date each claim arose;

(c)  the nature of each claim; and

(d)  the name, ADDRESS, and telephone number of the PERSON who has each DOCUMENT.

✓ 16.10   Do YOU OR ANYONE ACTING ON YOUR BEHALF have any DOCUMENT concerning the past or present physical, mental, or emotional condition of any plaintiff in this case from a HEALTH CARE PROVIDER not previously identified (except for expert witnesses covered by Code of Civil Procedure sections 2034.210–2034.310)? If so, for each plaintiff state:

(a)  the name, ADDRESS, and telephone number of each HEALTH CARE PROVIDER;

(b)  a description of each DOCUMENT; and

(c)  the name, ADDRESS, and telephone number of the PERSON who has each DOCUMENT.

## 17.0 Responses to Request for Admissions

✓ 17.1   Is your response to each request for admission served with these interrogatories an unqualified admission? If not, for each response that is not an unqualified admission:

(a)  state the number of the request;

(b)  state all facts upon which you base your response;

(c)  state the names, ADDRESSES, and telephone numbers of all PERSONS who have knowledge of those facts; and

(d)  identify all DOCUMENTS and other tangible things that support your response and state the name, ADDRESS, and telephone number of the PERSON who has each DOCUMENT or thing.

## 18.0   [Reserved]

## 19.0   [Reserved]

## 20.0 How the Incident Occurred—Motor Vehicle

20.1   State the date, time, and place of the INCIDENT (closest street ADDRESS or intersection).

20.2   For each vehicle involved in the INCIDENT, state:

(a)  the year, make, model, and license number;

(b)  the name, ADDRESS, and telephone number of the driver;

FI-120

(c) the name, ADDRESS, and telephone number of each occupant other than the driver;

(d) the name, ADDRESS, and telephone number of each registered owner;

(e) the name, ADDRESS, and telephone number of each lessee;

(f) the name, ADDRESS, and telephone number of each owner other than the registered owner or lien holder; and

(g) the name of each owner who gave permission or consent to the driver to operate the vehicle;

20.3 State the ADDRESS and location where your trip began and the ADDRESS and location of your destination.

20.4 Describe the route that you followed from the beginning of your trip to the location of the INCIDENT, and state the location of each stop, other than routine traffic stops, during the trip leading up to the INCIDENT.

20.5 State the name of the street or roadway, the lane of travel, and the direction of travel of each vehicle involved in the INCIDENT for the 500 feet of travel before the INCIDENT.

20.6 Did the INCIDENT occur at an intersection? If so, describe all traffic control devices, signals, or signs at the intersection.

20.7 Was there a traffic signal facing you at the time of the INCIDENT? If so, state:

(a) your location when you first saw it;

(b) the color;

(c) the number of seconds it had been that color; and

(d) whether the color changed between the time you first saw it and the INCIDENT.

20.8 State how the INCIDENT occurred, giving the speed, direction, and location of each vehicle involved:

(a) just before the INCIDENT;

(b) at the time of the INCIDENT; and (c) just after the INCIDENT.

20.9 Do you have information that a malfunction or defect in a vehicle caused the INCIDENT? If so:

(a) identify the vehicle;

(b) identify each malfunction or defect;

(c) state the name, ADDRESS, and telephone number of each PERSON who is a witness to or has information about each malfunction or defect; and

(d) state the name, ADDRESS, and telephone number of each PERSON who has custody of each defective part.

20.10 Do you have information that any malfunction or defect in a vehicle contributed to the injuries sustained in the INCIDENT? If so:

(a) identify the vehicle;

(b) identify each malfunction or defect;

(c) state the name, ADDRESS, and telephone number of each PERSON who is a witness to or has information about each malfunction or defect; and

(d) state the name, ADDRESS, and telephone number of each PERSON who has custody of each defective part.

20.11 State the name, ADDRESS, and telephone number of each owner and each PERSON who has had possession since the INCIDENT of each vehicle involved in the INCIDENT.

