# EXHIBIT "G"

EXHIBIT "G"

1   Waukeen Q. McCoy, Esq. (SBN: 168228)
    LAW OFFICES OF WAUKEEN Q. McCOY
2   703 Market Street, Suite 1407
    San Francisco, California 94102
3   Telephone: (415) 675-7705
    Facsimile: (415) 675-2530
4
    Attorney for Plaintiffs
5   CLAYTON HARMSTON et al.

6

7   SUPERIOR COURT OF THE STATE OF CALIFORNIA
    CITY AND COUNTY OF SAN FRANCISCO
8

9   CLAYTON HARMSTON, et al.,          )   Case No.: 06-454955
                                       )
10             Plaintiff,              )   PLAINTIFF'S REQUEST FOR
                                       )   ADMISSIONS, SET ONE, TO DEFENDANT
11        vs.                          )   FONG, PURSUANT TO CALIFORNIA
                                       )   CODE OF CIVIL PROCEDURE SECTION
12  CITY AND COUNTY OF SAN             )   2033
                                       )
13  FRANCISCO, et al.,                 )
                                       )
14             Defendant              )

15

16  PROPOUNDING PARTY:   Plaintiff ANDREW COHEN

17  RESPONDING PARTY:    Defendant FONG

18  SET NUMBER:          ONE

19

20      Pursuant to California Code of Civil Procedure Section 2033, Plaintiff COHEN hereby

21  requests that defendant HEATHER FONG ("FONG") answer each of the following Requests for

22  Admissions, Set No. One, separately, fully, and under oath, within thirty (30) days from service

23  hereof.

24                              DEFINITIONS

25      For purposes of this Set of Request for Admissions only, the following terms are defined

26  as follows:

"VIDEO" means that video identified in the General Allegations of the Complaint in this matter, being a video produced in the latter part of 2005, and depicting members of the San Francisco Police Department assigned at that time to the Bayview Station.

## REQUESTS FOR ADMISSIONS

NUMBER ONE:  Admit that one or more of Officer Cohen's supervisors was aware that the VIDEO was intended as a comedic roast of Captain Rick Bruce.

NUMBER TWO:  Admit that prior to or on December 8, 2005, you viewed the entire contents of above-referenced VIDEO.

NUMBER THREE:  Admit that on or about December 8, 2005, you required Officer Cohen to relinquish his department-issued firearm.

NUMBER FOUR:  Admit that on or about December 8, 2005, you required Officer Cohen to relinquish his department-issued police badge.

NUMBER FIVE:  Admit that on or about December 8, 2005 you reassigned Officer Cohen to non-public contact duty in the Records Room at the Hall of Justice.

NUMBER SIX:  Admit that you required Officer Cohen to relinquish his department-issued firearm and badge, and reassigned him to duty in the Records Room because of his participation in creating the VIDEO.

NUMBER SEVEN:  Admit that on or about December 7, 2005, you convened a press conference related to the VIDEO.

NUMBER EIGHT: Admit that prior to the December 7, 2005 press conference you caused excerpts of the VIDEO to be played for viewing by members of the media.

NUMBER NINE: Admit that after the December 7, 2005 press conference, you caused excerpts of the VIDEO to be played for viewing by members of the media.

NUMBER TEN: Admit that at the press conference of December 7, 2005, Mayor Gavin Newsom publicly described VIDEO as sexist.

NUMBER ELEVEN: Admit that at the press conference of December 7, 2005, Mayor Gavin Newsom described VIDEO as shameful.

NUMBER TWELVE: Admit that at the press conference of December 7, 2005, Mayor Gavin Newsom described VIDEO as offensive.

NUMBER THIRTEEN: Admit that at the press conference of December 7, 2005, Mayor Gavin Newsom described VIDEO as racist.

NUMBER FOURTEEN: Admit that at the press conference of December 7, 2005, Mayor Gavin Newsom described VIDEO as homophobic.

NUMBER FIFTEEN: Admit that at the press conference of December 7, 2005, you publicly described VIDEO as depicting shameful acts by police officers.

NUMBER SIXTEEN: Admit that at the press conference of December 7, 2005, you publicly described VIDEO as depicting disgraceful acts by police officers.

NUMBER SEVENTEEN:  Admit that at the press conference of December 7, 2005, you stated that it was a "dark day, an extremely dark day, in the history of the San Francisco Police Department."

NUMBER EIGHTEEN:  Admit that on December 8, 2005, you suspended Officer Cohen from duty without pay.

NUMBER NINETEEN:  Admit that you suspended Officer Cohen from duty without pay because of his participation in creating the VIDEO.

NUMBER TWENTY:  Admit that on December 8, 2005, you knew Officer Cohen was not Asian.

NUMBER TWENTY-ONE:  Admit that on or about December 5, 2005, you knew Officer Derrick Lew to be an employee of the San Francisco Police Department.

NUMBER TWENTY-TWO:  Admit that on or about December 6, 2005 you knew that Officer Derrick Lew had participated in the production of the VIDEO.

NUMBER TWENTY-THREE:  Admit that you did not formally disarm Officer Derrick Lew by requiring him to relinquish his department issued firearm for participating in the VIDEO.

NUMBER TWENTY-FOUR:  Admit that you did not require Officer Derrick Lew to relinquish his department issued police badge for participating in the VIDEO.

NUMBER TWENTY-FIVE:  Admit that you did not reassign Officer Derrick Lew to non-public contact duty for participating in the VIDEO.

NUMBER TWENTY-SIX:  Admit that on or about December 5, 2005, you knew Officer Derrick Lew to be a person of Asian race.

NUMBER TWENTY-SEVEN:  Admit that on or about December 5, 2005, you knew Officer Derrick Lew to be a person of Chinese-American ethnicity.

NUMBER TWENTY-EIGHT:  Admit that on or about December 5, 2006, you knew Officer Eric Chaing was employed at the San Francisco Police Department.

NUMBER TWENTY-NINE:  Admit that on or about December 6, 2005 you knew that Officer Eric Chaing had participated in the production of the VIDEO.

NUMBER THIRTY:  Admit that you did not formally disarm Officer Eric Chaing by requiring him to relinquish his department issued firearm for participating in the video.

NUMBER THIRTY-ONE:  Admit that you did not require Officer Eric Chaing to relinquish his department issued police badge for participating in the video.

NUMBER THIRTY-TWO:  Admit that you did not reassign Officer Eric Chaing to non-public contact duty for participating in the video.

NUMBER THIRTY-THREE:  Admit that on or about December 5, 2005, you knew Officer Eric Chaing to be a person of Asian race.

NUMBER THIRTY-FOUR:  Admit that on or about December 5, 2005, you knew Officer Eric Chaing to be a person of Chinese-American ethnicity.

NUMBER THIRTY-FIVE:  Admit that on or about December 5, 2005, you knew Officer Alex Kwan was employed at the San Francisco Police Department.

NUMBER THIRTY-SIX:  Admit or deny that on December 6, 2005, you knew that Officer Alex Kwan had participated in the production of the VIDEO.

NUMBER THIRTY-SEVEN:  Admit that you did not formally disarm Officer Alex Kwan by requiring him to relinquish his department issued firearm for participating in the VIDEO.

NUMBER THIRTY-EIGHT:  Admit that you did not require Officer Alex Kwan to relinquish his department issued police badge for participating in the VIDEO.

NUMBER THIRTY-NINE:  Admit that you did not reassign Officer Alex Kwan to non-public contact duty for participating in the VIDEO.

NUMBER FORTY:  Admit that on or about December 5, 2005, you knew Officer Alex Kwan to be a person of Asian race.

NUMBER FORTY-ONE:  Admit that on or about December 5, 2005, you knew Officer Alex Kwan to be a person of Chinese-American ethnicity.

NUMBER FORTY-TWO:  Admit that on or about December 5, 2005, you knew Officer John Pai was employed at the San Francisco Police Department.

NUMBER FORTY-THREE:  Admit or deny that on December 6, 2005, you knew that Officer John Pai had participated in the production of the VIDEO.

NUMBER FORTY-FOUR:  Admit that you did not formally disarm Officer John Pai by requiring him to relinquish his department issued firearm for participating in the VIDEO.

NUMBER FORTY-FIVE:  Admit that you did not require Officer John Pai to relinquish his department issued police badge for participating in the VIDEO.

NUMBER FORTY-SIX:  Admit that you did not reassign Officer John Pai to non-public contact duty for participating in the VIDEO.

NUMBER FORTY-SEVEN:  Admit that on or about December 5, 2005, you knew Officer John Pai to be a person of Asian race.

NUMBER FORTY-EIGHT:  Admit that on or about December 5, 2005, you knew Officer John Pai to be a person of Chinese-American ethnicity.

NUMBER FORTY-NINE:  Admit that on or about December 6, 2006, you advised Cohen that he could not work overtime hours due to his participation in the VIDEO.

NUMBER FIFTY:  Admit that Officer Derrick Lew was not prohibited from receiving overtime hours for his participation in the VIDEO.

NUMBER FIFTY-ONE:  Admit that Officer Eric Chaing was not prohibited from receiving overtime hours for his participation in the VIDEO.

NUMBER FIFTY-TWO:  Admit that Officer Alex Kwan was not prohibited from receiving overtime hours for his participation in the VIDEO.

NUMBER FIFTY-THREE  Admit that Officer John Pai was not prohibited from receiving overtime hours for his participation in the VIDEO.

Dated this _____.

Waukeen Q. McCoy Esq. (SBN: 168228)
LAW OFFICES OF WAUKEEN Q. McCOY
703 Market Street, Suite 1407
San Francisco, California 94102

# EXHIBIT "H"

EXHIBIT "H"

1 | Waukeen Q. McCoy, Esq. (SBN: 168228)
LAW OFFICES OF WAUKEEN Q. McCOY
2 | 703 Market Street, Suite 1407
San Francisco, California 94102
3 | Telephone: (415) 675-7705
Facsimile: (415) 675-2530
4

5 | Attorney for Plaintiffs
CLAYTON HARMSTON et al.

6

7 | SUPERIOR COURT OF THE STATE OF CALIFORNIA
CITY AND COUNTY OF SAN FRANCISCO

8

9 | CLAYTON HARMSTON, et al.,        )   Case No.: 06-454955
                                    )
10 |             Plaintiff,          )   PLAINTIFF'S REQUEST FOR
                                    )   ADMISSIONS, SET ONE, TO DEFENDANT
11 |      vs.                        )   CITY AND COUNTY OF SAN
                                    )   FRANCISCO, PURSUANT TO
12 | CITY AND COUNTY OF SAN          )   CALIFORNIA CODE OF CIVIL
                                    )   PROCEDURE SECTION 2033
13 | FRANCISCO, et al.,              )
                                    )
14 |             Defendant          )

15 | _____

16 | PROPOUNDING PARTY:   Plaintiff CLAYTON HARMSTON

17 | RESPONDING PARTY:   Defendant CITY AND COUNTY OF SAN FRANCISCO

18 | SET NUMBER:   ONE

19

20 |      Pursuant to California Code of Civil Procedure Section 2033, Plaintiff HARMSTON

21 | hereby requests that defendant CITY AND COUNTY OF SAN FRANCISCO ("CITY") answer

22 | each of the following Requests for Admissions, Set No. One, separately, fully, and under oath,

23 | within thirty (30) days from service hereof.

24 |                              DEFINITIONS

25 |      For purposes of this Set of Request for Admissions only, the following terms are defined

26 | as follows:

27

28

"VIDEO" means that video identified in the General Allegations of the Complaint in this matter, being a video produced in the latter part of 2005, and depicting members of the San Francisco Police Department assigned at that time to the Bayview Station.

