# EXHIBIT "D"

EXHIBIT "D"

1   WAUKEEN Q. McCOY, ESQ. (SBN: 168228)
    LAW OFFICES OF WAUKEEN Q. McCOY
2   703 Market Street, Suite 1407
    San Francisco, California 94103
3   Telephone (415) 675-7705
    Facsimile (415) 675-2530
4

ENDORSED
F I L E D
San Francisco County Superior Court

OCT 1 1 2006

GORDON PARK-LI, Clerk
BY: _____ ELIAS BUTT
                    Deputy Clerk

5          SUPERIOR COURT FOR THE STATE OF CALIFORNIA
                    COUNTY OF SAN FRANCISCO
6

7
    CLAYTON HARMSTON, et al.,              )   Case No.: 06-454955
8                                          )
              Plaintiffs,                  )   **PLAINTIFF'S NOTICE OF MOTION**
9                                          )   **AND MOTION TO COMPEL TO**
                                           )   **DEPOSITION DEFENDANT HEATHER**
    vs.                                    )   **FONG AND DEFENDANT CITY AND**
10                                         )   **COUNTY OF SAN FRANCISCO'S**
    CITY AND COUNTY OF SAN                 )   **DESIGNATED PERSON MOST**
11                                         )   **KNOWLEDGEABLE AND AWARD**
    FRANCISCO, et al.,                     )   **MONETARY SANCTIONS**
12                                         )
              Defendant                        Date:  November 2, 2006
13                                             Time:  10:30 AM
                                               Dept.: 612
14                                                     Commissioner
                                                       Everett A. Hewlett, Jr.
15

16
          NOTICE IS HEREBY GIVEN that on the above-specified date and time, Plaintiffs
17
    Clayton Harmston, et al., will move the court for an Order Compelling Defendant Heather Fong
18
    and Defendant City and County of San Francisco's Designated Person Most Knowledgeable to
19
    Deposition and Imposing Monetary Sanctions.  The motion will be based on the attached
20
    Memorandum of Points and Authorities, Declaration in Support, including the attached Exhibits,
21
    oral testimony and argument at hearing on the motion, and any other evidence the court deems
22
    proper.
23

24
    Dated: October 11, 2006                       Respectfully submitted,
25

26

27                                                WAUKEEN Q. McCOY
28

WAUKEEN Q. McCOY, ESQ. (SBN: 168228)
LAW OFFICES OF WAUKEEN Q. McCOY
703 Market Street, Suite 1407
San Francisco, California 94103
Telephone (415) 675-7705
Facsimile (415) 675-2530

ENDORSED
F I L E D
San Francisco County Superior Court

OCT 1 1 2006

GORDON PARK-LI, Clerk
BY: _____ ELIAS BUTT
                    Deputy Clerk

SUPERIOR COURT FOR THE STATE OF CALIFORNIA
CITY AND COUNTY OF SAN FRANCISCO

CLAYTON HARMSTON, et al.,

                    Plaintiffs,

          vs.

CITY AND COUNTY OF SAN

FRANCISCO, et al.,

                    Defendants

)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No.: 06-454955

**MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF
PLAINTIFF'S MOTION TO COMPEL TO
DEPOSITION DEFENDANT HEATHER
FONG AND DEFENDANT CITY AND
COUNTY OF SAN FRANCISCO'S
DESIGNATED PERSON MOST
KNOWLEDGEABLE AND AWARD
MONETARY SANCTIONS**

## MEMORANDUM OF POINTS AND AUTHORITIES

This Motion is based on Defendant Heather Fong and Defendant City and County of San Francisco's Designated Person Most Knowledgeable (Hereafter, "DEPONENTS") failing to appear for their properly noticed depositions of October 5, 2006. These depositions, as demonstrated by the attached exhibits to the declaration of Waukeen McCoy, were properly noticed. California Code of Civil Procedure Section 2025.450(a) provides that the noticing party may move the court for an order compelling attendance when "a party to the action or an officer, director, managing agent, or employee of a party, or a person designated by an organization that is a party under Section 2025.230, without having served a valid objection under Section 2025.410, fails to appear for examination."

No valid objection under Section 2025.410 has been filed on this matter. Thus DEPONENTS' failure to appear is without any justification in the law.

It should be noted that on October 2, 2006, DEPONENTS served on Plaintiffs a document captioned "Notice of Motion and Motion for a Protective Order;" however, upon a cursory examination it was clear that the document was simply a Notice of Motion for Protective

1  Order.  Without having moved for a protective order under Section 2025.420, DEPONENTS

2  were unjustified in failing to appear.

3      For the foregoing reasons, Plaintiffs respectfully request that their motion to compel

4  DEPONENTS to deposition and for monetary sanctions in the amount of $3,400 be granted.

5

6  Dated: October 11, 2006               Respectfully submitted,

7

8

9                       WALKEEN Q. McCOY

10

ENDORSED
San Francisco County Superior Court

OCT 1 1 2006

GORDON PARK-LI, Clerk
BY: _____ ELIAS BUTT
Deputy Clerk

1   WAUKEEN Q. McCOY, ESQ. (SBN: 168228)
2   LAW OFFICES OF WAUKEEN Q. McCOY
    703 Market Street, Suite 1407
3   San Francisco, California 94103
    Telephone (415) 675-7705
4   Facsimile (415) 675-2530

5   SUPERIOR COURT FOR THE STATE OF CALIFORNIA
6   CITY AND COUNTY OF SAN FRANCISCO

7   CLAYTON HARMSTON, et al.,    )  Case No.: 06-454955
                                  )
8           Plaintiffs,        )  **DECLARATION OF WAUKEEN Q.**
                                  )  **McCOY IN SUPPORT OF PLAINTIFFS'**
9       vs.                 )  **MOTION TO COMPEL TO DEPOSITION**
                                    )  **DEFENDANT HEATHER FONG AND**
10  CITY AND COUNTY OF SAN    )  **DEFENDANT CITY AND COUNTY OF**
                                  )  **SAN FRANCISCO'S DESIGNATED**
11  FRANCISCO, et al.,          )  **PERSON MOST KNOWLEDGEABLE**
                                  )  **AND AWARD MONETARY SANCTIONS**
12           Defendants        )

13   _____

14                **DECLARATION OF WAUKEEN Q. McCOY**

15   I, Waukeen Q. McCoy, declare as follows:

16   1. I am an attorney duly licensed to practice law before all courts in the state of California.

17   2. I am the attorney of record for Plaintiffs in this matter.

18   3. As attorney of record, I have personal knowledge of the foregoing, and if called to testify,

19   could and would competently testify to the following:

20       (a) Notice of the depositions in question, scheduled for October 5, 2006, was provided

21   and properly served on each deponent through counsel on September 18, 2006. See Exhibits F

22   and G, attached.

23       (b) No objection was made at any time to the propriety of this notice, nor were any other

24   objections to the procedural propriety of the deposition scheduling. To the contrary, in a letter

25   dated September 27, 2006, the City Attorney's office confirmed that it was their intention to

26   produce Chief Fong for deposition. See Exhibit A, attached.

27       (c) In a letter dated September 29, 2006, but actually provided to Plaintiffs on October 2,

28   2006, the City Attorney's office indicated it intended to refuse to cooperate with the noticed

1  deposition by failing to produce Heather Fong and City's designated PMK.  See Exhibit B,

2  attached.

3       (d) In response to the letter dated September 29, 2006, Plaintiff informed the City

4  Attorney's office in a letter dated October 2, 2006, that there was no basis for failing to appear

5  for the properly noticed depositions and that Plaintiffs were prepared to proceed as scheduled.

6  See Exhibit C, attached.

7       (e) In a letter dated October 3, 2006, the City Attorney's office acknowledged receipt of

8  Plaintiffs' letter assuring them that their position with regard to confidential information would

9  be respected, but again indicated it would refuse to produce Heather Fong and the City's

10  designated PMK for deposition as scheduled.  See Exhibit D, attached.

11       (f) In a letter to the City Attorney's office dated October 3, 2006, Plaintiffs again

12  reiterated their position that there was no reason for the deposition not to proceed as previously

13  scheduled.  See Exhibit E, attached.

14       (g) As the attorney of record I anticipate conducting the deposition of both Heather Fong

15  and City's designated PMK.

16       (h) My intended areas of inquiry at the properly noticed deposition included only such

17  information that was not contained within the personnel files of police officers and therefore not

18  requiring a "Pitchess" motion to be disclosed.  The intended area of inquiry with regard to Chief

19  Fong was focused on her personal knowledge of the contents of VIDEO and her contributions to

20  a public press conference held December 7, 2005 regarding VIDEO.  The intended area of

21  inquiry with regard to City's designated PMK was the general policies and criteria of the San

22  Francisco Police Department regarding suspension, reassignment, disarming, and disciplining

23  officers.

24       (i) On October 5, 2006, at 9:00 A.M. and 1:00 P.M., respectively Chief Fong and City's

25  designated PMK failed to appear for deposition.

26       (j) I have met and conferred with opposing counsel regarding this issue, but these efforts

27  have met with no success.  During the course of the meet-and-confer process, opposing counsel

28  indicated that the basis for refusing to produce Heather Fong and City's designated PMK was

that a so-called "Pitchess" motion would be required before questions could be answered at

1  deposition. I repeatedly assured opposing counsel that the inquiry at deposition would be limited
2  to areas within the deponent's personal knowledge or already disclosed to the general public.
3  Despite these assurances counsel continued to insist that the properly noticed deposition could
4  not proceed as scheduled, and ultimately failed to produce either deponent. See Exhibits A-E.
5  4. I have spent a total of four (4) hours preparing this motion and its supporting papers. I
6  anticipate spending one (1) hour reviewing the reply to this motion and three (3) hours preparing
7  a reply brief and attending the hearing on this motion. My billable rate is $425.00 per hour. I
8  have incurred a total of $3,400 in lost time as a result of having to prepare this motion.
9  5. This motion to compel is made in good faith and for a proper purpose, and is not intended to
10  harass or annoy opposing counsel or defendants.
11
12  I declare under penalty of perjury according to the law of the State of California that the
13  foregoing is true and correct.
14
15
16  Date: October 11, 2006                                    Signed,
17
18  _____
19                                                            WAUKEEN Q. McCOY
20
21
22
23
24
25
26
27
28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A



CITY AND COUNTY OF SAN FRANCISCO

DENNIS J. HERRERA
City Attorney

OFFICE OF THE CITY ATTORNEY

LARRY HECIMOVICH
Deputy City Attorney

DIRECT DIAL:   (415) 554-3933
E-MAIL:   larry.hecimovich@sfgov.org

September 27, 2006

*Via Facsimile & U.S. Mail*

Waukeen McCoy, Esq.
Law Offices of Waukeen McCoy
703 Market Street, Suite 1407
San Francisco, CA  94103

Re:   ***Harmston, Clayton et al. v. City and County of San Francisco, et al.,***
   **SF Superior Court Case No. 454955**

Dear Mr. McCoy:

This is in response to Plaintiffs' notices of deposition for Mayor Gavin Newsom and Police Chief Heather Fong. After reviewing Plaintiffs' extensive written discovery and analyzing the issues in dispute, Defendants agree to produce Chief Fong for deposition as to those issues within her personal knowledge and with regard to which no alternative avenue of discovery exists. This agreement, of course, is subject to Plaintiffs conforming to the requirements of the code of civil procedure and limiting their discovery efforts to issues in legitimate dispute. In the event it appears that Plaintiffs are using the notice of Chief Fong's deposition as a tool to harass and annoy, as opposed to for legitimate discovery purposes, Defendants will terminate the deposition and move for a protective order.

With regard to the notice of Mayor Newsom's deposition, Defendants do not believe there is any legitimate basis, at least at this point in time, for the deposition. As you are aware, it is well settled that a high-ranking public official cannot be required to give evidence in his or her official capacity in the absence of a compelling need for the testimony. (*Nagle v. Superior Court* (1994) 28 Cal.App.4th 1465, 1468; *Civiletti v. Municipal Court* (1981) 116 Cal.App.3rd 105, 100; *State Board of Pharmacy v. Superior Court* (1978) 78 Cal.App.3rd 641, 645; *Deukmejian v. Superior Court* (1983) 143 Cal.App.3rd 632, 633.)

The *Nagle* court explained the rule as follows:

> It is the general rule in both California and federal courts that the heads of agencies and other top governmental executives are normally not subject to depositions. ... "An exception to this general rule exists concerning top officials who have direct personal factual information pertaining to material issues in an action. A top governmental official may, however, only be deposed upon a showing that the information to be gained from such a deposition is not available through any other source."
> *Nagle, supra*, at 1467-68; internal citations omitted.

FOX PLAZA · 1390 MARKET STREET, 5th FLOOR · SAN FRANCISCO, CALIFORNIA 94102-5408
RECEPTION: (415) 554-3800 · FACSIMILE: (415) 554-4248

n:\labor\li2006\070245\00402068.doc

CITY AND COUNTY OF SAN FRANCISCO      OFFICE OF THE CITY ATTORNEY

Letter to Waukeen McCoy, Esq.
Page 2
September 27, 2006

    It is in the public interest to avoid unnecessarily distracting public officials from the duties of their office. (*Nagle, supra* at 1466; *State Board of Pharmacy, supra* at 644.) Accordingly, prior to resolving the need for Mayor Newsom's deposition in this matter, it is incumbent upon Plaintiffs to 1) identify all information you believe is in the unique possession of the Mayor; 2) explain the basis for any claim that Plaintiffs have a compelling need to discovery that information; 3) explain why this information cannot be obtained through the deposition of other City officials, including but not limited to Chief Fong; and 4) serve alternative discovery, such as interrogatories and / or requests for admission targeting the critical factual information at issue.

