# EXHIBIT "I"

EXHIBIT "I"

1  WAUKEEN Q. McCOY, ESQ. (SBN: 168228)
   LAW OFFICES OF WAUKEEN Q. McCOY
2  703 Market Street, Suite 1407
   San Francisco, California 94103
3  Telephone (415) 675-7705
   Facsimile (415) 675-2530

4  Attorney for Plaintiffs
   CLAYTON HARMSTON et al.

5

ENDORSED
FILED
San Francisco County Superior Court

FEB - 1 2007

GORDON PARK-LI, Clerk
BY ELIZABETH ZALDIVAR
                    Deputy Clerk

6          SUPERIOR COURT OF THE STATE OF CALIFORNIA

7               CITY AND COUNTY OF SAN FRANCISCO

8

9   CLAYTON HARMSTON, an individual; GIGI )   Case No. 06-454955
    GEORGE, an individual; JAMES LEWIS, an )
10  individual; MIKE EVANSON, an individual, )   UNLIMITED JURISDICTION
    ERICK SOLARES, an individual; DAVE     )
11  PARRY, an individual; ANDREW COHEN,    )   FIRST AMENDED COMPLAINT FOR:
    an individual; NOAH MALLINGER, an      )
12  individual; CARLOS MUSTAFICH, an       )   1.  RACIAL DISCRIMINATION -
    individual; LUIS DEJESUS, an individual; )       CALIFORNIA GOVERNMENT CODE
13  JAMES D. AHERNE, an individual; JASON  )       § 12940
    KIRCHNER, an individual; REGINALD      )   2.  RACIAL DISCRIMINATION - 42
14  SCOTT, an individual; GERALD P. LYONS, )       U.S.C. § 2000(e) et seq. (Title VII of the
    an individual; WENDY HURLEY, an        )       Civil Rights Act of 1964)
15  individual; HOLLY STOUMEN, an individual;)  3.  RETALIATION
    CHRISTINE ARNDT, an individual;        )   4.  RETALIATION - U.S.C. § 2000(e) et
16  SHAREEF NASIR, an individual,          )       seq. (Title VII of the Civil Rights Act of
                                           )       1964)
17          Plaintiffs,                    )   5.  DEFAMATION
                                           )   6.  INTENTIONAL INFLICTION OF
18                                         )       EMOTIONAL DISTRESS
        vs.                                )
19                                         )
                                           )
20                                         )   TWENTY (20) MILLION DOLLARS
                                           )   DEMANDED
21  CITY AND COUNTY OF SAN FRANCISCO, )
    HEATHER FONG, an individual, and DOES  )
22  1-50                                   )   JURY TRIAL DEMANDED
                                           )
23          Defendants.                    )
                                           )
24                                         )
                                           )
25  _____  )

26

27

28

FIRST AMENDED COMPLAINT                1

1

## INTRODUCTION

2    1.    This is an action for damages for Racial Discrimination, Retaliation, Defamation,

3  and Intentional Infliction of Emotional Distress. This action arises out of events involving

4  Plaintiffs CLAYTON HARMSTON et al. (hereafter "Plaintiffs") and Defendant City and County

5  of San Francisco (hereafter "Defendant" or "THE CITY"). Plaintiffs were employed as Peace

6  Officers by the City and County of San Francisco in San Francisco. Therefore, jurisdiction is

7  proper in San Francisco County.

8

## THE PARTIES

9    2.    Clayton Harmston ("Harmston") is a non-Asian individual employed by THE

10  CITY as a Police Officer. THE CITY has employed HARMSTON for six years, both as a police

11  officer and as a Field Training Officer. In 2003, he received the Medal of Valor and a Purple

12  Heart. The American Legion named him Officer of the Year. HARMSTON has also won the

13  California Peace Officers' Association Valor Award. HARMSTON suffered a pattern and

14  practice of racial discrimination, and other wrongful acts committed by defendants.

15    3.    Gigi George ("George") is a non-Asian individual employed by THE CITY as a

16  Police Officer. THE CITY has employed GEORGE for eleven years. Beyond her duties as an

17  Officer, GEORGE has been a liaison between the Police and San Francisco schools, and has

18  worked directly with the Office of the City Attorney. GEORGE suffered a pattern and practice

19  of racial discrimination, and other wrongful acts committed by defendants.

20    4.    James Lewis ("Lewis") is a non-Asian individual employed by THE CITY as a

21  Police Officer. THE CITY has employed LEWIS for twenty-four years. LEWIS has spent his

22  career both as an Officer and as a Housing officer for the San Francisco Police. LEWIS suffered

23  a pattern and practice of racial discrimination, and other wrongful acts committed by defendants.

24    5.    Mike Evanson ("Evanson") is a non-Asian individual employed by THE CITY as

25  a Police Officer. THE CITY has employed EVANSON for twenty-five years. He has served

26  beyond his duties as an officer, acting as a Field Training Officer and Training Coordinator, and

27  as a Weapon of Mass Destruction Instructor. At the time of his suspension, EVANSON was

28  preparing an officer safety course in response to the recent murder of another Bayview District

1  Police Officer.  As well, Officer EVANSON has received a Bronze Medal of Valor, three

2  Meritorious Conduct Awards, eight Police Commission Commendations, two Unit Citations, and

3  over one hundred Captain's Complimentary Reports.  EVANSON suffered a pattern and practice

4  of racial discrimination, and other wrongful acts committed by defendants.

5        6.    Erick Solares ("Solares") is a non-Asian individual employed by THE CITY as a

6  Police Officer.  THE CITY has employed SOLARES for seven years.  SOLARES has been a

7  dedicated officer, taking part in the Cease Fire Program, as well as undertaking plainclothes

8  positions and participating in the Robbery Apprehension Team, which responds to bank

9  robberies in progress.  SOLARES suffered a pattern and practice of racial discrimination, and

10  other wrongful acts committed by defendants.

11        7.    David Parry ("Parry") is a non-Asian individual employed by THE CITY as a

12  Police Officer.  THE CITY has employed PARRY for eight years.  During his career, PARRY

13  has won the American Legion Police Officer of the Year award (2003), and the Police Officers'

14  Association Medal of Valor (2003).  Parry is also a Field Training Officer.  PARRY suffered a

15  pattern and practice of racial discrimination, and other wrongful acts committed by defendants.

16        8.    Andrew Cohen ("Cohen") is a non-Asian individual employed by THE CITY as a

17  Police Officer.  THE CITY has employed COHEN for eleven years.  During this time, COHEN

18  produced a variety of videos for the Police Department and THE CITY, including documentaries

19  and other satirical videos.  COHEN's superiors and peers encouraged his artistic abilities, noting

20  that they were morale boosters for other officers.  COHEN suffered a pattern and practice of

21  racial discrimination, and other wrongful acts committed by defendants.

22        9.    Noah Mallinger ("Mallinger") is a non-Asian individual employed by THE CITY

23  as a Police Officer.  THE CITY has employed the Plaintiffs for nine years.  As an officer

24  stationed in the Bayview neighborhood, MALLINGER has volunteered beyond his duties as a

25  police officer.  MALLINGER participated in the Police Department's Cease Fire Project, an

26  effort to decrease violence the Bayview neighborhood.  As well, he has taken part in gift drives

27  at Bayview Housing, has taken disadvantaged children to sporting events, and has visited ill

28

1  children in local hospitals.  MALLINGER suffered a pattern and practice of racial

2  discrimination, and other wrongful acts committed by defendants.

3       10.    Carlos Mustafich ("Mustafich") is a non-Asian individual employed by THE

4  CITY as a Police Officer.  THE CITY has employed MUSTAFICH for seven years.  During this

5  time, MUSTAFICH worked in the Cease Fire Project, an effort to decrease violence the Bayview

6  neighborhood.  MUSTAFICH suffered a pattern and practice of racial discrimination, and other

7  wrongful acts committed by defendants.

8       11.    Luis DeJesus ("DeJesus") is a non-Asian individual employed by THE CITY as a

9  Police Officer.  THE CITY has employed DEJESUS for eight years.  During this time,

10  DEJESUS worked in the Cease Fire Project, an effort to decrease violence the Bayview

11  neighborhood.  He also volunteered with the Police Athletic League's fishing program.  As an

12  officer, he received a Medal of Valor, two Police Commission Commendations, and two

13  Meritorious Conduct awards.  DEJESUS suffered a pattern and practice of racial discrimination,

14  and other wrongful acts committed by defendants.

15       12.    James D. Aherne ("Aherne") is a non-Asian individual employed by THE CITY

16  as a Police Officer.  THE CITY has employed AHERNE for eight years.  During this time, he

17  took part in the Cease Fire Project, an effort to reduce violence in the Bayview neighborhood.

18  AHERNE suffered a pattern and practice of racial discrimination, and other wrongful acts

19  committed by defendants.

20       13.    Jason Kirchner ("Kirchner") is a non-Asian individual employed by THE CITY

21  as a Police Officer.  THE CITY has employed KIRCHNER for four years.  During this time, he

22  has been recommended several times for the Medal of Valor.  He has received dozens of

23  Captains' Complimentary Reports, and received a Unit Citation for Work and Valor during the

24  Iraq riots.  KIRCHNER suffered a pattern and practice of racial discrimination, and other

25  wrongful acts committed by defendants.

26       14.    Reginald Scott ("Scott") is a non-Asian individual employed by THE CITY as a

27  Police Officer.  THE CITY has employed SCOTT for six years.  He earned the Medal of Valor,

28  the Chief's Award, and the Humanitarian award during his time at the Police Department.  Prior

to his tenure with the San Francisco Police, SCOTT worked in the San Francisco Sheriff's Department. In that position, he was named Deputy of the Year in 1998. SCOTT suffered a pattern and practice of racial discrimination, and other wrongful acts committed by defendants.

15.  Gerald P. Lyons ("Lyons") is a non-Asian individual employed by THE CITY as a Police Officer. THE CITY has employed LYONS for thirteen years. During this time, LYONS served as a plainclothes officer at both the Taraval and Bayview Stations. LYONS suffered a pattern and practice of racial discrimination, and other wrongful acts committed by defendants.

16.  Wendy Hurley ("Hurley") is a non-Asian individual employed by THE CITY as a Police Officer. THE CITY has employed HURLEY for ten years. HURLEY suffered a pattern and practice of racial discrimination, and other wrongful acts committed by defendants.

17.  Holly Stoumen ("Stoumen") is a non-Asian individual employed by THE CITY as a Police Officer. THE CITY has employed STOUMEN for six years. In her career, STOUMEN has undertaken a variety of leadership and training positions, including being a Field Training Officer Instructor at the Police Academy. She also taught an Officer Safety and Field Tactics Course focused on schools and the workplace that all San Francisco Police Officers must take. STOUMEN is also a member of the Cease Fire Program. STOUMEN suffered a pattern and practice of racial discrimination, and other wrongful acts committed by defendants.

18.  Christine Arndt ("Arndt") is perceived to be a non-Asian individual employed by THE CITY as a Police Officer. THE CITY has employed ARNDT for eight years. During her career, she has worked undercover and as a uniformed officer, and has on several occasions requested transfers to work in Bayview, one of the most difficult areas for San Francisco Police. She received many Captain's Complimentary Reports, and a Police Commission Commendation Award. ARNDT suffered a pattern and practice of racial discrimination, and other wrongful acts committed by defendants.

