IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLAYTON HARMSTON, et al.,<br><br>　　　　　　Plaintiffs,<br>　v.<br>CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>　　　　　　Defendants.<br>　　　　　　　　　　　　　　　　　　　／ | No. C 07-01186 SI<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS, DENYING PLAINTIFFS' MOTION FOR LEAVE TO AMEND COMPLAINT, AND GRANTING DEFENDANTS' REQUEST FOR JUDICIAL NOTICE** |

On September 21, 2007, the Court heard argument on defendants' motion for judgment on the pleadings and plaintiffs' motion for leave to amend their complaint. Having considered the arguments of counsel and the papers submitted, the Court hereby GRANTS in part and DENIES in part defendants' motion for judgment on the pleadings and DENIES plaintiffs' motion for leave to amend their complaint. The Court also GRANTS defendants' request for judicial notice and DENIES as moot plaintiffs' request for judicial notice.

**BACKGROUND**

Plaintiffs are eighteen police officers employed by the San Francisco Police Department. Each officer was involved in some way in the making of a video that was meant to parody the work of police officers assigned to the Bayview-Hunter's Point District. First Amended Complaint ¶ 26. In December 2005, shortly after it was made, the video came to the attention of San Francisco Police Chief Heather Fong and San Francisco Mayor Gavin Newsom, who believed the video contained racist, sexist, and

1 homophobic scenes. *Id.* at ¶¶ 28, 29. Newsom and Fong appeared before the press to condemn the video, and Fong temporarily suspended some, but apparently not all, of the police officers involved in making the video. *Id.* at ¶ 29. The City and Fong also launched an investigation into the video sometime after it was discovered by Fong. *Id.* at ¶ 32. That investigation concluded in December 2006, at which point certain plaintiffs were given additional suspensions as well as other forms of reprimand. *Id.* at ¶¶ 40-42.

Plaintiffs identify themselves as being white, African American, and Latino, but no plaintiff identifies as being Asian American. *Id.* at ¶ 25. Plaintiffs allege that the City and Fong disciplined only those officers involved in the video who were not Asian American, and failed to discipline Asian-American police officers who were involved in making the video. *Id.* at ¶¶ 28, 30, 43-46, 48, 54. Plaintiffs allege that the temporary suspensions of the officers violated the San Francisco Charter and department regulations. *Id.* at ¶ 29. Plaintiffs also allege that after plaintiffs filed notices of tort claims against the defendants, on May 31, 2006, the City and Fong retaliated against some of the plaintiffs by giving them undesirable positions and undesirable hours, and also by requiring some plaintiffs to appear before the police commissioner to answer charges against them. *Id.* at ¶¶ 62-64.

Plaintiffs originally brought the instant suit in state court in August, 2006. They amended their complaint in February 2007, whereupon defendants removed the suit to federal court. Plaintiffs' First Amended Complaint includes claims for (1) racial discrimination under state law, (2) racial discrimination under Title VII, (3) retaliation under state law, (4) retaliation under Title VII, (5) defamation, and (6) intentional infliction of emotional distress.

After removal to federal court, plaintiffs filed two motions for leave amend: on June 8, 2007, plaintiffs sought leave to add a state law claim of defamation against Mayor Gavin Newsom; six weeks later, on July 24, 2007, plaintiffs sought leave to add a claim for a violation of due process under 42 U.S.C. § 1983.

In between the two motions to amend, defendants City and Fong filed a motion for judgment on the pleadings as to the First Amended Complaint. Defendants seek to dismiss the claims of retaliation (under state law), defamation, and intentional infliction of emotional distress against Fong on various grounds of immunity under California law. Defendants also seek to dismiss the Title VII claim of

2

retaliation against Fong because Title VII does not contemplate individual liability. Finally, defendants seek to dismiss the claims of defamation and intentional infliction of emotional distress against the City based on Fong's immunity from suit on the same claims.

Defendants' motion for judgment on the pleadings and both of plaintiffs' motions to amend are now before the Court.