25.0 [Reserved]

30.0 [Reserved]

40.0 [Reserved]

50.0 Contract

50.1 For each agreement alleged in the pleadings:

(a) identify each DOCUMENT that is part of the agreement and for each state the name, ADDRESS, and telephone number of each PERSON who has the DOCUMENT;

(b) state each part of the agreement not in writing, the name, ADDRESS, and telephone number of each PERSON agreeing to that provision, and the date that part of the agreement was made;

(c) identify all DOCUMENTS that evidence any part of the agreement not in writing and for each state the name, ADDRESS, and telephone number of each PERSON who has the DOCUMENT;

(d) identify all DOCUMENTS that are part of any modification to the agreement, and for each state the name, ADDRESS, and telephone number of each PERSON who has the DOCUMENT;

(e) state each modification not in writing, the date, and the name, ADDRESS, and telephone number of each PERSON agreeing to the modification, and the date the modification was made;

(f) identify all DOCUMENTS that evidence any modification of the agreement not in writing and for each state the name, ADDRESS, and telephone number of each PERSON who has the DOCUMENT.

50.2 Was there a breach of any agreement alleged in the pleadings? If so, for each breach describe and give the date of every act or omission that you claim is the breach of the agreement.

50.3 Was performance of any agreement alleged in the pleadings excused? If so, identify each agreement excused and state why performance was excused.

50.4 Was any agreement alleged in the pleadings terminated by mutual agreement, release, accord and satisfaction, or novation? If so, identify each agreement terminated, the date of termination, and the basis of the termination.

50.5 Is any agreement alleged in the pleadings unenforceable? If so, identify each unenforceable agreement and state why it is unenforceable.

50.6 Is any agreement alleged in the pleadings ambiguous? If so, identify each ambiguous agreement and state why it is ambiguous.

60.0 [Reserved]

FI-120 [Rev. January 1, 2006]

FORM INTERROGATORIES—GENERAL

# EXHIBIT "F"

EXHIBIT "F"

1    Waukeen Q. McCoy, Esq. (SBN: 168228)
     LAW OFFICES OF WAUKEEN Q. McCOY
2    703 Market Street, Suite 1407
     San Francisco, California 94102
3    Telephone: (415) 675-7705
     Facsimile: (415) 675-2530
4
     Attorney for Plaintiffs
5    CLAYTON HARMSTON et al.

6

     SUPERIOR COURT OF THE STATE OF CALIFORNIA
7    CITY AND COUNTY OF SAN FRANCISCO

8

9    CLAYTON HARMSTON, et al.,              )    Case No.: 06-454955
                                            )
10              Plaintiff,                   )    PLAINTIFF'S REQUEST FOR
                                            )    ADMISSIONS, SET ONE, TO DEFENDANT
11       vs.                                 )    CITY AND COUNTY OF SAN
                                            )    FRANCISCO, PURSUANT TO
12   CITY AND COUNTY OF SAN                  )    CALIFORNIA CODE OF CIVIL
                                            )    PROCEDURE SECTION 2033
13   FRANCISCO, et al.,                      )
                                            )
14              Defendant                    )

15

16   PROPOUNDING PARTY:    Plaintiff ANDREW COHEN

17   RESPONDING PARTY:     Defendant CITY AND COUNTY OF SAN FRANCISCO

18   SET NUMBER:           ONE

19

20        Pursuant to California Code of Civil Procedure Section 2033, Plaintiff COHEN hereby

21   requests that defendant CITY AND COUNTY OF SAN FRANCISCO ("CITY") answer each of

22   the following Requests for Admissions, Set No. One, separately, fully, and under oath, within

23   thirty (30) days from service hereof.

24                                    DEFINITIONS

25        For purposes of this Set of Request for Admissions only, the following terms are defined

26   as follows:

27

28

"VIDEO" means that video identified in the General Allegations of the Complaint in this matter, being a video produced in the latter part of 2005, and depicting members of the San Francisco Police Department assigned at that time to the Bayview Station.

"CITY" means the City and County of San Francisco, and those in its employment.