"CITY" means the City and County of San Francisco, and those in its employment.

## REQUESTS FOR ADMISSIONS

NUMBER ONE:  Admit that one or more of Officer Harmston's supervisors was aware that the VIDEO was intended as a comedic roast of Captain Rick Bruce.

NUMBER TWO:  Admit that prior to or on December 8, 2005, Police Chief Heather Fong viewed the entire contents of above-referenced VIDEO.

NUMBER THREE:  Admit that on or about December 8, 2005, CITY required Officer Harmston to relinquish his department-issued firearm.

NUMBER FOUR:  Admit that on or about December 8, 2005, CITY required Officer Harmston to relinquish his department-issued police badge.

NUMBER FIVE:  Admit that on or about December 8, 2005 CITY reassigned Officer Harmston to non-public contact duty in the Records Room at the Hall of Justice.

NUMBER SIX:  Admit that CITY required Officer Harmston to relinquish his department-issued firearm and badge, and reassigned him to duty in the Records Room because of his participation in creating the VIDEO.

NUMBER SEVEN:  Admit that on or about December 7, 2005, Police Chief Heather Fong convened a press conference related to the VIDEO.

NUMBER EIGHT:  Admit that prior to the December 7, 2005 press conference CITY caused excerpts of the VIDEO to be played for viewing by members of the media.

NUMBER NINE:  Admit that after the December 7, 2005 press conference, CITY caused excerpts of the VIDEO to be played for viewing by members of the media.

NUMBER TEN:  Admit that at the press conference of December 7, 2005, Mayor Gavin Newsom publicly described VIDEO as sexist.

NUMBER ELEVEN: Admit that at the press conference of December 7, 2005, Mayor Gavin Newsom described VIDEO as shameful.

NUMBER TWELVE: Admit that at the press conference of December 7, 2005, Mayor Gavin Newsom described VIDEO as offensive.

NUMBER THIRTEEN:  Admit that at the press conference of December 7, 2005, Mayor Gavin Newsom described VIDEO as racist.

NUMBER FOURTEEN:  Admit that at the press conference of December 7, 2005, Mayor Gavin Newsom described VIDEO as homophobic.

NUMBER FIFTEEN:  Admit that at the press conference of December 7, 2005, Police Chief Heather Fong publicly described VIDEO as depicting shameful acts by police officers.

NUMBER SIXTEEN:  Admit that at the press conference of December 7, 2005, Police Chief Heather Fong publicly described VIDEO as depicting disgraceful acts by police officers.

NUMBER SEVENTEEN: Admit that at the press conference of December 7, 2005, Police Chief Heather Fong stated that it was a "dark day, an extremely dark day, in the history of the San Francisco Police Department."

NUMBER EIGHTEEN: Admit that on December 8, 2005, CITY suspended Officer Harmston from duty without pay.

NUMBER NINETEEN: Admit that CITY suspended Officer Harmston from duty without pay because of his participation in creating the VIDEO.

NUMBER TWENTY: Admit that on December 8, 2005, CITY knew Officer Harmston was not Asian.

NUMBER TWENTY-ONE: Admit that on or about December 5, 2005, CITY knew Officer Derrick Lew to be an employee of the San Francisco Police Department.

NUMBER TWENTY-TWO: Admit that on or about December 6, 2005 CITY knew that Officer Derrick Lew had participated in the production of the VIDEO.

NUMBER TWENTY-THREE: Admit that CITY did not formally disarm Officer Derrick Lew by requiring him to relinquish his department issued firearm for participating in the VIDEO.

NUMBER TWENTY-FOUR: Admit that CITY did not require Officer Derrick Lew to relinquish his department issued police badge for participating in the VIDEO.

NUMBER TWENTY-FIVE: Admit that CITY did not reassign Officer Derrick Lew to non-public contact duty for participating in the VIDEO.

NUMBER TWENTY-SIX:  Admit that on or about December 5, 2005, CITY knew Officer Derrick Lew to be a person of Asian race.

NUMBER TWENTY-SEVEN:  Admit that on or about December 5, 2005, CITY knew Officer Derrick Lew to be a person of Chinese-American ethnicity.

NUMBER TWENTY-EIGHT:  Admit that on or about December 5, 2006, CITY knew Officer Eric Chaing was employed at the San Francisco Police Department.

NUMBER TWENTY-NINE:  Admit that on or about December 6, 2005 CITY knew that Officer Eric Chaing had participated in the production of the VIDEO.

NUMBER THIRTY:  Admit that CITY did not formally disarm Officer Eric Chaing by requiring him to relinquish his department issued firearm for participating in the video.

NUMBER THIRTY-ONE:  Admit that CITY did not require Officer Eric Chaing to relinquish his department issued police badge for participating in the video.

NUMBER THIRTY-TWO:  Admit that CITY did not reassign Officer Eric Chaing to non-public contact duty for participating in the video.

NUMBER THIRTY-THREE:  Admit that on or about December 5, 2005, CITY knew Officer Eric Chaing to be a person of Asian race.

NUMBER THIRTY-FOUR:  Admit that on or about December 5, 2005, CITY knew Officer Eric Chaing to be a person of Chinese-American ethnicity.

NUMBER THIRTY-FIVE:  Admit that on or about December 5, 2005, CITY knew Officer Alex Kwan was employed at the San Francisco Police Department.

NUMBER THIRTY-SIX:  Admit or deny that on December 6, 2005, CITY knew that Officer Alex Kwan had participated in the production of the VIDEO.

NUMBER THIRTY-SEVEN:  Admit that CITY did not formally disarm Officer Alex Kwan by requiring him to relinquish his department issued firearm for participating in the VIDEO.

NUMBER THIRTY-EIGHT:  Admit that CITY did not require Officer Alex Kwan to relinquish his department issued police badge for participating in the VIDEO.

NUMBER THIRTY-NINE:  Admit that CITY did not reassign Officer Alex Kwan to non-public contact duty for participating in the VIDEO.

NUMBER FORTY:  Admit that on or about December 5, 2005, CITY knew Officer Alex Kwan to be a person of Asian race.

NUMBER FORTY-ONE:  Admit that on or about December 5, 2005, CITY knew Officer Alex Kwan to be a person of Chinese-American ethnicity.

NUMBER FORTY-TWO:  Admit that on or about December 5, 2005, CITY knew Officer John Pai was employed at the San Francisco Police Department.

NUMBER FORTY-THREE:  Admit or deny that on December 6, 2005, CITY knew that Officer John Pai had participated in the production of the VIDEO.

1    NUMBER FORTY-FOUR:  Admit that CITY did not formally disarm Officer John Pai by

2    requiring him to relinquish his department issued firearm for participating in the VIDEO.

3

4    NUMBER FORTY-FIVE:  Admit that CITY did not require Officer John Pai to relinquish his

5    department issued police badge for participating in the VIDEO.

6

7    NUMBER FORTY-SIX:  Admit that CITY did not reassign Officer John Pai to non-public

8    contact duty for participating in the VIDEO.

9

10   NUMBER FORTY-SEVEN:  Admit that on or about December 5, 2005, CITY knew Officer

11   John Pai to be a person of Asian race.

12

13   NUMBER FORTY-EIGHT:  Admit that on or about December 5, 2005, CITY knew Officer

14   John Pai to be a person of Chinese-American ethnicity.

15   NUMBER FORTY-NINE:  Admit that on or about December 6, 2006, CITY advised Harmston

16   that he could not work overtime hours due to his participation in the VIDEO.

17   NUMBER FIFTY:  Admit that Officer Derrick Lew was not prohibited from receiving overtime

18   hours for his participation in the VIDEO.

19   NUMBER FIFTY-ONE:  Admit that Officer Eric Chaing was not prohibited from receiving

20   overtime hours for his participation in the VIDEO.

21   NUMBER FIFTY-TWO:  Admit that Officer Alex Kwan was not prohibited from receiving

22   overtime hours for his participation in the VIDEO.

23   NUMBER FIFTY-THREE  Admit that Officer John Pai was not prohibited from receiving

24   overtime hours for his participation in the VIDEO.

25                                                                    9/19/2006

26                    Dated this _____,

27                    Waukeen Q. McCoy, Esq. (SBN: 168228)
                      LAW OFFICES OF WAUKEEN Q. McCOY
28                    703 Market Street, Suite 1407
                      San Francisco, California 94102

1  Waukeen Q. McCoy
   LAW OFFICES OF WAUKEEN Q. McCOY
2  703 Market Street, Suite 1407
   San Francisco, California 94102
3  Telephone: (415) 675-7705
   Facsimile: (415) 675-2530
4
   Attorney for Plaintiffs
5  CLAYTON HARMSTON et al.

6              SUPERIOR COURT OF THE STATE OF CALIFORNIA
7                  CITY AND COUNTY OF SAN FRANCISCO

8
   CLAYTON HARMSTON, et al.,          )  Case No.: 06-454955
9                                     )
              Plaintiff,              )  DECLARATION IN SUPPORT OF
10                                    )  PLAINTIFF'S REQUEST FOR
       vs.                            )  ADMISSIONS, SET ONE, TO DEFENDANT
11                                    )  CITY AND COUNTY OF SAN
   CITY AND COUNTY OF SAN             )  FRANCISCO, PURSUANT TO
12                                    )  CALIFORNIA CODE OF CIVIL
   FRANCISCO, et al.,                 )  PROCEDURE SECTION 2033(c)(3)
13                                    )
              Defendant               )
14  _____

15
          This declaration is in support of Plaintiff CLAYTON HARMSTON's Request for
16
   Admissions, Set One, to Defendants CITY AND COUNTY OF SAN FRANCISCO, HEATHER
17
   FONG.
18
   I, WAUKEEN Q. McCOY, declare as follows:
19
   1. I am presently the attorney for Plaintiff CLAYTON HARMSTON, a party to this action.
20
   2. I have propounded to CITY AND COUNTY OF SAN FRANCISCO, CHIEF HEATHER
21
   FONG, Requests For Admission, Set One.
22
   3. The set of Requests for Admission numbered Set One will cause the total number of requests
23
   propounded to the party to whom they are directed to exceed the number of requests permitted
24
   by paragraph (1) of subdivision (c) of Section 2033 of the Code of Civil Procedure.
25
   4. The set of Requests for Admission numbered Set One contains a total of fifty-three requests
26
   (City and County), and a total of fifty-three requests (Fong).
27
   5. I am familiar with the issues and the previous discovery conducted by all of the parties in this
28
   case.

              Declaration in Support of Requests for Admission, Set One - 1

6. I have personally examined each of the requests in the set of Requests for Admission numbered Set One for both the City and Fong.

7. The number of requests for admission is warranted under paragraph (2) of subdivision (c) of Section 2033 of the Code of Civil Procedure because of the complexity of this case. The case involves an extraordinary number of existing and potential issues.

8. None of the requests in this set of requests is being propounded for any improper purpose, such as to harass the party, or the attorney for the party, to whom it is directed, or to cause unnecessary delay or needless increase in the cost of litigation.

I declare under penalty of perjury under the laws of California that the foregoing is true and correct.

Dated this September 19, 2006,

Waukeen Q. McCoy
LAW OFFICES OF WAUKEEN Q. McCOY
703 Market Street, Suite 1407
San Francisco, California 94102
Telephone: (415) 675-7705
Facsimile: (415) 675-2530

Declarant and Attorney for Plaintiffs
CLAYTON/HARMSTON et al.