    Please respond to issues 1-3 at your earliest convenience, and propound additional written discovery as contemplated by issue 4, unless you have concluded that no further written discovery is warranted. For the narrow purpose of addressing the need to obtain information relating to Mayor Newsom's participation in the case, Defendants will not object to the additional written discovery on the ground that Plaintiffs have exceeded the C.C.P. limits, to the extent the discovery is reasonably related to the issues in dispute and not calculated to harass and annoy.

    Thank you for your immediate attention to this matter.

                  Very truly yours,

                  DENNIS J. HERRERA
                  City Attorney

                  LARRY HECIMOVICH
                  Deputy City Attorney

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT B

CITY AND COUNTY OF SAN FRANCISCO                    OFFICE OF THE CITY ATTORNEY



DENNIS J. HERRERA                                   LARRY HECIMOVICH
City Attorney                                       Deputy City Attorney

                                                    October 2, 2006

*Via Facsimile& U.S. Mail*

Waukeen McCoy, Esq.
Law Offices of Waukeen McCoy
703 Market Street, Suite 1407
San Francisco, CA 94103

        Re:    *Harmston et al. v. CCSF et al.,*
               **San Francisco Superior Court Case No. 454955**

Dear Mr. McCoy:

        My secretary just informed me that she forgot to send out my letter from Friday, which I
had left for her before going off to a meeting Friday afternoon, until this morning. Please excuse
the incorrect date on the letter. Given the status of the issues in dispute, I don't believe that my
delay in getting you the letter impacts anything that is outstanding.

        Thank you for your immediate attention to this matter.

                                            Very truly yours,

                                            DENNIS J. HERRERA
                                            City Attorney

                                            LARRY HECIMOVICH
                                            Deputy City Attorney



CITY AND COUNTY OF SAN FRANCISCO

OFFICE OF THE CITY ATTORNEY

DENNIS J. HERRERA
City Attorney

LARRY HECIMOVICH
Deputy City Attorney

DIRECT DIAL: (415) 554-3933
E-MAIL: larry.hecimovich@sfgov.org

September 29, 2006

**_Via Facsimile & U.S. Mail_**

Waukeen McCoy, Esq.
Law Offices of Waukeen McCoy
703 Market Street, Suite 1407
San Francisco, CA 94103

Re:   **_Harmston et al. v. CCSF et al.,_**
      **San Francisco Superior Court Case No. 454955**

Dear Mr. McCoy:

This is in response to your letter of last night. While I appreciate the more professional tone of this letter from past communications, you do not respond to a host of critical issues:

- The Department needs authorizations To Release And Obtain Information And Records for each of your clients, and cannot provide any written or oral information relating to their personnel issues without releases. If you have any problem with the form of release, please let me know and we can look at changes. As I indicated in my letter, unless you get them to me today, Defendants will not have adequate time to prepare for next week's depositions.

- Based on your written discovery, we assume that Plaintiffs intend to seek both written and oral personnel information relating to Officers Derrick Lew, Erik Chaing, Alex Kwan and John Pai, in addition to each of the Plaintiffs. As stated in my letter, the procedure for obtaining personnel information relating to a police officer is set forth in California Evidence Code section 1043 et seq. As you no doubt know from your extensive practice in this area as well as your prior public service, the _Pitchess_ procedure is **mandatory and exclusive.** If you need citations to that effect please let me know and I will provide them.

- Since you have failed to comply with _Pitchess_ as to the non-plaintiff officers and to provide releases as to Plaintiffs, Defendants will not produce witnesses next week. If you refuse to withdraw the notices of the PMK and Chief's depositions, Defendants will move for a protective order and will seek sanctions.

- As to Mayor Newsom, your letter fails to provide any of the information requested in my letter. Under California law, Plaintiffs are required, prior to even noticing the Mayor's deposition, to 1) identify all information you believe to be in unique possession of the Mayor; 2) explain the basis for any claim that Plaintiffs have a compelling need to discover that information; 3) explain why this information cannot be obtained through the deposition of other City officials, including but not limited to Chief Fong; and 4) serve alternative discovery, such as interrogatories and / or requests for admission targeting the critical factual information at issue. See, _e.g., Nagle v. Superior Court_ (1994) 28 Cal.App.4[th]

FOX PLAZA · 1390 MARKET STREET, 5TH FLOOR · SAN FRANCISCO, CALIFORNIA 94102-5408
RECEPTION: (415) 554-3800 · FACSIMILE: (415) 554-4248

n:\labor\li2006\070245\00402818.doc

CITY AND COUNTY OF SAN FRANCISCO                    OFFICE OF THE CITY ATTORNEY

Letter to Waukeen McCoy, Esq.
Page 2
September 29, 2006

1465, 1468; *Civiletti v. Municipal Court* (1981) 116 Cal.App.3rd 105, 100; *State Board of Pharmacy v. Superior Court* (1978) 78 Cal.App.3rd 641, 645; *Deukmejian v. Superior Court* (1983) 143 Cal.App.3rd 632, 633. Your failure to do so and to instead notice the deposition at the inception of the litigation is sanctionable, and Defendants will seek sanctions if we are forced to move for a protective order as to this deposition.

- Finally, your statement that the PMK notice "identifies those areas that will be covered in the deposition" fails to note that the notice itself is fatally vague. Please explain what the third issue set forth in the notice means, since Plaintiffs have not yet been disciplined. To the extent that this issue relates to the Department's ongoing investigation, I again confirm that neither Chief Fong nor any other City witness will disclose any information relating to the investigation, including but not limited to the information uncovered during the investigation, on the grounds that such disclosure would cause undue and unacceptable damage to the investigation.

California law is clear that Plaintiffs are not entitled to conduct the noticed depositions until each of these issues has been resolved. Please respond to these issues immediately. If we cannot resolve these issues by Monday, Defendants will seek an appropriate protective order from the court as to next week's depositions, and will subsequently seek a protective order relating to Mayor Newsom's noticed deposition. I have contacted the court and reserved the first available date to have these motions heard. The hearing is set for November 2, 10:30 a.m.

Thank you for your immediate attention to this matter.

Very truly yours,

DENNIS J. HERRERA
City Attorney

LARRY HECIMOVICH
Deputy City Attorney

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT C

703 Market Street, Suite 1407
San Francisco, CA 94103
Web: www.waukeenmccoy.com



*Law Offices of*
*Waukeen Q. McCoy*

Phone: (415) 675-7705
Facsimile: (415) 675-2530
Email: mail@waukeenmccoy.com

October 2, 2006                    VIA TELEFACSIMILE AND U.S. MAIL

Larry Hecimovich, Esq.
City and County of San Francisco
Fox Plaza
1390 Market St., 5th Floor
San Francisco, CA 94102

    RE: Harmston, et al. v. CCSF, et al.

    Dear Mr. Hecimovich:

    I am in receipt of your letter dated September 29, 2006 faxed only today October 2, 2006 to my office. First, please be advised that we do not need to provide authorization and/or releases from our clients to you to "review" information so that your witnesses can "prepare for next week's depositions."

    With regard to the depositions scheduled, we are not seeking "oral personnel information" relating to Officers Lew, Chaing, Quan, or Pai or any other non-plaintiff officers. I understand that the *Pitchess* procedure is mandatory and exclusive when seeking information in an Officer's personnel file; this will not be the subject of Thursday's depositions. If you need citations to that effect, please let me know and I will provide them.

    Further, there is no authority that says that our clients are required to submit a waiver document to gain access to their own personnel records or for the Chief to testify concerning our clients and the personnel actions taken against them. If you do not confirm that you will produce the witnesses by the end of the day today, we will file a motion to compel and seek sanctions. If you file a frivolous protective order, we will oppose that motion and seek sanctions. If you recall, on September 27, 2006 you agreed in writing to produce Chief Fong for deposition on the day Noticed and you also referred to "preparing for next week's deposition in your most recent correspondence." I cannot quite understand why you are now taking the position that you will not advise your client to appear for a properly noticed deposition. Our experience with your office in the past is one of continuing delay under false rationales; this case is no different.

    As to the notice of deposition of Mayor Gavin Newsome, I have strongly considered serving alternative discovery, such as interrogatories and/or request for admissions targeting the critical factual information at issue, however, as you know, under well settled California law, I cannot serve interrogatories or request for admissions on a non-party. As previously explained to you, the information that I wish to seek from the Mayor is any and all relevant evidence related to his role in directing discipline to the



703 Market Street, Suite 1407
San Francisco, CA 94103
Web: www.waukeenmccoy.com

*Law Offices of*
**Waukeen Q. McCoy**

Phone: (415) 675-7705
Facsimile: (415) 675-2530
Email: mail@waukeenmccoy.com

L. Hecimovich, Esq.
October 2, 2006
Page 2

plaintiffs in any form (ie., suspensions, weapons taken, denial of overtime, shift change, given non-contact positions, etc.) and statements he made during the Mayor's press-conference of December 7, 2005 calling our clients by innuendo racist, sexist, and homophobic.

As indicated in my last correspondence, we are open to a stipulated protective order, sealing such testimony that involves an "ongoing investigation". However, it is our position that any investigation should have concluded months ago and any disclosures will not cause undue and unacceptable damages to the investigation. It is remarkable that you took the same steps in noticing my clients depositions as I took in noticing yours, without a protective order, without a waiver, without a pitches motion.

Please confirm by 5:00 p.m. today that you will be producing the PMK and Chief Fong for deposition as Noticed.

Thank you very much for your immediate attention in this matter.

LAW OFFICES OF WAUKEEN McCOY

WAUKEEN McCOY, ESQ.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT D

OCT-03-2006  10:39                   4155544248                                          4155544248        P.02

# CITY AND COUNTY OF SAN FRANCISCO

 DENNIS J. HERRERA
City Attorney

# OFFICE OF THE CITY ATTORNEY

LARRY HECIMOVICH
Deputy City Attorney

DIRECT DIAL:  (415) 554-3933
E-MAIL:  larry.hecimovich.sf@gov.org

October 3, 2006

**Via Facsimile and U.S. Mail**

Waukeen McCoy, Esq.
Law Offices of Waukeen McCoy
703 Market Street, Suite 1407
San Francisco, CA  94103

> Re:   ***Harmston et al. v. CCSF et al.,***
> **San Francisco Superior Court Case No. 454955**

Dear Mr. McCoy:

This is in response to your letter of yesterday afternoon.  As you know, Defendants filed their notice of motion for a protective order yesterday.  Having reviewed your letter, nothing in it would have changed my analysis of Defendants' need to obtain a protective order in any event. That said, Defendant remain interested in meeting and conferring with you in an attempt to alleviate the need for the protective order we are seeking, as well as the motion we will file next week if we cannot resolve our impasse over Plaintiffs' written discovery and Plaintiffs' notice of Mayor Newsom's deposition.

As to the first issue, it is incumbent on Plaintiffs to release their confidentiality claims in their personnel information under the Police Officer Bill of Rights and related statutes prior to requesting that the Department disclose that information in deposition or in responses to rewritten discovery.  The Department has provided you a form of authorization it believes is suitable and remains willing to meet and confer regarding possible modifications to that form. This will reiterate that the Department cannot provide any written or oral information relating to Plaintiffs' personnel issues without their signed releases.[1]

Your statement that Plaintiffs will not seek information from the personnel files of Officers Derrick Lew, Erik Chaing, Alex Kwan and John Pai seems misguided.  First, Plaintiff shave sought such information quite explicitly in their request for production of documents. Based on your correspondence, I assume you are withdrawing those requests.  Moreover, to the extent your argument is that testimony relating to information in the Officers' personnel files is not subject to the *Pitchess* procedures, I would indeed be interested in receiving "citations to that effect."

You have once again failed to respond to Defendants' request that you clarify whether or not Plaintiffs intend to examine witnesses and conduct other discovery as to the Department's ongoing investigation of the videotape misconduct.  Given your refusal to respond to this simple question, and the ambiguous language in the PMK notice already addressed in my letters,

---

[1] You are correct that, as of last week, Defendants anticipated producing witnesses "for next week's depositions."  Plaintiffs' failure to respond in any meaningful way to the meet and confer issues presented in my correspondence has necessitated a delay to allow the court the opportunity to order the procedures Plaintiffs have chosen to ignore.

FOX PLAZA · 1390 MARKET STREET, 5TH FLOOR · SAN FRANCISCO, CALIFORNIA 94102-5408
RECEPTION: (415) 554-3800 · FACSIMILE: (415) 554-4248

n:\labor\l2006\070245\00403585.doc

CITY AND COUNTY OF SAN FRANCISCO                    OFFICE OF THE CITY ATTORNEY

Letter to Waukeen McCoy, Esq.
Page 2
October 3, 2006

Defendants will seek a protective order as to any discovery as to the investigation. As you know, the Department's investigation is ongoing, such that disclosure of information relating to the investigation would result in irreparable and unacceptable harm to the City's ability to complete the investigation and take appropriate disciplinary action based on the Department's findings.