19.  Shareef Nasir ("Nasir") is a non-Asian individual or perceived to be non-Asian, and employed by THE CITY as a Police Officer. THE CITY has employed NASIR for several years. Plaintiff suffered a pattern and practice of racial discrimination, and other wrongful acts committed by defendants.

20.     Plaintiffs are informed and believe and thereon allege that THE CITY is a government entity.

21.     Plaintiffs are informed and believe and thereon allege that defendant HEATHER FONG ("Fong") is an individual employed by THE CITY as Chief of Police.

22.     Plaintiffs are ignorant of the true names and capacities of defendants sued herein as DOES 1-50, inclusive, and Plaintiffs therefore sue such defendants by such fictitious names. Plaintiffs will amend this Complaint to allege their true names and capacities when ascertained. Plaintiffs are informed and believe and thereon allege that each of these fictitiously named defendants is responsible in some manner for the occurrences, and that such aforementioned defendants' acts and omissions proximately caused the Plaintiffs' injuries as alleged herein.

23.     Plaintiffs are informed and believe and thereon allege that at all times mentioned herein, each individual defendant was and is the agent, employee and servant of THE CITY and committed the occurrences, acts and omissions complained of herein while acting within the scope of such agency, employment and servitude.  Each defendant is responsible for the occurrences, acts and omissions of each other defendant complained of herein.

## GENERAL ALLEGATIONS

24.     Plaintiffs incorporate by reference the factual allegations of paragraphs 1 through 23 above.

25.     Plaintiffs are informed and believe and thereon allege that THE CITY hired them all as uniformed and plainclothes police officers.  Plaintiffs are of various races, including Caucasian, African American, and Latino, but none identifies as Asian. All the Plaintiffs are currently employed by THE CITY.

26.     Plaintiffs are informed and believe and thereon allege that THE CITY and FONG suspended them and otherwise disciplined them and/or subjected them to various adverse employment actions for participating in a satirical video made in late 2005. That video was intended to be a parody of life as Police Officers assigned to the Bayview-Hunter's Point District of San Francisco.  Plaintiffs' supervisors knew of, consented to, and required participation by the

Plaintiffs in the video. Plaintiffs intended the video to be a morale booster at the Bayview-Hunter's Point Station. THE CITY and FONG did not suspend any of the Plaintiffs' Asian (Chinese-American) co-workers, who also participated in the video.

27. Plaintiffs are informed and believe and thereon allege that because of Plaintiffs' participation in the video, THE CITY and FONG suspended them, and required Plaintiffs to turn in their police IDs, badges, and weapons. Because of their suspension, Plaintiffs lost significant amounts of pay, accrual of sick leave, vacation time, and other benefits. Some of the Plaintiffs lost their overtime pay and Field Training Officer pay from the start of their suspension to the present, costing them tens of thousands of dollars in lost earnings.

28. Plaintiffs are informed and believe and thereon allege that before, during, and after their suspensions, THE CITY and FONG publicly insulted Plaintiffs, accusing them of being racist, sexist, and homophobic, which is not true. In some cases, defendants posted pictures of Plaintiffs alongside the comments, increasing the humiliation Plaintiffs suffered. Defendants did this repeatedly in print, on the radio, and on television, in local, regional, and national media outlets. Defendants did not make these comments about the Asian officers who participated in the video.

29. Plaintiffs are informed and believe and thereon allege that THE CITY and FONG acted outside of required protocols and procedures by suspending and insulting Plaintiffs. Rather than conducting a formal investigation, filing charges, or convening a Chief's Hearing, on December 8, 2005, and other dates, THE CITY and FONG groundlessly suspended, and publicly insulted Plaintiffs. This inappropriate response to the video violates the San Francisco Charter and the San Francisco Police Department General Order, requiring a formal investigation, filing of charges, and a hearing underway before the Police Commission for all allegations of misconduct to properly suspend a Police Officer.

30. Plaintiffs are informed and believe and thereon allege that THE CITY and FONG did not use a valid, non-discriminatory criterion to determine Plaintiffs' discipline. Plaintiffs wrote to Defendants on July 13, 2006 and July 19, 2006 in an attempt to determine Defendants' criterion for disciplining Plaintiffs. Defendants refused to provide any criterion used in

Plaintiffs' discipline that justified the omission of Plaintiffs' Asian (Chinese-American) counterparts from any discipline. Defendants failed even to acknowledge Plaintiffs' reasonable requests.

31.     Plaintiffs are informed and believe and thereon allege that because of the acts of FONG and THE CITY, they have all suffered extreme humiliation and embarrassment. Being suspended from work, losing pay, and being publicly disgraced has taken a great toll on Plaintiffs, including loss of friendships, alienation from family members, and straining marriages, not to mention plaintiffs' personal feelings of fear, shame, and anger.

32.     Plaintiffs are informed and believe and thereon allege that after plaintiffs filed a Complaint in the instant action an alleged "investigation" occurred and was concluded the week of December 4, 2006.

33.     Plaintiffs are informed and believe and thereon allege that plaintiffs COHEN, HURLEY, LEWIS, PARRY and HARMSTON received letters requiring a hearing before the Police Commission.

34.     Plaintiffs are informed and believe and thereon allege that in retaliation for participating in the instant action COHEN must appear before the Police Commissioner as the creator of the video and on grounds of sexual and racial harassment and has been reassigned.

35.     Plaintiffs are informed and believe and thereon allege that in retaliation for participating in the instant action HURLEY is required to appear before the Police Commissioner for, including but not limited to, an alleged act of racism by handing a watermelon slice to James Lewis, an African-American officer in the parody video. Plaintiffs further contend that Officer Hurley is being retaliated against as Officer Cohen's fiancée.

36.     Plaintiffs are informed and believe and thereon allege that in retaliation for participating in the instant action LEWIS is required to appear before the Police Commissioner for, including but not limited to, leaving his assigned district, not devoting his whole time to the mission of the police department to protect life and property, conduct reflecting disrespect upon the police force, use of profane language, and gender and sexual harassment based upon his participation in the parody video.

37. Plaintiffs are informed and believe and thereon allege that in retaliation for participating in the instant action PARRY is required to appear before the Police Commissioner for, including but not limited to, leaving his assigned district, not devoting his whole time to the mission of the police department to protect life and property, conduct reflecting disrespect upon the police force, and racial harassment in the mocking of Asians in the parody video.

38. Plaintiffs are informed and believe and thereon allege that in retaliation for participating in the instant action HARMSTON is required to appear before the Police Commissioner for, including but not limited to, leaving his assigned district, not devoting his whole time to the mission of the police department to protect life and property, conduct reflecting disrespect upon the police force, and racial harassment in the mocking of Asians in the parody video.

39. Plaintiffs are informed and believe and thereon allege that the video was only approximately twenty-eight minutes in length.

40. Plaintiffs are informed and believe and thereon allege that based upon the alleged "investigation" concluding the week of December 4, 2006, other officers participating in this action were retaliated against based upon their participation in the parody video. EVANSON received a ten-day suspension for profane language and conduct. GEORGE received a letter of reprimand for using her tongue in a sexually explicit manner.

41. Plaintiffs are informed and believe and thereon allege that based upon the alleged "investigation" concluding the week of December 4, 2006, ARNDT, STUMAN, KIRCHNER, and NASIR received a five-day suspension based upon pulling their guns in the parody video.

42. Plaintiffs are informed and believe and thereon allege that based upon the alleged "investigation" concluding the week of December 4, 2006, DEJESUS received a five-day suspension based upon pulling their toy gun in the parody video.

43. Plaintiffs are informed and believe and thereon allege that Lt. Curtis Lum, an Asian received a five-day suspension with two days served and three days held in obeyance. He was further transferred from the Bayview station as he was the immediate supervisors of the officers involved in the making of the parody video and was at one time the acting captain. No

1   action was taken against Pai until after Plaintiff filed a Complaint in the instant action alleging

2   racial discrimination.

3        44.    Plaintiffs are informed and believe and thereon allege that John Pai, an Asian,

4   also received a reprimand.  Pai received a letter of reprimand for having his police baseball cap

5   twisted to the side and allegedly flashing gang signs.  No action was taken against Pai until after

6   Plaintiff filed a complaint in the instant action alleging racial discrimination.

7        45.    Plaintiffs are informed and believe and thereon allege that Alex Kwan, Derrick

8   Liu, and Eric Chiang, all Asian police officers, participated in the parody video.  None of these

9   police officers were reprimanded before or after the allegedly "investigation" occurring the week

10  of December 4, 2006.

11       46.    Plaintiffs are informed and believe and thereon allege that Officer Berge, a

12  Caucasian police officer, was suspended for the identical activity of Liu in the video.

### FIRST CAUSE OF ACTION AGAINST DEFENDANT THE CITY

### RACE DISCRIMINATION

### Cal. Govt. Code § 12940

### [AS TO ALL PLAINTIFFS]

17       47.    Plaintiffs incorporate by reference the factual allegations of paragraphs 1 through

18  46 above.

19       48.    Defendants, through their agents and employees, engaged in a pattern and practice

20  of unlawful racial discrimination in violation of the Fair Employment and Housing Act

21  (hereinafter referred to as "FEHA") in connection with its treatment of Plaintiffs and the terms

22  and conditions of their employment.   Defendants used race as a basis to determine discipline

23  regarding the video.  Specifically, Defendants disciplined only the non-Asian officers, and those

24  perceived to be non-Asian, who were involved in the video.

25       49.    At all relevant times, defendants had actual and constructive knowledge of the

26  discriminatory conduct described and alleged herein, and condoned, ratified and participated in

27  the discrimination.  Because of the hostile and offensive work environment perpetrated and

28

1  maintained by defendants, and their failure to protect Plaintiffs from further discrimination,

2  Plaintiffs suffered severe emotional distress.

3      50.    Plaintiffs are informed and believe and thereon allege that in addition to the

4  practices enumerated above, defendants, and each of them, have engaged in other discriminatory

5  practices against Plaintiffs, which are not yet fully known.  When said discriminatory practices

6  become known to Plaintiffs, they will seek leave of court to amend this complaint in those

7  regards.

8      51.    As a direct and proximate result of the willful, knowing, and intentional

9  discrimination against Plaintiffs, and the failure to act by defendants, Plaintiffs have suffered

10  mental distress, anguish, and indignation.  Plaintiffs are thereby entitled to general and

11  compensatory damages in an amount to be proven at trial.

12      52.    Defendants' acts alleged herein are malicious, oppressive, despicable, and in

13  conscious disregard of Plaintiffs' rights.  As such, punitive damages are warranted against

14  defendants in order to punish and make an example of their actions.

15  ### SECOND CAUSE OF ACTION AGAINST DEFENDANT THE CITY

16  ### RACE DISCRIMINATION

17  ### 42 U.S.C. 2000(e) et. seq. (Title VII of the Civil Rights Act of 1964)

18  ### [AS TO ALL PLAINTIFFS]

19      53.    Plaintiffs incorporate by reference the factual allegations of paragraphs 1 through

20  52 above.