## LEGAL STANDARD

"After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "Judgment on the pleadings is proper when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1550 (9th Cir. 1989) (citation omitted). "For purposes of the motion, the allegations of the non-moving party must be accepted as true, while the allegations of the moving party which have been denied are assumed to be false." *Id.* (citation omitted).

Although Rule 12(c) neither specifically authorizes nor prohibits motions for judgment on the pleadings "directed to less than the entire complaint or answer . . . [i]t is the practice of many judges to permit 'partial' judgment on the pleadings (e.g., on the first claim for relief, or the third affirmative defense)." *See* William W. Schwarzer, A. Wallace Tashima & James M. Wagstaffe, *Federal Civil Procedure Before Trial* 9:340 ( 2004). "[C]ourts have discretion to grant a Rule 12(c) motion with leave to amend." *Id.* at 9:341.

## DISCUSSION

**1.    Motion for judgment on the pleadings**

    **A.    Individual employee liability under Title VII**

Defendants argue that plaintiffs' fourth cause of action – a federal law claim of retaliation under Title VII – fails to state a claim against Fong because individuals are not liable for retaliation under Title VII. Plaintiffs do not argue otherwise. The Ninth Circuit has held that "individual defendants cannot be held liable for damages under Title VII." *Miller v. Maxwell's Int'l Inc.*, 991 F.2d 583, 587 (9th Cir.

3

1993).  The Court agrees with defendants that plaintiffs' cause of action for retaliation under Title VII fails to state a claim against Fong and any other individual employees of the City.  Accordingly, the Court GRANTS defendants' motion for judgment on the pleadings with respect to the fourth cause of action against Fong; plaintiffs' fourth cause of action may be brought only against the City itself.

### B.     Immunity

Defendants assert that plaintiffs' third, fifth, and sixth causes of action must be dismissed against Fong because she is immune from liability under Government Codes §§ 820.2 and 821.6 and Civil Code § 47(a).

California Government Code § 820.2 states, "a public employee is not liable for an injury resulting from his act or omission where the act or omission was the result of the exercise of the discretion vested in him, whether or not such discretion be abused."  Cal. Gov't Code § 820.2.  The discretionary act immunity extends to basic governmental policy decisions entrusted to broad official judgment.  *Caldwell v. Montoya*, 10 Cal. 4th 972, 976 (Cal. 1995).  Because "almost all acts involve some choice among alternatives, and the statutory immunity thus cannot depend upon a literal or semantic parsing of the word 'discretion,'" California courts distinguish between an employee's ministerial and policy decisions in determining whether the decision was discretionary.  *Caldwell*, 10 Cal. 4th at 981.  Ministerial decisions are those that involve the "'operational' functions of government," whereas policy decisions are those that involve the "'planning' . . . functions of government."  *Id.*  Immunity is reserved for basic policy decisions which have been expressly committed to coordinate branches of government, "'areas of quasi-legislative policy-making [which] are sufficiently sensitive' to call for judicial abstention."  *Id.* (quoting *Johnson v. California*, 69 Cal. 2d 782, 794 (1968)).  In contrast, there is no immunity for ministerial decisions that "merely implement a basic policy already formulated."  *Id.*  Additionally, this immunity "cannot be abrogated by a statute which simply imposes a general legal duty or liability" on public employees, but only by a statute with a "clear indication of legislative intent that statutory *immunity* is *withheld or withdrawn* in the particular case."  *Id.* at 986 (italics in original).

Government Code § 821.6 states, "[a] public employee is not liable for injury caused by his

4

instituting or prosecuting any judicial or administrative proceeding within the scope of his employment, even if he acts maliciously and without probable cause." Cal. Gov't Code § 821.6. A supervisor's conducting of an investigation and initiating formal disciplinary proceedings against a public employee fall within the scope of an "administrative proceeding" and are immune from liability. *See Kemmerer v. County of Fresno*, 200 Cal. App. 3d 1426, 1436-37 (Cal. Ct. App. 1988). This immunity also applies to a public employee's statements relating to an investigation or proceeding, as long as there is "a causal relationship between the publication and the prosecution process." *Ingram v. Flippo*, 74 Cal. App. 4th 1280, 1292-93 (Cal. Ct. App. 1999) (citing *Cappuccio, Inc. v. Harmon*, 208 Cal. App. 3d 1496, 1499 (Cal. Ct. App. 1989)).