## REQUESTS FOR ADMISSIONS

NUMBER ONE:  Admit that a video satirizing the Police Department produced by Officer Cohen had been displayed at the Tenderloin Task Force Christmas Party in 1996.

NUMBER TWO:  Admit that a video satirizing the Police Department produced by'Officer Cohen had been displayed at the Tenderloin Task Force Christmas Party in 1998.

NUMBER THREE:  Admit that in the time leading up to December 2005, CITY knew that Office Cohen was engaged in producing a VIDEO to be shown at the 2005 Bayview station Christmas party.

NUMBER FOUR:  Admit that one or more of Officer Cohen's supervisors was aware that the VIDEO was intended as a comedic roast of Captain Rick Bruce.

NUMBER FIVE:  Admit that during the time that Officer Cohen was producing the VIDEO, one or more of Officer Cohen's supervisors made suggestions to him for additional content to be included in the VIDEO.

NUMBER SIX:  Admit that prior to or on December 6, 2005, Police Chief Heather Fong viewed the entire contents of above-referenced VIDEO.

NUMBER SEVEN:  Admit that on or about December 6, 2005, CITY required Officer Cohen to relinquish his department-issued firearm.

NUMBER EIGHT:  Admit that on or about December 6, 2005, CITY required Officer Cohen to relinquish his department-issued police badge.

NUMBER NINE:  Admit that on or about December 6, 2005 CITY reassigned Officer Cohen to non-public contact duty in the Records Room at the Hall of Justice.

NUMBER TEN:  Admit that CITY required Officer Cohen to relinquish his department-issued firearm and badge, and reassigned him to duty in the Records Room because of his participation in creating the VIDEO.

NUMBER ELEVEN:  Admit that on or about December 7, 2005, Police Chief Heather Fong convened a press conference related to the VIDEO.

NUMBER TWELVE:  Admit that prior to the December 7, 2005 press conference CITY caused excerpts of the VIDEO to be played for viewing by members of the media.

NUMBER THIRTEEN:  Admit that after the December 7, 2005 press conference, CITY caused excerpts of the VIDEO to be played for viewing by members of the media.

NUMBER FOURTEEN:  Admit that at the press conference of December 7, 2005, Mayor Gavin Newsom publicly described VIDEO as sexist.

NUMBER FIFTEEN:  Admit that at the press conference of December 7, 2005, Mayor Gavin Newsom described VIDEO as shameful.

NUMBER SIXTEEN:  Admit that at the press conference of December 7, 2005, Mayor Gavin Newsom described VIDEO as offensive.

NUMBER SEVENTEEN:  Admit that at the press conference of December 7, 2005, Mayor Gavin Newsom described VIDEO as racist.

NUMBER EIGHTEEN:  Admit that at the press conference of December 7, 2005, Mayor Gavin Newsom described VIDEO as homophobic.

NUMBER NINETEEN:  Admit that at the press conference of December 7, 2005, Police Chief Heather Fong publicly described VIDEO as depicting shameful acts by police officers.

NUMBER TWENTY:  Admit that at the press conference of December 7, 2005, Police Chief Heather Fong publicly described VIDEO as depicting disgraceful acts by police officers.

NUMBER TWENTY-ONE:  Admit that at the press conference of December 7, 2005, Police Chief Heather Fong stated that it was a "dark day, an extremely dark day, in the history of the San Francisco Police Department."

NUMBER TWENTY-TWO:  Admit that on December 8, 2005, CITY suspended Officer Cohen from duty without pay.

NUMBER TWENTY-THREE:  Admit that CITY suspended Officer Cohen from duty without pay because of his participation in creating the VIDEO.

NUMBER TWENTY-FOUR:  Admit that on December 5, 2005, CITY knew Officer Cohen was not Asian.

NUMBER TWENTY-FIVE:  Admit that on or about December 5, 2005, CITY knew Officer Derrick Lew to be an employee of the San Francisco Police Department.

NUMBER TWENTY-SIX:  Admit that on or about December 6, 2005 CITY knew that Officer Derrick Lew had participated in the production of the VIDEO.