# EXHIBIT "I"

EXHIBIT "I"

1  Waukeen Q. McCoy, Esq. (SBN: 168228)
   LAW OFFICES OF WAUKEEN Q. McCOY
2  703 Market Street, Suite 1407
   San Francisco, California 94102
3  Telephone: (415) 675-7705
   Facsimile: (415) 675-2530
4
   Attorney for Plaintiffs
5  CLAYTON HARMSTON et al.
6
7  SUPERIOR COURT OF THE STATE OF CALIFORNIA
   CITY AND COUNTY OF SAN FRANCISCO
8
9  CLAYTON HARMSTON, et al.,                )  Case No.: 06-454955
                                            )
10            Plaintiff,                    )  PLAINTIFF'S REQUEST FOR
                                            )  ADMISSIONS, SET ONE, TO DEFENDANT
11       vs.                                )  FONG, PURSUANT TO CALIFORNIA
                                            )  CODE OF CIVIL PROCEDURE SECTION
12  CITY AND COUNTY OF SAN                  )  2033
                                            )
13  FRANCISCO, et al.,                      )
                                            )
14            Defendant                     )
15  _____
16  PROPOUNDING PARTY:   Plaintiff CLAYTON HARMSTON
17  RESPONDING PARTY:    Defendant FONG
18  SET NUMBER:          ONE
19
20       Pursuant to California Code of Civil Procedure Section 2033, Plaintiff HARMSTON
21  hereby requests that defendant HEATHER FONG ("FONG") answer each of the following
22  Requests for Admissions, Set No. One, separately, fully, and under oath, within thirty (30) days
23  from service hereof.
24                              DEFINITIONS
25       For purposes of this Set of Request for Admissions only, the following terms are defined
26  as follows:
27
28

1     "VIDEO" means that video identified in the General Allegations of the Complaint in this

2     matter, being a video produced in the latter part of 2005, and depicting members of the San

3     Francisco Police Department assigned at that time to the Bayview Station.

4                          REQUESTS FOR ADMISSIONS

5

6     NUMBER ONE:  Admit that one or more of Officer Harmston's supervisors was aware that the

7     VIDEO was intended as a comedic roast of Captain Rick Bruce.

8

9     NUMBER TWO:  Admit that prior to or on December 8, 2005, you viewed the entire contents of

10    above-referenced VIDEO.

11

12    NUMBER THREE:  Admit that on or about December 8, 2005, you required Officer Harmston

13    to relinquish his department-issued firearm.

14

15    NUMBER FOUR:  Admit that on or about December 8, 2005, you required Officer Harmston to

16    relinquish his department-issued police badge.

17

18    NUMBER FIVE:  Admit that on or about December 8, 2005 you reassigned Officer Harmston to

19    non-public contact duty in the Records Room at the Hall of Justice.

20

21    NUMBER SIX:  Admit that you required Officer Harmston to relinquish his department-issued

22    firearm and badge, and reassigned him to duty in the Records Room because of his participation

23    in creating the VIDEO.

24

25    NUMBER SEVEN:  Admit that on or about December 7, 2005, you convened a press conference

26    related to the VIDEO.

27

28

                      Plaintiff's Request for Admission Set No. 1 - 2

1   NUMBER EIGHT:  Admit that prior to the December 7, 2005 press conference you caused
2   excerpts of the VIDEO to be played for viewing by members of the media.
3

4   NUMBER NINE:  Admit that after the December 7, 2005 press conference, you caused excerpts
5   of the VIDEO to be played for viewing by members of the media.
6

7   NUMBER TEN:  Admit that at the press conference of December 7, 2005, Mayor Gavin
8   Newsom publicly described VIDEO as sexist.
9

10  NUMBER ELEVEN: Admit that at the press conference of December 7, 2005, Mayor Gavin
11  Newsom described VIDEO as shameful.
12

13  NUMBER TWELVE: Admit that at the press conference of December 7, 2005, Mayor Gavin
14  Newsom described VIDEO as offensive.
15  NUMBER THIRTEEN:  Admit that at the press conference of December 7, 2005, Mayor Gavin
16  Newsom described VIDEO as racist.
17

18  NUMBER FOURTEEN:  Admit that at the press conference of December 7, 2005, Mayor Gavin
19  Newsom described VIDEO as homophobic.
20

21  NUMBER FIFTEEN:  Admit that at the press conference of December 7, 2005, you publicly
22  described VIDEO as depicting shameful acts by police officers.
23

24  NUMBER SIXTEEN:  Admit that at the press conference of December 7, 2005, you publicly
25  described VIDEO as depicting disgraceful acts by police officers.
26

27

28

NUMBER SEVENTEEN:  Admit that at the press conference of December 7, 2005, you stated that it was a "dark day, an extremely dark day, in the history of the San Francisco Police Department."

NUMBER EIGHTEEN:  Admit that on December 8, 2005, you suspended Officer Harmston from duty without pay.

NUMBER NINETEEN:  Admit that you suspended Officer Harmston from duty without pay because of his participation in creating the VIDEO.

NUMBER TWENTY:  Admit that on December 8, 2005, you knew Officer Harmston was not Asian.

NUMBER TWENTY-ONE:  Admit that on or about December 5, 2005, you knew Officer Derrick Lew to be an employee of the San Francisco Police Department.

NUMBER TWENTY-TWO:  Admit that on or about December 6, 2005 you knew that Officer Derrick Lew had participated in the production of the VIDEO.

NUMBER TWENTY-THREE:  Admit that you did not formally disarm Officer Derrick Lew by requiring him to relinquish his department issued firearm for participating in the VIDEO.

NUMBER TWENTY-FOUR:  Admit that you did not require Officer Derrick Lew to relinquish his department issued police badge for participating in the VIDEO.

NUMBER TWENTY-FIVE:  Admit that you did not reassign Officer Derrick Lew to non-public contact duty for participating in the VIDEO.

NUMBER TWENTY-SIX:  Admit that on or about December 5, 2005, you knew Officer Derrick Lew to be a person of Asian race.

NUMBER TWENTY-SEVEN:  Admit that on or about December 5, 2005, you knew Officer Derrick Lew to be a person of Chinese-American ethnicity.

NUMBER TWENTY-EIGHT:  Admit that on or about December 5, 2006, you knew Officer Eric Chaing was employed at the San Francisco Police Department.

NUMBER TWENTY-NINE:  Admit that on or about December 6, 2005 you knew that Officer Eric Chaing had participated in the production of the VIDEO.

NUMBER THIRTY:  Admit that you did not formally disarm Officer Eric Chaing by requiring him to relinquish his department issued firearm for participating in the video.

NUMBER THIRTY-ONE:  Admit that you did not require Officer Eric Chaing to relinquish his department issued police badge for participating in the video.

NUMBER THIRTY-TWO:  Admit that you did not reassign Officer Eric Chaing to non-public contact duty for participating in the video.

NUMBER THIRTY-THREE:  Admit that on or about December 5, 2005, you knew Officer Eric Chaing to be a person of Asian race.

NUMBER THIRTY-FOUR:  Admit that on or about December 5, 2005, you knew Officer Eric Chaing to be a person of Chinese-American ethnicity.

1   NUMBER THIRTY-FIVE:  Admit that on or about December 5, 2005, you knew Officer Alex

2   Kwan was employed at the San Francisco Police Department.

3

4   NUMBER THIRTY-SIX:  Admit or deny that on December 6, 2005, you knew that Officer Alex

5   Kwan had participated in the production of the VIDEO.

6

7   NUMBER THIRTY-SEVEN:  Admit that you did not formally disarm Officer Alex Kwan by

8   requiring him to relinquish his department issued firearm for participating in the VIDEO.

9

10  NUMBER THIRTY-EIGHT:  Admit that you did not require Officer Alex Kwan to relinquish

11  his department issued police badge for participating in the VIDEO.

12

13  NUMBER THIRTY-NINE:  Admit that you did not reassign Officer Alex Kwan to non-public

14  contact duty for participating in the VIDEO.

15

16  NUMBER FORTY:  Admit that on or about December 5, 2005, you knew Officer Alex Kwan to

17  be a person of Asian race.

18

19  NUMBER FORTY-ONE:  Admit that on or about December 5, 2005, you knew Officer Alex

20  Kwan to be a person of Chinese-American ethnicity.

21

22  NUMBER FORTY-TWO:  Admit that on or about December 5, 2005, you knew Officer John

23  Pai was employed at the San Francisco Police Department.

24

25  NUMBER FORTY-THREE:  Admit or deny that on December 6, 2005, you knew that Officer

26  John Pai had participated in the production of the VIDEO.

27

28

Plaintiff's Request for Admission Set No. 1 - 6

1   NUMBER FORTY-FOUR:  Admit that you did not formally disarm Officer John Pai by

2   requiring him to relinquish his department issued firearm for participating in the VIDEO.

3

4   NUMBER FORTY-FIVE:  Admit that you did not require Officer John Pai to relinquish his

5   department issued police badge for participating in the VIDEO.

6

7   NUMBER FORTY-SIX:  Admit that you did not reassign Officer John Pai to non-public contact

8   duty for participating in the VIDEO.

9

10  NUMBER FORTY-SEVEN:  Admit that on or about December 5, 2005, you knew Officer John

11  Pai to be a person of Asian race.

12

13  NUMBER FORTY-EIGHT:  Admit that on or about December 5, 2005, you knew Officer John

14  Pai to be a person of Chinese-American ethnicity.

15  NUMBER FORTY-NINE:  Admit that on or about December 6, 2006, you advised Harmston

16  that he could not work overtime hours due to his participation in the VIDEO.

17  NUMBER FIFTY:  Admit that Officer Derrick Lew was not prohibited from receiving overtime

18  hours for his participation in the VIDEO.

19  NUMBER FIFTY-ONE:  Admit that Officer Eric Chaing was not prohibited from receiving

20  overtime hours for his participation in the VIDEO.

21  NUMBER FIFTY-TWO:  Admit that Officer Alex Kwan was not prohibited from receiving

22  overtime hours for his participation in the VIDEO.

23  NUMBER FIFTY-THREE  Admit that Officer John Pai was not prohibited from receiving

24  overtime hours for his participation in the VIDEO.

25

26  Dated this _____,

27  Waukeen Q. McCoy, Esq. (SBN: 168228)
    LAW OFFICES OF WAUKEEN Q. McCOY
28  703 Market Street, Suite 1407
    San Francisco, California 94102

# EXHIBIT "J"

EXHIBIT "J"

1 │ WAUKEEN Q. McCOY, ESQ. (SBN: 168228)
    │ LAW OFFICES OF WAUKEEN Q. McCOY
2 │ 703 Market Street, Suite 1407
    │ San Francisco, California 94103
3 │ Telephone (415) 675-7705
    │ Facsimile (415) 675-2530

4 │ Attorney for Plaintiffs
    │ CLAYTON HARMSTON et al.