Finally, as to Plaintiffs' notice of deposition directed to Mayor Newsom, your letter again fails to provide any of the information requested in my letter. Your position that you have a greater right to take Mayor Newsom's deposition since he is not a defendant is simply bizarre. Please note that there is a procedure for conducting depositions by written questions, and that such a procedure seems entirely adequate and appropriate in light of the Mayor's limited role in this case, as underscored by Plaintiffs' determination that he was not subject to suit. Moreover, the interrogatories and requests for admission that Plaintiffs have served seek to discover voluminous information bearing directly on Mayor Newsom's role in the underlying fats of this case. California law requires that Plaintiffs explore such alternative means of obtaining probative information before noticing a high executive's deposition, and your failure to do so is sanctionable. See, e.g., *Nagle v. Superior Court* (1994) 28 Cal.App.4th 1465, 1468; *Civiletti v. Municipal Court* (1981) 116 Cal.App.3rd 105, 100; *State Board of Pharmacy v. Superior Court* (1978) 78 Cal.App.3rd 641, 645; *Deukmejian v. Superior Court* (1983) 143 Cal.App.3rd 632, 633. This will reiterate that Defendants will seek sanctions if we are forced to move for a protective order as to this deposition.

Thank you for your immediate attention to this matter.

Very truly yours,

DENNIS J. HERRERA
City Attorney

LARRY HECIMOVICH
Deputy City Attorney

1
2
3
4
5
6
7
8
9
10

# EXHIBIT E

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

703 Market Street, Suite 1407
San Francisco, CA 94103
Web: www.waukeenmccoy.com



*Law Offices of*
**Waukeen Q. McCoy**

Phone: (415) 675-7705
Facsimile: (415) 675-2530
Email: mail@waukeenmccoy.com

October 3, 2006

LAWRENCE HECIMOVICH, SBN # 83788
Deputy City Attorney
Fox Plaza
1390 Market Street, 5ᵗʰ Floor
San Francisco, CA, 94102-5408
VIA FASCIMILE AND US MAIL

Re: Clayton Harmston, et al., v. City and County of San Francisco, et al.

Dear Mr. Hecimovich,

Let me start by noting that I find it regrettable that communications occurring to date appear to have resulted in unnecessarily acrimonious relations between counsel at the present time. I believe the issues at hand are in fact relatively straightforward and can be resolved without the intervention of the court, and it is my hope that you will agree once our position is made clear.

First, it is not apparent that the Department has any statutory or legal basis for requiring Plaintiffs to provide signed releases before the Department provides discovery information contained within their *own* personnel files to themselves and their counsel. It would certainly seem counter-intuitive that a Plaintiff would be required to authorize release of information to his or her own self; by requesting the information, the authorization is implicit. Any additional "authorization" is simply redundant and nonsensical. Neither is Plaintiff's authorization necessary in order for your office to obtain and review personnel files in preparation for the deposition. See *Michael v. Gates*, 38 Cal.App.4th 737, 744 (1995). I believe I have clearly taken this position in the course of our previous correspondence; thus, if there is some authority to the contrary, please advise to that effect and provide specific citation. Otherwise I believe this demand from your office is unfounded and should not impede our previously scheduled deposition from going forward.

Second, be advised that as soon as possible I will file a motion pursuant to Evidence Code Section 1043 in order to discover information contained in the personnel files of Officers Derrick Lew, Erik Chaing, Alex Kwon, and John Pai. However, it appears the separate issues of written discovery (for which we intend to file the proper motion) and the scheduled depositions of Chief Fong and City's PMK have become confused. As I have previously advised, my office is aware of the requirements of section 1043, and we fully understand and respect your position that it prevents Chief Fong and City's PMK from disclosing or discussing this type of information in deposition testimony. As we understand this matter and will respect this limitation during the deposition, it is unclear why the deposition cannot then go forward. We have



703 Market Street, Suite 1407
San Francisco, CA 94103
Web: www.waukeenmccoy.com

*Law Offices of*
**Waukeen Q. McCoy**

Phone: (415) 675-770
Facsimile: (415) 675-253
Email: mail@waukeenmccoy.com

L. Hecimovich
October 3, 2006, Page 2

indicated that at this juncture we are not soliciting oral testimony regarding information contained in the personnel files of officers. It appears that despite our assurance to the contrary, you have assumed we will do so and proceeded accordingly. Filing for a protective order based merely on mistrust of our good-faith representation regarding this issue seems premature, unfounded, and needlessly acrimonious. However, in light of the Notice of Motion for Protective Order already filed, be advised that we intend to file a Motion to Compel the deposition and seek sanctions.

Third, with regard to Plaintiff's intention to examine witnesses and conduct other discovery regarding an "ongoing investigation," it seems premature to be discussing it. Once again, as we have represented to you in the past, we are prepared to respect your position refusing to discuss the ongoing investigation during the course of Chief Fong or City's PMK's deposition. It therefore provides no impediment to going forward. Our written discovery and the scheduled depositions present separate and distinct issues. We would once again urge that court involvement in the form of a protective order seems rather premature.

Fourth, in regard to Mayor Newsom, we are aware of your objection to taking his deposition and are evaluating our alternatives. This presents an entirely separate issue and has no bearing on Chief Fong or City PMK's scheduled deposition going forward.

I certainly hope that this letter clarifies any previous misunderstanding we may have had. It is my belief that discovery in this matter can and should be handled without need for acrimony between the parties and with no future court involvement. However, I will have to advise you that given the pressing timeframe in regard to Chief Fong's deposition, I consider this letter and your anticipated response to be our final effort to meet and confer on these issues.

Sincerely,

Waukeen Q. McCoy

LAW OFFICES OF WAUKEEN Q. McCOY

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT F

1  WAUKEEN Q. McCOY, ESQ. (SBN: 168228)
   LAW OFFICES OF WAUKEEN Q. McCOY
2  703 Market Street, Suite 1407
   San Francisco, California 94103
3  Telephone (415) 675-7705
   Facsimile (415) 675-2530

4  Attorney for Plaintiffs
   CLAYTON HARMSTON et al.
5

6              SUPERIOR COURT OF THE STATE OF CALIFORNIA

7                      COUNTY OF SAN FRANCISCO

8                       UNLIMITED JURISDICTION

9

10 CLAYTON HARMSTON, an individual; GIGI       )
   GEORGE, an individual; JAMES LEWIS, an      )   Case No. CGC  06-454955
11 individual; MIKE EVANSON, an individual,    )
   ERICK SOLARES, an individual; DAVE          )
12 PARRY, an individual; ANDREW COHEN,         )   **NOTICE OF TAKING DEPOSITION OF**
   an individual; NOAH MALLINGER, an           )   **HEATHER FONG**
13 individual; CARLOS MUSTAFICH, an            )
   individual; LUIS DEJESUS, an individual;    )
14 JAMES D. AHERNE, an individual; JASON       )
   KIRCHNER, an individual; REGINALD           )
15 SCOTT, an individual; GERALD P. LYONS,      )
   an individual; WENDY HURLEY, an             )
16 individual; HOLLY STOUMEN, an individual;   )
   CHRISTINE ARNDT, an individual;             )
17 SHAREEF NASIR, an individual                )
                                               )
18             Plaintiffs,                     )   **Date: Oct 5th, 2006**
                                               )   **Time:** 1:00 pm
19        vs.                                  )   **Address:** Law Offices of Waukeen Q. McCoy
                                               )             703 Market Street, Suite 1407
20                                             )             San Francisco, CA  94103
                                               )
21                                             )
                                               )
22 CITY AND COUNTY OF SAN FRANCISCO,           )
   HEATHER FONG, an individual, and DOES       )
23 1-50                                        )
                                               )
24             Defendants.                     )
                                               )
25

26 _____

27

28

NOTICE OF TAKING DEPOSITION
OF HEATHER FONG                        1

1    PLEASE TAKE NOTICE that at 1:00 pm on Oct 5th, 2006, at the Law Offices of

2   Waukeen McCoy, 703 Market Street, Suite 1407, San Francisco, CA 94103, Plaintiffs Clayton

3   Harmston et al. through their undersigned attorneys, will take the deposition of **Heather Fong.**

4    Said deposition will take place for the purpose of cross-examination and for all other

5   purposes and uses authorized by the California Code of Civil Procedure.  Said oral examination

6   will continue from day to day thereafter, Saturdays, Sundays and holidays excepted until

7   complete.

8    PLEASE TAKE FURTHER NOTICE THAT said deposition will be recorded

9   stenographically and by videotape.

10

11   DATED:  September 18th, 2006

12                                                                    Waukeen Q. McCoy, Esq.

13                                                                    Attorney for Plaintiffs

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF TAKING DEPOSITION                    2
OF HEATHER FONG

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

NOTICE OF TAKING DEPOSITION
OF HEATHER FONG                                       3

## PROOF OF SERVICE

I declare:

My business address is 703 Market Street, Suite 1407, San Francisco, CA. I am over the age of 18 and am not a party to this action.

On September 18, 2006 , I caused to be served:

**NOTICE OF TAKING DEPOSITION OF GAVIN NEWSOM, AND SUBPOENA FOR DEPOSITION**

**NOTICE OF TAKING DEPOSITION OF HEATHER FONG**
**NOTICE OF DEPOSITION OF PERSON MOST KNOWLEDGABLE PURSUANT TO CCP §2025.230**
**On** the party(ies) listed below, addressed as follows:

*LAWRENCE HECIMOVICH*

1390 MARKET ST 5TH FLOOR , SAN FRANCISCO, CA 94103

___**X**___     **By Hand Delivery**

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on September 18, 2006 at San Francisco, California.

LAW OFFICES OF WAUKEEN Q. McCOY

_____

Mark D Roberts

NOTICE OF TAKING DEPOSITION
OF HEATHER FONG                                    3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT G

WAUKEEN Q. McCOY, ESQ. (SBN: 168228)
LAW OFFICES OF WAUKEEN Q. McCOY
703 Market Street, Suite 1407
San Francisco, California 94103
Telephone (415) 675-7705
Facsimile (415) 675-2530

Attorney for Plaintiffs
CLAYTON HARMSTON et al.

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN FRANCISCO

UNLIMITED JURISDICTION

CLAYTON HARMSTON, an individual; GIGI
GEORGE, an individual; JAMES LEWIS, an
individual; MIKE EVANSON, an individual;
ERICK SOLARES, an individual; DAVE
PARRY, an individual; ANDREW COHEN,
an individual; NOAH MALLINGER, an
individual; CARLOS MUSTAFICH, an
individual; LUIS DEJESUS, an individual;
JAMES D. AHERNE, an individual; JASON
KIRCHNER, an individual; REGINALD
SCOTT, an individual; GERALD P. LYONS,
an individual; WENDY HURLEY, an
individual; HOLLY STOUMEN, an individual;
CHRISTINE ARNDT, an individual;
SHAREEF NASIR, an individual

        Plaintiffs,

    vs.

CITY AND COUNTY OF SAN FRANCISCO,
HEATHER FONG, an individual, and DOES
1-50

        Defendants.

Case No. CGC  06-454955

**NOTICE OF DEPOSITION OF PERSON
MOST KNOWLEDGABLE PURSUANT
TO CCP §2025.230**

**Date: Oct 5th, 2006**
**Time:** 9:00 AM
**Address:** Law Offices of Waukeen Q. McCoy
      703 Market Street, Suite 1407
      San Francisco, CA  94103

1    PLEASE TAKE NOTICE that at 9:00am on Oct 5th, 2006, at the Law Offices of

2  Waukeen McCoy, 703 Market Street, Suite 1407, San Francisco, CA 94103, Plaintiffs Clayton

3  Harmston et al, through their undersigned attorneys, will take the deposition of **The Person most**

4  **Knowledgeable Pursuant to CCP §2025.230, concerning the following categories of**

5  **information;**

6          **(1) the criteria used in the decision to suspend plaintiffs;**

7          **(2) the criteria used in the decision to take away plaintiffs badges and guns;**

8          **(3) the criteria used in the decision used to discipline plaintiffs for their role in the**

9                **video which is the subject of the complaint herein.**

10    Said deposition will take place for the purpose of cross-examination and for all other

11  purposes and uses authorized by the California Code of Civil Procedure.  Said oral examination

12  will continue from day to day thereafter, Saturdays, Sundays and holidays excepted until

13  complete.

14    PLEASE TAKE FURTHER NOTICE THAT said deposition will be recorded

15  stenographically and by videotape.

16

17  DATED:  September 18th, 2006

18                                                    Waukeen Q. McCoy, Esq.

19                                                    Attorney for Plaintiffs

20

21

22

23

24

25

26

27

28

WAUKEEN Q. McCOY, ESQ. (SBN: 168228)
LAW OFFICES OF WAUKEEN Q. McCOY
703 Market Street, Suite 1407
San Francisco, California 94103
Telephone (415) 675-7705
Facsimile (415) 675-2530

## SUPERIOR COURT FOR THE STATE OF CALIFORNIA
## CITY AND COUNTY OF SAN FRANCISCO

| | |
|---|---|
| CLAYTON HARMSTON, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY AND COUNTY OF SAN<br><br>FRANCSICO, et al.,<br><br>Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No.: 06-454955<br><br>{PROPOSED} ORDER COMPELLING TO DEPOSITION DEFENDANT HEATHER FONG AND DEFENDANT CITY AND COUNTY OF SAN FRANCISCO'S DESIGNATED PERSON MOST KNOWLEDGEABLE AND AWARDING MONETARY SANCTIONS |

PLAINTIFFS CLAYTON HARMSTON, et al., Motion to Compel to Deposition and Award Monetary Sanctions came on regularly for hearing on November 2, 2006, at 10:30 AM, in Department 612 before the Honorable Everett A. Hewlett, Jr.

Plaintiffs Clayton Harmston, et al., were represented at hearing by Waukeen Q. McCoy, Esq., and Defendants Heather Fong and City and County of San Francisco were represented by Larry Hecimovich of the San Francisco City Attorney's office.

Based upon the papers submitted and the oral argument presented, and UPON GOOD CAUSE SHOWN, it is hereby ordered:

Plaintiffs Clayton Harmston, et al., Motion to Compel to Deposition and Award Monetary Sanctions is GRANTED, with monetary sanctions in the amount of $3,400.