21      54.    Defendants, through their agents and employees, engaged in a pattern and practice

22  of unlawful racial discrimination in violation of 42 U.S.C. 2000(e) et. seq. (Title VII of the Civil

23  Rights Act of 1964) in connection with its treatment of Plaintiffs and the terms and conditions of

24  their employment.   Defendants used race as a basis to determine discipline regarding the video.

25  Specifically, Defendants disciplined only the non-Asian officers, and those perceived to be non-

26  Asian, who were involved in the video.

27      55.    At all relevant times, defendants had actual and constructive knowledge of the

28  discriminatory conduct described and alleged herein, and condoned, ratified and participated in

1  the discrimination. Because of the hostile and offensive work environment perpetrated and

2  maintained by defendants, and their failure to protect Plaintiffs from further discrimination,

3  Plaintiffs suffered severe emotional distress.

4      56.   Plaintiffs are informed and believe and thereon allege that in addition to the

5  practices enumerated above, defendants, and each of them, have engaged in other discriminatory

6  practices against Plaintiffs, which are not yet fully known. When said discriminatory practices

7  become known to Plaintiffs, they will seek leave of court to amend this complaint in those

8  regards.

9      57.   As a direct and proximate result of the willful, knowing, and intentional

10  discrimination against Plaintiffs, and the failure to act by defendants, Plaintiffs have suffered

11  mental distress, anguish, and indignation. Plaintiffs are thereby entitled to general and

12  compensatory damages in an amount to be proven at trial.

13      58.   Defendants' acts alleged herein are malicious, oppressive, despicable, and in

14  conscious disregard of Plaintiffs' rights. As such, punitive damages are warranted against

15  defendants in order to punish and make an example of their actions.

16  ### THIRD CAUSE OF ACTION AGAINST

17  ### DEFENDANTS CITY, FONG, AND DOES 1-50

18  ### RETALIATION

19  ### Cal. Govt. Code §12940

20  ### [AS TO PLAINTIFFS COHEN, HURLEY, LEWIS, EVANSON, PARRY, and

21  ### HARMSTON]

22      59.   Plaintiffs incorporate by reference the factual allegations of paragraphs 1 through

23  58 above.

24      60.   Plaintiffs are informed and believe and thereon allege that defendants THE CITY

25  and FONG engaged in retaliatory conduct in violation of public policy against Plaintiffs for

26  opposing unlawful practices under FEHA.

27

28

61.     Plaintiffs are informed and believe and thereon allege that THE CITY through its agent and employee FONG retaliated against Plaintiffs in violation of California Government Code § 12940.

62.     Defendants did so by materially changing the employment conditions of Plaintiffs EVANSON, PARRY, and HARMSTON after they filed Notices of Tort Claims for their race discrimination claims related to their suspensions.

63.     Plaintiffs are informed and believe and thereon allege that on May 31, 2006, Plaintiffs filed Notices of Tort Claims against defendants THE CITY and FONG. On June 20, 2006, Plaintiffs EVANSON, PARRY, and HARMSTON were transferred from their previous positions to the O.P.S. Center, and were given different, odd-hour, schedules, in violation of their contracts. Plaintiffs' new positions were regarded as highly undesirable, and their new hours restricted Plaintiffs' ability to provide childcare.

64.     Plaintiff is informed and believes and thereon alleges that after an alleged "investigation" defendants took further retaliatory action against COHEN, HURLEY, LEWIS, PARRY and HARMSTON by sending a letter of reprimand requiring that they appear before the Police Commissioner to answer various charges as set forth above.

65.     Plaintiff is informed and believes and thereon alleges that in addition to the enumerated adverse actions above, defendants, and each of them, have engaged in other unlawful practices against COHEN, HURLEY, LEWIS, PARRY and HARMSTON which are not yet fully known. When said practices become known to Plaintiffs, they will seek leave to amend this complaint in those regards.

66.     As a direct and proximate result of defendants' willful, knowing, and intentional acts, and defendants' failure to act, COHEN, HURLEY, LEWIS, PARRY and HARMSTON have suffered and will continue to suffer mental distress, anguish, and indignation. COHEN, HURLEY, LEWIS, PARRY and HARMSTON are thereby entitled to general and compensatory damages in an amount to be proven at trial.

67.     Defendants' acts alleged herein are malicious, oppressive, despicable, and in conscious disregard of COHEN, HURLEY, LEWIS, PARRY and HARMSTON's rights. As

1    such, punitive damages are warranted against defendants in order to punish and make an

2    example of them.

3

4                     **FOURTH CAUSE OF ACTION AGAINST**

5                **DEFENDANTS CITY, FONG, AND DOES 1-50**

6                            **RETALIATION**

7      **42 U.S.C. 2000(e) et. seq. (Title VII of the Civil Rights Act of 1964)**

8          **[AS TO PLAINTIFFS EVANSON, PARRY, HARMSTON,**

9                **COHEN, HURLEY AND LEWIS]**

10       68.      Plaintiffs incorporate by reference the factual allegations of paragraphs 1 through

11    67 above.

12       69.      Plaintiffs are informed and believe and thereon allege that defendants THE CITY

13    and FONG engaged in retaliatory conduct in violation of public policy against Plaintiffs for

14    opposing unlawful practices under FEHA.

15       70.      Plaintiffs are informed and believe and thereon allege that THE CITY through its

16    agent and employee FONG retaliated against Plaintiffs in violation of 42 U.S.C. 2000(e) et. seq.

17    (Title VII of the Civil Rights Act of 1964).

18       71.      Defendants did so by materially changing the employment conditions of

19    Plaintiffs EVANSON, PARRY, and HARMSTON after they filed Notices of Tort Claims for

20    their race discrimination claims related to their suspensions.

21       72.      Plaintiffs are informed and believe and thereon allege that on May 31, 2006,

22    Plaintiffs filed Notices of Tort Claims against defendants THE CITY and FONG.  On June 20,

23    2006, Plaintiffs EVANSON, PARRY, and HARMSTON were transferred from their previous

24    positions to the O.P.S. Center, and were given different, odd-hour, schedules, in violation of their

25    contracts.  Plaintiffs' new positions were regarded as highly undesirable, and their new hours

26    restricted Plaintiffs' ability to provide childcare.

27       73.      Plaintiff is informed and believes and thereon alleges that after an alleged

28    "investigation" defendants took further retaliatory action against COHEN, HURLEY, LEWIS,

1    PARRY and HARMSTON by sending a letter of reprimand requiring that they appear before the

2    Police Commissioner to answer various charges as set forth above.

3        74.    Plaintiff is informed and believes and thereon alleges that in addition to the

4    enumerated adverse actions above, defendants, and each of them, have engaged in other unlawful

5    practices against COHEN, HURLEY, LEWIS, PARRY and HARMSTON which are not yet

6    fully known.  When said practices become known to Plaintiffs, they will seek leave to amend this

7    complaint in those regards.

8        75.    As a direct and proximate result of defendants' willful, knowing, and intentional

9    acts, and defendants' failure to act, COHEN, HURLEY, LEWIS, PARRY and HARMSTON

10   have suffered and will continue to suffer mental distress, anguish, and indignation.  COHEN,

11   HURLEY, LEWIS, PARRY and HARMSTON are thereby entitled to general and compensatory

12   damages in an amount to be proven at trial.

13       76.    Defendants' acts alleged herein are malicious, oppressive, despicable, and in

14   conscious disregard of COHEN, HURLEY, LEWIS, PARRY and HARMSTON's rights.  As

15   such, punitive damages are warranted against defendants in order to punish and make an

16   example of them.

17                    **FIFTH CAUSE OF ACATION AGAINST**

18                 **DEFENDANTS CITY, FONG AND DOES 1-50**

19                              **DEFAMATION**

20                         **[AS TO ALL PLAINTIFFS]**

21       77.    Plaintiffs incorporate by reference the factual allegations of paragraphs 1 through

22   76 above.

23       78.    Plaintiffs are informed and believe and thereon allege that THE CITY and FONG

24   repeatedly publicized, or caused to be publicized, to third persons false allegations concerning

25   Plaintiffs.  These false allegations include but are not limited to allegations that they are bigots.

26       79.    Plaintiffs are informed and believe and thereon allege that the defendants made

27   accusations directly concerning Plaintiffs and were so understood by all persons involved in the

28   publication.

80.    Plaintiffs are informed and believe and thereon allege that these accusations were defamatory per se because they accused Plaintiffs of being racist, sexist, and homophobic. The accusations stated above, by natural consequence, cause actual damage to Plaintiffs both personally and professionally.

81.    Plaintiffs are informed and believe and thereon allege that these accusations were false because Plaintiffs are not racist, sexist, or homophobic.

82.    Plaintiffs are informed and believe and thereon allege that furthermore, THE CITY and FONG made these accusations knowing that they were false.

83.    Plaintiffs are informed and believe and thereon allege that as a proximate result of the above-described accusations, Plaintiffs have suffered loss of their reputation, shame, mortification, and hurt feelings, all to their general damage in an amount according to proof.

84.    Plaintiffs are informed and believe and thereon allege that the above-described accusations were publicized by defendants because of the defendants' rash and irrational response to public pressure. Defendants made the accusations without any investigation, thereby justifying an award of punitive damages against defendants in an amount appropriate to punish defendants for their wrongful conduct and to deter others from engaging in such conduct.

**SIXTH CAUSE OF ACTION AGAINST**

**DEFENDANTS CITY, FONG AND DOES 1- 50**

**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

**[AS TO ALL PLAINTIFFS]**

85.    Plaintiffs incorporate by reference the factual allegations of paragraphs 1 through 84 above.

86.    Plaintiffs are informed and believe and thereon allege that THE CITY by and through its agents, employees and defendants FONG and DOES 1-50 acted without regard to the health and safety of Plaintiffs, and each of them treated Plaintiffs in the deplorable manner alleged herein.

87.    Plaintiffs are informed and believe and thereon allege that Defendants spoke about the video on local and national news outlets. Making public statements regarding a private

1    personnel matter constitutes extreme and outrageous conduct. Furthermore, acting in a

2    discriminatory manner is extreme and outrageous conduct in a civil society.

3        88.    Plaintiffs are informed and believe and thereon allege that defendants, standing in

4    a position of authority over Plaintiffs, deliberately acted without regard to Plaintiffs' health,

5    safety, or well-being, causing them severe emotional and physical distress.

6        89.    Plaintiffs are informed and believe and thereon allege that as a proximate result of

7    defendants' extreme and outrageous acts, Plaintiffs suffered severe emotional distress in the form

8    of humiliation, embarrassment, mental-anguish, anxiety, stress and indignation. Defendants

9    acted with the willful knowledge that Plaintiffs would suffer severe harm as a result.