Civil Code § 47(a) states that "[a] privileged publication or broadcast is one made: (a) In the proper discharge of an official duty." Cal. Civ. Code § 47(a). This privilege applies to any communication made by a "qualifying executive officer," including a city or county officer, *Copp v. Paxton*, 45 Cal. App. 4th 829, 843 (Cal. Ct. App. 1996) (applying § 47(a) to the head of a county department); *Tutor-Saliba Corp. v. Herrera*, 136 Cal. App. 4th 604, 614-15 (Cal. Ct. App. 2006) (applying § 47(a) to San Francisco's city attorney), acting within the scope of his or her official duties and "'while exercising policy-making functions,'" *Copp*, 45 Cal. App. 4th at 843 (quoting *Royer v. Steinberg*, 90 Cal. App. 3d 490, 501 (Cal. Ct. App. 1979)). There is some question whether this policy-making requirement tracks the policy-making requirement of Government Code § 820.2, discussed above, or whether it applies more broadly to "encompass all discretionary acts essential to the proper exercise of an executive function." *Id.* at 844.

### (1) Third cause of action

Plaintiffs' third cause of action claims that the City and Fong retaliated against plaintiffs in violation of California Government Code § 12940 in two ways: by transferring plaintiffs Evanson, Parry, and Harmston to less desirable positions with less desirable hours, after they filed race discrimination claims against defendants; and by sending letters of reprimand to plaintiffs Cohen, Hurley, Lewis, Parry, and Harmston, requiring them to appear before the police commissioner to answer various charges.

5

Defendants argue that Fong is immune from liability under Government Code § 820.2 for any disciplinary actions because such actions are discretionary. However, based solely on the pleadings to date, which the Court must presently accept as true, the Court cannot make such a finding. The decision to move police officers to new positions with new hours, as well as the decision to order officers to answer various charges, are generally operational decisions that do not implicate the policymaking and planning functions of the police department. *Taylor v. City of L.A. Dep't of Water and Power*, 144 Cal. App. 4th 1216, 1239 (Cal. Ct. App. 2006) (characterizing similar decisions as "routine duties incident to the normal operations of the employee's office or position" (internal quotation marks omitted)). As the California Court of Appeal has explained, "decisions regarding job assignments, training and promotion may not be characterized as a quasi-legislative policy-making [decision which] is sufficiently sensitive to call for judicial abstention . . . ." *Id.* (internal quotation marks omitted) (alteration in original). *See also Corales v. Bennett*, 488 F. Supp. 2d 975, 990 (C.D. Cal. 2007) (denying immunity under Government Code § 820.2 to a principal engaged in school discipline).

Defendants rely on *Caldwell*, in which the California Supreme Court held that school board members were immune from liability stemming from their termination of a school superintendent for discriminatory and retaliatory reasons. *Caldwell*, 10 Cal. 4th at 976-977, 989. There, however, the court relied on the importance of a school superintendent, "the [school] district's foremost appointed official" who occupies a "crucial post" which has "fundamental policy implications." *Id.* at 983. The court also relied in part on "a state statute that gave the school board authority over the superintendent's employment," indicating that the decision was "expressly entrusted to a coordinate branch of government at its highest level." *McQuirk v. Donnelley*, 189 F.3d 793, 800 (9th Cir. 1999) (citing *Caldwell*, 10 Cal. 4th at 982) (internal quotation marks omitted). Here, by contrast, the parties have not pointed to similar governing statutes, and the plaintiff police officers do not hold the same high-level positions of authority as the school superintendent in *Caldwell*. *See also Chapin v. Aguirre*, 2007 WL 1660740 *6 (S.D. Cal. June 7, 2007) (plaintiff trial attorneys did not play a role in formulating policy, and thus did not occupy the same "crucial post" as a school superintendent).