NUMBER TWENTY-SEVEN:  Admit that CITY did not formally disarm Officer Derrick Lew by requiring him to relinquish his department issued firearm for participating in the VIDEO.

NUMBER TWENTY-EIGHT:  Admit that CITY did not require Officer Derrick Lew to relinquish his department issued police badge for participating in the VIDEO.

NUMBER TWENTY-NINE:  Admit that CITY did not reassign Officer Derrick Lew to non-public contact duty for participating in the VIDEO.

NUMBER THIRTY:  Admit that on or about December 5, 2005, CITY knew Officer Derrick Lew to be a person of Asian race.

NUMBER THIRTY-ONE:  Admit that on or about December 5, 2005, CITY knew Officer Derrick Lew to be a person of Chinese-American ethnicity.

NUMBER THIRTY-TWO:  Admit that on or about December 5, 2006, CITY knew Officer Eric Chaing was employed at the San Francisco Police Department.

NUMBER THIRTY-THREE:  Admit that on or about December 6, 2005 CITY knew that Officer Eric Chaing had participated in the production of the VIDEO.

NUMBER THIRTY-FOUR:  Admit that CITY did not formally disarm Officer Eric Chaing by requiring him to relinquish his department issued firearm for participating in the video.

NUMBER THIRTY-FIVE:  Admit that CITY did not require Officer Eric Chaing to relinquish his department issued police badge for participating in the video.

NUMBER THIRTY-SIX:  Admit that CITY did not reassign Officer Eric Chaing to non-public contact duty for participating in the video.

NUMBER THIRTY-SEVEN:  Admit that on or about December 5, 2005, CITY knew Officer Eric Chaing to be a person of Asian race.

NUMBER THIRTY-EIGHT:  Admit that on or about December 5, 2005, CITY knew Officer Eric Chaing to be a person of Chinese-American ethnicity.

NUMBER THIRTY-NINE:  Admit that on or about December 5, 2005, CITY knew Officer Alex Kwan was employed at the San Francisco Police Department.

NUMBER FORTY:  Admit or deny that on December 6, 2005, CITY knew that Officer Alex Kwan had participated in the production of the VIDEO.

NUMBER FORTY-ONE:  Admit that CITY did not formally disarm Officer Alex Kwan by requiring him to relinquish his department issued firearm for participating in the VIDEO.

NUMBER FORTY-TWO:  Admit that CITY did not require Officer Alex Kwan to relinquish his department issued police badge for participating in the VIDEO.

NUMBER FORTY-THREE:  Admit that CITY did not reassign Officer Alex Kwan to non-public contact duty for participating in the VIDEO.

NUMBER FORTY-FOUR:  Admit that on or about December 5, 2005, CITY knew Officer Alex Kwan to be a person of Asian race.

NUMBER FORTY-FIVE:  Admit that on or about December 5, 2005, CITY knew Officer Alex Kwan to be a person of Chinese-American ethnicity.

NUMBER FORTY-SIX:  Admit that on or about December 5, 2005, CITY knew Officer John Pai was employed at the San Francisco Police Department.

NUMBER FORTY-SEVEN:  Admit or deny that on December 6, 2005, CITY knew that Officer John Pai had participated in the production of the VIDEO.

NUMBER FORTY-EIGHT:  Admit that CITY did not formally disarm Officer John Pai by requiring him to relinquish his department issued firearm for participating in the VIDEO.

NUMBER FORTY-NINE:  Admit that CITY did not require Officer John Pai to relinquish his department issued police badge for participating in the VIDEO.

NUMBER FIFTY:  Admit that CITY did not reassign Officer John Pai to non-public contact duty for participating in the VIDEO.

NUMBER FIFTY-ONE:  Admit that on or about December 5, 2005, CITY knew Officer John Pai to be a person of Asian race.

NUMBER FIFTY-TWO:  Admit that on or about December 5, 2005, CITY knew Officer John Pai to be a person of Chinese-American ethnicity.