5

6 │              SUPERIOR COURT OF THE STATE OF CALIFORNIA

7 │                     COUNTY OF SAN FRANCISCO

8 │                      UNLIMITED JURISDICTION

9

10 │ CLAYTON HARMSTON, an individual; GIGI        ) Case No. CGC 06-454955
11 │ GEORGE, an individual; JAMES LEWIS, an       )
    │ individual; MIKE EVANSON, an individual,     )
12 │ ERICK SOLARES, an individual; DAVE           ) NOTICE OF DEPOSITION OF PERSON
13 │ PARRY, an individual; ANDREW COHEN,          ) MOST KNOWLEDGABLE PURSUANT
    │ an individual; NOAH MALLINGER, an            ) TO CCP §2025.230
14 │ individual; CARLOS MUSTAFICH, an             )
15 │ individual; LUIS DEJESUS, an individual;     )
    │ JAMES D. AHERNE, an individual; JASON        )
16 │ KIRCHNER, an individual; REGINALD            )
17 │ SCOTT, an individual; GERALD P. LYONS,       )
    │ an individual; WENDY HURLEY, an              )
18 │ individual; HOLLY STOUMEN, an individual;    )
    │ CHRISTINE ARNDT, an individual;              )
19 │ SHAREEF NASIR, an individual                 )
20 │              Plaintiffs,                      ) Date: Oct 5th, 2006
    │                                              ) Time: 9:00 AM
21 │       vs.                                     ) Address: Law Offices of Waukeen Q. McCoy
    │                                              )          703 Market Street, Suite 1407
22 │                                              )          San Francisco, CA  94103
23 │ CITY AND COUNTY OF SAN FRANCISCO,            )
    │ HEATHER FONG, an individual, and DOES        )
24 │ 1-50                                          )
25 │              Defendants.                      )
26 │ ─────────────────────────────────

27

28

1    PLEASE TAKE NOTICE that at 9:00am on Oct 5th, 2006, at the Law Offices of

2  Waukeen McCoy, 703 Market Street, Suite 1407, San Francisco, CA 94103, Plaintiffs Clayton

3  Harmston et al, through their undersigned attorneys, will take the deposition of **The Person most**

4  **Knowledgeable Pursuant to CCP §2025.230, concerning the following categories of**

5  **information;**

6       **(1) the criteria used in the decision to suspend plaintiffs;**

7       **(2) the criteria used in the decision to take away plaintiffs badges and guns;**

8       **(3) the criteria used in the decision used to discipline plaintiffs for their role in the**

9           **video which is the subject of the complaint herein.**

10    Said deposition will take place for the purpose of cross-examination and for all other

11  purposes and uses authorized by the California Code of Civil Procedure. Said oral examination

12  will continue from day to day thereafter, Saturdays, Sundays and holidays excepted until

13  complete.

14    PLEASE TAKE FURTHER NOTICE THAT said deposition will be recorded

15  stenographically and by videotape.

16

17  DATED: September 18th, 2006

18                                        Waukeen Q. McCoy, Esq.

19                                        Attorney for Plaintiffs

20

21

22

23

24

25

26

27

28

NOTICE OF DEPOSITION OF PERSON MOST
KNOWLEDGABLE PURSUANT TO CCP §2025.230          2

# EXHIBIT "K"

EXHIBIT "K"

WAUKEEN Q. McCOY, ESQ. (SBN: 168228)
LAW OFFICES OF WAUKEEN Q. McCOY
703 Market Street, Suite 1407
San Francisco, California 94103
Telephone (415) 675-7705
Facsimile (415) 675-2530

Attorney for Plaintiffs
CLAYTON HARMSTON et al.

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SAN FRANCISCO

## UNLIMITED JURISDICTION

| | |
|---|---|
| CLAYTON HARMSTON, an individual; GIGI GEORGE, an individual; JAMES LEWIS, an individual; MIKE EVANSON, an individual, ERICK SOLARES, an individual; DAVE PARRY, an individual; ANDREW COHEN, an individual; NOAH MALLINGER, an individual; CARLOS MUSTAFICH, an individual; LUIS DEJESUS, an individual; JAMES D. AHERNE, an individual; JASON KIRCHNER, an individual; REGINALD SCOTT, an individual; GERALD P. LYONS, an individual; WENDY HURLEY, an individual; HOLLY STOUMEN, an individual; CHRISTINE ARNDT, an individual; SHAREEF NASIR, an individual | Case No. CGC 06-454955<br><br>**NOTICE OF TAKING DEPOSITION OF HEATHER FONG** |
| Plaintiffs, | |
| vs. | **Date: Oct 5th, 2006**<br>**Time:** 1:00 pm<br>Address: Law Offices of Waukeen Q. McCoy<br>703 Market Street, Suite 1407<br>San Francisco, CA 94103 |
| CITY AND COUNTY OF SAN FRANCISCO, HEATHER FONG, an individual, and DOES 1-50 | |
| Defendants. | |

1    PLEASE TAKE NOTICE that at 1:00 pm on Oct 5th, 2006, at the Law Offices of

2  Waukeen McCoy, 703 Market Street, Suite 1407, San Francisco, CA 94103, Plaintiffs Clayton

3  Harmston et al, through their undersigned attorneys, will take the deposition of **Heather Fong.**

4    Said deposition will take place for the purpose of cross-examination and for all other

5  purposes and uses authorized by the California Code of Civil Procedure.  Said oral examination

6  will continue from day to day thereafter, Saturdays, Sundays and holidays excepted until

7  complete.

8    PLEASE TAKE FURTHER NOTICE THAT said deposition will be recorded

9  stenographically and by videotape.

10

11  DATED:  September 18th, 2006

12                                                    Waukeen Q. McCoy, Esq.

13                                                    Attorney for Plaintiffs

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF TAKING DEPOSITION
OF HEATHER FONG                                     2

# PROOF OF SERVICE

I declare:

My business address is 703 Market Street, Suite 1407, San Francisco, CA. I am over the age of 18 and am not a party to this action.

On September 18, 2006 , I caused to be served:

NOTICE OF TAKING DEPOSITION OF GAVIN NEWSOM, AND SUBPOENA FOR DEPOSITION

NOTICE OF TAKING DEPOSITION OF HEATHER FONG
NOTICE OF DEPOSITION OF PERSON MOST KNOWLEDGABLE PURSUANT TO CCP §2025.230
On  the party(ies) listed below, addressed as follows:

*LAWRENCE HECIMOVICH*

1390 MARKET ST 5TH FLOOR  . SAN FRANCISCO. CA 94103

___X___       **By Hand Delivery**

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on September 18. 2006  at San Francisco. California.

LAW OFFICES OF WAUKEEN Q. McCOY

Mark D Roberts

NOTICE OF TAKING DEPOSITION
OF HEATHER FONG                                    5

# EXHIBIT "L"

EXHIBIT "L"



CITY AND COUNTY OF SAN FRANCISCO

OFFICE OF THE CITY ATTORNEY

DENNIS J. HERRERA
City Attorney

LARRY HECIMOVICH
Deputy City Attorney

DIRECT DIAL: (415) 554-3933
E-MAIL: larry.hecimovich@sfgov.org

September 27, 2006

*Via Facsimile & U.S. Mail*

Waukeen McCoy, Esq.
Law Offices of Waukeen McCoy
703 Market Street, Suite 1407
San Francisco, CA 94103

Re:     *Harmston et al. v. CCSF et al.,*
        San Francisco Superior Court Case No. 454955

Dear Mr. McCoy:

Per my discussion this afternoon with Andy from your office, I am enclosing Authorizations To Release And Obtain Information And Records for each of your clients. Please have each of the Plaintiffs execute the Authorization and return them to me by no later than Friday, to allow Defendants adequate time to prepare for next week's depositions.

The Department's witnesses will not disclose personnel information as to any officer, including any Plaintiff, who has not signed an authorization. Based on your written discovery, we assume that Plaintiffs also intend to seek both written and oral personnel information relating to Officers Derrick Lew, Erik Chaing, Alex Kwan and John Pai, in addition to each of the Plaintiffs. Please note that the procedure for obtaining personnel information relating to a police officer is set forth in California Evidence Code section 1043 et seq. Accordingly, neither Chief Fong nor any other City witness can testify as to officer personnel information prior to Plaintiffs filing and obtaining an order on a motion under that section. If you intend to elicit information relating to officers other than Plaintiffs either from Chief Fong or the "person most knowledgeable," you must proceed under section 1043 prior to the deposition. Please let us know if that is the case or, in the alternative, confirm in writing that Plaintiffs waive their right to seek such information in these depositions. If I do not receive such a confirmation by no later than Friday, I will assume that you are not proceeding with the depositions as noticed.

Finally, it appears from your discovery that Plaintiffs do not intend to examine witnesses as to the Department's ongoing investigation of the videotape misconduct. In the event that that is not the case, please note that the Department's investigation is ongoing, such that disclosure of information relating to the investigation would result in irreparable and unacceptable harm to the City's ability to complete the investigation and take appropriate disciplinary action based on the Department's findings. Neither Chief Fong nor any other City witness will disclose any information relating to the investigation, including but not limited to the information uncovered during the investigation. If you intend to elicit information relating to the Department's ongoing investigation from either Chief Fong or the "person most knowledgeable," please let us know that and will assume that you will not commence the deposition until the Department has concluded its investigation. In the alternative, please confirm in writing that Plaintiffs waive their right to seek such information in these depositions. If I do not receive such a confirmation by no later than Friday, I will assume that you are not proceeding with the depositions as noticed.

FOX PLAZA · 1390 MARKET STREET, 5TH FLOOR · SAN FRANCISCO, CALIFORNIA 94102-5408
RECEPTION: (415) 554-3800 · FACSIMILE: (415) 554-4248

n:\labor\li2006\070245\00402043.doc

CITY AND COUNTY OF SAN FRANCISCO                    OFFICE OF THE CITY ATTORNEY

Letter to Waukeen McCoy, Esq.
Page 2
September 27, 2006

        Please let me know immediately if you do not agree with any of the above limitations on
the scope of Plaintiffs' discovery. If we cannot reach agreement immediately, Defendants will
seek an appropriate protective order from the court.

        Thank you for your immediate attention to this matter.

                                        Very truly yours,

                                        DENNIS J. HERRERA
                                        City Attorney


                                        LARRY HECIMOVICH
                                        Deputy City Attorney

Enclosure

REQUEST AND AUTHORIZATION
TO RELEASE AND OBTAIN INFORMATION AND RECORDS
(Peace Officer Records Release)
*Harmston et al. v. CCSF et al.,*
*San Francisco Superior Court Case No. 454955*

I, _____, hereby request and authorize the City and County of San Francisco ("City"), through its Police Department, to release to the Law Offices of Waukeen McCoy any information and records about me in the possession, custody or control of the Police Department. This request includes, but is not limited to, personnel records and medical records, including psychiatric records. I acknowledge and confirm that the Department may obtain personnel information relating to my employment and my participation in the conduct at issue in the above lawsuit through sworn deposition testimony and other investigation and discovery directed to me as well as to other Department Officers. I further acknowledge and confirm that the Department shall not treat such information as confidential information under the terms of any protective order entered into between the parties in this matter.

In executing this Request and Authorization to Release Information and Records, I knowingly, voluntarily and expressly waive the procedures and protections afforded by the Public Safety Officers' Procedural Bill of Rights Act, California Government Code section 3300 *et seq.*, California Evidence Code sections 1040, 1043 through 1047, and 1511, and California Penal Code sections 832.5, 832.6 and 832.7.

This Request and Authorization shall be effective through final resolution of the above-captioned litigation.

Date:_____          _____
                                            Signature

N:\LABOR\L2006\070245\00400172.DOC

# EXHIBIT "M"

EXHIBIT "M"

703 Market Street, Suite 1407
San Francisco, CA 94103
Web: www.waukeenmccoy.com

*Law Offices of*
*Waukeen Q. McCoy*

Phone: (415) 675-7705
Facsimile: (415) 675-2530
Email: mail@waukeenmccoy.com

September 27, 2006

Larry Hecimovich, Esq.
Fox Plaza
1390 Market Street, 5th Floor
San Francisco, California 94102-5408

      RE:  Harmston, Clayton, et al. v Heather Fong, et al.