Chief Heather Fong's deposition shall be held on _____.

{PROPOSED} Order Granting Plaintiffs' Motion to Compel to Deposition and Awarding Monetary Sanctions - 1

1    City's designated Person Most Knowledgeable's deposition shall be held on

2    _____.

3    DATED:

4

5                                                    SUPERIOR COURT JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
Waukeen Q. McCoy, Esq. (SBN: 168228)
LAW OFFICES OF WAUKEEN Q. McCOY
703 Market Street. Suite 1407
San Francisco. California 94102
Telephone: (415) 675-7705
Facsimile: (415) 675-2530

5
Attorney for Plaintiffs
CLAYTON HARMSTON et al.

ENDORSED
F I L E D
San Francisco County Superior Court

OCT 1 1 2006

GORDON PARK-LI, Clerk
BY: _____ ELIAS BUTT
Deputy Clerk

6
7
SUPERIOR COURT OF THE STATE OF CALIFORNIA FOR THE
CITY AND COUNTY OF SAN FRANCISCO

8
9    CLAYTON HARMSTON, et al.,

10           Plaintiff,

11        vs.

12   CITY AND COUNTY OF SAN

13   FRANCISCO, et al.,

14           Defendant

)    Case No.: 06-454955
)
)    **PROOF OF SERVICE**
)
)
)
)
)
)
)
)

15
16
17
18

19                      **PROOF OF SERVICE**

20        I declare:

21
22        My business address is 703 Market Street, Suite 1407, San Francisco, CA.  I am over the
     age of 18 and am not a party to this action.

23
        On October 11, 2006 , I caused to be served:

24
25   **PLAINTIFFS NOTICE OF MOTION AND MOTION TO COMPEL TO DEPOSITION
     DEFENDANT HEATHER FONG AND DEFENDANT CCSF'S DESIGNATED PMK
26   AND AWARD MONETARY SANCTIONS**

27   **MEM OF P&A IN SUPPORT OF MOTION TO COMPEL TO DEPOSITION HEATHER
     FONG AND DEFENDANTS DESIGNATED PMK AND AWARD MONETARY
28   SANCTIONS**

1  DECLARATION OF WAUKEEN Q. MCCOY IN SUPPORT OF MOTION TO COMPEL
2  TO DEPOSITION DEFENDANT HEATHER FONG AND DEFENDANT CCSF'S
   DESIGNATED PMK AND AWARD MONETARY SANCTIONS
3
   PROPOSED ORDER
4

5

6
   **On** the party(ies) listed below, addressed as follows:
7

8
   LAWRENCE HECIMOVICH
9  1390 MARKET ST 5TH FLOOR ,

10 SAN FRANCISCO. CA 94103

11
   ___X___          **By Hand Delivery**
12

13

14

15

16
        I declare under penalty of perjury under the laws of the State of California that the foregoing
17 is true and correct.

18      Executed on October 11, 2006  at San Francisco, California.
19

20
                              LAW OFFICES OF WAUKEEN Q. McCOY
21

22

23                            Mark D Roberts

24

25

26

27

28

ENDORSED
FILED
San Francisco County Superior Court

OCT 1 1 2006

GORDON PARK-LI, Clerk
BY: _____ MARY ANN MORAN
Deputy Clerk

1   DENNIS J. HERRERA, State Bar #139669
    City Attorney
2   ELIZABETH S. SALVESON, State Bar # 83788
    Chief Labor Attorney
3   LAWRENCE HECIMOVICH, State Bar #129688
    ADELMISE ROSEMÉ WARNER, State Bar #215385
4   Deputy City Attorneys
    Fox Plaza
5   1390 Market Street, 5th Floor
    San Francisco, California 94102-5408
6   Telephone:    (415) 554-3933
    Facsimile:    (415) 554-4248

7

8   Attorneys for Defendants
    CITY AND COUNTY OF SAN FRANCISCO and
9   HEATHER FONG

10          SUPERIOR COURT OF THE STATE OF CALIFORNIA

11               COUNTY OF SAN FRANCISCO

12                  UNLIMITED JURISDICTION

13   CLAYTON HARMSTON, an individual; et al.,        Case No. 06-454955

14          Plaintiffs,                               PROOF OF SERVICE

15      vs.                                           Date:      November 02, 2006
                                                      Time:      10:30 a.m.
16   CITY AND COUNTY OF SAN FRANCISCO,               Dept.:     612
     HEATHER FONG, an individual, and DOES 1-50,                Commissioner
17                                                             Everett A. Hewlett, Jr.
            Defendants.
18                                                   Action Filed: August 10, 2006
                                                     Trial Date: None
19

20

21   I, LISA HARRIS, declare as follows:

22      I am a citizen of the United States, over the age of eighteen years and not a party to the
     above-entitled action. I am employed at the City Attorney's Office of San Francisco, Fox Plaza
     Building, 1390 Market Street, Fifth Floor, San Francisco, CA 94102.

23
     On October 11, 2006, I served the following document(s):
24
     AMENDED NOTICE OF MOTION AND MOTION FOR PROTECTIVE ORDER;
25   MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION
     FOR PROTECTIVE ORDER
26
     DEFENDANTS' STATEMENT OF ITEMS IN DISPUTE RE DEFENDANTS'
27   MOTION FOR PROTECTIVE ORDER

28

PROOF OF SERVICE - CASE NO. 454955                          n:\labor\li2006\070245\00404714.doc

**DECLARATION OF LAWRENCE HECIMOVICH IN SUPPORT OF DEFENDANTS' MOTION FOR PROTECTIVE ORDER [PROPOSED] ORDER GRANTING DEFENDANTS' MOTION FOR PROTECTIVE ORDER**

on the following persons at the locations specified:

Waukeen Q. McCoy, Esq.
Law Offices of Waukeen Q. McCoy
703 Market Street, Suite 1407
San Francisco, CA  94111

in the manner indicated below:

☐  **BY UNITED STATES MAIL**: Following ordinary business practices, I sealed true and correct copies of the above documents in addressed envelope(s) and placed them at my workplace for collection and mailing with the United States Postal Service. I am readily familiar with the practices of the San Francisco City Attorney's Office for collecting and processing mail. In the ordinary course of business, the sealed envelope(s) that I placed for collection would be deposited, postage prepaid, with the United States Postal Service that same day.

☒  **BY PERSONAL SERVICE**: I sealed true and correct copies of the above documents in addressed envelope(s) and caused such envelope(s) to be delivered by hand at the above locations by a professional messenger service. **A declaration from the messenger who made the delivery ☐ is attached or ☒ will be filed separately with the court.**

☐  **BY OVERNIGHT DELIVERY**: I sealed true and correct copies of the above documents in addressed envelope(s) and placed them at my workplace for collection and delivery by overnight courier service. I am readily familiar with the practices of the San Francisco City Attorney's Office for sending overnight deliveries. In the ordinary course of business, the sealed envelope(s) that I placed for collection would be collected by a courier the same day.

☐  **BY FACSIMILE**: Based on a written agreement of the parties to accept service by fax, I transmitted true and correct copies of the above document(s) via a facsimile machine at telephone number Fax #' to the persons and the fax numbers listed above. The fax transmission was reported as complete and without error. The transmission report was properly issued by the transmitting facsimile machine, and **a copy of the transmission report ☐ is attached or ☐ will be filed separately with the court.**

I declare under penalty of perjury pursuant to the laws of the State of California that the foregoing is true and correct.

Executed October 11, 2006, at San Francisco, California.

LISA HARRIS

PROOF OF SERVICE - CASE NO. 454955

n:\labor\li2006\070245\00404714.doc

# EXHIBIT "E"

EXHIBIT "E"

ORIGINAL

1   DENNIS J. HERRERA, State Bar #139669
    City Attorney
2   ELIZABETH S. SALVESON, State Bar # 83788
    Chief Labor Attorney
3   LAWRENCE HECIMOVICH, State Bar #129688
    ADELMISE ROSEME WARNER, State Bar #215385
4   Deputy City Attorneys
    Fox Plaza
5   1390 Market Street, 5th Floor
    San Francisco, California 94102-5408
6   Telephone:     (415) 554-3933
    Facsimile:     (415) 554-4248
7
    Attorneys for Defendants
8   CITY AND COUNTY OF SAN FRANCISCO and
    HEATHER FONG
9
              SUPERIOR COURT OF THE STATE OF CALIFORNIA
10
                      COUNTY OF SAN FRANCISCO
11
                         UNLIMITED JURISDICTION
12
    CLAYTON HARMSTON, an individual; et al.,        Case No. 06-454955
13
                    Plaintiffs,                      DISCOVERY
14                                                   [PROPOSED] ORDER GRANTING
           vs.                                       IN PART DEFENDANTS' MOTION
15                                                   FOR PROTECTIVE ORDER AND
    CITY AND COUNTY OF SAN FRANCISCO,                DENYING PLAINTIFFS' MOTION
16  HEATHER FONG, an individual, and DOES 1-50,      TO COMPEL
17                  Defendants.
                                                     Date:        November 2, 2006
18                                                   Time:        10:30 a.m.
                                                     Dept.:       612
19                                                                Commissioner
                                                                  Everett A. Hewlett, Jr.
20
                                                     Action Filed:  August 10, 2006
21                                                   Trial Date:    None
22
23
24
25
26
27
28

ORDER RE DEFS.' MTN. FOR PROTECTIVE ORDER - CASE NO. 06-454955        n:\labor\li2006\070245\00408251.doc

FILED
San Francisco County Superior Court
JAN 16 2007
GORDON PARK-LI, Clerk
BY _____
                    Deputy Clerk

1    This matter came on for hearing on Thursday, November 2, 2006, before the Honorable

2  Everett A. Hewlett, Jr., in Department 612 of the above-entitled Court, with appearances by counsel

3  as follows:  City Attorney Dennis J. Herrera, through Deputy City Attorney Lawrence Hecimovich,

4  appeared for Defendants, the Law Offices of Waukeen McCoy and Waukeen McCoy, Esq.

5  appeared for Plaintiff.

6    All pleadings and records on file with the Court in this matter and all such other oral and

7  documentary evidence as the Court may consider in the hearing on this motion having been fully

8  considered, and proof being made to the satisfaction of the Court,

9    IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

10    Defendants' motion for a protective order is GRANTED in part.  The Court finds as follows:

11    1) Defendants cannot be compelled to respond to written discovery or to produce

12        witnesses for depositions in which Plaintiffs will seek disclosure of confidential

13        personnel information relating to peace officers until Plaintiffs have complied with

14        the procedures set forth in California Evidence Code § 1043, *et seq.*, which require a

15        written noticed motion ("*Pitchess*" motion).  California Penal Code § 843.7.  This

16        prohibition applies to the solicitation of information through deposition examination

17        in addition to the written discovery identified in Defendants' moving papers.

18        *Fletcher v. Superior Court* (2002) 100 Cal.App.4th 386, 403 (Penal Code Section

19        832.7's privilege pertaining to the confidentiality of peace officer's personnel records,

20        and its exceptions which allow opposing party to seek such information, apply to

21        both pretrial discovery and to live testimony); *City of San Diego v. Superior Court*

22        (1981) 136 Cal.App.3d 236, 239 ("a litigant may not obtain indirectly what is

23        directly privileged and immune from discovery").  The Court finds that the

24        depositions of Chief Fong and the City's person most knowledgeable, as outlined by

25        Plaintiff's counsel, encompass such information.  See Hecimovich Decl., Ex. M.

26        (September 27 meet and confer letter from Waukeen McCoy, confirming that

27        Plaintiffs seek to examine the witnesses as to "disciplinary information (which

28

1

ORDER RE DEFS.' MTN. FOR PROTECTIVE ORDER - CASE NO. 06-454955         n:\labor\li2006\070245\00408251.doc

1   includes but is not limited to "protocol suspensions"), or lack thereof," with regard to

2   Officers Lew, Chaing, Kwan and Pai.)

3   2)  At this time, Defendants cannot be compelled to disclose the information identified

4   in Defendants' moving papers and statement of items in dispute as implicating the

5   Department's ongoing administrative investigation.  The Court finds that disclosure

6   of this information would jeopardize the Department's ability to complete that

7   administrative process and that Plaintiffs have not shown a compelling justification

8   for discovering this information prior to the completion of the investigation.

9   3)  Defendants cannot be compelled to disclose personnel information relating to

10   Plaintiffs until Plaintiffs – each of whom is employed as a peace officer with the San

11   Francisco Police Department -- provide Defendants with written authorizations

12   authorizing Defendants to disclose confidential personnel information relating to

13   them.  California Penal Code § 843.7; *Levy v. Superior Court (Golant)* (1995) 10

14   Cal.4th 578, 583.  In the event that the parties cannot agree as to a form of

15   authorization, the parties can submit their respective proposals to the court for

16   consideration.

17   **IT IS SO ORDERED.**

18   1/12/07

19                                 EVERETT A. HEWLETT, JR.
20                                 COMMISSIONER

21

22

23

24

25

26

27

28

ORDER RE DEFS.' MTN. FOR PROTECTIVE ORDER - CASE NO. 06-454955      n:\labor\li2006\070245\00408251.doc

# EXHIBIT "F"

EXHIBIT "F"

# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF SAN FRANCISCO
400 MCALLISTER STREET, SAN FRANCISCO, CA 94102

| | |
|---|---|
| CLAYTON HARMSTON et al | **Pretrial Department 212**<br>**Case Management Order** |
| PLAINTIFF (S) | |
| VS. | **NO. CGC-06-454955** |
| CITY AND COUNTY OF SAN FRANCISCO et al | **Order Continuing Case**<br>**Management Conference** |
| DEFENDANT (S) | |

TO: ALL COUNSEL AND PARTIES IN PROPRIA PERSONA

The JAN-12-2007 CASE MANAGEMENT CONFERENCE is canceled, and it is hereby ordered:

This case is set for a case management conference on FEB-23-2007 in Department 212 at 9:00 AM.