10       90.    Plaintiffs are informed and believe and thereon allege that defendants' acts alleged

11   herein are malicious, oppressive, despicable, and in conscious disregard of Plaintiffs' rights. As

12   such, punitive damages are warranted against defendants in order to punish them and make an

13   example of their actions.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFFS pray for relief as follows:

1. For general damages in excess of twenty (20) million dollars and in no event less than the jurisdictional limit of this court;

2. For special damages in amounts according to proof;

3. For punitive damages in amounts according to proof;

4. For attorneys' fees as provided by law;

5. For a mandatory injunction requiring defendants to reinstate Plaintiffs to their previous positions without record of the adverse employment actions taken by defendants, pursuant to *Government Code* §12970(a);

6. For interest as provided by law;

///

///

/// 

7.     For costs of suit incurred herein; and

8.     For such other and further relief as the Court deems fair and just.

Dated: February 1, 2007                    LAW OFFICES OF WAUKEEN Q. McCOY

By
WAUKEEN Q. McCOY
Attorney for Plaintiffs

1
2
## PROOF OF SERVICE
3
4
I declare:
5
My business address is 703 Market Street, Suite 1407, San Francisco, CA.  I am over the
6
age of 18 and am not a party to this action.
7
On February 1, 2007   I caused to be served:
8
**FIRST AMENDED COMPLAINT**
9
10
**On**  the party(ies) listed below, addressed as follows:
11
12
LAWRENCE HECIMOVICH
ADELMISE WARNER
13
1390 MARKET ST 5TH FLOOR
SAN FRANCISCO, CA 94103
14
15
___**X**___        **By hand delivery**
16
17
I declare under penalty of perjury under the laws of the State of California that the foregoing
is true and correct.
18
Executed on February 1, 2007  at San Francisco, California.
19
20
21
LAW OFFICES OF WAUKEEN Q. McCOY
22
23
Mark D Roberts
24
25
26
27
28

2

# EXHIBIT "J"

EXHIBIT "J"

1    DENNIS J. HERRERA, State Bar #139669
    City Attorney
2    ELIZABETH S. SALVESON, State Bar # 83788
    Chief Labor Attorney
3    LAWRENCE HECIMOVICH, State Bar #129688
    ADELMISE ROSEME WARNER, State Bar #215385
4    Deputy City Attorneys
    Fox Plaza
5    1390 Market Street, 5th Floor
    San Francisco, California 94102-5408
6    Telephone:    (415) 554-3933
    Facsimile:    (415) 554-4248

7

8    Attorneys for Defendants
    CITY AND COUNTY OF SAN FRANCISCO and
9    HEATHER FONG

10           SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                COUNTY OF SAN FRANCISCO

12                 UNLIMITED JURISDICTION

13

| | |
|---|---|
| 14   CLAYTON HARMSTON, an individual; GIGI GEORGE, an individual; JAMES LEWIS, an individual; MIKE EVANSON, an individual; ERIK SOLARES, an individual; DAVE PARRY, an individual; ANDREW COHEN, an individual; NOAH MALLINGER, an individual; CARLOS MUSTAFICH, an individual; LUIS DEJESUS, an individual; JAMES D. AHERNE, an individual; JASON KIRCHNER, an individual; REGINALD SCOTT, an individual; GERALD P. LYONS, an individual; WENDY HURLEY, an individual; HOLLY STOUMEN, an individual; CHRISTINE ARNDT, an individual; SHAREEF NASIR, an individual | Case No. 06-454955 **DEFENDANTS' ANSWER TO PLAINTIFFS' UNVERIFIED FIRST AMENDED COMPLAINT** Action Filed: August 10, 2006 First Amended Complaint Filed: February 1, 2007 |
| 21       Plaintiffs, | |
| 22    vs. | |
| 23   CITY AND COUNTY OF SAN FRANCISCO, HEATHER FONG, an individual, and DOES 1-50, | |
| 24      Defendants. | |

25

26

27

28

1

FEB 7 2007

## GENERAL DENIAL

Defendants City and County of San Francisco and Heather Fong, Chief of the San Francisco Police Department, hereby answer Plaintiffs' unverified First Amended Complaint ("Complaint") and generally deny each and every allegation thereof and, further, deny that Plaintiffs have been or will be damaged in any sum or at all.

In addition, Defendants allege the following separate and affirmative defenses:

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

#### (Failure to State A Claim)

As an affirmative defense, Defendants assert that Plaintiffs have failed to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

#### (Statute of Limitations)

As an affirmative defense, Defendants assert that Plaintiffs' claims are barred in whole or in part by the applicable statutes of limitations.

### THIRD AFFIRMATIVE DEFENSE

#### (Immunity, Qualified Immunity and Privilege)

As an affirmative defense, Defendants assert that the City is a public entity and therefore Defendants have the benefit of immunities and privileges contained in California Government Code sections 815 *et seq.* and 820 *et seq.*, the United States Constitution, and Federal/State common/statutory law.

### FOURTH AFFIRMATIVE DEFENSE

#### (Equitable Defenses)

As an affirmative defense, Defendants assert that some or all of Plaintiffs' claims are barred by the equitable doctrines of waiver, laches, estoppel and unclean hands.

2

## FIFTH AFFIRMATIVE DEFENSE

### (Claim Presentation)

As an affirmative defense, Defendants assert that Plaintiffs have failed to fully comply with the requirements of the California Tort Claims Act as contained in the California Government Code.

## SIXTH AFFIRMATIVE DEFENSE

### (Failure to Exhaust Administrative/Contractual Remedies)

As an affirmative defense, Defendants assert that all or part of this action is barred due to Plaintiffs' failure to exhaust administrative and/or contractual remedies as required under federal and/or state law.

## SEVENTH AFFIRMATIVE DEFENSE

### (Legitimate Non-Discriminatory, Non-Retaliatory Reasons for Employment Decision)

As an affirmative defense, Defendants assert that any and all employment actions taken with respect to Plaintiffs were not based on any illegal consideration, but rather were based on one or more legitimate, sufficient, non-discriminatory, non-retaliatory reasons.

## EIGHTH AFFIRMATIVE DEFENSE

### (Qualified Immunity)

As a separate and affirmative defense, Defendants allege that the actions complained of are protected by the doctrine of qualified immunity.

## NINTH AFFIRMATIVE DEFENSE

### (Reasonable Steps)

As an affirmative defense, Defendants assert that the City promptly took all reasonable/necessary steps to prevent and promptly remedy any discrimination, retaliation, or any other alleged wrongful or inappropriate conduct as alleged by Plaintiffs and that Plaintiffs unreasonably failed to take advantage of any preventative or corrective procedures provided by Defendants or to take other steps to avoid harm.

DEFS.' ANSWER TO FAC -- CASE NO. 06-454955

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## TENTH AFFIRMATIVE DEFENSE

### (Honest and Mistaken Belief)

As an affirmative defense, Defendants assert that if they did violate any statute or other law (which Defendants expressly deny), Defendants cannot be liable for any damages Plaintiffs may have sustained because Defendants had an honest but mistaken belief that there was sufficient and adequate cause for the actions taken with respect to Plaintiffs and their employment with Defendants.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Workers Compensation)

As an affirmative defense, Defendants assert that to the extent Plaintiffs have a claim for damages, it is barred by the exclusivity provisions of the Workers' Compensation Act.

## TWELFTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

As an affirmative defense, Defendants assert that Plaintiffs have had, and continue to have, the ability and opportunity to mitigate the damages alleged in the Complaint and have failed to act reasonably to mitigate any such damages.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Fair Responsibility Act)

As an affirmative defense, Defendants assert that Plaintiffs' recovery, if any, is limited to the percentage of fault, if any, attributable to Defendants as provided in the Fair Responsibility Act of 1986, California Civil Code sections 1431-1431.5.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Other's Conduct)

As an affirmative defense, Defendants assert that any recovery is barred because Plaintiffs' damages, if any, were caused by the intentional, reckless or negligent acts, omissions and/or misconduct of Plaintiffs or a third party.

4

## FIFTEENTH AFFIRMATIVE DEFENSE

As an affirmative defense, Defendants assert that there are alternative adequate legal remedies available to Plaintiffs and there is no danger of irreparable harm.

## SIXTEENTH AFFIRMATIVE DEFENSE

As an affirmative defense, Defendants assert that any recovery may be barred, in whole or in part, by the after-acquired evidence doctrine.

WHEREFORE, Defendants pray for judgment a follows:

1.    That Plaintiffs take nothing from Defendants;

2.    That the complaint be dismissed with prejudice;

3.    That Defendants recover costs of suit herein, including attorney's fees; and

4.    For such other relief as is just and proper.

Dated:  February 27, 2007

DENNIS J. HERRERA
City Attorney
ELIZABETH S. SALVESON
Chief Labor Attorney
LAWRENCE HECIMOVICH
ADELMISE ROSEMÉ WARNER
Deputy City Attorneys


By: _____
ADELMISE ROSEMÉ WARNER

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO and
HEATHER FONG

5

## PROOF OF SERVICE

*Harmston, Clayton, et al. v. CCSF, et al.*
SF Superior Court Case No. 06-454955

I, BLANCA MARTIN, declare as follows:

I am a citizen of the United States, over the age of eighteen years and not a party to the above-entitled action. I am employed at the City Attorney's Office of San Francisco, Fox Plaza Building, 1390 Market Street, Fifth Floor, San Francisco, CA 94102.

On February 27, 2007, I served the following document(s):

**DEFENDANTS' ANSWER TO PLAINTIFFS' UNVERIFIED FIRST AMENDED COMPLAINT**

on the following persons at the locations specified:

Waukeen Q. McCoy, Esq.
Law Offices of Waukeen Q. McCoy
703 Market Street, Suite 1407
San Francisco, CA  94111

in the manner indicated below:

☐ **BY UNITED STATES MAIL**: Following ordinary business practices, I sealed true and correct copies of the above documents in addressed envelope(s) and placed them at my workplace for collection and mailing with the United States Postal Service. I am readily familiar with the practices of the San Francisco City Attorney's Office for collecting and processing mail. In the ordinary course of business, the sealed envelope(s) that I placed for collection would be deposited, postage prepaid, with the United States Postal Service that same day.

☒ **BY PERSONAL SERVICE**: I sealed true and correct copies of the above documents in addressed envelope(s) and caused such envelope(s) to be delivered by hand at the above locations by a professional messenger service. A declaration from the messenger who made the delivery ☐ is attached or ☒ **will be filed separately with the court.**

☐ **BY OVERNIGHT DELIVERY**: I sealed true and correct copies of the above documents in addressed envelope(s) and placed them at my workplace for collection and delivery by overnight courier service. I am readily familiar with the practices of the San Francisco City Attorney's Office for sending overnight deliveries. In the ordinary course of business, the sealed envelope(s) that I placed for collection would be collected by a courier the same day.

☐ **BY FACSIMILE**: Based on a written agreement of the parties to accept service by fax, I transmitted true and correct copies of the above document(s) via a facsimile machine at telephone number Fax #' to the persons and the fax numbers listed above. The fax transmission was reported as complete and without error. The transmission report was properly issued by the transmitting facsimile machine, and **a copy of the transmission report** ☐ **is attached or** ☐ **will be filed separately with the court.**

I declare under penalty of perjury pursuant to the laws of the State of California that the foregoing is true and correct.

Executed February 27, 2007, at San Francisco, California.