Defendants also rely on cases – see *Lipman v. Brisbane Elementary School District*, 55 Cal. 2d 224 (1961), and *Hopper v. Allen*, 266 Cal. App. 2d 797 (Cal. Ct. App. 1968) – that predate the seminal

6

case of *Johnson v. California*, in which the California Supreme Court rejected a literal interpretation of the word "discretionary," *see McQuirk*, 189 F.3d at 798-99. As such, they are no longer reliable indicators of California law. *See Sanborn v. Chronicle Publ'g Co.*, 18 Cal. 3d 406, 414-15 (1976). Similarly, the case of *Kemmerer*, 200 Cal. App. 3d 1426, employs an incorrect definition of "discretionary" actions and relies on cases predating *Johnson*, *see Chapin*, 2007 WL 1660740 at *7 (dismissing *Kemmerer* on similar grounds). The case of *Eldridge v. Sierra View Local Hospital District*, 224 Cal. App. 3d 311 (Cal. Ct. App. 1990), in turn relies on *Kemmerer* and does not discuss the meaning of "discretionary" actions. Accordingly, *Taylor* and other cases applying the current definition of "discretionary" carry more weight.

The chief of police undoubtedly exercises a great deal of discretion as a result of her position. However, the Court must examine the nature of the particular action at issue, in the context of the decision-maker's position. *Caldwell*, 10 Cal. 4th at 981 ("The fact that an employee normally engages in discretionary activity is irrelevant if, in a given case, the employee did not render a considered decision." (internal quotation marks omitted)). Such a nuanced examination cannot be made on the bare pleadings now before the Court. As this case develops, it may become clear that Fong actually was involved in making policy when/if she decided to alter employment conditions and reprimand certain plaintiffs, due to the nature of plaintiffs' conduct and its impact on the police department and the community at large. It may therefore be necessary to revisit this question of § 820.2 immunity at the summary judgment stage.

In the alternative, defendants argue that Government Code § 821.6 immunizes Fong from plaintiffs' retaliation claim. Defendants refer to the suspension of plaintiffs in December 2005, which may have arisen out of the initial investigation, but these suspensions are not at issue in plaintiffs' third cause of action. The actions complained of here – transferring plaintiffs Evanson, Parry, and Harmston to less desirable positions with less desirable hours – allegedly occurred in June 2006, prior to the close of the investigation. The actions were not alleged in the complaint to be tied to or a product of the investigation itself, nor do defendants appear to make this claim in their motion papers. Section 821.6 applies only to injuries caused by the institution or prosecution of an investigation or proceeding. *Kemmerer*, 200 Cal. App. 3d at 1436-37. Accordingly, absent a further factual showing, the Court

7

cannot extend immunity to Fong for alleged retaliation relating to changes to the employment conditions of certain plaintiffs.

Plaintiffs' third cause of action also alleges retaliation based on letters of reprimand sent to plaintiffs Cohen, Hurly, Lewis, Parry, and Harmston after the investigation, letters which required them to "appear before the Police Commissioner to answer various charges as set forth above." First Amended Complaint ¶ 64. In contrast to the change in employment conditions, this action by its very nature was related to the investigation and disciplinary proceedings against the plaintiffs. *See id.* at ¶¶ 32-38. Accordingly, the Court finds that Fong is immune under § 821.6 from plaintiffs' retaliation claim as it relates to the letters of reprimand discussed in plaintiffs' complaint. *Kemmerer*, 200 Cal. App. 3d at 1436-37.[1]

Finally, the Court holds that defendants cannot rely on Civil Code § 47(a) to provide immunity to Fong for the alleged retaliation stemming from the June 2006 change in employment conditions. Section 47(a) applies only to a publication or broadcast; what is at issue in the alleged change in positions and hours for the three plaintiffs is not the communication of this change but the change in employment conditions itself.