NUMBER FIFTY-THREE:  Admit that on or about December 6, 2006, CITY advised Cohen that he could not work overtime hours due to his participation in the VIDEO.

NUMBER FIFTY –THREE:  Admit that Officer Derrick Lew was not prohibited from receiving overtime hours for his participation in the VIDEO.

NUMBER FIFTY-FOUR:  Admit that Officer Eric Chaing was not prohibited from receiving overtime hours for his participation in the VIDEO.

NUMBER FIFTY-FIVE:  Admit that Officer Alex Kwan was not prohibited from receiving overtime hours for his participation in the VIDEO.

NUMBER FIFTY-SIX:  Admit that Officer John Pai was not prohibited from receiving overtime hours for his participation in the VIDEO.

Dated this _____

Waukeen Q. McCoy, Esq. (SBN: 168228)
LAW OFFICES OF WAUKEEN Q. McCOY
703 Market Street, Suite 1407
San Francisco, California 94102

1   Waukeen Q. McCoy
    LAW OFFICES OF WAUKEEN Q. McCOY
2   703 Market Street, Suite 1407
    San Francisco, California 94102
3   Telephone: (415) 675-7705
    Facsimile: (415) 675-2530
4
    Attorney for Plaintiffs
5   CLAYTON HARMSTON et al.

6                SUPERIOR COURT OF THE STATE OF CALIFORNIA
7                     CITY AND COUNTY OF SAN FRANCISCO

8
9   CLAYTON HARMSTON, et al.,          )  Case No.: 06-454955
                                       )
10          Plaintiff,                 )  DECLARATION IN SUPPORT OF
                                       )  PLAINTIFF'S REQUEST FOR
11      vs.                            )  ADMISSIONS, SET ONE, TO DEFENDANT
                                       )  CITY AND COUNTY OF SAN
    CITY AND COUNTY OF SAN             )  FRANCISCO, PURSUANT TO
12                                     )  CALIFORNIA CODE OF CIVIL
    FRANCISCO, et al.,                 )  PROCEDURE SECTION 2033(c)(3)
13                                     )
            Defendant                  )
14
    _____

15
16          This declaration is in support of Plaintiff ANDREW COHEN's Request for Admissions,

17  Set One, to Defendants CITY AND COUNTY OF SAN FRANCISCO, HEATHER FONG.

18  I, WAUKEEN Q. McCOY, declare as follows:

19  1. I am presently the attorney for Plaintiff ANDREW COHEN, a party to this action.

20  2. I have propounded to CITY AND COUNTY OF SAN FRANCISCO, CHIEF HEATHER

21  FONG, Requests For Admission, Set One.

22  3. The set of Requests for Admission numbered Set One will cause the total number of requests

23  propounded to the party to whom they are directed to exceed the number of requests permitted

24  by paragraph (1) of subdivision (c) of Section 2033 of the Code of Civil Procedure.

25  4. The set of Requests for Admission numbered Set One contains a total of fifty-six (56)

26  requests (City and County), and a total of fifty-three requests (Fong).

27  5. I am familiar with the issues and the previous discovery conducted by all of the parties in this

28  case.

6. I have personally examined each of the requests in the set of Requests for Admission numbered Set One for both the City and Fong.

7. The number of requests for admission is warranted under paragraph (2) of subdivision (c) of Section 2033 of the Code of Civil Procedure because of the complexity of this case. The case involves an extraordinary number of existing and potential issues.

8. None of the requests in this set of requests is being propounded for any improper purpose, such as to harass the party, or the attorney for the party, to whom it is directed, or to cause unnecessary delay or needless increase in the cost of litigation.

I declare under penalty of perjury under the laws of California that the foregoing is true and correct.

Dated this September 19, 2006,

Waukeen Q. McCoy
LAW OFFICES OF WAUKEEN Q. McCOY
703 Market Street, Suite 1407
San Francisco, California 94102
Telephone: (415) 675-7705
Facsimile: (415) 675-2530

Declarant and Attorney for Plaintiffs
CLAYTON HARMSTON et al.

Declaration in Support of Requests for Admission, Set One - 2