Dear Mr. Hecimovich:

      I am in receipt of your letters dated September 27, 2006 related to the above-captioned case. Please be advised that Chief Fong is an individual defendant in this case and she is the Chief of Police, representing the City's interests. I am not sure what you are referring to when you say "as to those issues within her personal knowledge and with regard to which no alternative avenue of discovery exists." You have been served a copy of the lawsuit in this matter and the depositions will relate to the litigation. You also know that in order for Plaintiffs to prove their case they must discover facts and a deposition is one tool that can be used to discover facts. We will see you on the 5th of October for the deposition of Chief Fong and October 12, 2006 for Mayor Gavin Newsome. Please be advised that a frivolous motion for a protective order will be met with a request for monetary sanctions. There is no proof that we noticed Chief Fong's deposition to annoy or harass her, that has never been and never will be anyone's intent.

      As for the deposition of Mayor Gavin Newsome, at this time Plaintiffs did not name the Mayor as a defendant in the case but there are certainly facts supporting a defamation claim. You stated that "with regard to the notice of Mayor Newsom's deposition, Defendants do not believe there is any legitimate basis, at least at this point in time, for the deposition." We disagree. We did not simply notice his deposition for no reason. As you know and as the media record reflects, Mayor Newsome, along with Chief Fong, invited the press to a conference wherein they identified my clients by innuendo as being racist, sexist, homophobic, amongst other things. Mayor Newsome's spokesperson did not make these public statements, he did.

      As a former public official, it is not my intent to distract Mayor Newsome from the duties of this office (or Chief Fong for that matter) as you have alluded to in your correspondence. The confirmation of the statements made and the motivation behind the statements being made can only be obtained from Mayor Newsome, and any involvement he had in the suspensions, removal of weapons, shift changes, denials of overtime, etc. This information cannot be obtained through the deposition of other City officials, including but not limited to Chief Fong and serving alternative discovery, such as interrogatories and/or requests for admission targeting the critical factual information is unreliable.

703 Market Street, Suite 1407
San Francisco, CA 94103
Web: www.waukeenmccoy.com

*Law Offices of*
*Waukeen Q. McCoy*

Phone: (415) 675-7705
Facsimile: (415) 675-2530
Email: mail@waukeenmccoy.com

Larry Hecimovich, Esq.
September 27, 2006
Page 2

Thank you for you comments related to personnel information but *we will proceed with the depositions as noticed.* As indicated, we are willing to enter into a stipulation agreeing that any information received related to disciplinary information (which includes but is not limited to "protocol" suspensions), or lack thereof, regarding Officers Lew, Chaing, Kwan and Pai will be held confidential and will only be used in this litigation. If there are objections that you want to place on the record at the time of the depositions, you may do so to preserve the record. Moreover, if you prepare a stipulation by Friday related to holding information in confidence for this case only, we will execute it so that we can move this case along. Again, any baseless protective order will be met with a request for monetary sanctions, as you and I both know that comparator information is relevant to this lawsuit and discoverable. As for the "investigation" of the "videotape misconduct", you may also provide defense witnesses with instructions if you deem them appropriate.

Lastly, please be advised that the Notice related to the Person Most Knowledgeable identifies those areas that will be covered in the deposition and those items are discoverable and are clearly not subject to a protective order.

Should you have any questions or concerns, please feel free to contact the undersigned.

LAW OFFICES OF WAUKEEN McCOY

WAUKEEN McCOY, ESQ.

# EXHIBIT "N"

EXHIBIT "N"

CITY AND COUNTY OF SAN FRANCISCO                    OFFICE OF THE CITY ATTORNEY



DENNIS J. HERRERA                                   LARRY HECIMOVICH
City Attorney                                       Deputy City Attorney

                                                    DIRECT DIAL:   (415) 554-3933
                                                    E-MAIL:        larry.hecimovich@sfgov.org

                                                    September 29, 2006

*Via Facsimile& U.S. Mail*

Waukeen McCoy, Esq.
Law Offices of Waukeen McCoy
703 Market Street, Suite 1407
San Francisco, CA  94103

        Re:     *Harmston et al. v. CCSF et al.,*
                **San Francisco Superior Court Case No. 454955**

Dear Mr. McCoy:

        This is in response to your letter of last night. While I appreciate the more professional
tone of this letter from past communications, you do not respond to a host of critical issues:

   • The Department needs authorizations To Release And Obtain Information And
     Records for each of your clients, and cannot provide any written or oral
     information relating to their personnel issues without releases. If you have any
     problem with the form of release, please let me know and we can look at changes.
     As I indicated in my letter, unless you get them to me today, Defendants will not
     have adequate time to prepare for next week's depositions.

   • Based on your written discovery, we assume that Plaintiffs intend to seek both
     written and oral personnel information relating to Officers Derrick Lew, Erik
     Chaing, Alex Kwan and John Pai, in addition to each of the Plaintiffs. As stated
     in my letter, the procedure for obtaining personnel information relating to a police
     officer is set forth in California Evidence Code section 1043 et seq. As you no
     doubt know from your extensive practice in this area as well as your prior public
     service, the *Pitchess* procedure is **mandatory and exclusive**. If you need
     citations to that effect please let me know and I will provide them.

   • Since you have failed to comply with *Pitchess* as to the non-plaintiff officers and
     to provide releases as to Plaintiffs, Defendants will not produce witnesses next
     week. If you refuse to withdraw the notices of the PMK and Chief's depositions,
     Defendants will move for a protective order and will seek sanctions.

   • As to Mayor Newsom, your letter fails to provide any of the information
     requested in my letter. Under California law, Plaintiffs are required, prior to even
     noticing the Mayor's deposition, to 1) identify all information you believe is in the
     unique possession of the Mayor; 2) explain the basis for any claim that Plaintiffs
     have a compelling need to discover that information; 3) explain why this
     information cannot be obtained through the deposition of other City officials,
     including but not limited to Chief Fong; and 4) serve alternative discovery, such
     as interrogatories and / or requests for admission targeting the critical factual
     information at issue. See, *e.g., Nagle v. Superior Court* (1994) 28 Cal.App.4[th]

FOX PLAZA · 1390 MARKET STREET, 5TH FLOOR · SAN FRANCISCO, CALIFORNIA 94102-5408
RECEPTION: (415) 554-3800 · FACSIMILE: (415) 554-4248

n:\labor\li2006\070245\00402818.doc

CITY AND COUNTY OF SAN FRANCISCO                    OFFICE OF THE CITY ATTORNEY

Letter to Waukeen McCoy, Esq.
Page 2
September 29, 2006

1465, 1468; *Civiletti v. Municipal Court* (1981) 116 Cal.App.3rd 105, 100; *State Board of Pharmacy v. Superior Court* (1978) 78 Cal.App.3rd 641, 645; *Deukmejian v. Superior Court* (1983) 143 Cal.App.3rd 632, 633. Your failure to do so and to instead notice the deposition at the inception of the litigation is sanctionable, and Defendants will seek sanctions if we are forced to move for a protective order as to this deposition.

- Finally, your statement that the PMK notice "identifies those areas that will be covered in the deposition" fails to note that the notice itself is fatally vague. Please explain what the third issue set forth in the notice means, since Plaintiffs have not yet been disciplined. To the extent that this issue relates to the Department's ongoing investigation, I again confirm that neither Chief Fong nor any other City witness will disclose any information relating to the investigation, including but not limited to the information uncovered during the investigation, on the grounds that such disclosure would cause undue and unacceptable damage to the investigation.

California law is clear that Plaintiffs are not entitled to conduct the noticed depositions until each of these issues has been resolved. Please respond to these issues immediately. If we cannot resolve these issues by Monday, Defendants will seek an appropriate protective order from the court as to next week's depositions, and will subsequently seek a protective order relating to Mayor Newsom's noticed deposition. I have contacted the court and reserved the first available date to have these motions heard. The hearing is set for November 2, 10:30 a.m.

Thank you for your immediate attention to this matter.

Very truly yours,

DENNIS J. HERRERA
City Attorney

LARRY HECIMOVICH
Deputy City Attorney

# EXHIBIT "O"

EXHIBIT "O"

703 Market Street, Suite 1407
San Francisco, CA 94103
Web: www.waukeenmccoy.com

*Law Offices of*
**Waukeen Q. McCoy**

Phone: (415) 675-7705
Facsimile: (415) 675-2530
Email: nmll@waukeenmccoy.com

October 2, 2006        VIA TELEFACSIMILE AND U.S. MAIL

Larry Hecimovich, Esq.
City and County of San Francisco
Fox Plaza
1390 Market St., 5th Floor
San Francisco, CA 94102

      RE: Harmston, et al. v. CCSF, et al.

Dear Mr. Hecimovich:

     I am in receipt of your letter dated September 29, 2006 faxed only today October 2, 2006 to my office. First, please be advised that we do not need to provide authorization and/or releases from our clients to you to "review" information so that your witnesses can "prepare for next week's depositions."

     With regard to the depositions scheduled, we are not seeking "oral personnel information" relating to Officers Lew, Chaing, Quan, or Pai or any other non-plaintiff officers. I understand that the *Pitchess* procedure is mandatory and exclusive when seeking information in an Officer's personnel file; this will not be the subject of Thursday's depositions. If you need citations to that effect, please let me know and I will provide them.

     Further, there is no authority that says that our clients are required to submit a waiver document to gain access to their own personnel records or for the Chief to testify concerning our clients and the personnel actions taken against them. If you do not confirm that you will produce the witnesses by the end of the day today, we will file a motion to compel and seek sanctions. If you file a frivolous protective order, we will oppose that motion and seek sanctions. If you recall, on September 27, 2006 you agreed in writing to produce Chief Fong for deposition on the day Noticed and you also referred to "preparing for next week's deposition in your most recent correspondence." I cannot quite understand why you are now taking the position that you will not advise your client to appear for a properly noticed deposition. Our experience with your office in the past is one of continuing delay under the false rationales; this case is no different.

     As to the notice of deposition of Mayor Gavin Newsome, I have strongly considered serving alternative discovery, such as interrogatories and/or request for admissions targeting the critical factual information at issue, however, as you know, under well settled California law, I cannot serve interrogatories or request for admissions on a non-party. As previously explained to you, the information that I wish to seek from the Mayor is any and all relevant evidence related to his role in directing discipline to the

703 Market Street, Suite 1407
San Francisco, CA 94103
Web: www.waukeenmccoy.com

*Law Offices of*
*Waukeen Q. McCoy*

Phone: (415) 675-7705
Facsimile: (415) 675-2530
Email: nwilk@waukeenmccoy.com

L. Hecimovich, Esq.
October 2, 2006
Page 2

plaintiffs in any form (ie., suspensions, weapons taken, denial of overtime, shift change, given non-contact positions, etc.) and statements he made during the Mayor's press-conference of December 7, 2005 calling our clients by innuendo racist, sexist, and homophobic.

As indicated in my last correspondence, we are open to a stipulated protective order, sealing such testimony that involves an "ongoing investigation". However, it is our position that any investigation should have concluded months ago and any disclosures will not cause undue and unacceptable damages to the investigation. It is remarkable that you took the same steps in noticing my clients depositions as I took in noticing yours, without a protective order, without a waiver, without a pitches motion.

Please confirm by 5:00 p.m. today that you will be producing the PMK and Chief Fong for deposition as Noticed.

Thank you very much for your immediate attention in this matter.