CRC 212 (g)(1) requires the filing and service of a case management statement form CM-110 no later than fifteen (15) days before the case management conference.  However, it would facilitate the issuance of a case management order without an appearance at the case management conference if the case management statement is filed, served and lodged in Department 212 twenty-five (25) days before the case management conference.

PLAINTIFF'S COUNSEL OR PLAINTIFF(S) IN PROPRIA PERSONA must send a copy of this notice to all parties not listed on the attached proof of service within five (5) days of the date of this order. (CRC 212 (b)(2))

DATED: JAN-03-2007

ARLENE T. BORICK
JUDGE/COMMISSIONER

Order Continuing Case Management Conference
Form 000001

# EXHIBIT "G"

EXHIBIT "G"

WAUKEEN Q. McCOY, ESQ. (SBN: 168228)
LAW OFFICES OF WAUKEEN Q. McCOY
703 Market Street, Suite 1407
San Francisco, California 94103
Telephone (415) 675-7705
Facsimile (415) 675-2530

Attorney for Plaintiffs
CLAYTON HARMSTON et al.

ENDORSED
F I L E D
San Francisco County Superior Court

DEC 1 9 2006

GORDON PARK-LI, Clerk
BY   ELIZABETH ZALDIVAR
Deputy Clerk

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN FRANCISCO

UNLIMITED JURISDICTION

| | |
|---|---|
| CLAYTON HARMSTON, an individual; GIGI GEORGE, an individual; JAMES LEWIS, an individual; MIKE EVANSON, an individual, ERICK SOLARES, an individual; DAVE PARRY, an individual; ANDREW COHEN, an individual; NOAH MALLINGER, an individual; CARLOS MUSTAFICH, an individual; LUIS DEJESUS, an individual; JAMES D. AHERNE, an individual; JASON KIRCHNER, an individual; REGINALD SCOTT, an individual; GERALD P. LYONS, an individual; WENDY HURLEY, an individual; HOLLY STOUMEN, an individual; CHRISTINE ARNDT, an individual; SHAREEF NASIR, an individual<br><br>       Plaintiffs,<br><br>  vs.<br><br><br>CITY AND COUNTY OF SAN FRANCISCO, HEATHER FONG, an individual, and DOES 1-50<br><br>      Defendants. | Case No. CGC 06-454955<br><br>**NOTICE OF MOTION AND MOTION TO FILE PLAINTIFFS' FIRST AMENDED COMPLAINT**<br><br>Hearing Date:   January 22, 2007<br>Time:          9:30 a.m.<br>Place:          Dept. 301<br>Judge:         n/a<br><br>Date Action Filed:  August 10, 2006<br>Trial Date:       None |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Plaintiffs, will, on January 22, 2007, at 9:30 a.m. in Department 301 in San Francisco Superior Court, located at 400 McAllister Street, San Francisco, California 94102 move the court under California Code of Civil Procedure §473(a)(1) for an order granting Plaintiffs leave to amend Plaintiffs' First Amended Complaint in this action.  The grounds
for the issuance of this order are that Plaintiffs have become aware of new information relevant to their claims and Plaintiffs seek leave to amend to add causes of action for racial discrimination and retaliation under 42 U.S.C. 2000(e) et seq. (Title VII of the Civil Rights Act of 1964) ("Title VII").

      The motion will be based on this notice, the Memorandum of Points and Authorities, the Declaration of Waukeen Q. McCoy, the anticipated reply, the court's file and any oral or documentary evidence and argument offered at the hearing.

      Plaintiffs hereby give notice that they intend to move the Court to File A First Amended Complaint.  The hearing on the matter is scheduled for January 22, 2007, at 9:30 a.m., in Department 301 in the Superior Court of California.

      The motion is based on new facts necessitating the addition of certain causes of action. Plaintiff now wishes to amend the complaint to add these new facts and additional causes of action. The motion will be based on this Notice of Motion, the Memorandum of Points and Authorities, and Declaration of Waukeen McCoy filed herewith, and the court file on this matter.

Dated:  December 18, 2006

WAUKEEN Q. McCOY, ESQ.

ENDORSED
FILED
San Francisco County Superior Court

DEC 1 9 2006

GORDON PARK-LI, Clerk
BY _____ELIZABETH ZALDIVAR_____
Deputy Clerk

1  WAUKEEN Q. McCOY, ESQ. (SBN: 168228)
   LAW OFFICES OF WAUKEEN Q. McCOY
2  703 Market Street, Suite 1407
   San Francisco, California 94103
3  Telephone (415) 675-7705
   Facsimile (415) 675-2530

4  Attorney for Plaintiffs
   CLAYTON HARMSTON et al.
5

6              SUPERIOR COURT OF THE STATE OF CALIFORNIA

7                      COUNTY OF SAN FRANCISCO

8                       UNLIMITED JURISDICTION

9

10                                          )
    CLAYTON HARMSTON, an individual; GIGI  )
11  GEORGE, an individual; JAMES LEWIS, an  )   Case No. CGC 06-454955
    individual; MIKE EVANSON, an individual,)
12  ERICK SOLARES, an individual; DAVE      )
    PARRY, an individual; ANDREW COHEN,     )   **PLAINTIFFS' MEMORANDUM OF**
13  an individual; NOAH MALLINGER, an       )   **POINTS AND AUTHORITIES IN**
    individual; CARLOS MUSTAFICH, an        )   **SUPPORT OF MOTION FOR LEAVE TO**
14  individual; LUIS DEJESUS, an individual;)   **FILE FIRSTAMENDED COMPLAINT**
15  JAMES D. AHERNE, an individual; JASON   )
    KIRCHNER, an individual; REGINALD       )
16  SCOTT, an individual; GERALD P. LYONS,  )   Hearing Date:   January 22, 2007
    an individual; WENDY HURLEY, an         )   Time:           9:30 a.m.
17  individual; HOLLY STOUMEN, an individual;)  Place:          Dept. 301
    CHRISTINE ARNDT, an individual;         )   Judge:          n/a
18  SHAREEF NASIR, an individual            )
19                                          )   Date Action Filed:  August 10, 2006
              Plaintiffs,                   )   Trial Date:         None
20                                          )
         vs.                                )
21                                          )
                                            )
22                                          )
                                            )
23  CITY AND COUNTY OF SAN FRANCISCO,)
    HEATHER FONG, an individual, and DOES   )
24  1-50                                    )
                                            )
25            Defendants.                   )
26  _____     )

27

28

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION FOR LEAVE TO               1
FILE FIRSTAMENDED COMPLAINT

# I. INTRODUCTION

Plaintiffs respectfully submit this Memorandum of Points and Authorities in support of their Motion for Leave to File a First Amended Complaint. This motion is made pursuant to California Code of Civil Procedure § 473(a) on the grounds that Plaintiffs have become aware of additional facts giving rise to additional causes of action, including federal causes of action for discrimination and retaliation.

## II. FACTS

This lawsuit arises out of discriminatory and retaliatory acts taken by defendants with the intent to and/or causing humiliation, embarrassment, indignation, mental-anguish, anxiety and stress. In late 2005 Police Officers assigned to the Bayview district of San Francisco made and/or participated in a satirical video intended as a parody of life as a police officer in the Bayview district. Plaintiffs' supervisors, including but not limited to Lieutenant Curtis Lum, an Asian, knew of, consented to and required the participation of Plaintiffs in the video. The video was intended as a morale booster for the Hunter's-Point Station. Officers participating in the production of the video included Caucasian, African American, Latinos and Asians.

Defendants THE CITY OF SAN FRANCISCO ("THE CITY") and HEATHER FONG ("FONG") suspended the Caucasian, African American and Latino officers, including plaintiffs for their participation in the parody video requiring that they turn in their police IDs, badges, and weapons. No Asian police officers were reprimanded. During the suspension THE CITY and FONG publicly accused Plaintiffs of being racist, sexist and homophobic and in some cases posted pictures of Plaintiffs alongside comments increasing the humiliation suffered by Plaintiffs. These comments were made repeatedly in print, radio and television appearances in local, regional and national media outlets. During this period no action was taken against any Asian police officer involved in the production of the parody video, including in letters of reprimand or warning.

On December 8, 2005 and other dates THE CITY and FONG groundlessly suspended and publicly insulted Plaintiffs without a formal investigation or hearing before the Police Commissioner for any allegations of misconduct prior to a suspension as required by the San

Francisco Charter and San Francisco Police Department General Order.  When Plaintiffs requested that defendants provided the criterion used that justified the omission of Asian counterparts defendants refused. Plaintiffs filed the instant action on August 10, 2006.

During the week of December 4, 2006, after an alleged investigation occurred, plaintiffs received letters regarding suspensions and further disciplinary actions.  Seven police officers including ANDREW COHEN, WENDY HURLEY, JAMES LEWIS, DAVE PARRY, and CLAYTON HARMSTON received letters noting numerous charges requiring a hearing before the police commissioner. after plaintiffs filed the instant action, the police officers who participated in the production of the video. Plaintiff MIKE EVANSON received a ten-day suspension for his participation in the video.  The five-day suspension for CHRISTINE ARNDT, HOLLY STOUMEN, JASON KIRCHNER and SHAREEF NASIR was upheld for pulling their guns and LUIS DEJESUS for using a toy gun in the parody video.

Now, almost a year later and after plaintiffs filed a complaint were two Asian police officers reprimanded as a token gesture. Lieutenant Curtis Lum, an Asian police officer and the commanding officers of the police officers involved in the making of the parody tape received a five-day suspension with two days served and three days held in abeyance. He was further transferred from the Bayview station.  Lieutenant Lum did not participate in the parody video. Officer John Pai received a letter of reprimand for having his police baseball cap twisted to the sign and allegedly flashing gang signs.  No action was taken against Lum or Pai until after plaintiffs filed the instant action alleging various claims including but not limited to racial discrimination and retaliation.

The remaining three Asian police officers Alex Kwan, Derrick Liu and Eric Chang who participated in the parody video received no reprimand.  Derrick Liu and Officer Berge, a Caucasian police officer performed identical actions in the video, yet only officer Berge received an initial suspension and reprimand.

### III. ARGUMENT

California Code of Civil Procedure § 473(a)(1) states:

(a)(1) The court may, in furtherance of justice, and on any terms as may be proper,

1

allow a party to amend any pleading or proceeding by adding or striking out the
name of any party, or by correcting a mistake in the name of a party, or a mistake in
any other respect; and may, upon like terms, enlarge the time for answer or
demurrer. The court may likewise, in its discretion, after notice to the adverse
party, allow, upon any terms as may be just, an amendment to any pleading or
proceeding in other particulars; and may upon like terms allow an answer to be
made after the time limited by this code.

Case law provides that although it is in the court's discretion, judicial policy favors

discretion being exercised liberally in order to permit amendment of the pleadings. *Nestle v.*

*Santa Monica* (1972) 6 Cal. 3d 920, 939. "If the motion to amend is timely made and the

granting of the motion will not prejudice the opposing party, it is error to refuse permission to

amend and where the refusal also results in a party being deprived of the right to assert a

meritorious cause of action . . . it is not only error, but an abuse of discretion." *Morgan v.*

*Superior Court* (1959) 172 Cal. App. 2d 527, 530.

In this instance, the primary reason this amendment is necessitated is to add new facts and

causes of action based upon these new facts. For this reason, Plaintiffs should be granted leave

to file a First Amended Complaint. Plaintiffs filed the instant action on August 10, 2006.

Subsequently, during the week of December 4, 2006, plaintiffs received notification regarding

the completion of an alleged investigation regarding plaintiff's participation in the making of the

parody video. A majority of the plaintiffs received increased punitive reprimands based upon

their filing of the underlying action. Plaintiffs COHEN, HURLEY, LEWIS, PARRY and

HARMSTON received notification with numerous charges, requiring that they appear before the

Police Commissioner. Additionally Plaintiff EVANSON received a ten-day suspension for his

participation in the video. The five-day suspension for ARNDT, STOUMEN, KIRCHNER and

NASIR was upheld for pulling their guns and DEJESUE for using a toy gun in the parody video.

The First Amended Complaint, paragraphs 34 through 44 sets forth the charges and aggravated

punishments in greater detail.

Only after plaintiffs filed the instant action, were two Asian police officers reprimanded

as a token gesture as set forth in the First Amended Complaint, paragraphs 45 and 46. Lieutenant

Curtis Lum, an Asian police officer and the commanding officers of the police officers involved

in the making of the parody tape received a five-day suspension with two days served and three

1   days held in abeyance. He was further transferred from the Bayview station.  Lieutenant Lum did

2   not participate in the parody video.   Officer John Pai received a letter of reprimand for having

3   his police baseball cap twisted to the sign and allegedly flashing gang signs. No action was taken

4   against Lum or Pai until after plaintiffs filed the instant action alleging various claims including

5   but not limited to racial discrimination and retaliation.

6         The remaining three Asian police officers Alex Kwan, Derrick Liu and Eric Chang who

7   participated in the parody video received no reprimand. Derrick Liu and Officer Berge, a

8   Caucasian police officer performed identical actions in the video, yet only officer Berge received

9   an initial suspension and reprimand.