BLANCA MARTIN

6

n:\labor\li2006\070245\00011417.doc

# EXHIBIT "K"

EXHIBIT "K"

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Lawrence Hecimovich (129688); Adelmise Warner (215385)<br>Deputy City Attorneys<br>Office of the City Attorney Dennis Herrera<br>1390 Market Street, 5th Floor<br>San Francisco, CA  94102 | ENDORSED<br>F I L E D<br>*San Francisco County Superior Court*<br>JAN 2 9 2007<br>GORDON PARK-LI, Clerk<br>BY: _____ ELIAS BUTT<br>Deputy Clerk |

TELEPHONE NO.: (415) 554-3930   FAX NO. *(Optional)*:  (415) 554-4248
E-MAIL ADDRESS *(Optional)*:
ATTORNEY FOR *(Name)*: Defendant CITY & COUNTY OF SAN FRANCISCO

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** SAN FRANCISCO
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco, CA  94102
BRANCH NAME:

PLAINTIFF/PETITIONER: CLAYTON HARMSTON, ET AL.

DEFENDANT/RESPONDENT: CITY AND COUNTY OF SAN FRANCISCO, ET AL.

| CASE MANAGEMENT STATEMENT | CASE NUMBER: |
|---|---|
| **(Check one):**  [X] **UNLIMITED CASE**  [ ] **LIMITED CASE**<br>(Amount demanded exceeds $25,000)    (Amount demanded is $25,000 or less) | CGC 06-454955 |

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:

Date: February 23, 2007   Time: 9:00 a.m.   Dept.: 212   Div.:   Room:

Address of court *(if different from the address above)*:

---

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one)*:
   a. [X]  This statement is submitted by party *(name)*: Defendant City & County of San Francisco
   b. [ ]  This statement is submitted **jointly** by parties *(names)*:

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a.  The complaint was filed on *(date)*:
   b. [ ]  The cross-complaint, if any, was filed on *(date)*:

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. [ ]  All parties named in the complaint and cross-complaint have been served, or have appeared, or have been dismissed.
   b. [ ]  The following parties named in the complaint or cross-complaint
       (1) [ ]  have not been served *(specify names and explain why not)*:
       (2) [ ]  have been served but have not appeared and have not been dismissed *(specify names)*:
       (3) [ ]  have had a default entered against them *(specify names)*:
   c. [ ]  The following additional parties may be added *(specify names, nature of involvement in case, and the date by which they may be served)*:

4. **Description of case**
   a. Type of case in  [X]  complaint     [ ]  cross-complaint     *(describe, including causes of action)*:
      Racial discrimination, retaliation, defamation, intentional infliction of emotional distress

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-110 [Rev. January 1, 2007] | **CASE MANAGEMENT STATEMENT** | Legal<br>Solutions<br>Plus | Cal. Rules of Court,<br>rules 3.720-3.730 |
|---|---|---|---|

CM-110

| PLAINTIFF/PETITIONER: CLAYTON HARMSTON, ET AL. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT:CITY AND COUNTY OF SAN FRANCISCO, ET AL. | CGC 06-454955 |

4. b.   Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings.  If equitable relief is sought, describe the nature of the relief.)*

In or about December 2005,  the San Francisco Police Department ("SFPD") learned that Plaintiffs -- each of whom is an officer with the SFPD -- created and released to the public offensive videotapes that had the effect of  damaging the SFPD's mission in the community it serves. The Chief of Police suspended Plaintiffs for one week  based on their participation in the creation of these videotapes.  Plaintiffs have sued the City and the Chief for race discrimination under the Fair Employment and Housing Act ("FEHA"), contending that the Chief's actions discriminated against them based on their race in that she suspended them but did not suspend certain Asian officers who appeared in other videotapes but that had not yet made public.  Plaintiffs also claim retaliation under the FEHA for filing tort claims against the City, and  defamation based on alleged statements made by Chief Fong and Mayor Gavin Newsom.  On January 22, 2007, the Court granted Plaintiffs leave to amend the complaint to add discrimination and retaliation claims under Title VII of the Civil Rights Act.  In addition to monetary damages, Plaintiffs also seek an injunction requiring Defendants to reinstate Plaintiffs to their previous positions, as well as emotional distress damages.

☐   *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.   **Jury or nonjury trial**
The party or parties request    ☒ a jury trial    ☐ a nonjury trial    *(if more than one party, provide the name of each party requesting a jury trial):*

6.   **Trial date**
   a.   ☐   The trial has been set for *(date):*
   b.   ☒   No trial date has been set.  This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):* Pls. will amend complaint; there are 18 Pls. in this case; third party privacy issues and need for Pitchess motions and protective orders; consolidation issues.
   c.   Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*
May 7-June 1, 2007; July 15-August 31, 2007; December 24, 2007-January 4, 2008; February 19-February 26, 2008: due to vacation and other leaves scheduled.

7.   **Estimated length of trial**
   The party or parties estimate that the trial will take *(check one):*
   a.   ☒   days *(specify number):* 20
   b.   ☐   hours (short causes) *(specify):*

8.   **Trial representation** *(to be answered for each party)*
   The party or parties will be represented at trial    ☒ by the attorney or party listed in the caption    ☐ by the following:
   a.   Attorney:
   b.   Firm:
   c.   Address:
   d.   Telephone number:
   e.   Fax number:
   f.   E-mail address:
   g.   Party represented:
   ☐   Additional representation is described in Attachment 8.

9.   **Preference**
   ☐   This case is entitled to preference *(specify code section):*

10.   **Alternative Dispute Resolution (ADR)**
   a.   Counsel   ☒ has   ☐ has not     provided the ADR information package identified in rule 3.221 to the client and has reviewed ADR options with the client.
   b.   ☐   All parties have agreed to a form of ADR.  ADR will be completed by *(date):*
   c.   ☐   The case has gone to an ADR process *(indicate status):*

CM-110 [Rev. January 1, 2007]          **CASE MANAGEMENT STATEMENT**          Page 2 of 4

CM-110

| PLAINTIFF/PETITIONER: CLAYTON HARMSTON, ET AL. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT:CITY AND COUNTY OF SAN FRANCISCO, ET AL. | CGC 06-454955 |

10. d. The party or parties are willing to participate in *(check all that apply)*:

    (1) ☐ Mediation

    (2) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to close 15 days before arbitration under Cal. Rules of Court, rule 3.822)

    (3) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to remain open until 30 days before trial; order required under Cal. Rules of Court, rule 3.822)

    (4) ☐ Binding judicial arbitration

    (5) ☐ Binding private arbitration

    (6) ☐ Neutral case evaluation

    (7) ☒ Other *(specify):* Court-sponsored mediation

  e. ☐ This matter is subject to mandatory judicial arbitration because the amount in controversy does not exceed the statutory limit.

  f. ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

  g. ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court *(specify exemption):*

## 11. Settlement conference

☐ The party or parties are willing to participate in an early settlement conference *(specify when):*

## 12. Insurance

  a. ☐ Insurance carrier, if any, for party filing this statement *(name):*

  b. Reservation of rights: ☐ Yes ☐ No

  c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

## 13. Jurisdiction

Indicate any matters that may affect the court's jurisdiction or processing of this case, and describe the status.

☐ Bankruptcy ☐ Other *(specify):*

Status:

## 14. Related cases, consolidation, and coordination

  a. ☒ There are companion, underlying, or related cases.

    (1) Name of case: Damonte v. CCSF

    (2) Name of court: San Francisco Superior Court

    (3) Case number: CGC 06-456496

    (4) Status: Open

    ☐ Additional cases are described in Attachment 14a.

  b. ☒ A motion to ☒ consolidate ☐ coordinate will be filed by *(name party):* Is being evaluated by Defendants, and will be filed as soon as this evaluation is completed.

## 15. Bifurcation

☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

## 16. Other motions

☒ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

    Defendants      Motion for judgment on the pleadings

    Defendants      Motions for summary judgment

    Defendants      Discovery motions

    Defendants      Other applicable pre-trial motions

    Defendants      Motions in limine

CM-110

| PLAINTIFF/PETITIONER: CLAYTON HARMSTON, ET AL. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: CITY AND COUNTY OF SAN FRANCISCO, ET AL. | CGC 06-454955 |

**17. Discovery**

    a. ☐ The party or parties have completed all discovery.

    b. ☒ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|
| Defendants | Document Requests | March 2007 |
| Defendants | Deposition of Plaintiffs | April-May 2007 |
| Defendants | Deposition of Plaintiffs' Health Care Providers | June 2007 |
| Defendants | IMEs of Plaintiffs | July 2007 |
| Defendants | Interrogatories | August 2007 |

    c. ☐ The following discovery issues are anticipated *(specify):* Pitchess motions; motions for protective order.

**18. Economic Litigation**

    a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90 through 98 will apply to this case.

    b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**19. Other issues**

    ☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

**20. Meet and confer**

    a. ☒ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

    b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

**21. Case management orders**

    Previous case management orders in this case are *(check one):* ☒ none ☐ attached as Attachment 21.

**22. Total number of pages attached** *(if any):* 0

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and ADR, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: January 29, 2007

| Adelmise R. Warner, Deputy City Attorney | ► | |
|---|---|---|
| (TYPE OR PRINT NAME) | | (SIGNATURE OF PARTY OR ATTORNEY) |

| | ► | |
|---|---|---|
| (TYPE OR PRINT NAME) | | (SIGNATURE OF PARTY OR ATTORNEY) |

    ☐ Additional signatures are attached

1

**PROOF OF SERVICE**

2

*Harmston, Clayton, et al. v. CCSF, et al.*
SF Superior Court Case No. 06-454955

3

I, BLANCA MARTIN, the undersigned, declare as follows:

4

I am a citizen of the United States, over the age of eighteen years and not a party to the

5

above-entitled action. I am employed at the City Attorney's Office of San Francisco, Fox Plaza
Building, 1390 Market Street, Fifth Floor, San Francisco, CA 94102.

6

On January 29, 2007, I served the following document(s):

7

8

• **CASE MANAGEMENT STATEMENT**

9

on the following persons at the location specified:

10

Aldon Bolanos, Esq.
Waukeen Q. McCoy, Esq.
Law Offices of Waukeen Q. McCoy

11

703 Market Street, Suite 1407
San Francisco, CA 94111

12

Facsimile No. (415) 675-2530

13

in the manner indicated below:

14

☒    **BY UNITED STATES MAIL**: Following ordinary business practices, I sealed true and correct

15

copies of the above document in an addressed envelope(s) and placed it at my workplace for collection and
mailing with the United States Postal Service. I am readily familiar with the practices of the San Francisco

16

City Attorney's Office for collecting and processing mail. In the ordinary course of business, the sealed
envelope(s) that I placed for collection would be deposited, postage prepaid, with the United States Postal

17

Service that same day.

18

I declare under penalty of perjury pursuant to the laws of the State of California that the
foregoing is true and correct.

19

Executed January 29, 2007, at San Francisco, California.

20

21

BLANCA MARTIN

22

23

24

25

26

27

28

# EXHIBIT "L"

EXHIBIT "L"

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:
Waukeen Q. McCoy, SBN 168228
LAW OFFICES OF WAUKEEN Q. McCOY
Central Tower, 703 Market Street, Suite 1407
San Francisco, CA 94103
TELEPHONE NO.: 415.675.7705   FAX NO. *(Optional)*: 415.675.2530
E-MAIL ADDRESS *(Optional)*:
ATTORNEY FOR *(Name)*: San Francisco Police Officers, Harmston, et. al.