The Court GRANTS defendants' motion for judgment on the pleadings on the third cause of action against Fong, with respect to the letters of reprimand and orders to appear to answer charges. In all other respects, the motion is denied subject to further consideration based on a fuller record.

### (2)    Fifth cause of action

Plaintiffs' fifth cause of action is that the City and Fong defamed the plaintiffs by, among other things, publicizing allegations that plaintiffs are bigots. Defendants contend that Government Code § 820.2 shields Fong from liability stemming from plaintiffs' claim of defamation. The Court agrees. Fong's decision to speak to the press about plaintiffs qualifies as a discretionary, policy-making decision

---

[1] Defendants' actions in sending letters of reprimand to certain plaintiffs may be immune under Civil Code § 47(a) if these letters were sent by qualifying executive officers. *Copp*, 45 Cal. App. 4th at 843. It is unclear from the pleadings who sent these letters of reprimand to the five plaintiffs, so the Court will reserve judgment on this question.

8

because Fong, as Chief of the Police Department, faced a novel and potentially volatile situation that could have had an impact on departmental relations with the community as well as the department's public image. This qualifies as a "'sufficiently sensitive'" situation in which judicial abstention is necessary under Government Code § 820.2. *See Caldwell*, 10 Cal. 4th at 981 (quoting *Johnson*, 69 Cal. 2d at 794). Although it is true, as plaintiffs argue, that the California Supreme Court has held that the decision by a lower-level employee to speak to the press is not a discretionary decision because an employee's "discussions with the public or press regarding the functioning of his office would seem, instead, to fall within the category of those routine, ministerial duties incident to the normal operations of that office," *Sanborn*, 18 Cal. 3d at 415, Fong was not a lower-level employee and the context in which Fong made her decision was by no means "routine" or "incident to the normal operations of" her office, *id.* Rather, Fong's decision to speak to the press was a high-level decision that concerned the way the police department conducted its business. *Cf. McQuirk*, 189 F.3d at 800 (statements about a plaintiff's "reputation and work habits constituted a low-level decision that did not concern the way in which the sheriff's office conducted its business"). The Court also agrees with defendants that Fong is immune from liability under Government Code § 821.6 because Fong made the allegedly defamatory statements while announcing plaintiffs' temporary suspensions and in connection with launching an investigation into plaintiffs' conduct. Such statements relating to an investigation of misconduct are protected by § 821.6, regardless of Fong's motivations or the presence of probable cause. *Ingram*, 74 Cal. App. 4th at 1292-93; *Citizens Capital Corp. v. Spohn*, 133 Cal. App. 3d 887, 889 (Cal. Ct. App. 1982).

Because Government Codes §§ 820.2 and 821.6 immunize Fong from plaintiffs' defamation claim, the Court need not reach defendants' assertion that Civil Code § 47(a) also provides immunity from this cause of action. The Court GRANTS defendants' motion to dismiss the fifth cause of action against Fong on the basis of immunity under Government Codes §§ 820.2 and 821.6.

### **(3)  Sixth Cause of Action**

Plaintiffs' sixth cause of action alleges intentional infliction of emotional distress, evidently based on the alleged defamation, retaliation and discrimination. Defendants assert that Fong is immune

from this claim under Government Codes §§ 820.2 and 821.6 and Civil Code § 47(a). Because the sixth cause of action is based on plaintiffs' claims of retaliation and defamation, Fong's immunity from liability for this claim necessarily tracks her immunity in the third and fifth causes of action. The Court finds that Fong is immune, under § 821.6, from liability for intentional infliction of emotional distress related to the letters of reprimand sent to five of the plaintiffs, but not immune, at this time, from liability for intentional infliction of emotional distress related to the change in employment conditions for plaintiffs Evanson, Parry, and Harmston. Fong is also immune, under §§ 820.2 and 821.6, from claims of intentional infliction of emotional distress based on the allegedly defamatory statements, as Fong's decision to speak to the press was discretionary and these statements were made at the start of an investigation into misconduct by the plaintiffs.