LAW OFFICES OF WAUKEEN McCOY

WAUKEEN McCOY, ESQ.

# EXHIBIT "P"

EXHIBIT "P"

703 Market Street, Suite 1407
San Francisco, CA 94103
Web: www.waukeenmccoy.com

*Law Offices of*
**Waukeen Q. McCoy**

Phone: (415) 675-7705
Facsimile: (415) 675-2530
Email: malk@waukeenmccoy.com

October 3, 2006

LAWRENCE HECIMOVICH, SBN # 83788
Deputy City Attorney
Fox Plaza
1390 Market Street, 5th Floor
San Francisco, CA, 94102-5408
VIA FASCIMILE AND US MAIL

Re: Clayton Harmston, et al., *v.* City and County of San Francisco, et al.

Dear Mr. Hecimovich,

Let me start by noting that I find it regrettable that communications occurring to date appear to have resulted in unnecessarily acrimonious relations between counsel at the present time. I believe the issues at hand are in fact relatively straightforward and can be resolved without the intervention of the court, and it is my hope that you will agree once our position is made clear.

First, it is not apparent that the Department has any statutory or legal basis for requiring Plaintiffs to provide signed releases before the Department provides discovery information contained within their *own* personnel files to themselves and their counsel. It would certainly seem counter-intuitive that a Plaintiff would be required to authorize release of information to his or her own self; by requesting the information, the authorization is implicit. Any additional "authorization" is simply redundant and nonsensical. Neither is Plaintiff's authorization necessary in order for your office to obtain and review personnel files in preparation for the deposition. See *Michael v. Gates*, 38 Cal.App.4th 737, 744 (1995). I believe I have clearly taken this position in the course of our previous correspondence; thus, if there is some authority to the contrary, please advise to that effect and provide specific citation. Otherwise I believe this demand from your office is unfounded and should not impede our previously scheduled deposition from going forward.

Second, be advised that as soon as possible I will file a motion pursuant to Evidence Code Section 1043 in order to discover information contained in the personnel files of Officers Derrick Lew, Erik Chaing, Alex Kwan, and John Pai. However, it appears the separate issues of written discovery (for which we intend to file the proper motion) and the scheduled depositions of Chief Fong and City's PMK have become confused. As I have previously advised, my office is aware of the requirements of section 1043, and we fully understand and respect your position that it prevents Chief Fong and City's PMK from disclosing or discussing this type of information in deposition testimony. As we understand this matter and will respect this limitation during the deposition, it is unclear why the deposition cannot then go forward. We have

703 Market Street, Suite 1407
San Francisco, CA 94103
Web: www.waukeenmccoy.com

*Law Offices of*
**Waukeen Q. McCoy**

Phone: (415) 675-7705
Facsimile: (415) 675-2530
Email: mail@waukeenmccoy.com

L. Hecimovich
October 3, 2006, Page 2

indicated that at this juncture we are not soliciting oral testimony regarding information contained in the personnel files of officers. It appears that despite our assurance to the contrary, you have assumed we will do so and proceeded accordingly. Filing for a protective order based merely on mistrust of our good-faith representation regarding this issue seems premature, unfounded, and needlessly acrimonious. However, in light of the Notice of Motion for Protective Order already filed, be advised that we intend to file a Motion to Compel the deposition and seek sanctions.

Third, with regard to Plaintiff's intention to examine witnesses and conduct other discovery regarding an "ongoing investigation," it seems premature to be discussing it. Once again, as we have represented to you in the past, we are prepared to respect your position refusing to discuss the ongoing investigation during the course of Chief Fong or City's PMK's deposition. It therefore provides no impediment to going forward. Our written discovery and the scheduled depositions present separate and distinct issues. We would once again urge that court involvement in the form of a protective order seems rather premature.

Fourth, in regard to Mayor Newsom, we are aware of your objection to taking his deposition and are evaluating our alternatives. This presents an entirely separate issue and has no bearing on Chief Fong or City PMK's scheduled deposition going forward.

I certainly hope that this letter clarifies any previous misunderstanding we may have had. It is my belief that discovery in this matter can and should be handled without need for acrimony between the parties and with no future court involvement. However, I will have to advise you that given the pressing timeframe in regard to Chief Fong's deposition, I consider this letter and your anticipated response to be our final effort to meet and confer on these issues.

Sincerely,

Waukeen Q. McCoy

LAW OFFICES OF WAUKEEN Q. McCOY

# EXHIBIT "Q"

EXHIBIT "Q"



CITY AND COUNTY OF SAN FRANCISCO

OFFICE OF THE CITY ATTORNEY

DENNIS J. HERRERA
City Attorney

LARRY HECIMOVICH
Deputy City Attorney

DIRECT DIAL:    (415) 554-3933
E-MAIL:    larry.hecimovich@sfgov.org

October 3, 2006

**Via Facsimile and U.S. Mail**

Waukeen McCoy, Esq.
Law Offices of Waukeen McCoy
703 Market Street, Suite 1407
San Francisco, CA 94103

Re:    *Harmston et al. v. CCSF et al.,*
       **San Francisco Superior Court Case No. 454955**

Dear Mr. McCoy:

This is in response to your letter of yesterday afternoon. As you know, Defendants filed their notice of motion for a protective order yesterday. Having reviewed your letter, nothing in it would have changed my analysis of Defendants' need to obtain a protective order in any event. That said, Defendant remain interested in meeting and conferring with you in an attempt to alleviate the need for the protective order we are seeking, as well as the motion we will file next week if we cannot resolve our impasse over Plaintiffs' written discovery and Plaintiffs' notice of Mayor Newsom's deposition.

As to the first issue, it is incumbent on Plaintiffs to release their confidentiality claims in their personnel information under the Police Officer Bill of Rights and related statutes prior to requesting that the Department disclose that information in deposition or in responses to rewritten discovery. The Department has provided you a form of authorization it believes is suitable and remains willing to meet and confer regarding possible modifications to that form. This will reiterate that the Department cannot provide any written or oral information relating to Plaintiffs' personnel issues without their signed releases.[1]

Your statement that Plaintiffs will not seek information from the personnel files of Officers Derrick Lew, Erik Chaing, Alex Kwan and John Pai seems misguided. First, Plaintiff shave sought such information quite explicitly in their request for production of documents. Based on your correspondence, I assume you are withdrawing those requests. Moreover, to the extent your argument is that testimony relating to information in the Officers' personnel files is not subject to the *Pitchess* procedures, I would indeed be interested in receiving "citations to that effect."

You have once again failed to respond to Defendants' request that you clarify whether or not Plaintiffs intend to examine witnesses and conduct other discovery as to the Department's ongoing investigation of the videotape misconduct. Given your refusal to respond to this simple question, and the ambiguous language in the PMK notice already addressed in my letters,

---

[1] You are correct that, as of last week, Defendants anticipated producing witnesses "for next week's depositions." Plaintiffs' failure to respond in any meaningful way to the meet and confer issues presented in my correspondence has necessitated a delay to allow the court the opportunity to order the procedures Plaintiffs have chosen to ignore.

FOX PLAZA · 1390 MARKET STREET, 5TH FLOOR · SAN FRANCISCO, CALIFORNIA 94102-5408
RECEPTION: (415) 554-3800 · FACSIMILE: (415) 554-4248

n:\labor\li2006\070245\00403385.doc

· CITY AND COUNTY OF SAN FRANCISCO                    OFFICE OF THE CITY ATTORNEY

Letter to Waukeen McCoy, Esq.
Page 2
October 3, 2006

Defendants will seek a protective order as to any discovery as to the investigation. As you know, the Department's investigation is ongoing, such that disclosure of information relating to the investigation would result in irreparable and unacceptable harm to the City's ability to complete the investigation and take appropriate disciplinary action based on the Department's findings.

Finally, as to Plaintiffs' notice of deposition directed to Mayor Newsom, your letter again fails to provide any of the information requested in my letter. Your position that you have a greater right to take Mayor Newsom's deposition since he is not a defendant is simply bizarre. Please note that there is a procedure for conducting depositions by written questions, and that such a procedure seems entirely adequate and appropriate in light of the Mayor's limited role in this case, as underscored by Plaintiffs' determination that he was not subject to suit. Moreover, the interrogatories and requests for admission that Plaintiffs have served seek to discover voluminous information bearing directly on Mayor Newsom's role in the underlying fats of this case. California law requires that Plaintiffs explore such alternative means of obtaining probative information before noticing a high executive's deposition, and your failure to do so is sanctionable. See, *e.g.*, *Nagle v. Superior Court* (1994) 28 Cal.App.4th 1465, 1468; *Civiletti v. Municipal Court* (1981) 116 Cal.App.3rd 105, 100; *State Board of Pharmacy v. Superior Court* (1978) 78 Cal.App.3rd 641, 645; *Deukmejian v. Superior Court* (1983) 143 Cal.App.3rd 632, 633. This will reiterate that Defendants will seek sanctions if we are forced to move for a protective order as to this deposition.

Thank you for your immediate attention to this matter.

Very truly yours,

DENNIS J. HERRERA
City Attorney

LARRY HECIMOVICH
Deputy City Attorney

# EXHIBIT "R"

EXHIBIT "R"

CITY AND COUNTY OF SAN FRANCISCO                          OFFICE OF THE CITY ATTORNEY



DENNIS J. HERRERA                                          LARRY HECIMOVICH
City Attorney                                              Deputy City Attorney

                                                           DIRECT DIAL:   (415) 554-3933
                                                           E-MAIL:        larry.hecimovich@sfgov.org

                                                           October 5, 2006

**VIA FACSIMILE AND U.S. MAIL**

Waukeen McCoy, Esq.
Law Offices of Waukeen McCoy
703 Market Street, Suite 1407
San Francisco, CA  94103

      Re:    *Harmston et al. v. CCSF et al.*
             (San Francisco Superior Court Case No. 454955)

Dear Mr. McCoy:

      In the spirit of cooperation, and in furtherance of judicial economy, I write to further meet and confer with you regarding Defendants' objections to the written discovery propounded by Plaintiffs. Defendants hope to resolve these issues without the unnecessary costs and time associated with filing a motion for a protective order. However, if we are not able to reach agreement, Defendants will have no choice but to seek a protective order from the Court, as well as appropriate sanctions.

      Defendants object to Plaintiffs' written discovery, and are prepared to move for an appropriate protective order, on the following grounds:

**I.    PLAINTIFF [COHEN'S] REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE TO DEFENDANT CITY AND COUNTY OF SAN FRANCISCO**

**Document Request Nos. 1, 2, 4, 5, 6, 7 and 8:**

      Defendants object to these requests on the grounds that they seek disclosure of information from the Department's personnel files for various officers. Such information is protected by California Penal Code § 832.7, and disclosure is permissible only under the procedures set forth in California Evidence Code § 1043, *et seq.*, which require a written noticed motion (*"Pitchess"* motion). Plaintiffs have refused to follow these procedures. Accordingly, Defendants cannot produce the requested information.

      With respect to Request Nos. 1, 4, 5, 6, 7 and 8, as they relate to Plaintiffs, Defendants remain willing to meet and confer with Plaintiffs regarding production of non-privileged documents responsive to these requests, provided that Plaintiffs first sign mutually acceptable releases releasing their confidentiality claims in their personnel information under applicable law. As reflected in my previous correspondence, Defendants have provided Plaintiffs with a form of authorization it believes is suitable, and remain willing to meet and confer regarding possible modifications to that form.