10         Plaintiff's Amended Complaint as a result of this new information has added the

11   following additional causes of action:  Racial Discrimination – 42 U.S.C. §2000(e) et seq, (Title

12   VII of the Civil Rights Act of 1964) and Retaliation – U.S.C. §2000(e) et seq. (Title VII of the

13   Civil Rights Act of 1964).  Plaintiff respectfully requests the Court give Plaintiffs leave to amend

14   to include these additional facts and new causes of action based on the new information as set

15   forth in Plaintiff's First Amended Complaint.

16

17                          **IV. CONCLUSION**

18         For the foregoing reasons, Plaintiffs respectfully requests this court grant Plaintiff leave

19   to file a First Amended Complaint.

20

21

22

23   Dated:  December 18, 2006            _____

24                                WAUKEEN Q. McCOY, ESQ.

25

26

27

28

# PROOF OF SERVICE

I declare:

My business address is 703 Market Street, Suite 1407, San Francisco, CA. I am over the age of 18 and am not a party to this action.

On December 19, 2006 , I caused to be served:

**NOTICE OF MOTION AND MOTION TO FILE PLAINTIFFS' FIRST AMENDED COMPLAINT**

**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**

**DECLARATION OF WAUKEEN Q. McCOY IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**

**On**  the party(ies) listed below, addressed as follows:

LAWRENCE HECIMOVICH
1390 MARKET ST 5TH FLOOR  .

SAN FRANCISCO, CA 94103

**[ X ]**          **By Hand Delivery**

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on December 19, 2006  at San Francisco, California.

LAW OFFICES OF WAUKEEN Q. McCOY

_____
Mark D Roberts

1

1  WAUKEEN Q. McCOY, ESQ. (SBN: 168228)
   LAW OFFICES OF WAUKEEN Q. McCOY
2  703 Market Street, Suite 1407
   San Francisco, California 94103
3  Telephone (415) 675-7705
   Facsimile (415) 675-2530
4
   Attorney for Plaintiffs
5  CLAYTON HARMSTON et al.

ENDORSED
F I L E D
San Francisco County Superior Court

DEC 1 9 2006

GORDON PARK-LI, Clerk
BY ___ELIZABETH ZALDIVAR___
                    Deputy Clerk

6              SUPERIOR COURT OF THE STATE OF CALIFORNIA

7                        COUNTY OF SAN FRANCISCO

8                          UNLIMITED JURISDICTION

9

10  CLAYTON HARMSTON, an individual; GIGI )
11  GEORGE, an individual; JAMES LEWIS, an )   Case No. CGC 06-454955
    individual; MIKE EVANSON, an individual, )
12  ERICK SOLARES, an individual; DAVE     )   **DECLARATION OF WAUKEEN Q.**
    PARRY, an individual; ANDREW COHEN,    )   **McCOY IN SUPPORT OF PLAINTIFFS'**
13  an individual; NOAH MALLINGER, an      )   **MOTION FOR LEAVE TO FILE FIRST**
    individual; CARLOS MUSTAFICH, an       )   **AMENDED COMPLAINT**
14  individual; LUIS DEJESUS, an individual; )
15  JAMES D. AHERNE, an individual; JASON  )
    KIRCHNER, an individual; REGINALD      )   Hearing Date:   January 22, 2007
16  SCOTT, an individual; GERALD P. LYONS, )   Time:           9:30 a.m.
    an individual; WENDY HURLEY, an        )   Place:          Dept. 301
17  individual; HOLLY STOUMEN, an individual;)  Judge:          n/a
18  CHRISTINE ARNDT, an individual;        )
    SHAREEF NASIR, an individual           )   Date Action Filed:  August 10, 2006
19                                         )   Trial Date:         None
                                           )
20           Plaintiffs,                   )
                                           )
21      vs.                                )
                                           )
22                                         )
                                           )
23  CITY AND COUNTY OF SAN FRANCISCO, )
    HEATHER FONG, an individual, and DOES  )
24  1-50                                   )
                                           )
25           Defendants.                   )
                                           )
26  _____

27

28

1    I Waukeen McCoy hereby declare:

2        1).    I am an attorney licensed to practice law in all courts of this state.

3        2).    I am one of the attorneys who represent the plaintiffs in this action.  As such, I

4    have personal knowledge of the following facts and could testify competently thereto.

5        3).    Upon being informed of additional retaliatory acts taken by Defendants against

6    Plaintiffs, that Plaintiffs also have causes of action for Racial Discrimination and Retaliation

7    under 42 U.S.C. § 2000(e) (Title VII of the Civil Rights Act of 1964) ("Title VII").

8        4).    Attached as Exhibit A is a true and correct copy of Plaintiff's Proposed First

9    Amended Complaint for Damages.

10

11        I swear under penalty of perjury under the laws of the State of California that the

12   foregoing is true and correct.

13

14

15

16   Dated:  December 18, 2006        _____

17                                    WAUKEEN Q. McCOY, ESQ.

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

EXHIBIT A

DECLARATION OF MAUREEN Q. McCOY IN
SUPPORT OF PLAINTIFFS' MOTION FOR                    3
LEAVE TO FILE FIRST AMENDED COMPLAINT

1  WAUKEEN Q. McCOY, ESQ. (SBN: 168228)
   LAW OFFICES OF WAUKEEN Q. McCOY
2  703 Market Street, Suite 1407
   San Francisco, California 94103
3  Telephone (415) 675-7705
   Facsimile (415) 675-2530

4  Attorney for Plaintiffs
   CLAYTON HARMSTON et al.

5

6  SUPERIOR COURT OF THE STATE OF CALIFORNIA

7  CITY AND COUNTY OF SAN FRANCISCO

8

9  CLAYTON HARMSTON, an individual; GIGI )   Case No. CGC 06-454955
   GEORGE, an individual; JAMES LEWIS, an )
10 individual; MIKE EVANSON, an individual, )   UNLIMITED JURISDICTION
   ERICK SOLARES, an individual; DAVE     )
11 PARRY, an individual; ANDREW COHEN,    )   COMPLAINT FOR:
   an individual; NOAH MALLINGER, an      )
12 individual; CARLOS MUSTAFICH, an       )   1.  RACIAL DISCRIMINATION -
   individual; LUIS DEJESUS, an individual; )       CALIFORNIA GOVERNMENT CODE
13 JAMES D. AHERNE, an individual; JASON  )       § 129404
14 KIRCHNER, an individual; REGINALD      )   2.  RACIAL DISCRIMINATION - 42
   SCOTT, an individual; GERALD P. LYONS, )       U.S.C. § 2000(e) et seq. (Title VII of the
15 an individual; WENDY HURLEY, an        )       Civil Rights Act of 1964)
   individual; HOLLY STOUMEN, an individual;) 3.  RETALIATION
16 CHRISTINE ARNDT, an individual;        )   4.  RETALIATION - U.S.C. § 2000(e) et
17 SHAREEF NASIR, an individual           )       seq. (Title VII of the Civil Rights Act of
                                          )       1964)
18                Plaintiffs,             )   5.  DEFAMATION
                                          )   6.  INTENTIONAL INFLICTION OF
19        vs.                             )       EMOTIONAL DISTRESS
                                          )
20                                        )
                                          )   TWENTY (20) MILLION DOLLARS
21 CITY AND COUNTY OF SAN FRANCISCO,)     )   DEMANDED
   HEATHER FONG, an individual, and DOES  )
22 1-50                                   )
                                          )   JURY TRIAL DEMANDED
23                Defendants.             )
                                          )
24 _____    )

25

26

27

28

COMPLAINT                                1

1   Plaintiffs allege as follows:

2                                       **INTRODUCTION**

3          1.      This is an action for damages for Racial Discrimination, Defamation, and

4   Intentional Infliction of Emotional Distress.  This action arises out of events involving Plaintiffs

5   CLAYTON HARMSTON et al. (hereafter "Plaintiffs") and Defendant City and County of San

6   Francisco (hereafter "defendant" or "THE CITY").  Plaintiffs were employed by the City and

7   County of San Francisco in San Francisco.  Therefore, jurisdiction in San Francisco County is

8   appropriate.

9                                        **THE PARTIES**

10         2.      Clayton Harmston ("Harmston") is a non-Asian individual employed by THE

11  CITY as a Police Officer.  THE CITY has employed HARMSTON for six years, both as a police

12  officer and as a Field Training Officer.  In 2003, he received the Medal of Valor and a Purple

13  Heart.  The American Legion named him Officer of the Year.  HARMSTON has also won the

14  California Peace Officers' Association Valor Award.  HARMSTON suffered a pattern and

15  practice of racial discrimination, and other wrongful acts committed by defendants.

16         3.      Clayton Harmston ("Harmston") is a non-Asian individual employed by THE

17  CITY as a Police Officer.  THE CITY has employed HARMSTON for six years, both as a police

18  officer and as a Field Training Officer.  In 2003, he received the Medal of Valor and a Purple

19  Heart.  The American Legion named him Officer of the Year.  HARMSTON has also won the

20  California Peace Officers' Association Valor Award.  HARMSTON suffered a pattern and

21  practice of racial discrimination, and other wrongful acts committed by defendants.

22         4.      Gigi George ("George") is a non-Asian individual employed by THE CITY as a

23  Police Officer.  THE CITY has employed GEORGE for eleven years.  Beyond her duties as an

24  Officer, GEORGE has been a liaison between the Police and San Francisco schools, and has

25  worked directly with the Office of the City Attorney.  GEORGE suffered a pattern and practice

26  of racial discrimination, and other wrongful acts committed by defendants.

27         5.      James Lewis ("Lewis") is a non-Asian individual employed by THE CITY as a

28  Police Officer.  THE CITY has employed LEWIS for twenty-four years.  LEWIS has spent his

career both as an Officer and as a Housing officer for the San Francisco Police. LEWIS suffered a pattern and practice of racial discrimination, and other wrongful acts committed by defendants.

6.    Mike Evanson ("Evanson") is a non-Asian individual employed by THE CITY as a Police Officer. THE CITY has employed EVANSON for twenty-five years. He has served beyond his duties as an officer, acting as a Field Training Officer and Training Coordinator, and as a Weapon of Mass Destruction Instructor. At the time of his suspension, EVANSON was preparing an officer safety course in response to the recent murder of another Bayview District Police Officer. As well, Officer EVANSON has received a Bronze Medal of Valor, three Meritorious Conduct Awards, eight Police Commission Commendations, two Unit Citations, and over one hundred Captain's Complimentary Reports. EVANSON suffered a pattern and practice of racial discrimination, and other wrongful acts committed by defendants.

7.    Erick Solares ("Solares") is a non-Asian individual employed by THE CITY as a Police Officer. THE CITY has employed SOLARES for seven years. SOLARES has been a dedicated officer, taking part in the Cease Fire Program, as well as undertaking plainclothes positions and participating in the Robbery Apprehension Team, which responds to bank robberies in progress. SOLARES suffered a pattern and practice of racial discrimination, and other wrongful acts committed by defendants.

8.    David Parry ("Parry") is a non-Asian individual employed by THE CITY as a Police Officer. THE CITY has employed PARRY for eight years. During his career, PARRY has won the American Legion Police Officer of the Year award (2003), and the Police Officers' Association Medal of Valor (2003). Parry is also a Field Training Officer. PARRY suffered a pattern and practice of racial discrimination, and other wrongful acts committed by defendants.

9.    Andrew Cohen ("Cohen") is a non-Asian individual employed by THE CITY as a Police Officer. THE CITY has employed COHEN for eleven years. During this time, COHEN produced a variety of videos for the Police Department and THE CITY, including documentaries and other satirical videos. COHEN's superiors and peers encouraged his artistic abilities, noting that they were morale boosters for other officers. COHEN suffered a pattern and practice of racial discrimination, and other wrongful acts committed by defendants.

10.     Noah Mallinger ("Mallinger") is a non-Asian individual employed by THE CITY as a Police Officer. THE CITY has employed the Plaintiffs for nine years. As an officer stationed in the Bayview neighborhood, MALLINGER has volunteered beyond his duties as a police officer. MALLINGER participated in the Police Department's Cease Fire Project, an effort to decrease violence the Bayview neighborhood. As well, he has taken part in gift drives at Bayview Housing, has taken disadvantaged children to sporting events, and has visited ill children in local hospitals. MALLINGER suffered a pattern and practice of racial discrimination, and other wrongful acts committed by defendants.

11.     Carlos Mustafich ("Mustafich") is a non-Asian individual employed by THE CITY as a Police Officer. THE CITY has employed MUSTAFICH for seven years. During this time, MUSTAFICH worked in the Cease Fire Project, an effort to decrease violence the Bayview neighborhood. MUSTAFICH suffered a pattern and practice of racial discrimination, and other wrongful acts committed by defendants.

12.     Luis DeJesus ("DeJesus") is a non-Asian individual employed by THE CITY as a Police Officer. THE CITY has employed DEJESUS for eight years. During this time, DEJESUS worked in the Cease Fire Project, an effort to decrease violence the Bayview neighborhood. He also volunteered with the Police Athletic League's fishing program. As an officer, he received a Medal of Valor, two Police Commission Commendations, and two Meritorious Conduct awards. DEJESUS suffered a pattern and practice of racial discrimination, and other wrongful acts committed by defendants.

13.     James D. Aherne ("Aherne") is a non-Asian individual employed by THE CITY as a Police Officer. THE CITY has employed AHERNE for eight years. During this time, he took part in the Cease Fire Project, an effort to reduce violence in the Bayview neighborhood. AHERNE suffered a pattern and practice of racial discrimination, and other wrongful acts committed by defendants.