**FOR COURT USE ONLY**

**ENDORSED**
**F I L E D**
*San Francisco County Superior Court*

FEB 1 3 2007

GORDON PARK-LI, Clerk
BY _____
Deputy Clerk

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Francisco
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco, CA 94102
BRANCH NAME:

PLAINTIFF/PETITIONER: Harmston, et. al.
DEFENDANT/RESPONDENT: City and County of San Francisco, et. al.

| CASE MANAGEMENT STATEMENT | CASE NUMBER: |
|---|---|
| (Check one):  ✔ **UNLIMITED CASE** (Amount demanded exceeds $25,000)     ☐ **LIMITED CASE** (Amount demanded is $25,000 or less) | CGC 06-454955 |

A CASE MANAGEMENT CONFERENCE is scheduled as follows:
Date: February 23, 2007   Time: 9:00 a.m.   Dept.: 212   Div.:   Room:
Address of court *(if different from the address above)*:

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one)*:
   a. ✔ This statement is submitted by party *(name)*: Harmston et. al. San Francisco Police Officers
   b. ☐ This statement is submitted **jointly** by parties *(names)*:

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date)*: February 1, 2007
   b. ☐ The cross-complaint, if any, was filed on *(date)*:

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ✔ All parties named in the complaint and cross-complaint have been served, or have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served *(specify names and explain why not)*:
      (2) ☐ have been served but have not appeared and have not been dismissed *(specify names)*:
      (3) ☐ have had a default entered against them *(specify names)*:
   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and the date by which they may be served)*:

4. **Description of case**
   a. Type of case in ✔ complaint   ☐ cross-complaint   *(describe, including causes of action)*:
      Racial Discrimination, Retaliation, Defamation, Intentional Infliction of Emotional Distress

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. January 1, 2007]

**CASE MANAGEMENT STATEMENT**

Cal. Rules of Court,
rules 3.720–3.730
*www.courtinfo.ca.gov*

American LegalNet, Inc.
www.FormsWorkflow.com

CM-110

| PLAINTIFF/PETITIONER:  Harmston, et. al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT:  City and County of San Francisco, et. al. | CGC 06-454955 |

4.  b.  Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

   Please see Attachment 4b

   ☑  *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.  **Jury or nonjury trial**
   The party or parties request  ☑ a jury trial  ☐ a nonjury trial     *(if more than one party, provide the name of each party requesting a jury trial):*

6.  **Trial date**
   a.  ☐  The trial has been set for *(date):*
   b.  ☑  No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*
      First Amended Complaint filed on February 1, 2007. Officers will be ready one year from that date.
   c.  Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7.  **Estimated length of trial**
   The party or parties estimate that the trial will take *(check one):*
   a.  ☑  days *(specify number):*  twenty (20)
   b.  ☐  hours (short causes) *(specify):*

8.  **Trial representation** *(to be answered for each party)*
   The party or parties will be represented at trial  ☑ by the attorney or party listed in the caption  ☐ by the following:
   a.  Attorney:
   b.  Firm:
   c.  Address:
   d.  Telephone number:
   e.  Fax number:
   f.  E-mail address:
   g.  Party represented:
   ☐  Additional representation is described in Attachment 8.

9.  **Preference**
   ☐  This case is entitled to preference *(specify code section):*

10.  **Alternative Dispute Resolution (ADR)**
   a.  Counsel  ☑ has  ☐ has not   provided the ADR information package identified in rule 3.221 to the client and has reviewed ADR options with the client.
   b.  ☐  All parties have agreed to a form of ADR. ADR will be completed by *(date):*
   c.  ☐  The case has gone to an ADR process *(indicate status):*

**CM-110**

| PLAINTIFF/PETITIONER: Harmston, et. al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: City and County of San Francisco, et. al. | CGC 06-454955 |

10. d.    The party or parties are willing to participate in *(check all that apply):*

    (1) ☑ Mediation

    (2) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to close 15 days before arbitration under Cal. Rules of Court, rule 3.822)

    (3) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to remain open until 30 days before trial; order required under Cal. Rules of Court, rule 3.822)

    (4) ☐ Binding judicial arbitration

    (5) ☐ Binding private arbitration

    (6) ☐ Neutral case evaluation

    (7) ☑ Other *(specify):*

        Private mediation, court-sponsored mediation.

    e. ☐ This matter is subject to mandatory judicial arbitration because the amount in controversy does not exceed the statutory limit.

    f. ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

    g. ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court *(specify exemption):*

**11. Settlement conference**

    ☑ The party or parties are willing to participate in an early settlement conference *(specify when):*

        Three months prior to the trial date set by the court.

**12. Insurance**

    a. ☐ Insurance carrier, if any, for party filing this statement *(name):*

    b. Reservation of rights: ☐ Yes ☐ No

    c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**13. Jurisdiction**

    Indicate any matters that may affect the court's jurisdiction or processing of this case, and describe the status.

    ☐ Bankruptcy ☐ Other *(specify):*

    Status:

**14. Related cases, consolidation, and coordination**

    a. ☐ There are companion, underlying, or related cases.

        (1) Name of case:

        (2) Name of court:

        (3) Case number:

        (4) Status:

        ☐ Additional cases are described in Attachment 14a.

    b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

**15. Bifurcation**

    ☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**16. Other motions**

    ☑ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

        Plaintiffs discovery motions, pre-trial motions, motions in limine, TRO.

**CM-110**

| PLAINTIFF/PETITIONER: Harmston, et. al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: City and County of San Francisco, et. al. | CGC 06-454955 |

**17. Discovery**

  a. ☐ The party or parties have completed all discovery.

  b. ☑ The following discovery will be completed by the date specified *(describe all anticipated discovery)*:

| Party | Description | Date |
|---|---|---|
| Plaintiff | Document Discovery | August 2007 |
| Plaintiff | Deposition of Defendants | June 2007 |
| Plaintiffs | Requests for Admission | October 2007 |
| Plaintiffs | Interrogatories | September 2007 |
| Plaintiffs | Deposition of Third Parties | July 2007 |

  c. ☑ The following discovery issues are anticipated *(specify)*:

    Privacy and privilege issues related to police officer personnel records and executive branch records, Confidential/trade secret issues with respect to SFPD internal procedures and documents.

**18. Economic Litigation**

  a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90 through 98 will apply to this case.

  b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case)*:

**19. Other issues**

  ☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify)*:

**20. Meet and confer**

  a. ☑ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain)*:

  b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify)*:

**21. Case management orders**

  Previous case management orders in this case are *(check one)*: ☑ none ☐ attached as Attachment 21.

**22.** Total number of pages attached *(if any)*:   1

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and ADR, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: 2/13/07

| Waukeen Q. McCoy | |
|---|---|
| (TYPE OR PRINT NAME) | (SIGNATURE OF PARTY OR ATTORNEY) |

| | |
|---|---|
| (TYPE OR PRINT NAME) | (SIGNATURE OF PARTY OR ATTORNEY) |

☐ Additional signatures are attached

ATTACHMENT 4b

Plaintiffs are nineteen (19) SFPD Officers of all races who participated in a satirical video depicting life at the Bayview-Hunters Point Station and made as a morale booster for the officers' Christmas party. Plaintiffs' supervisors knew of, consented to, and required participation in the video. Upon learning of the video, Chief Fong and Mayor Newsom suspended the non-Asian officers, requiring them to turn in their badges, police ID's, and weapons. The suspension also caused the officers to lose significant amounts of pay, sick leave, vacation time and other benefits, including overtime pay and Field Training Officer pay. Chief Fong took no action against the asian officers who participated in the video. Damages run into the tens of thousands of dollars per Plaintiff.

Moreover, Chief Fong and Mayor Newsom publicly disparaged and insulted the officers in local and national media, calling them racist, sexist and homophobic, and posted pictures of the officers alongside the comments. Fong and Newsom did not make these comments in the media against the asian officers that participated in the video. These actions caused plaintiffs great emotional distress.

Finally, the officers seek an injunction requiring Chief Fong to reinstate them to their original positions within the police force so they can continue to serve and protect the citizens of San Francisco.

# PROOF OF SERVICE

I declare:

My business address is 703 Market Street, Suite 1407, San Francisco, CA.  I am over the age of 18 and am not a party to this action.

On February 13, 2007 , I caused to be served:

**CMC STATEMENT  - HARMSTON**

**CMC STATEMENT  - DAMONTE**

**On**  the party(ies) listed below, addressed as follows:

LAWRENCE HECIMOVICH
ADELMISE WARNER
1390 MARKET ST 5TH FLOOR  ,
SAN FRANCISCO, CA 94103

___X___          **By mail**

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on February 13, 2007  at San Francisco, California.

LAW OFFICES OF WAUKEEN Q. McCOY

Mark D Roberts

# EXHIBIT "M"

EXHIBIT "M"

CALI D B
2/16/07

# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF SAN FRANCISCO
400 MCALLISTER STREET, SAN FRANCISCO, CA 94102

CLAYTON HARMSTON et al

**PLAINTIFF (S)**

VS.

CITY AND COUNTY OF SAN FRANCISCO et al

**DEFENDANT (S)**

**Pretrial Department 212**
**Case Management Order**

**NO. CGC-06-454955**

**Order Continuing Case Management Conference**

TO: ALL COUNSEL AND PARTIES IN PROPRIA PERSONA

The FEB-23-2007 CASE MANAGEMENT CONFERENCE is canceled, and it is hereby ordered:

This case is set for a case management conference on APR-06-2007 in Department 212 at 9:00 AM

CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than fifteen (15) days before the case management conference.  However, it would facilitate the issuance of a case management order without an appearance at the case management conference if the case management statement is filed, served and lodged in Department 212 twenty-five (25) days before the case management conference.

PLAINTIFF'S COUNSEL OR PLAINTIFF(S) IN PROPRIA PERSONA must send a copy of this notice to all parties not listed on the attached proof of service within five (5) days of the date of this order.

DATED: FEB-14-2007

ARLENE T. BORICK

JUDGE/COMMISSIONER

# EXHIBIT "N"

EXHIBIT "N"

CALD,
1/8/07

FILED
San Francisco County Superior Court

JAN - 4 2007

GORDON PARK-LI, Clerk

BY: _____ MARIA SANCHEZ
                        Deputy Clerk

1    WAUKEEN Q. McCOY, ESQ. (SBN: 168228)
     LAW OFFICES OF WAUKEEN Q. McCOY
2    703 Market Street, Suite 1407
     San Francisco, California 94103
3    Telephone (415) 675-7705
     Facsimile (415) 675-2530
4

5    ATTORNEY FOR PLAINTIFFS

6            SUPERIOR COURT OF THE STATE OF CALIFORNIA

7              CITY AND COUNTY OF SAN FRANCISCO

8

9    CLAYTON HARMSTON, et al.,       )   Case No.: 06-454955
                           )
10           Plaintiff,        )   **PLAINTIFFS' NOTICE OF MOTION,**
                           )   ***PITCHESS*** **MOTION FOR PRODUCTION**
11        vs.                )   **OF NON-PLAINTIFF PEACE OFFICER**
                           )   **PERSONNEL RECORDS.**
12    CITY AND COUNTY OF SAN      )
                           )
13    FRANCISCO, et at.,         )   Date:     February 2, 2007
                           )   Time:     9:00 AM
14           Defendant       )   Dept.:     612
                           )               Commissioner
15                            )               Everett A. Hewlett, Jr.
                           )
16                            )
                           )
17    _____ )

18

19       TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

20       NOTICE IS HEREBY GIVEN that on the above-stated time and date, Plaintiff will move

21 and hereby does move the above-captioned Court, specifically pursuant to *Evidence Code* §1043

22 *et. seq.,* for the production of personnel documents and information regarding the following San

23 Francisco Police Department Officers: Officer John Pai, Officer Derrick Lew, Officer Erik

24 Chaing, Officer Alex Kwan and any other San Francisco Peace Officer investigated by the San

25 Francisco Police Department in connection with the making of the satirical video depicting life at

26 the Bayview-Hunter's Point Station with the exclusion of Plaintiffs ("NON-PLAINTIFF

27 OFFICERS").

28

DEFINITIONS

For purposes of this motion, terms in CAPITALS are defined as follows:

"VIDEO" means the video described in Paragraph 26 of the operative Complaint in the above-captioned case, being a satirical video produced by San Francisco Peace Officers on or about December 2005 and depicting San Francisco Peace Officers in a series of vignettes lampooning their travails at the Bayview-Hunter's Point Station of the San Francisco Police Department.