Defendants do not contend that Fong is immune from a claim of intentional infliction of emotional distress based on the allegations of racial discrimination.

The Court GRANTS defendants' motion to dismiss the sixth cause of action against Fong, with respect to the letters of reprimand and defamation. In all other respects, the motion is denied subject to further consideration based on a fuller record.

### C.  Public entity liability regarding the Fifth and Sixth Causes of Action

In general, in California "[a] public entity is not liable for an injury." Cal. Gov't Code § 815(a). California law provides that there are two avenues by which a public entity, such as the City of San Francisco, may be liable for an injury. The first avenue is where a statute provides for liability by creating a mandatory duty. *Id.* §§ 815 & 815.6; *Forbes v. County of San Bernardino*, 101 Cal. App. 4th 48, 53 (Cal. Ct. App. 2002). "An enactment creates a mandatory duty if it requires a public agency to take a particular action." *County of L.A. v. Superior Court*, 102 Cal. App. 4th 627, 639 (Cal. Ct. App. 2002). A "litigant seeking to plead the breach of a mandatory duty must specifically allege the applicable statute or regulation." *Id.* at 638 (internal quotation marks omitted).

The second avenue by which a public entity may be liable for an injury is where an employee of the entity would be liable for the injury: "[a] public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or

omission would . . . have given rise to a cause of action against that employee or his personal representative." Cal. Gov't Code § 815.2(a). This derivative liability does not apply, however, where "the employee is immune from liability." *Id.* § 815.2(b). That is, "public entities are immune [from vicarious liability] where their employees are immune, except as otherwise provided by statute." *Caldwell*, 10 Cal. 4th at 980.

Defendants argue that plaintiffs' fifth and sixth causes of action fail to state a claim against the City because both of these avenues of liability against the City are closed. Plaintiffs do not seriously respond to this assertion. With respect to a mandatory duty imposed by statute, plaintiffs have failed to specifically allege any applicable statute that makes the City directly liable for the injuries of defamation or intentional infliction of emotional distress; as a result, the City cannot be held directly liable under plaintiffs' fifth or sixth causes of action. *County of L.A.*, 102 Cal. App. 4th at 638. The City also cannot be held vicariously liable for defamation under the fifth cause of action because Fong is immune from liability for these statements under Government Codes §§ 820.2 and 821.6. As for plaintiffs' sixth cause of action, the City is not liable for intentional infliction of emotional distress stemming from the alleged defamation and from the letters of reprimand sent to five plaintiffs because Fong is immune from liability arising out of these actions under Government Codes §§ 820.2 and 821.6. The City remains potentially liable, through Fong, for intentional infliction of emotional distress stemming from alleged racial discrimination and retaliation in the form of changes to the positions and working hours of Evanson, Parry, and Harmston. Cal. Gov't Code § 815.2(a). Accordingly, the Court GRANTS defendants' motion to dismiss the fifth cause of action against the City and GRANTS defendants' motion to dismiss the sixth cause of action against the City only as it relates to the letters of reprimand and defamation.

**2.     Motion for leave to file another Amended Complaint**

Plaintiffs move for leave to amend the first amended complaint to add a claim of defamation against San Francisco Mayor Gavin Newsom, and to add a seventh cause of action under 42 U.S.C. § 1983 against Fong and the City for alleged denial of plaintiffs' due process rights in connection with plaintiffs' suspensions. Defendants oppose both amendments to the complaint, both on timeliness and

11

futility grounds.

Federal Rule of Civil Procedure 15(a) permits a party to amend its pleading "only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed. R. Civ. Pro. 15(a). Leave to amend should be granted "with extreme liberality," *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003), so long as factors "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the amendment, [or] futility of amendment" are not present, *id.* at 1052 (quoting *Forman v. Davis*, 371 U.S. 178, 182 (1962)). In addition, "the district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint." *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990) (internal quotation marks omitted).