      With respect to the requests that seek confidential personnel information relating to non-plaintiff peace officers (i.e., Request Nos. 2, 4, 5, 6, 7 and 8), Plaintiffs are required to follow the procedures set forth in Evidence Code § 1043, *et seq.*

FOX PLAZA · 1390 MARKET STREET, 5TH FLOOR · SAN FRANCISCO, CALIFORNIA 94102-5408
RECEPTION: (415) 554-3800 · FACSIMILE: (415) 554-4248

n:\liti\li2006\070245\00403776.doc

CITY AND COUNTY OF SAN FRANCISCO                    OFFICE OF THE CITY ATTORNEY

Letter to Waukeen McCoy, Esq.
Page 2
October 5, 2006

### Document Request Nos. 3, 16 and 25:

Defendants object to these requests on the grounds that they seek production of information that is part of an ongoing administrative investigation, which is protected by, *inter alia*, the official information privilege set forth in Evidence Code Section 1040, *et seq.* As discussed in my previous correspondence, the Department has not completed its investigation of the facts related to the videotapes. Until the investigation is completed, Defendants have a strong public interest in preserving the confidentiality of information obtained during its investigation, and disclosure of such information would jeopardize Defendants' ability to complete that administrative process.

**II.    PLAINTIFF CLAYTON HARMSTON'S FORM INTERROGATORIES TO THE CITY AND COUNTY OF SAN FRANCISCO, SET NO. 1 – EMPLOYMENT LAW**

### Form Interrogatories (Employment Law) Nos. 201.3, 201.4:

Defendants object to these form interrogatories on the grounds that they seek disclosure of confidential peace officer personnel information, which information is protected by California Penal Code § 832.7. Disclosure of such confidential information is permissible only under the procedures set forth in California Evidence Code § 1043, *et seq.*, which require a written noticed motion ("*Pitchess*" motion). Plaintiffs have refused to follow these procedures. Accordingly, Defendants cannot provide the requested information.

Defendants remain willing to meet and confer with Plaintiffs regarding providing non-privileged information that is responsive to these interrogatories, provided that Plaintiffs first sign releases releasing their confidentiality claims in their personnel information under applicable law.

**III.   FORM INTERROGATORIES – GENERAL (COHEN TO CCSF)**

### Form Interrogatories (General) Nos. 12.1, 12.2, 12.3, 12.4, 12.5, 12.6, 12.7, 13.2:

Defendants object to these interrogatories on the grounds that they seek information that is part of an ongoing administrative investigation, which is protected by the official information privilege set forth in Evidence Code Section 1040, *et seq.* As discussed in my previous correspondence, the Department has not completed its investigation of the facts related to the videotapes. Until the investigation is completed, Defendants have a strong public interest in preserving the confidentiality of information obtained during its investigation, and disclosure of such information would jeopardize Defendants' ability to complete that administrative process.

**IV.   FORM INTERROGATORIES – GENERAL (COHEN TO CHIEF FONG)**

### Form Interrogatories (General) Nos. 12.1, 12.2, 12.3, 12.4, 12.5, 12.6, 12.7, 13.2:

Defendants object to these interrogatories on the grounds that they seek information that is part of an ongoing administrative investigation, which is privileged and protected by the official information privilege set forth in Evidence Code Section 1040, *et seq.* Until the Department's investigation is completed, Defendants have a strong public interest in preserving the confidentiality of information obtained during its investigation because disclosure of such information would jeopardize Defendants' ability to complete that administrative process.

CITY AND COUNTY OF SAN FRANCISCO                    OFFICE OF THE CITY ATTORNEY

Letter to Waukeen McCoy, Esq.
Page 3
October 5, 2006

**V.    PLAINTIFF [COHEN'S] REQUEST FOR ADMISSIONS, SET ONE, TO
       DEFENDANT CITY AND COUNTY OF SAN FRANCISCO, PURSUANT TO
       CALIFORNIA CODE OF CIVIL PROCEDURE SECTION 2033**

   Request for Admissions Nos. 7, 8, 9, 10, 22, 23, 27, 28, 29, 34, 35, 36, 41, 42, 43, 48,
49, 50, 53 (first), 53 (second), 54, 55, 56:

   Defendants object to these requests for admission on the grounds that they seek
disclosure of confidential police officer personnel information, which information is protected by
California Penal Code § 832.7. Disclosure of such confidential information is permissible only
under the procedures set forth in California Evidence Code § 1043, *et seq.*, which require a
written noticed motion ("*Pitchess*" motion). Plaintiffs have refused to follow these procedures.
Accordingly, Defendants cannot provide responses to these requests.

   • **Requests Relating to Plaintiff Peace Officers:**

   With respect to Request Nos. 7, 8, 9, 10, 22, 23, and 53 (first), as they relate to Plaintiffs,
Defendants are unable to respond to these requests unless and until Plaintiffs sign releases
releasing their confidentiality claims in their personnel information under applicable law.

   • **Requests Relating to Non-Plaintiff Peace Officers:**

   Request Nos. 27, 28, 29, 34, 35, 36, 41, 42, 43, 48, 49, 50, 53 (second), 54, 55, and 56
seek confidential personnel information relating to non-plaintiff peace officers. With respect to
those requests, Plaintiffs are required to comply with the procedures set forth in Evidence Code §
1043, *et seq.*

**VI.   PLAINTIFF [COHEN'S] REQUEST FOR ADMISSIONS, SET ONE, TO
       DEFENDANT FONG, PURSUANT TO CALIFORNIA CODE OF CIVIL
       PROCEDURE SECTION 2033**

   Request for Admissions Nos. 3, 4, 5, 6, 18, 19, 23, 24, 25, 30, 31, 32, 37, 38, 39, 4, 45,
46, 49, 50, 51, 52, 53:

   Defendants object to these requests for admission on the grounds that they seek
disclosure of confidential police officer personnel information, which information is protected by
California Penal Code § 832.7. Disclosure of such confidential information is permissible only
under the procedures set forth in California Evidence Code § 1043, *et seq.*, which require a
written noticed motion ("*Pitchess*" motion).

   • **Requests Relating to Plaintiff Peace Officers:**

   With respect to Request Nos. 3, 4, 5, 6, 18, 19, and 49, as they relate to Plaintiffs,
Defendants are unable to respond to these requests unless and until Plaintiffs sign releases
releasing their confidentiality claims in their personnel information under applicable law

   • **Requests Relating to Non-Plaintiff Peace Officers:**

   Request Nos. 23, 24, 25, 30, 31, 32, 37, 38, 39, 44, 45, 46, 50, 51, 52, and 53 seek
confidential personnel information relating to non-plaintiff peace officers. With respect to those
requests, Plaintiffs must comply with Evidence Code § 1043, *et seq.*

CITY AND COUNTY OF SAN FRANCISCO                    OFFICE OF THE CITY ATTORNEY

Letter to Waukeen McCoy, Esq.
Page 4
October 5, 2006

VII.   PLAINTIFF [HARMSTON'S] REQUEST FOR ADMISSIONS, SET ONE, TO
       DEFENDANT CITY AND COUNTY OF SAN FRANCISCO, PURSUANT TO
       CALIFORNIA CODE OF CIVIL PROCEDURE SECTION 2033

       Request for Admissions Nos. 3, 4, 5, 6, 18, 19, 23, 24, 25, 30, 31, 32, 37, 38, 39, 44, 45,
46, 49, 50, 51, 52, 53:

       Defendants object to these requests for admission on the grounds that they seek
disclosure of confidential police officer personnel information, which information is protected by
California Penal Code § 832.7. Disclosure of such confidential information is permissible only
under the procedures set forth in California Evidence Code § 1043, et seq.

       Requests Relating to Plaintiff Peace Officers:

       With respect to Request Nos. 3, 4, 6, 18, 19, and 49, as they relate to Plaintiffs,
Defendants are unable to respond to these requests unless and until Plaintiffs sign releases
releasing their confidentiality claims in their personnel information under applicable law.

       • Requests Relating to Non-Plaintiff Peace Officers:

       Request Nos. 23, 24, 25, 30, 31, 32, 37, 38, 39, 44, 45, 46, 50, 51, 52, and 53 seek
confidential personnel information relating to non-plaintiff peace officers. With respect to those
requests, Plaintiffs are required to comply with the procedures set forth in Evidence Code §
1043, et seq.

VIII.  PLAINTIFF [HARMSTON'S] REQUEST FOR ADMISSIONS, SET ONE, TO
       DEFENDANT FONG, PURSUANT TO CALIFORNIA CODE OF CIVIL
       PROCEDURE SECTION 2033

       Request for Admissions Nos. 3, 4, 5, 6, 18, 19, 23, 24, 25, 30, 31, 32, 37, 38, 39, 44, 45,
46, 49, 50, 51, 52, 53:

       Defendants object to these requests for admission on the grounds that they seek
disclosure of confidential police officer personnel information, which information is protected by
California Penal Code § 832.7. Disclosure of such confidential information is permissible only
under the procedures set forth in California Evidence Code § 1043, et seq.

       • Requests Relating to Plaintiff Peace Officers:

       With respect to Request Nos. 3, 4, 6, 18, 19, and 49, as they relate to Plaintiffs,
Defendants are unable to respond to these requests unless and until Plaintiffs sign releases
releasing their confidentiality claims in their personnel information under applicable law.

       • Requests Relating to Non-Plaintiff Peace Officers:

       Request Nos. 23, 24, 25, 30, 31, 32, 37, 38, 39, 44, 45, 46, 50, 51, 52, and 53 seek
confidential personnel information relating to non-plaintiff peace officers. With respect to those
requests, Plaintiffs are required to comply with the procedures set forth in Evidence Code §
1043, et seq.

                    *        *        *        *        *

       Please contact me if you wish to discuss these matters further. It is unfortunate that you
have elected not to provide any substantive response to my prior letters on these issues. Given
these outstanding issues and the fact that they overlap completely with the issues presented by
Chief Fong's deposition and the PMK deposition, if we do not hear from you by Tuesday, we
will proceed with filing Defendants' motion for a protective order as to the requests identified
above, and will seek all appropriate sanctions.

CITY AND COUNTY OF SAN FRANCISCO                    OFFICE OF THE CITY ATTORNEY

Letter to Waukeen McCoy, Esq.
Page 5
October 5, 2006

Thank you for your anticipated cooperation with respect to this matter.

Very truly yours,

DENNIS J. HERRERA
City Attorney

LARRY HECIMOVICH
Deputy City Attorney

# EXHIBIT "S"

EXHIBIT "S"

703 Market Street, Suite 1407
San Francisco, CA 94103
Web: www.waukeenmccoy.com

*Law Offices of*
**Waukeen Q. McCoy**

Phone: (415) 675-7705
Facsimile: (415) 675-2530
Email: mail@waukeenmccoy.com

October 5, 2006            VIA FAX

Larry Hecimovich, Esq.
1390 Market St, 5th Fl.
San Francisco, CA  94102

　　　RE: Harmston v. CCSF

　　　Dear Mr. Hecimovich:

　　　It is clear from your last meet and confer letter that your claims regarding the non-disclosure of information from the departments personnel files for Plaintiffs is clearly baseless. Your meet and confer is not an attempt to assist in both parties obtaining discovery materials pertaining to this case, rather, it demonstrates your continued attempts to impede discovery. This is evident by your previous citation to Cal. Pen Code Section 843.7 as a basis for disclosure of the Plaintiffs' personnel files as being impermissible. As you have found, this position is clearly erroneous as California Penal Code Section 843.7 does not exist.