14.     Jason Kirchner ("Kirchner") is a non-Asian individual employed by THE CITY as a Police Officer. THE CITY has employed KIRCHNER for four years. During this time, he has been recommended several times for the Medal of Valor. He has received dozens of

Captains' Complimentary Reports, and received a Unit Citation for Work and Valor during the Iraq riots. KIRCHNER suffered a pattern and practice of racial discrimination, and other wrongful acts committed by defendants.

15.    Reginald Scott ("Scott") is a non-Asian individual employed by THE CITY as a Police Officer. THE CITY has employed SCOTT for six years. He earned the Medal of Valor, the Chief's Award, and the Humanitarian award during his time at the Police Department. Prior to his tenure with the San Francisco Police, SCOTT worked in the San Francisco Sheriff's Department. In that position, he was named Deputy of the Year in 1998. SCOTT suffered a pattern and practice of racial discrimination, and other wrongful acts committed by defendants.

16.    Gerald P. Lyons ("Lyons") is a non-Asian individual employed by THE CITY as a Police Officer. THE CITY has employed LYONS for thirteen years. During this time, LYONS served as a plainclothes officer at both the Taraval and Bayview Stations. LYONS suffered a pattern and practice of racial discrimination, and other wrongful acts committed by defendants.

17.    Wendy Hurley ("Hurley") is a non-Asian individual employed by THE CITY as a Police Officer. THE CITY has employed HURLEY for ten years. HURLEY suffered a pattern and practice of racial discrimination, and other wrongful acts committed by defendants.

18.    Holly Stoumen ("Stoumen") is a non-Asian individual employed by THE CITY as a Police Officer. THE CITY has employed STOUMEN for six years. In her career, STOUMEN has undertaken a variety of leadership and training positions, including being a Field Training Officer Instructor at the Police Academy. She also taught an Officer Safety and Field Tactics Course focused on schools and the workplace that all San Francisco Police Officers must take. STOUMEN is also a member of the Cease Fire Program. STOUMEN suffered a pattern and practice of racial discrimination, and other wrongful acts committed by defendants.

19.    Christine Arndt ("Arndt") is perceived to be a non-Asian individual employed by THE CITY as a Police Officer. THE CITY has employed ARNDT for eight years. During her career, she has worked undercover and as a uniformed officer, and has on several occasions requested transfers to work in Bayview, one of the most difficult areas for San Francisco Police. She received many Captain's Complimentary Reports, and a Police Commission Commendation

1   Award.  ARNDT suffered a pattern and practice of racial discrimination, and other wrongful acts

2   committed by defendants.

3          20.   Shareef Nasir ("Nasir") is a non-Asian individual or perceived to be non-Asian,

4   and employed by THE CITY as a Police Officer.  THE CITY has employed NASIR for several

5   years.  Plaintiff suffered a pattern and practice of racial discrimination, and other wrongful acts

6   committed by defendants.

7          21.   Plaintiffs are informed and believe and thereon allege that THE CITY is a

8   government entity.

9          22.   Plaintiffs are informed and believe and thereon allege that defendant HEATHER

10  FONG ("Fong") is an individual employed by THE CITY as Chief of Police.

11         23.   Plaintiffs are ignorant of the true names and capacities of defendants sued herein

12  as DOES 1-50, inclusive, and Plaintiffs therefore sue such defendants by such fictitious names.

13  Plaintiffs will amend this complaint to allege their true names and capacities when ascertained.

14  Plaintiffs are informed and believe and thereon allege that each of these fictitiously named

15  defendants is responsible in some manner for the occurrences, and that such aforementioned

16  defendants' acts and omissions proximately caused the Plaintiffs' injuries as alleged herein.

17         24.   Plaintiffs are informed and believe and thereon allege that at all times mentioned

18  herein, each individual defendant was and is the agent, employee and servant of THE CITY and

19  committed the occurrences, acts and omissions complained of herein while acting within the

20  scope of such agency, employment and servitude.   Each defendant is responsible for the

21  occurrences, acts and omissions of each other defendant complained of herein.

22         <u>**GENERAL ALLEGATIONS**</u>

23         25.   Plaintiffs incorporate by reference the factual allegations of paragraphs 1 through

24  23 above.

25         26.   Plaintiffs are informed and believe and thereon allege that THE CITY hired them

26  all as uniformed and plainclothes police officers.  Plaintiffs are of various races, including

27  Caucasian, African American, and Latino, but none identifies as Asian.  All the Plaintiffs are

28  currently employed by THE CITY.

COMPLAINT

27.     Plaintiffs are informed and believe and thereon allege that THE CITY and FONG suspended them and otherwise disciplined them and/or subjected them to various adverse employment actions for participating in a satirical video made in late 2005. That video was intended to be a parody of life as Police Officers assigned to the Bayview district of San Francisco. Plaintiffs' supervisors knew of, consented to, and required participation by the Plaintiffs in the video. Plaintiffs intended the video to be a morale booster at the Bayview Hunter's-Point Station. THE CITY and FONG did not suspend any of the Plaintiffs' Asian (Chinese-American) co-workers, who also participated in the video.

28.     Plaintiffs are informed and believe and thereon allege that because of Plaintiffs' participation in the video, THE CITY and FONG suspended them, and required Plaintiffs to turn in their police IDs, badges, and weapons. Because of their suspension, Plaintiffs lost significant amounts of pay, accrual of sick leave, vacation time, and other benefits. Some of the Plaintiffs lost their overtime pay and Field Training Officer pay from the start of their suspension to the present, costing them tens of thousands of dollars in lost earnings.

29.     Plaintiffs are informed and believe and thereon allege that before, during, and after their suspensions, THE CITY and FONG publicly insulted Plaintiffs, accusing them of being racist, sexist, and homophobic, which is not true. In some cases, defendants posted pictures of Plaintiffs alongside the comments, increasing the humiliation Plaintiffs suffered. Defendants did this repeatedly, in print, on the radio, and on television, in local, regional, and national media outlets. Defendants did not make these comments about the Asian officers who participated in the video.

30.     Plaintiffs are informed and believe and thereon allege that THE CITY and FONG acted outside of required procedures by suspending and insulting Plaintiffs. Rather than conducting a formal investigation, filing charges, or convening a Chief's Hearing, on December 8, 2005, and other dates, THE CITY and FONG groundlessly suspended, and publicly insulted Plaintiffs. This inappropriate response to the video violates the San Francisco Charter and the San Francisco Police Department General Order, requiring a formal investigation, filing of

1    charges, and a hearing underway before the Police Commission for all allegations of misconduct

2    to properly suspend a Police Officer.

3        31.    Plaintiffs are informed and believe and thereon allege that THE CITY and FONG

4    did not use a valid, non-discriminatory criterion to determine Plaintiffs' discipline.  Plaintiffs

5    wrote to Defendants on July 13, 2006 and July 19, 2006 in an attempt to determine Defendants'

6    criterion for disciplining Plaintiffs.  Defendants refused to provide any criterion used in

7    Plaintiffs' discipline which justified the omission of Plaintiffs' Asian (Chinese-American)

8    counterparts from any discipline.  Defendants failed even to acknowledge Plaintiffs' reasonable

9    requests. See the letters attached as Exhibit A.

10        32.    Plaintiffs are informed and believe and thereon allege that because of the acts of

11    FONG and THE CITY, they have all suffered extreme humiliation and embarrassment.  Being

12    suspended from work, losing pay, and being publicly disgraced has taken a great toll on

13    Plaintiffs, including loss of friendships, alienation from family members, and straining

14    marriages, not to mention plaintiffs' personal feelings of fear, shame, and anger.

15        33.    Plaintiffs are informed and believe and thereon allege that after plaintiffs filed a

16    Complaint in the instant action an alleged "investigation" occurred and was concluded the week

17    of December 4, 2006.

18        34.    Plaintiffs are informed and believe and thereon allege that plaintiffs COHEN,

19    HURLEY, LEWIS, PARRY and HARMSTON received letters requiring a hearing before the

20    Police Commission.

21        35.    Plaintiffs are informed and believe and thereon allege that in retaliation for

22    participating in the instant action COHEN must appear before the Police Commissioner as the

23    creator of the video and on grounds of sexual and racial harassment.

24        36.    Plaintiffs are informed and believe and thereon allege that in retaliation for

25    participating in the instant action HURLEY is required to appear before the Police

26    Commissioner for, including but not limited to, an alleged act of racism by handing a

27    watermelon slice to LEWIS, an African-American officer in the parody video.  Plaintiffs further

28    contend that HURLEY is being retaliated against as COHEN's fiancée.

1    37.    Plaintiffs are informed and believe and thereon allege that in retaliation for

2   participating in the instant action LEWIS is required to appear before the Police Commissioner

3   for, including but not limited to, leaving his assigned district, not devoting his whole time to the

4   mission of the police department to protect life and property, conduct reflecting disrespect upon

5   the police force, use of profane language, and gender and sexual harassment based upon his

6   participation in the parody video.

7    38.    Plaintiffs are informed and believe and thereon allege that in retaliation for

8   participating in the instant action PARRY is required to appear before the Police Commissioner

9   for, including but not limited to, leaving his assigned district, not devoting his whole time to the

10  mission of the police department to protect life and property, conduct reflecting disrespect upon

11  the police force, and racial harassment in the mocking of Asians in the parody video.

12   39.    Plaintiffs are informed and believe and thereon allege that in retaliation for

13  participating in the instant action HARMSTON is required to appear before the Police

14  Commissioner for, including but not limited to, leaving his assigned district, not devoting his

15  whole time to the mission of the police department to protect life and property, conduct

16  reflecting disrespect upon the police force, and racial harassment in the mocking of Asians in the

17  parody video.

18   40.    Plaintiffs are informed and believe and thereon allege that the video was only

19  approximately twenty-eight minutes in length.

20   41.    Plaintiffs are informed and believe and thereon allege that based upon the alleged

21  "investigation" concluding the week of December 4, 2006, other officers participating in this

22  action were retaliated against based upon their participation in the parody video. EVANSON

23  received a ten-day suspension for profane language and conduct.  GEORGE received a letter of

24  reprimand for using her tongue in a sexually explicit manner.

25   42.    Plaintiffs are informed and believe and thereon allege that based upon the alleged

26  "investigation" concluding the week of December 4, 2006, ARNDT, STOUMEN, KIRCHNER,

27  and NASIR received a five-day suspension based upon pulling their guns in the parody video.

28

COMPLAINT                                              9

43.     Plaintiffs are informed and believe and thereon allege that based upon the alleged "investigation" concluding the week of December 4, 2006, DEJESUS received a five day suspension based upon pulling their toy gun in the parody video.

44.     Plaintiffs are informed and believe and thereon allege that Lieutenant Curtis Lum, an Asian received a five-day suspension with two days served and three days held in abeyance. He was further transferred from the Bayview station as he was the immediate supervisors of the officers involved in the making of the parody video and was at one time the acting captain.  No action was taken against Lum until after Plaintiff filed a complaint in the instant action alleging racial discrimination.

45.     Plaintiffs are informed and believe and thereon allege that John Pai, an Asian, also received a reprimand.  Pai received a letter of reprimand for having his police baseball cap twisted to the sign and allegedly flashing gang signs.  No action was taken against Pai until after Plaintiff filed a complaint in the instant action alleging racial discrimination.

46.     Plaintiffs are informed and believe and thereon allege that Alex Kwan, Derrick Liu, and Eric Chiang, all Asian police officers, participated in the parody video.  None of these police officers were reprimanded before or after the allegedly "investigation" occurring the week of December 4, 2006.

47.     Plaintiffs are informed and believe and thereon allege that Officer Berge, a Caucasian police officer, was suspended for the identical activity of Liu in the video.

48.     Plaintiffs are informed and believe and thereon allege that Plaintiffs filed a complaint with the Equal Employment Opportunity Commission and Department of Fair Employment and Housing in 2006 exhausting administrative remedies.

## FIRST CAUSE OF ACTION AGAINST DEFENDANT THE CITY

## RACE DISCRIMINATION

### Cal. Govt. Code § 12940

### [AS TO ALL PLAINTIFFS]

49.     Plaintiffs incorporate by reference the factual allegations of paragraphs 1 through 46 above.

50.     Defendants, through their agents and employees, engaged in a pattern and practice of unlawful racial discrimination in violation of the Fair Employment and Housing Act (hereinafter referred to as "FEHA") in connection with its treatment of Plaintiffs and the terms and conditions of their employment.   Defendants used race as a basis to determine discipline regarding the video.  Specifically, Defendants disciplined only the non-Asian officers, and those perceived to be non-Asian, who were involved in the video.

51.     At all relevant times, defendants had actual and constructive knowledge of the discriminatory conduct described and alleged herein, and condoned, ratified and participated in the discrimination.  Because of the hostile and offensive work environment perpetrated and maintained by defendants, and their failure to protect Plaintiffs from further discrimination, Plaintiffs suffered severe emotional distress.

52.     Plaintiffs are informed and believe and thereon allege that in addition to the practices enumerated above, defendants, and each of them, have engaged in other discriminatory practices against Plaintiffs, which are not yet fully known.  When said discriminatory practices become known to Plaintiffs, they will seek leave of court to amend this complaint in those regards.

53.     As a direct and proximate result of the willful, knowing, and intentional discrimination against Plaintiffs, and the failure to act by defendants, Plaintiffs have suffered mental distress, anguish, and indignation.  Plaintiffs are thereby entitled to general and compensatory damages in an amount to be proven at trial.

54.     Defendants' acts alleged herein are malicious, oppressive, despicable, and in conscious disregard of Plaintiffs' rights.  As such, punitive damages are warranted against defendants in order to punish and make an example of their actions.