"NON-PLAINTIFF OFFICERS" means Officer Alex Kwan, Officer John Pai, Officer Erik Chaing, and Officer Derrick Lew and any other San Francisco Peace Officer investigated by the San Francisco Police Department in connection with the making of the satirical video depicting life at the Bayview-Hunter's Point Station with the exclusion of Plaintiffs.

"POLICE DEPARTMENT" means the San Francisco Police Department, its agents or employees.

"PLAINTIFFS" means those persons identified as Plaintiffs in the Complaint in this matter.

"DEFENDANTS" means those defendants identified in the Complaint on this matter, including the City and County of San Francisco and Chief of Police Heather Fong.

## THE MATERIALS SOUGHT PURSUANT TO *EVIDENCE CODE* §1043 ARE AS FOLLOWS:

1. All records reflecting or evidencing any discipline imposed between December 1, 2005, and January 31, 2006 by POLICE DEPARTMENT upon NON-PLAINTIFF OFFICERS in relation to or because of participation, in any manner, in the VIDEO.

2. All records reflecting or evidencing any change in duty assignment of NON-PLAINTIFF OFFICERS between December 1, 2005, and January 31, 2006, in relation to or because of participation, in any manner, in the VIDEO.

3.  All records reflecting or evidencing any disarming, formal or informal, of NON-PLAINTIFF OFFICERS occurring between December 1, 2005, and January 31, 2006, in relation to or because of participation, in any manner, in the VIDEO.

4.  All records reflecting or evidencing any suspension, with or without pay, of NON-PLAINTIFF OFFICERS occurring between December 1, 2005, and January 31, 2006, in relation to or because of participation, in any manner, in the VIDEO.

5.  All records reflecting or evidencing the racial and/or ethnic identity of NON-PLAINTIFF OFFICERS.

This Motion is based upon California *Evidence Code* §1043, this Notice of Motion, the attached Memorandum of Points and Authorities, the attached Declaration of Waukeen Q. McCoy, all papers on file in this matter, oral testimony or argument to be introduced at hearing on this motion, and any other evidence the court deems appropriate.

Date: January 2, 2007                                Respectfully submitted,


WAUKEEN Q. McCOY

1  WAUKEEN Q. McCOY, ESQ. (SBN: 168228)
   LAW OFFICES OF WAUKEEN Q. McCOY
2  703 Market Street, Suite 1407
   San Francisco, California 94103
3  Telephone (415) 675-7705
   Facsimile (415) 675-2530
4
   ATTORNEY FOR PLAINTIFFS
5



ENDORSED
FILED
San Francisco County Superior Court

JAN - 4 2007

GORDON PARK-LI, Clerk
BY:_____ MARIA SANCHEZ____
                      Deputy Clerk

6            SUPERIOR COURT OF THE STATE OF CALIFORNIA

7               CITY AND COUNTY OF SAN FRANCISCO

8  CLAYTON HARMSTON, et al.,         )  Case No.: 06-454955
                                     )
9            Plaintiffs,             )  **PLAINTIFFS MEMORANDUM OF**
                                     )  **POINTS AND AUTHORITIES IN**
10   vs.                             )  **SUPPORT OF** *PITCHESS* **FOR**
                                     )  **PRODUCTION OF NON-PLAINTIFF**
11  CITY AND COUNTY OF SAN           )  **PEACE OFFICER PERSONNEL**
                                     )  **RECORDS PURSUANT TO** *EVIDENCE*
12  FRANCISCO, et al.,               )  *CODE* **§ 1043**
                                     )
13           Defendants             )  **Date; February 2, 2007**
                                     )  **Time: 9:00, Dept. 612 (Hewlett)**
14  _____)

15              I.    **INTRODUCTION**

16       This case is about racial discrimination and defamation by the City and County of San

17  Francisco and Chief of Police Heather Fong through their handling of peace officer discipline in

18  the wake of a satirical VIDEO lampooning life for Officers at the Bayview-Hunter's Point

19  Station of the San Francisco Police Department.  Specifically, DEFENDANTS meted out blind,

20  draconian, and racially non-neutral discipline on all but the Asian-American Peace Officers who

21  participated in the VIDEO.  Moreover, DEFENDANTS publicly made repeated defamatory

22  statements about the San Francisco Peace Officers for their participation in the VIDEO.

23       As part of its initial discovery, Plaintiffs now move the Court pursuant to *Evidence Code*

24  §1043 to obtain documents and information from POLICE DEPARTMENT personnel records

25  regarding NON-PLAINTIFF OFFICERS, as these terms are described herein.  The reason

26  Plaintiff seeks documents and information contained in NON-PLAINTIFF OFFICERS personnel

27  records is that such records are highly probative on the issue of whether DEFENDANTS used

28  racially non-neutral criteria in meting out discipline upon those Officers involved in the

1  production of the VIDEO because they will show DEFENDANTS actions in the wake of

2  production of the VIDEO.  For this reason, good cause exists for production of these records

3  pursuant to the statutory standard set forth in California *Evidence Code* § 1043.

4

5  ## II.    LAW AND ARGUMENT

6  A.    Legal Standard under *Evidence Code* § 1043

7      This motion is based on California *Evidence Code* § 1043, which provides the procedure

8  for obtaining personnel records of peace officers as defined in *Penal Code* §§ 832.5 through

9  832.8.  *Cal. Evid. Code* §1043 (2006).  The statute provides that upon the moving party

10 "showing good cause for the discovery or disclosure sought, setting forth the materiality thereof

11 to the subject matter involved in the pending litigation and stating upon reasonable belief that the

12 governmental agency identified has the records or information from the records," the Court

13 should order all potentially relevant materials be provided to the Court.  Id.  The Court then

14 "shall examine the information in chambers...then disclose to the [moving party] such

15 information [that] is relevant to the subject matter involved in the pending litigation." *Haggerty*

16 *v. Superior Court*, (4th Dist. 2004) 117 Cal. App. 4th 1079, 1085 (emphasis added).

17

18 B.    Plaintiffs Can Demonstrate Good Cause

19     The standard to be met by a plaintiff in demonstrating good cause is "relatively relaxed"

20 and is intended to "insure production for inspection of all potentially relevant documents." *City*

21 *of Santa Cruz v. Municipal Court*, (1989) 49 Cal.3d 74, 84; see also *People v. Johnson*, (4th Dist.

22 2004) 118 Cal. App. 4th 292, 300.  Good cause exists where the information sought is "material"

23 to Plaintiffs claims such that the information "will facilitate the ascertainment of the facts and a

24 fair trial." *Haggerty*, 117 Cal. App. 4th at 1086.  Documents are material to a lawsuit when they

25 will "facilitate the ascertainment of facts and a fair trial." *Id.*  Once the materials are produced

26 for inspection by the Court, "relevant" information to be disclosed "is not limited to facts that

27 may be admissible at trial, but may include facts that could lead to the discovery of admissible

28 evidence." *Haggerty* at 1087.

The personnel records sought by PLAINTIFFS include:

1.  All records reflecting or evidencing any discipline imposed between December 1, 2005, and January 31, 2006 by POLICE DEPARTMENT upon NON-PLAINTIFF OFFICERS in relation to or because of participation, in any manner, in the VIDEO.

2.  All records reflecting or evidencing any change in duty assignment of NON-PLAINTIFF OFFICERS between December 1, 2005, and January 31, 2006, in relation to or because of participation, in any manner, in the VIDEO.

3.  All records reflecting or evidencing any disarming, formal or informal, of NON-PLAINTIFF OFFICERS occurring between December 1, 2005, and January 31, 2006, in relation to or because of participation, in any manner, in the VIDEO.

4.  All records reflecting or evidencing any suspension, with or without pay, of NON-PLAINTIFF OFFICERS occurring between December 1, 2005, and January 31, 2006, in relation to or because of participation, in any manner, in the VIDEO.

5.  All records reflecting or evidencing the racial and/or ethnic identity of NON-PLAINTIFF OFFICERS.

6.  All records contained in NON-PLAINTIFF OFFICERS personnel records which reflecting or evidencing any investigation by DEFENDANTS in relation to or because of participation, in any manner, in the VIDEO.

Additionally, this request is narrowly focused to avoid any intrusion on the privacy interest of NON-PLAINTIFF OFFICERS.  Indeed, the Request focuses solely on actions taken by DEFENDANTS affecting NON-PLAINTIFF OFFICERS during a limited period of time and regarding a specific matter.  Moreover, PLAINTIFFS do not seek the broader employment history of the NON-PLAINTIFF OFFICERS or general records of their conduct as peace officers.  As a result, providing responsive personnel records to the Court and the relevant material contained therein to the PLAINTIFFS does not infringe on the NON-PLAINTIFF

1   OFFICERS' "conditional" and "limited" right to confidentiality. *Fagan v. Superior Court*, (1st

2   Dist. 2003) 111 Cal. App. 4th 607.

3       C.    <u>The Discovery Sought is Material to the Plaintiffs' Claims</u>

4       There are <u>two</u> significant ways in which the discovery sought is <u>material</u> to

5   PLAINTIFFS' claims in this matter:

6       First, PLAINTIFFS' allege that DEFENDANTS engaged in unlawful discrimination

7   against PLAINTIFFS' in violation of California *Government Code* § 12940 by using race as a

8   basis for determining disciplinary action against Peace Officers as regards the VIDEO. The

9   documents and information sought in items 1, 2, 3, and 4 are highly likely to contain information

10  relevant to and probative of PLAINTIFFS' claim that actions against the NON-PLAINTIFF

11  OFFICERS were either not taken or was substantially dissimilar to actions taken against

12  PLAINTIFFS as a result of the same or similar conduct. The discovery sought in items 1, 2, 3, 4,

13  5 and 6 will also likely contain information relevant to PLAINTIFFS' claim that the race and/or

14  ethnicity of the NON-PLAINTIFF OFFICERS and PLAINTIFFS was a factor in

15  DEFENDANTS' determinations regarding actions to be taken in regard to the VIDEO.

16      Second, PLAINTIFFS allege that DEFENDANTS defamed PLAINTIFF by publicizing

17  false allegations concerning PLAINTIFFS. The discovery sought in items 1, 2, 3, 4, 5, and 6 is

18  substantially likely to contain information relevant to and probative of DEFENDANTS' actual

19  motives, beliefs, and intentions in making statements concerning the VIDEO, DEFENDANTS'

20  reactions to the VIDEO, and DEFENDANTS' intended course of action regarding VIDEO.