Defendants assert that plaintiffs unduly delayed their attempt to amend their complaint to add a defamation claim against Mayor Newsom. The Court agrees. The events at issue in this amendment occurred in December 2005 and January 2006. Plaintiffs filed their complaint in August 2006. They then amended their complaint in February 2007 but did not seek to add the amendments at issue here. Plaintiffs did not seek leave to add Mayor Newsom as a defendant until June 2007. Plaintiffs have made no attempt to justify this delay. They do not, and cannot, claim that they were unaware of the facts at issue, and have given no explanation why they did not include the claim against Mayor Newsom in their original complaint or why they failed to include this amendment when they last amended their complaint in February 2007. *See Allen*, 911 F.2d at 373.

Defendants also argue that the amendment would be futile, because Mayor Newsom is clothed with the same statutory immunities as is Chief Fong. The Court agrees that at least Government Code §§ 820.2 and 8821.6 would apply to the defamation claim against Mayor Newsom, making this amendment futile.[2]

The Court therefore DENIES plaintiffs' motion for leave to amend the First Amended Complaint

---

[2]There are also indications that the additional defamation claim may be intended solely to embarrass Mayor Newsom, and thus plaintiffs' motion for leave to amend may not have been made entirely in good faith. *See Eminence Capital*, 316 F.3d at 1052. Given the disposition of this motion on timeliness and futility grounds, the Court need not make a finding on this question at this time.

to add a claim of defamation against Mayor Newsom.

Plaintiffs also seek leave to amend their complaint to add a seventh cause of action for a violation of their due process rights under 42 U.S.C. § 1983, presumably in connection with their temporary suspensions in December 2005. Defendants argue persuasively that plaintiffs' motion for leave to amend is futile because plaintiffs may have received all the process they were due under California law, *see Civil Serv. Ass'n v. City and County of San Francisco*, 22 Cal. 3d 552, 562-64 (1978), but the question of futility is less clear under federal law. Plaintiffs have not explained, however, what events form the factual basis of their § 1983 claim, including how the suspensions occurred, what notice plaintiffs received, and what process was provided. Accordingly, the Court DENIES the current leave to amend without prejudice to a further request, based on a fuller statement of the facts related to the due process claim. **Any further motion must be filed no later than October 6, 2007.**

### 3.     Request for judicial notice

Defendants ask the Court to take judicial notice of portions of the San Francisco City Charter and of a recent decision by the California Court of Appeal in the case of *Cohen v. City and County of San Francisco*. The Court GRANTS defendants' request. Plaintiffs also ask the Court to take judicial notice of the same decision. The Court DENIES plaintiffs' request as moot.

### 4.     Further case management conference

A further case management conference is scheduled for **Thursday, September 27, 2007 at 4:00 p.m.**

### CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby GRANTS defendants' motion for judgment on the pleadings with regard to the third cause of action against Fong as it relates to the letters of reprimand, and DENIES defendants' motion as it relates to changes to the employment conditions of certain plaintiffs (Docket # 15). The Court GRANTS defendants' motion for judgment

on the pleadings with regard to the fourth cause of action against Fong (Docket # 15). The Court GRANTS defendants' motion for judgment on the pleadings with regard to the fifth cause of action against Fong and the City (Docket # 15). The Court GRANTS defendants' motion for judgment on the pleadings with regard to the sixth cause of action against Fong and the City, as it relates to the letters of reprimand and defamation, and DENIES defendants' motion as it relates to any other underlying claims (Docket # 15).

With respect to plaintiffs' motion for leave to amend their complaint, the Court DENIES plaintiffs' motion to add a defamation claim against Mayor Newsom and DENIES without prejudice plaintiffs' motion to add a seventh cause of action against the City and Fong under 42 U.S.C. § 1983 (Docket # 27). The Court also GRANTS defendants' request for judicial notice (Docket # 15) and DENIES as moot plaintiffs' request for judicial notice (Docket # 39).

**IT IS SO ORDERED.**

Dated: September 25, 2007

SUSAN ILLSTON
United States District Judge