　　　Penal Code Section 832.7, subdivision (a) provides as follows:

　　　"Peace officer personnel records and records maintained by any state or local agency pursuant to Section 832.5, or information obtained from these records, are confidential and shall not be disclosed in any criminal or civil proceeding except by discovery pursuant to Sections 1043 and 1046 of the Evidence Code. This section shall not apply to investigations or proceedings concerning the conduct of police officers or a police agency conducted by a grand jury, a district attorney's office, or the Attorney General's office."

　　　Penal Code Section 832.5, provides in pertinent part that "complaints and any reports or findings relating to these complaints shall be retained for a period of at least five years. All complaints retained pursuant to this subdivision may be maintained either in the peace or custodial officer's general personnel file or in a separate file designated by the department or agency as provided by department or agency policy, in accordance with all applicable requirements of law. However, prior to any official determination regarding promotion, transfer, or disciplinary action by an officer's employing department or agency, the complaints described by subdivision (c) shall be removed from the officer's general personnel file and placed in separate file designated by the department or agency, in accordance with all applicable requirements of law."

　　　832.5 (d)(1) provides: "General personnel file" means the file maintained by the agency containing the primary records specific to each peace or custodial officer's employment, including evaluations, assignments, status changes, and imposed discipline.

703 Market Street, Suite 1407
San Francisco, CA 94103
Web: www.mccoyslaw.com



*Law Offices of*
**Waukeen Q. McCoy**

Phone: (415) 675-7705
Facsimile: (415) 675-2530
Email: mail@mccoyslaw.com

L. Hecimovich, Esq.
October 5, 2006
Page 2

We understand that in San Francisco the general file is separated from the "pitches" (those files that encompass complaints against officers, any reports or findings related to these complaints) file.

Further, for clarification, at this point, Plaintiffs are not seeking any personnel records that relate to complaints against officers, or any reports or findings related to complaints. If those types of records are contained in the general file, we would agree that the City can remove those files from production. As indicated to you previously, if there is any "confidential information," we are in a position to enter into a stipulated protective order that the information obtained would be used in this case only and for our eyes only. Interestingly enough, in my years of litigating in multiple civil matters involving police officers and their conduct, including police officers that I have not represented in the matter, I have **NEVER** encountered this obstacle which has been acknowledged to be relevant material discovery.

Additionally, I am confused by your meet and confer letter as it confuses separate and distinct matters. Ordinarily, the procedure is that the party whom the discovery is requested of, provides the responses to discovery to which there is no objection or reasonable disagreement and withholds the information that is objected to with his/her stated objection. After that, the parties meet and confer on the outstanding discovery that has not been provided. I will presume that you will provide the discovery to which you have no objection.

My concern deepens with regard to the sincerity of your position regarding the need for a protective order when I observe the inexplicable inconsistency of many of your objections. In your most recent letter to me, you assert that Request for Admission Number 18, which relates to a statement made by Mayor Newsom at a *public press conference*, would require you to disclose "confidential police officer personnel information." You make the same objection to RQA Number 19, which involves a statement made by Chief Fong at the same public press conference. Perhaps this is a tacit admission that your clients have already violated the Penal Code at these conferences. What is even more confusing, however, is that you make no objection to RQA Numbers 13, 14, 15, 16, 17, 20, or 21, all of which relate to statements made by Mayor Newsom and Chief Fong at the same press conference. You also take the position that RQA Number 6, which relates to whether or not Chief Fong viewed the video on December 6, 2005, is somehow confidential police officer personnel information, despite the fact that a press conference was convened by her on the subject the very next day. It is hard to know whether these are genuine assertions or merely disingenuous stall tactics.

703 Market Street, Suite 1407
San Francisco, CA 94103
Web: www.mccoyslaw.com

*Law Offices of*
**Waukeen Q. McCoy**

Phone: (415) 675-7705
Facsimile: (415) 675-2530
Email: mail@mccoyslaw.com

L. Hecimovich, Esq.
October 5, 2006
Page 3

I trust that in the process of this meet and confer you will provide the responses to which you have no objections, and at that point we will be amenable to discuss further any objections you may have. I hope that in light of this correspondence, your position will change or you will offer some explanation for the concerns that we expressed.

Should you have any questions or concerns, please feel free to contact the undersigned.

LAW OFFICES OF WAUKEEN McCOY

WAUKEEN McCOY, ESQ.

# EXHIBIT "T"

EXHIBIT "T"

CITY AND COUNTY OF SAN FRANCISCO                    OFFICE OF THE CITY ATTORNEY



DENNIS J. HERRERA
City Attorney

LARRY HECIMOVICH
Deputy City Attorney

DIRECT DIAL:  (415) 554-3933
E-MAIL:      larry.hecimovich@sfgov.org

October 6, 2006

**Via Facsimile and U.S. Mail**

Waukeen McCoy, Esq.
Law Offices of Waukeen McCoy
703 Market Street, Suite 1407
San Francisco, CA 94103

Re:  ***Harmston et al. v. CCSF et al.,***
     **San Francisco Superior Court Case No. 454955**

Dear Mr. McCoy:

This is in response to your letter of yesterday afternoon, and reiterates the message I just left you.

In response to your concerns regarding the requirement that plaintiffs sign waivers relating to the production of their personnel files and the disclosure of information from those files, this is the position that the Department has taken in recent litigation, based on the fact that the disclosure is to a third party, your office. This is consistent with the level of care the Department places on such disclosures, which I think is consistent with your view of how things should be handled. As I communicated in my message and in my previous letters, the form of release is not a sticking point for me, as I used a form developed for a prior case and modified it only slightly for our purposes. If you have proposed changes to the form, I am open to them.

In response to your concern regarding our filing for a protective order as to written discovery, I would agree that the normal procedure is to respond and allow the requesting party to move to compel, and assure you that we will be responding to those requests as to which our stated objections do not apply. The reason for addressing this in a motion for protective order is simply that the issues before the court on our motion for protective order relating to this week's depositions are identical to the issues relating to the written discovery. Accordingly, I think it could be viewed as a waste of judicial resources to litigate these issues twice, once on a motion for protective order regarding deposition testimony and then later on a motion to compel written discovery.

In response to your statement that our objections are not consistent, I believe that you are confused. Your comments apparently reference Officer Cohen's RFA to the City (which relates to the press conference), and not Cohen's RFA to Chief Fong, which is the RFA to which Defendants object and which deals with the Department's suspension decisions. The Department is quite confident that neither Chief Fong nor Mayor Newsom has disclosed any confidential personnel information regarding your clients.

Finally, as per my voice mail, Defendants are not raising these objections to realize some tactical advantage, such as a reordering of discovery events. Accordingly, Defendants are willing to stipulate to continue the dates for Plaintiffs' depositions so as to allow Plaintiffs' depositions of Chief Fong and the Department's person most knowledgeable, **if** Plaintiffs will

FOX PLAZA · 1390 MARKET STREET, 5TH FLOOR · SAN FRANCISCO, CALIFORNIA 94102-5408
RECEPTION: (415) 554-3800 · FACSIMILE: (415) 554-4248

n:\labor\li2006\070245\00404269.doc

CITY AND COUNTY OF SAN FRANCISCO                    OFFICE OF THE CITY ATTORNEY

Letter to Waukeen McCoy, Esq.
Page 2
October 6, 2006

stipulate to having all of Defendants' objections addressed in one hearing, either on a motion for protective order or a motion to compel, after Defendants have responded to Plaintiffs' written discovery.

Thank you for your immediate attention to this matter.

Very truly yours,

DENNIS J. HERRERA
City Attorney

LARRY HECIMOVICH
Deputy City Attorney

1 | DENNIS J. HERRERA, State Bar #139669
City Attorney
2 | ELIZABETH S. SALVESON, State Bar # 83788
Chief Labor Attorney
3 | LAWRENCE HECIMOVICH, State Bar #129688
ADELMISE ROSEMÉ WARNER, State Bar #215385
4 | Deputy City Attorneys
Fox Plaza
5 | 1390 Market Street, 5th Floor
San Francisco, California 94102-5408
6 | Telephone:    (415) 554-3933
Facsimile:    (415) 554-4248

7

8 | Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO and
9 | HEATHER FONG

RECEIVED

OCT 1 1 2006

BY:_____

10 | SUPERIOR COURT OF THE STATE OF CALIFORNIA

11 | COUNTY OF SAN FRANCISCO

12 | UNLIMITED JURISDICTION

13 | CLAYTON HARMSTON, an individual; *et al.,*

Case No. 06-454955

14 | Plaintiffs,

**DISCOVERY**

15 | vs.

**[PROPOSED] ORDER GRANTING
DEFENDANTS' MOTION FOR
PROTECTIVE ORDER**

16 | CITY AND COUNTY OF SAN FRANCISCO,
HEATHER FONG, an individual, and DOES 1-50,

17 | Defendants.

**Date:        November 02, 2006**
Time:        10:30 a.m.
18 | Dept.:        612
Commissioner
19 | Everett A. Hewlett, Jr.

20 | Action Filed: August 10, 2006
Trial Date: None

21

22

23

24

25

26

27

28

1

1     This matter came for hearing by the Court on November 2, 2006, at 10:30 a.m. in

2  Department 612 of the above court, Commissioner Everett A. Hewlett, Jr. presiding.  Lawrence

3  Hecimovich and Adelmise Rosemé Warner, Deputy City Attorneys, appeared as attorneys for

4  Defendants; and Waukeen McCoy appeared as attorney for Plaintiffs.  The Court has reviewed and

5  considered Defendants' moving papers and Plaintiffs' opposition, the exhibits submitted therewith,

6  and the parties' oral argument.  This matter having been fully argued and considered, and proof

7  being made to the satisfaction of the Court,

8     IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendants' Motion for

9  Protective Order is GRANTED on the following grounds:

10          1)  Defendants cannot disclose personnel information relating to Plaintiffs until

11              Plaintiffs – each of whom is employed as a peace officer with the San Francisco

12              Police Department – execute a written release of the statutory confidentiality

13              provisions set forth in California Penal Code § 832.7 allowing the production of

14              Plaintiffs' personnel information to third parties, including their attorneys, and the

15              use of that information for purposes of the instant litigation.

16          2)  Defendants cannot disclose confidential personnel information relating to peace

17              officers other than Plaintiffs absent Plaintiffs' compliance with the procedures set

18              forth in California Evidence Code § 1043, *et seq.*, which require a written noticed

19              motion ("*Pitchess*" motion).

20          3)  Defendants cannot disclose information relating to the San Francisco Police

21              Department's investigation of officers' participation in the videotapes at issue in this

22              litigation because that information is part of an ongoing administrative investigation

23              by the Department, and is protected by the official information privilege set forth in

24              Evidence Code Section 1040.  Defendants' Disclosure of this information at this time

25              would jeopardize the Department's ability to complete that administrative process,

26              and Plaintiffs have not shown a compelling justification for discovering this

27              information prior to the completion of the investigation.

28

[PROPOSED] Order Granting Defs' Motion for Protective Order / 454955          n:\labor\li2006\070245\00404524.doc

1    Plaintiffs are hereby precluded from seeking discovery of confidential personnel information

2  relating to peace officers unless and until Plaintiffs provide Defendants with waivers as to their own

3  personnel information and obtain a court order pursuant to Evidence Code Section 1043 authorizing

4  Defendants to disclose other officers' confidential personnel information.

5    Further, any discovery relating to the San Francisco Police Department's investigation

6  related to the videotapes at issue in this case is hereby stayed pending completion of the

7  Department's investigation.

8    **IT IS SO ORDERED.**

9

10    _____
       Everett A. Hewlett, Jr.
11     Commissioner

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3