## SECOND CAUSE OF ACTION AGAINST DEFENDANT THE CITY

## RACE DISCRIMINATION

### 42 U.S.C. 2000(e) et. seq. (Title VII of the Civil Rights Act of 1964)

### [AS TO ALL PLAINTIFFS]

1    55.    Plaintiffs incorporate by reference the factual allegations of paragraphs 1 through

2   53 above.

3    56.    Defendants, through their agents and employees, engaged in a pattern and practice

4   of unlawful racial discrimination in violation of 42 U.S.C. 2000(e) et. seq. (Title VII of the Civil

5   Rights Act of 1964) in connection with its treatment of Plaintiffs and the terms and conditions of

6   their employment.    Defendants used race as a basis to determine discipline regarding the video.

7   Specifically, Defendants disciplined only the non-Asian officers, and those perceived to be non-

8   Asian, who were involved in the video.

9    57.    At all relevant times, defendants had actual and constructive knowledge of the

10   discriminatory conduct described and alleged herein, and condoned, ratified and participated in

11   the discrimination.  Because of the hostile and offensive work environment perpetrated and

12   maintained by defendants, and their failure to protect Plaintiffs from further discrimination,

13   Plaintiffs suffered severe emotional distress.

14    58.    Plaintiffs are informed and believe and thereon allege that in addition to the

15   practices enumerated above, defendants, and each of them, have engaged in other discriminatory

16   practices against Plaintiffs, which are not yet fully known.  When said discriminatory practices

17   become known to Plaintiffs, they will seek leave of court to amend this complaint in those

18   regards.

19    59.    As a direct and proximate result of the willful, knowing, and intentional

20   discrimination against Plaintiffs, and the failure to act by defendants, Plaintiffs have suffered

21   mental distress, anguish, and indignation.  Plaintiffs are thereby entitled to general and

22   compensatory damages in an amount to be proven at trial.

23    60.    Defendants' acts alleged herein are malicious, oppressive, despicable, and in

24   conscious disregard of Plaintiffs' rights.  As such, punitive damages are warranted against

25   defendants in order to punish and make an example of their actions.

26                      **THIRD CAUSE OF ACTION AGAINST**

27               **DEFENDANTS CITY, FONG, AND DOES 1-50**

28                             **RETALIATION**

**Cal. Govt. Code §12940**

**[AS TO PLAINTIFFS EVANSON, PARRY, and HARMSTON]**

61.   Plaintiffs incorporate by reference the factual allegations of paragraphs 1 through 59 above.

62.   Plaintiffs are informed and believe and thereon allege that defendants THE CITY and FONG engaged in retaliatory conduct in violation of public policy against Plaintiffs for opposing unlawful practices under FEHA.

63.   Plaintiffs are informed and believe and thereon allege that THE CITY through its agent and employee FONG retaliated against Plaintiffs in violation of California Government Code § 12940.

64.   Defendants did so by materially changing the employment conditions of Plaintiffs EVANSON, PARRY, and HARMSTON after they filed Notices of Tort Claims for their race discrimination claims related to their suspensions.

65.   Plaintiffs are informed and believe and thereon allege that on May 31, 2006, Plaintiffs filed Notices of Tort Claims against defendants THE CITY and FONG.  On June 20, 2006, Plaintiffs EVANSON, PARRY, and HARMSTON were transferred from their previous positions to the O.P.S. Center, and were given different, odd-hour, schedules, in violation of their contracts.  Plaintiffs' new positions were regarded as highly undesirable, and their new hours restricted Plaintiffs' ability to provide childcare.

66.   Plaintiff is informed and believes and thereon alleges that after an alleged "investigation" defendants took further retaliatory action against COHEN, HURLEY, LEWIS, PARRY and HARMSTON by sending a letter of reprimand requiring that they appear before the Police Commissioner to answer various charges as set forth above.

67.   Plaintiff is informed and believes and thereon alleges that in addition to the enumerated adverse actions above, defendants, and each of them, have engaged in other unlawful practices against COHEN, HURLEY, LEWIS, PARRY and HARMSTON which are not yet fully known.  When said practices become known to Plaintiffs, they will seek leave to amend this complaint in those regards.

COMPLAINT

13

68.     As a direct and proximate result of defendants' willful, knowing, and intentional acts, and defendants' failure to act, COHEN, HURLEY, LEWIS, PARRY and HARMSTON have suffered and will continue to suffer mental distress, anguish, and indignation.  COHEN, HURLEY, LEWIS, PARRY and HARMSTON are thereby entitled to general and compensatory damages in an amount to be proven at trial.

69.     Defendants' acts alleged herein are malicious, oppressive, despicable, and in conscious disregard of COHEN, HURLEY, LEWIS, PARRY and HARMSTON's rights.  As such, punitive damages are warranted against defendants in order to punish and make an example of them.

## FOURTH CAUSE OF ACTION AGAINST

## DEFENDANTS CITY, FONG, AND DOES 1-50

## RETALIATION

## 42 U.S.C. 2000(e) et. seq. (Title VII of the Civil Rights Act of 1964)

## [AS TO PLAINTIFFS EVANSON, PARRY, HARMSTON,

## COHEN, HURLEY, AND LEWIS]

70.     Plaintiffs incorporate by reference the factual allegations of paragraphs 1 through 68 above.

71.     Plaintiffs are informed and believe and thereon allege that defendants THE CITY and FONG engaged in retaliatory conduct in violation of public policy against Plaintiffs for opposing unlawful practices under FEHA.

72.     Plaintiffs are informed and believe and thereon allege that THE CITY through its agent and employee FONG retaliated against Plaintiffs in violation of 42 U.S.C. 2000(e) et. seq. (Title VII of the Civil Rights Act of 1964).

73.     Defendants did so by materially changing the employment conditions of Plaintiffs EVANSON, PARRY, and HARMSTON after they filed Notices of Tort Claims for their race discrimination claims related to their suspensions.

74.     Plaintiffs are informed and believe and thereon allege that on May 31, 2006, Plaintiffs filed Notices of Tort Claims against defendants THE CITY and FONG.  On June 20,

1   2006, Plaintiffs EVANSON, PARRY, and HARMSTON were transferred from their previous
2   positions to the O.P.S. Center, and were given different, odd-hour, schedules, in violation of their
3   contracts. Plaintiffs' new positions were regarded as highly undesirable, and their new hours
4   restricted Plaintiffs' ability to provide childcare.

5         75.    Plaintiff is informed and believes and thereon alleges that after an alleged
6   "investigation" defendants took further retaliatory action against COHEN, HURLEY, LEWIS,
7   PARRY and HARMSTON by sending a letter of reprimand requiring that they appear before the
8   Police Commissioner to answer various charges as set forth above.

9         76.    Plaintiff is informed and believes and thereon alleges that in addition to the
10  enumerated adverse actions above, defendants, and each of them, have engaged in other unlawful
11  practices against COHEN, HURLEY, LEWIS, PARRY and HARMSTON which are not yet
12  fully known. When said practices become known to Plaintiffs, they will seek leave to amend this
13  complaint in those regards.

14        77.    As a direct and proximate result of defendants' willful, knowing, and intentional
15  acts, and defendants' failure to act, COHEN, HURLEY, LEWIS, PARRY and HARMSTON
16  have suffered and will continue to suffer mental distress, anguish, and indignation. COHEN,
17  HURLEY, LEWIS, PARRY and HARMSTON are thereby entitled to general and compensatory
18  damages in an amount to be proven at trial.

19        78.    Defendants' acts alleged herein are malicious, oppressive, despicable, and in
20  conscious disregard of COHEN, HURLEY, LEWIS, PARRY and HARMSTON's rights. As
21  such, punitive damages are warranted against defendants in order to punish and make an
22  example of them.

23                    **FIFTH CAUSE OF ACATION AGAINST**
24              **DEFENDANTS CITY, FONG AND DOES 1-50**
25                           **DEFAMATION**
26                    **[AS TO ALL PLAINTIFFS]**

27        79.    Plaintiffs incorporate by reference the factual allegations of paragraphs 1 through
28  77 above.

COMPLAINT

15

80.     Plaintiffs are informed and believe and thereon allege that THE CITY and FONG repeatedly publicized, or caused to be publicized, to third persons false allegations concerning Plaintiffs. These false allegations include but are not limited to allegations that they are bigots.

81.     Plaintiffs are informed and believe and thereon allege that the defendants made accusations directly concerning Plaintiffs and were so understood by all persons involved in the publication.

82.     Plaintiffs are informed and believe and thereon allege that these accusations were defamatory per se because they accused Plaintiffs of being racist, sexist, and homophobic. The accusations stated above, by natural consequence, cause actual damage to Plaintiffs both personally and professionally.

83.     Plaintiffs are informed and believe and thereon allege that these accusations were false because Plaintiffs are not racist, sexist, or homophobic.

84.     Plaintiffs are informed and believe and thereon allege that furthermore, THE CITY and FONG made these accusations knowing that they were false.

85.     Plaintiffs are informed and believe and thereon allege that as a proximate result of the above-described accusations, Plaintiffs have suffered loss of their reputation, shame, mortification, and hurt feelings, all to their general damage in an amount according to proof.

86.     Plaintiffs are informed and believe and thereon allege that the above-described accusations were publicized by defendants because of the defendants' rash and irrational response to public pressure. Defendants made the accusations without any investigation, thereby justifying an award of punitive damages against defendants in an amount appropriate to punish defendants for their wrongful conduct and to deter others from engaging in such conduct.

## SIXTH CAUSE OF ACTION AGAINST
## DEFENDANTS CITY, FONG AND DOES 1- 50
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## [AS TO ALL PLAINTIFFS]

87.     Plaintiffs incorporate by reference the factual allegations of paragraphs 1 through 85 above.

COMPLAINT

88.     Plaintiffs are informed and believe and thereon allege that THE CITY by and through its agents, employees and defendants FONG and DOES 1-50 acted without regard to the health and safety of Plaintiffs, and each of them treated Plaintiffs in the deplorable manner alleged herein.

89.     Plaintiffs are informed and believe and thereon allege that Defendants spoke about the video on local and national news outlets.  Making public statements regarding a private personnel matter constitutes extreme and outrageous conduct.  Furthermore, acting in a discriminatory manner is extreme and outrageous conduct in a civil society.

90.     Plaintiffs are informed and believe and thereon allege that defendants, standing in a position of authority over Plaintiffs, deliberately acted without regard to Plaintiffs' health, safety, or well-being, causing them severe emotional and physical distress.

91.     Plaintiffs are informed and believe and thereon allege that as a proximate result of defendants' extreme and outrageous acts, Plaintiffs suffered severe emotional distress in the form of humiliation, embarrassment, mental-anguish, anxiety, stress and indignation.  Defendants acted with the willful knowledge that Plaintiffs would suffer severe harm as a result.

92.     Plaintiffs are informed and believe and thereon allege that defendants' acts alleged herein are malicious, oppressive, despicable, and in conscious disregard of Plaintiffs' rights.  As such, punitive damages are warranted against defendants in order to punish them and make an example of their actions.

### PRAYER FOR RELIEF

WHEREFORE, PLAINTIFFS pray for relief as follows:

1.      For general damages in excess of twenty (20) million dollars and in no event less than the jurisdictional limit of this court;

2.      For special damages in amounts according to proof;

3.      For punitive damages in amounts according to proof;

4.      For attorneys' fees as provided by law;

COMPLAINT

17

1      5.      For a mandatory injunction requiring defendants to reinstate Plaintiffs to their

2              previous positions without record of the adverse employment actions taken by

3              defendants, pursuant to Government Code §12970(a);

4      6.      For interest as provided by law;

5      7.      For costs of suit incurred herein; and

6

7      8.      For such other and further relief as the Court deems fair and just.

8

9   Dated:  December 18, 2006                    LAW OFFICES OF WAUKEEN Q. McCOY

10

11

12                                              By _____

13                                                  WAUKEEN Q. McCOY
                                                    Attorney for Plaintiffs
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT                                18

# EXHIBIT "H"

EXHIBIT "H"




ENDORSED
F I L E D
San Francisco County Superior Court

JAN 2 2 2007

GORDON PARK-LI, Clerk
BY: M. JON SCHWAB

1  WAUKEEN Q. McCOY, ESQ. (SBN: 168228)
   LAW OFFICES OF WAUKEEN Q. McCOY
2  703 Market Street, Suite 1407
   San Francisco, California 94103
3  Telephone (415) 675-7705
   Facsimile (415) 675-2530
4
   ATTORNEY FOR PLAINTIFFS
5
6               SUPERIOR COURT OF THE STATE OF CALIFORNIA
7                   CITY AND COUNTY OF SAN FRANCISCO
8
9  CLAYTON HARMSTON, et al.,            )  Case No.: 06-454955
                                        )
10          Plaintiff,                  )  [PROPOSED] ORDER
                                        )
11      vs.                             )
                                        )  Date:    January 22, 2007
12 CITY AND COUNTY OF SAN               )  Time:    9:30 AM
                                        )  Dept.:   301
13 FRANCISCO, et at.,                   )
                                        )
14          Defendant                   )
                                        )
15                                      )
                                        )
16                                      )
                                        )
17                                      )
18      GOOD CAUSE APPEARING Plaintiffs' Motion for Leave to File First Amended
19 Complaint is GRANTED.    10  PJB
20      Plaintiffs have days from the date of this Order to file a First Amended Complaint.
21 Plaintiffs will give notice of this Order.
22
23
24
25  JAN 2 2 2007
26                                          _____
                                                PETER J. BUSCH
27                                          THE HONORABLE COURT
28                                              PETER J. BUSCH

                        [PROPOSED] ORDER

                              - 1 -