21

22      D.    <u>Statement of Reasonable Belief</u>

23      The attached declaration of Waukeen Q. McCoy in support of this motion, in accord with

24  *Evidence Code* §1043, provides a statement of reasonable belief that the records sought are

25  material to the issues of the case and are in the possession of the governmental agency noticed in

26  this motion. *Evidence Code* §1043 ("The motion shall include...affidavits setting forth the

27  materiality of the subject matter involved in the pending litigation and stating upon reasonable

28  belief that the governmental agency identified has the records").

1
2
3
### III.   CONCLUSION

4      For the foregoing reasons, and those arguments presented to the Court at hearing on this

5   motion, PLAINTIFF requests this Court Order the production of the documents and information

6   responsive to the Requests for in-camera inspection and disclosure of the relevant portions to

7   PLAINTIFFS, pursuant to California *Evidence Code* §1043.

8

9   Date:  January 3, 2007                                    Respectfully submitted,

10
11
12                                                              WAUKEEN Q. McCOY
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

WAUKEEN Q. McCOY, ESQ. (SBN: 168228)
LAW OFFICES OF WAUKEEN Q. McCOY
703 Market Street, Suite 1407
San Francisco, California 94103
Telephone (415) 675-7705
Facsimile (415) 675-2530

ATTORNEY FOR PLAINTIFFS

ENDORSED
**FILED**
San Francisco County Superior Court

JAN - 4 2007

GORDON PARK-LI, Clerk
BY: _____ MARIA SANCHEZ
Deputy Clerk

SUPERIOR COURT OF THE STATE OF CALIFORNIA

CITY AND COUNTY OF SAN FRANCISCO

| | |
|---|---|
| CLAYTON HARMSTON, et al., | ) Case No.: 06-454955 |
| Plaintiffs, | ) **DECLARATION OF WAUKEEN Q.** |
| vs. | ) **McCOY IN SUPPORT OF PLAINTIFFS'** |
| | ) *PITCHESS* **MOTION REQUESTING** |
| CITY AND COUNTY OF SAN | ) **NON-PLAINTIFF OFFICERS** |
| FRANCISCO, et al., | ) **PERSONNEL RECORDS PURSUANT TO** |
| | ) *EVIDENCE CODE* **§1043** |
| Defendants | ) |

I, Waukeen Q. McCoy, Esq., declare as follows:

1. I am an attorney licensed to practice law in the State of California and attorney of record for PLAINTIFFS in this matter. If called upon to do so I could and would testify competently to matters set forth herein.

2. I am informed and believe that the San Francisco Police Department makes and keeps "personnel files" as defined by *Penal Code* §§ 832.5 through 832.8 for Officer Alex Kwan, Officer John Pai, Officer Erik Chaing, and Officer Derrick Lew, and any other NON-PLAINTIFF OFFICER involved with the making of the VIDEO, because each San Francisco

1  Peace Officer is currently or was an employee of the San Francisco Police Department on or

2  about December 2005.

3  3. I am informed and believe that information contained in these files is material to Plaintiff's

4  claims in this case and highly probative of the ascertainment of facts centrally relevant to this

5  case, for all of the reasons discussed in the attached Memorandum of Points and Authorities.

6  4. I am informed and believe that the documents contained in NON-PLAINTIFF OFFICERS

7  personnel records is highly likely to contain information relevant to establishing PLAINTIFFS'

8  claim that DEFENDANTS engaged in unlawful discrimination against PLAINTIFFS, in

9  violation of California *Government Code* §12940, by using race as a basis for determining

10  disciplinary action, in that the records are likely to contain information relevant to establishing

11  that disciplinary action against the NON-PLAINTIFF OFFICERS was either not taken or was

12  substantially dissimilar to disciplinary action taken against PLAINTIFFS for the same or similar

13  conduct. The records sought are also likely to contain information relevant to establishing

14  PLAINTIFFS' claim that the race and/or ethnicity of the NON-PLAINTIFF OFFICERS and

15  PLAINTIFFS was a factor in DEFENDANTS' determinations regarding disciplinary action to be

16  taken in regard to the VIDEO.

17  5. I am informed and believe that the personnel records sought are substantially likely to contain

18  information relevant to establishing that DEFENDANTS defamed PLAINTIFFS by publicizing

19  false allegations concerning PLAINTIFFS, in that they are likely to contain information

20  regarding DEFENDANTS' actual motives, beliefs, and intentions in making statements

21  concerning the VIDEO, DEFENDANTS' reactions to the VIDEO, and DEFENDANTS'

22  intended course of action regarding VIDEO. For this reason, information contained in these

23  personnel records is highly probative to the ascertainment of facts related to Plaintiffs' claims in

24  this case.

25  6. I am informed and believe that the information contained in the personnel records sought is

26  absolutely necessary for the proper preparation of this case for trial.

27

28

[Summary of pleading] - 2

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: January 4, 2007

WAUKEEN Q. McCOY

Attorney for Plaintiffs Clayton Harmston, et al.

1    WAUKEEN Q. McCOY, ESQ. (SBN: 168228)
     LAW OFFICES OF WAUKEEN Q. McCOY
2    703 Market Street, Suite 1407
     San Francisco, California 94103
3    Telephone (415) 675-7705
     Facsimile (415) 675-2530
4

5    ATTORNEY FOR PLAINTIFFS

6                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

7                        CITY AND COUNTY OF SAN FRANCISCO

8

9    CLAYTON HARMSTON, et al.,             )    Case No.: 06-454955
                                           )
10                  Plaintiffs,            )    [PROPOSED] ORDER TO PRODUCE
                                           )    NON-PLAINTIFF POLICE OFFCER
11          vs.                            )    PERSONNEL RECORDS FOR IN
                                           )    CAMERA INSPECTION PURSUANT TO
12   CITY AND COUNTY OF SAN                )    CALIFORNIA *EVIDENCE CODE* §1043
                                           )
13   FRANCISCO, et al.,                    )    Date: February 2, 2007
                                           )    Time: 9:00 a.m., Dept. 612
14                  Defendants             )
                                           )
15   _____ )

16          PLAINTIFFS CLAYTON HARMSTON, et al., Motion for production of Non-Plaintiff

17   Police Officer personnel records came on regularly for hearing on February 2, 2007, at 9:00 AM,

18   in Department 612 before the Honorable Everett A. Hewlett, Jr.

19          Plaintiffs Clayton Harmston, et al., were represented at hearing by Waukeen Q. McCoy,

20   Esq., and Defendants Heather Fong and City and County of San Francisco were represented by

21   Larry Hecimovich of the San Francisco City Attorney's office.

22          Based upon the papers submitted and the oral argument presented, and UPON GOOD

23   CAUSE SHOWN, it is hereby ordered:

24          The San Francisco Police Department, through the San Francisco City Attorney's office,

25   is to produce the following documents for inspection at an in-camera proceeding to this Court:

26          1. All records reflecting or evidencing any discipline imposed between December 1,

27   2005, and January 31, 2006 by POLICE DEPARTMENT upon NON-PLAINTIFF OFFICERS in

28   relation to or because of participation, in any manner, in the VIDEO.

                                    (Proposed) Order

                                          - 1

2.  All records reflecting or evidencing any change in duty assignment of NON-PLAINTIFF OFFICERS between December 1, 2005, and January 31, 2006, in relation to or because of participation, in any manner, in the VIDEO.

3.  All records reflecting or evidencing any disarming, formal or informal, of NON-PLAINTIFF OFFICERS occurring between December 1, 2005, and January 31, 2006, in relation to or because of participation, in any manner, in the VIDEO.

4.  All records reflecting or evidencing any suspension, with or without pay, of NON-PLAINTIFF OFFICERS occurring between December 1, 2005, and January 31, 2006, in relation to or because of participation, in any manner, in the VIDEO.

5.  All records reflecting or evidencing the racial and/or ethnic identity of NON-PLAINTIFF OFFICERS.

6.  All records contained in NON-PLAINTIFF OFFICERS personnel records which reflecting or evidencing any investigation by DEFENDANTS in relation to or because of participation, in any manner, in the VIDEO.

These records are to be provided on or before _____ (date) to Department _____ of this court.  The in-camera proceeding to review the records shall be held on _____ (date) at _____ (time), in Department _____ before the Honorable _____.  Upon such review, those records deemed relevant by the Court pursuant to *Evidence Code* §1043 shall be ordered disclosed to PLAINTIFFS.


Date: _____                    _____

                                          SUPERIOR COURT JUDGE

(Proposed) Order

- 2

1  WAUKEEN Q. McCOY, ESQ. (SBN: 168228)
   LAW OFFICES OF WAUKEEN Q. McCOY
2  703 Market Street, Suite 1407
   San Francisco, California 94103
3  Telephone (415) 675-7705
   Facsimile (415) 675-2530
4
   ATTORNEY FOR PLAINTIFFS
5
                 SUPERIOR COURT OF THE STATE OF CALIFORNIA
6
                      CITY AND COUNTY OF SAN FRANCISCO
7

8
   CLAYTON HARMSTON, et al.,              )  Case No.: 06-454955
9                                         )
               Plaintiffs,                )  **PROOF OF SERVICE**
10                                        )
         vs.                             )
11                                       )
   CITY AND COUNTY OF SAN                )
12                                       )
   FRANCISCO, et al.,                    )
13                                       )
               Defendants                )
14  ———————————————————————

15

16

17

18

19

20

21

22

23

24                        **PROOF OF SERVICE**

25

26       I declare:

27       My business address is 703 Market Street, Suite 1407, San Francisco, CA.  I am over the
    age of 18 and am not a party to this action.
28

                                      1

On January 4, 2007 , I caused to be served:

**PLAINTIFFS' NOTICE OF MOTION, *PITCHESS* MOTION FOR PRODUCTION OF NON-PLAINTIFF PEACE OFFICER PERSONNEL RECORDS,**

**PLAINTIFFS MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF *PITCHESS* FOR PRODUCTION OF NON-PLAINTIFF PEACE OFFICER PERSONNEL RECORDS PURSUANT TO *EVIDENCE CODE* § 1043**

**DECLARATION OF WAUKEEN Q. McCOY IN SUPPORT OF PLAINTIFFS' *PITCHESS* MOTION REQUESTING NON-PLAINTIFF OFFICERS PERSONNEL RECORDS PURSUANT TO *EVIDENCE CODE* §1043**

**[PROPOSED] ORDER TO PRODUCE NON-PLAINTIFF POLICE OFFCER PERSONNEL RECORDS FOR IN CAMERA INSPECTION PURSUANT TO CALIFORNIA *EVIDENCE CODE* §1043**

**On** the party(ies) listed below, addressed as follows:

LAWRENCE HECIMOVICH
1390 MARKET ST 5TH FLOOR .

SAN FRANCISCO. CA 94103

___X___        **By Hand Delivery**

        I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

        Executed on January 4, 2007  at San Francisco, California.

                        LAW OFFICES OF WAUKEEN Q. McCOY

                        Mark D Roberts