IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLAYTON HARMSTON, et al., | No. C 07-01186 SI |
| Plaintiffs, | **ORDER REGARDING VARIOUS DISCOVERY-RELATED MOTIONS** |
| v. | |
| CITY AND COUNTY OF SAN FRANCISCO, HEATHER FONG, et al., | |
| Defendants. | |

On November 2, 2007, the Court heard oral argument on defendants' motion for a protective order to prevent the deposition of San Francisco Mayor Gavin Newsom, defendants' motion for sanctions for violation of a protective order, plaintiffs' motion to compel San Francisco Police Chief Heather Fong to answer additional questions, plaintiffs' motion to increase the time for Chief Fong's deposition, plaintiffs' motion for sanctions related to Chief Fong's deposition, and plaintiffs' motion to extend the deadline for fact discovery. Having considered the arguments of counsel and the papers submitted, the Court hereby rules as follows.

**BACKGROUND**

Plaintiffs in this case are eighteen police officers, employed by the San Francisco Police Department, who sued the City and Police Chief Heather Fong after they were disciplined and suspended for their involvement in the making of a video that was meant to parody the work of police officers assigned to the Bayview-Hunter's Point District. Plaintiffs, who are self-described "non-Asian individuals," contend that they were disciplined differently, and more harshly, than "Asian police officers" who were also involved in the making of the video.

In December 2005, shortly after it was made, the video came to the attention of Chief Fong and San Francisco Mayor Gavin Newsom, who believed the video contained racist, sexist, and homophobic scenes. Newsom and Fong appeared before the press to condemn the video, and Fong temporarily suspended some, but apparently not all, of the police officers involved in making the video. The City and Fong also launched an investigation into the video sometime after it was discovered by Fong. That investigation concluded in December 2006, at which point certain plaintiffs were given additional suspensions as well as other forms of reprimand.

This Court previously denied plaintiffs' motion for leave to file an amended complaint adding Mayor Gavin Newsom as a defendant.[1] The Court also granted defendants' motion for judgment on the pleadings regarding, among other things, plaintiffs' defamation claim against Chief Fong for comments made during the joint press conference with Mayor Newsom. Currently before the Court are a number of discovery disputes relating to the taking of Chief Fong's deposition and to the possible taking of the deposition of San Francisco Mayor Newsom.

**1.    Defendants' motion for a protective order**

   **A.    Legal standard**

Discovery under Federal Rules of Civil Procedure is "accorded a broad and liberal treatment." *Hickman v. Taylor*, 329 U.S. 495, 507 (1947). Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action. Fed. R. Civ. P. 26(b)(1). For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. *Id.*

Depositions are generally available without leave of the court. Fed. R. Civ. P. 30(a)(1). Any party may depose "any person, including a party." *Id.* The Ninth Circuit has held, however, that "[h]eads of government agencies are not normally subject to deposition." *Kyle Eng'g Co. v. Kleppe*, 600 F.2d 226, 231 (9th Cir. 1979). This rule applies to mayors. *See Trunk v. City of San Diego*, 2007

---

[1] Plaintiffs assert in their motion to compel that Mayor Gavin Newsom was a party to this action at the time they noticed his deposition, but that he "has been dismissed." Neither statement is true; Mayor Newsom has never been a party to this action. Plaintiffs filed a motion to amend their complaint to add the mayor as a party, but that motion was denied in September 2007.

2

WL 1110715 (S.D. Cal. April 2, 2007); *Marisol A. v. Giuliani*, 1998 WL 132810 *3-4 (S.D. N.Y. March 23, 1998). "'An exception to this general rule exists concerning top officials who have direct personal factual information pertaining to material issues . . . where the information to be gained . . . is not available through any other source.'" *Green v. Baca*, 226 F.R.D. 624, 648 (C.D. Cal. 2005) (quoting *Church of Scientology of Boston v. I.R.S.*, 138 F.R.D. 9, 12 (D. Mass. 1990)).

Under Rule 26(c), a party may file a motion for a protective order, and a court may issue an order "that the disclosure or discovery not be had" or "that the discovery may be had only by a method of discovery other than that selected by the party seeking discovery." Fed. R. Civ. P. 26(c). The Supreme Court has interpreted Rule 26(c) as conferring "broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

**B.     Discussion**

Defendants have filed a motion for a protective order to prevent plaintiffs from deposing San Francisco Mayor Gavin Newsom. Plaintiffs have not responded directly to the motion but instead have filed their own motion to compel the deposition of Mayor Newsom. Defendants argue that Mayor Newsom has no direct personal knowledge unique to him regarding the facts underlying this case because he was not involved in suspensions or disciplinary actions at issue in this case. Defendants also argue that the plaintiffs have not demonstrated that the information they seek from Mayor Newsom is not available from other sources. Plaintiffs respond that Mayor Newsom has personal knowledge of key aspects of the press conference he held with Chief Fong and that this information cannot be obtained from any other source.

As stated above, there is an exception to the rule regarding the deposition of heads of government agencies where an official has "direct personal factual information" that is related to "material issues" and is unavailable "through any other source." *Green*, 226 F.R.D. at 648. In their motion to compel, the only "direct personal factual information" plaintiffs attribute to Mayor Newsom is knowledge of facts relating to the press conference. This is not enough.

The Court has already held as a matter of law that Chief Fong is immune from tort liability

3

arising from the press conference, because the decision to speak to the press on a novel and potentially volatile situation involving the police department qualifies as a discretionary, policymaking decision under California Government Code § 820.2. *See* September 25, 2007 Order [Docket # 48] at 8-9. Thus the press conference itself is not a "material" issue. As to the conduct of the investigation and the discipline imposed, pretextual or otherwise, the San Francisco Charter imposes on Chief Fong, not Mayor Newsom, the authority and responsibility to suspend and discipline police officers. *See* San Francisco Charter §§ A8.343-344. Plaintiffs have not seriously attempted to make arguments to the contrary, other than simply stating (without support) that Mayor Newsom has knowledge related to Chief Fong's decision to discipline plaintiffs. Under these circumstances, the record does not support a determination that Mayor Newsom is in unique possession of information related to the disciplinary decisions at issue.

Even if Mayor Newsom were in possession of such information, plaintiffs have made no attempt to explain why the information cannot be obtained in other ways or from other sources. Defendants argue persuasively that any information Mayor Newsom might have related to the disciplinary decisions of Chief Fong can be discovered through written interrogatories and requests for admission addressed to the City. In fact, plaintiffs have already directed a request for admission to Mayor Newsom. Although he is not a party to the case, the City has responded to this request for admission relating to Mayor Newsom's knowledge of the underlying facts of the case. Furthermore, plaintiffs have not yet attempted to discover this information through written interrogatories. Plaintiffs have not shown, therefore, that this information is not available through any other source.

Because plaintiffs have not demonstrated that Mayor Newsom has personal knowledge of material information that cannot be obtained from another source, the Court finds it proper to uphold the "normal rule" against taking the depositions of heads of government agencies. *Kyle Eng'g Co. v. Kleppe*, 600 F.2d at 231; *Green*, 226 F.R.D. at 648. Accordingly, the Court need not reach defendants' assertion that the information plaintiffs seek is protected by the deliberative process privilege. On this record, the Court GRANTS defendants' motion for a protective order to prevent the deposition of Mayor Newsom and DENIES as moot plaintiffs' motion to compel said deposition.

4

## 2. Defendants' motion for sanctions for violation of the protective order

### A. Legal standard

"A court has power to adjudge in civil contempt any person who willfully disobeys a specific and definite order requiring him to do or to refrain from doing an act." *Shuffler v. Heritage Bank*, 720 F.2d 1141, 1146 (9th Cir. 1983). The Federal Rules of Civil Procedure provide that "if a party fails to obey an order entered under Rule 26(f),[2] the court . . . may make such orders in regard to the failure as are just, [including] . . . [a]n order . . . dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party . . . [or] an order treating as a contempt of court the failure to obey any orders." Fed. R. Civ. P. 37(b)(2)(D). The Court may also "require the party failing to obey the order or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust." *Id.* at 37(b)(2).

A court may hold a party in civil contempt only if there is a valid court order that is clear in its commands. *See Balla v. Idaho State Bd. of Corr.*, 869 F.2d 461, 465 (9th Cir. 1989) (court order must be "specific and definite"). To succeed on a motion for civil contempt, the moving party must "show by clear and convincing evidence that [the nonmoving party] violated the [court order] beyond substantial compliance, and that the violation was not based on a good faith and reasonable interpretation of the [order]." *Wolfard Glassblowing Co. v. Vanbragt*, 118 F.3d 1320, 1322 (9th Cir. 1997). "The district court may impose a sanction for the contempt only if it finds that the party requesting the sanction has proven contempt by clear and convincing evidence." *Peterson v. Highland Music Inc.*, 140 F.3d 1313, 1323 (9th Cir. 1998).

### B. Discussion

Defendants move the Court to find plaintiff Andrew Cohen and plaintiffs' counsel Waukeen McCoy in civil contempt for their failure to abide by the stipulated protective order regarding discovery

---

[2] Rule 26(f) addresses the development of a discovery plan and references "any other orders that should be entered by the court under Rule 26(c)," the rule addressing protective orders. Fed. R. Civ. P. 26(f)(6).

5

matter deemed confidential. In the event the Court finds plaintiffs to be in civil contempt, defendants also ask the Court to impose sanctions by dismissing Cohen's claims, disqualifying McCoy from representing plaintiffs in this matter, and ordering both Cohen and McCoy to pay fees and costs incurred by defendants in bringing this motion. Plaintiffs argue in response that they should not be held in civil contempt because they did not violate the protective order.

The dispute arises primarily out of the videotaped deposition of defendant Chief Fong, taken on September 20, 2007, after the parties had stipulated to a protective order. At the start of that deposition, counsel for defendants stated on the record that "defendants are designating the entire transcript of Chief Fong's deposition as a confidential document. Subject to, of course, your objection and the court's ruling ultimately on that." Hecimovich Decl. at ex. Y, page 7. McCoy responded with an objection that "this deposition transcript cannot be marked as confidential. It's not a document that you're producing, it is witness' testimony and this witness' testimony is being made under oath. So that's our objection to that." *Id.*

In determining whether the protective order was violated, the Court will read the order "in a reasonable and common sense manner." *On Command Video v. Lodgenet Entm't Corp.*, 976 F. Supp. 917, 921 (N.D. Cal. 1997). The parties in this case entered into a stipulated protective order on August 20, 2007, one month prior to the September 20, 2007 deposition of Chief Fong at issue in this motion. Stipulated Protective Order ("Protective Order") [Docket # 29]. The protective order signed by the parties covers deposition testimony because it applies to "information (regardless of how generated, stored, or maintained)," *id.* at § 2.3, and because it specifically explains the procedure "for testimony given in deposition," *id.* at § 5.2(b). That is, a party seeking to protect deposition testimony must "identify on the record, before the close of the deposition . . . all protected testimony, and further specify any portions of the testimony that qualify as 'CONFIDENTIAL.'" *Id.* Alternatively, "[w]hen it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection," the party providing the testimony "may invoke on the record (before the deposition or proceeding is concluded) a right to have up to 20 days to identify the specific portions of the testimony as to which protection is sought and to specify the protection being asserted – 'CONFIDENTIAL.'" *Id.*

6

The protective order states that a party "must take care to limit any such designation [of confidentiality] to specific material that qualifies under the appropriate standards" and that "[m]ass, indiscriminate, or routinized designations are prohibited." *Id.* at § 5.1. If a party improperly designates material as confidential, that party may be exposed to sanctions. *Id.* Notwithstanding this provision, the protective order is clear that "[u]ntil the court rules on [a challenge to a party's designation], all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation." *Id.* at § 6.3. The protective order also lays out in precise terms the method by which a party may challenge a designation of confidentiality. First, the challenging party "must begin the process by conferring directly . . . in voice to voice dialogue . . . with counsel for the Designating Party." *Id.* at § 6.2. If the parties cannot come to an agreement, the challenging party "may proceed to the next stage of the challenge," *id.*, which involves the filing and serving of "a motion under Civil Local Rule 7 . . . that identifies the challenged material and sets forth in detail the basis for the challenge," *id.* at § 6.3. Protected material may be used "only for prosecuting, defending, or attempting to settle this litigation" and may be disclosed only to certain categories of persons. *Id.* at § 7.1; *see also id.* at § 7.2.

Defendants' primary contentions, which plaintiffs do not dispute in their declarations, are that (1) on or about September 19, 2007, plaintiff Cohen posted on his website an interview summary document designated as confidential by defendants; (2) on September 27, 2007, Cohen filed an internal complaint with the San Francisco Police Department that included "an edited version of the video of Chief Fong's deposition" as evidence supporting the allegations in the internal complaint, Hecimovich Decl. at ex. W; (3) sometime between the afternoon of September 20 and the morning of September 21, plaintiffs' counsel McCoy provided or showed a copy of the videotaped deposition to a reporter for ABC News; and (4) McCoy filed in the Court's public record confidential excerpts from Chief Fong's deposition transcript without attempting to file under seal. There is no dispute between the parties that the materials in question were actually disclosed to the news media, the Internet, the public record, or the police department. For example, the Bay Area affiliate of ABC News showed portions of Chief Fong's deposition during a broadcast on September 21, 2007, and continues to feature video clips of the deposition on its website. *See* ABC 7 News, "Chief Heather Fong Points the Finger at Newsom," *at*

7

http://abclocal.go.com/kgo/story?section=i_team&id =5669657 (9/21/07); ABC 7 News Blog, "Lawyers Gone Wild," *at* http://iteamblog. abc7news.com/2007/09/lawyers-gone-wi.html (9/21/07).

The Court agrees with defendants that both Cohen and McCoy violated the clear terms of the protective order. At the start of Chief Fong's deposition, counsel for defendants stated on the record that "defendants are designating the entire transcript of Chief Fong's deposition as a confidential document. Subject to, of course, your objection and the court's ruling ultimately on that." Hecimovich Decl. at ex. Y, page 7. This statement satisfies the requirement that the designating party identify on the record the protected testimony or the right to have up to 20 days to designate specific portions of the testimony as confidential. *See* Protective Order at § 5.2(b). Once designated as such, the parties were required to "afford [Chief Fong's testimony] the level of protection to which it is entitled under the Producing Party's designation," *id.* at § 6.3, i.e. confidential. This means that Chief Fong's testimony was to be treated as confidential unless and until plaintiffs put forth an appropriate challenge to the designation and the Court had an opportunity to rule on that challenge. *Id.* at §§ 6.1-6.3. The protective order is clear that the proper procedure was for plaintiffs to first meet and confer with defendants and then to file a motion under Civil Local Rule 7 challenging defendants' designation of the material as confidential. *Id.* None of these procedures were followed in this case. Even if the Court were to construe plaintiffs' September 26, 2007 letter as a properly filed motion in accordance with § 6.3 of the protective order, the Court has not yet "rule[d] on the challenge," either to defendants' designation of the whole of Chief Fong's testimony as confidential or to defendants' subsequent designation of certain portions as confidential within the 20-day window. Accordingly, Chief Fong's testimony was and is to be treated as confidential, until the Court rules that it is not. *See id.* at § 6.3.

Instead of following the procedures laid out in the protective order, Cohen and McCoy evidently decided that because they thought defendants' counsel did not have grounds to designate the whole of Chief Fong's deposition testimony as confidential, they could ignore the order without bringing the proper challenge to this Court. They now argue that defendants' counsel either improperly designated the entire deposition testimony as protected, or did not properly invoke the right to have 20 days to designate portions of the testimony as confidential. This argument is beside the point. Even assuming defendants did not properly invoke the 20-day procedure for designating specific portions of the

8

testimony as confidential, it is clear from their statements on the record that defendants were designating "the entire transcript of Chief Fong's deposition as a confidential document." *Id.* It may be that the designation was improper and would subject defendants to the possibility of sanctions under § 5.1 of the protective order, but under the terms of the protective order that designation, even if later determined to be improper, remains in place until the Court orders otherwise after a properly-presented challenge. *See* Protective Order at § 6.3. For this reason, McCoy violated the protective order and the designation of confidentiality when he provided Chief Fong's testimony to the news media and filed it as part of the public record, and Cohen violated the order when he provided the testimony to an officer of the police department and posted on his website a separate document designated as confidential. *See id.* at §§ 7.2, 10.[3] At the time of these disclosures, the Court had in no way overruled defendants' designations.

The Court finds that the evidence demonstrating that Cohen and McCoy violated the protective order is clear and convincing; indeed, the evidence of the conduct charged is unchallenged. The Court therefore finds Cohen and McCoy in civil contempt, pursuant to Federal Rule of Civil Procedure 37(b)(2)(D). The protective order agreed to by the parties and signed by the Court was valid and clear in its commands, *see Balla*, 869 F.2d at 465, specifically stating that "[u]ntil the court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation," Protective Order at § 6.3. Cohen and McCoy were not in substantial compliance with the protective order because they distributed material designated as confidential about as widely as possible, to both the Internet and a television news station. They also cannot rely on a good faith and reasonable interpretation of the protective order. *Wolfard Glassblowing Co.*, 118 F.3d at 1322. McCoy's initial reason for disobeying the protective order – as he stated during the deposition itself – was that depositions are not covered. Hecimovich Decl. at ex. Y, page 7. As discussed above, this interpretation is in no way supported by the plain language of the protective order.

---

[3]McCoy also objects that defendants' designations of confidentiality are overbroad and infringe plaintiffs' First Amendment rights. It is important to note that the Court is not at this time deciding whether defendants' designations qualify as material that should be protected. The Court can make that decision only after plaintiffs have met and conferred with defendants regarding the challenged material, *see* Protective Order at § 6.2, and have filed the proper motions in accordance with § 6.3. The protective order is clear that material designated as confidential is to be treated as such until the Court rules otherwise, regardless whether the parties were justified in their designations.

9

*See* Protective Order at §§ 2.3, 5.2(b).  The second reason put forth by plaintiffs for not obeying the protective order is that defendants' designation of confidentiality was too broad.  This interpretation finds no support in the plain language of the order, given that a confidential designation remains in place until the Court rules otherwise.  *Id.* at § 6.3.[4]

The Court also agrees with defendants that sanctions for this contempt are appropriate to compensate defendants for plaintiffs' noncompliance.  *See Shuffler*, 720 F.2d at 1147; Fed. R. Civ. P. 37(b)(2).  Because the affidavits are uncontroverted and the parties agree as to what transpired (though not as to their interpretations of the protective order), the Court need not hold an evidentiary hearing prior to ordering sanctions.  *Highland Music, Inc.*, 140 F.3d at 1324.  Defendants have proven contempt by clear and convincing evidence, and the parties do not dispute that the materials in question were disseminated.  *Id.* at 1323.  The Court therefore orders Cohen and McCoy to pay defendants' reasonable expenses, including attorney's fees, which totals $24,407.42 based on the declarations of defendants' counsel.[5]  Payment of $24,407.42 shall be made by November 30, 2007.

Defendants also ask that the Court sanction McCoy by forbidding him from representing the plaintiffs in this matter and sanction Cohen by dismissing his claims against defendants.  The Court declines to order these other, far more drastic sanctions, as the Court believes that monetary sanctions are adequate and prefers to dispose of this case on its merits.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992); *N. Am. Watch Corp. v. Princess Ermine Jewels*, 786 F.2d 1447, 1451 (9th Cir. 1986).

---

[4] It should be noted that defendants' counsel stated this precise rule when he designated the testimony as confidential, saying that his designation was "[s]ubject to . . . your objection and the court's ruling ultimately on that." Hecimovich Decl. at ex. Y, page 7. Thus, even if McCoy had forgotten the rules laid out in the protective order he had signed just one month earlier, he was reminded of this rule during the deposition itself on September 20, 2007, one day before providing the deposition to ABC News.

[5] The declarations supporting defendants' reasonable expenses are unchallenged. In addition, the Court finds that the hours and hourly rates identified in the declarations are reasonable under the circumstances.

**3.     Plaintiffs' motion to compel further deposition testimony, and related motions**

   **A.     Legal standard**

Discovery under the Federal Rules of Civil Procedure is "accorded a broad and liberal treatment." *Hickman v. Taylor*, 329 U.S. 495, 507 (1947). Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action. Fed. R. Civ. P. 26(b)(1). For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. *Id.*

Depositions are generally available without leave of the court. Fed. R. Civ. P. 30(a)(1). Any party may depose "any person, including a party." *Id.* A motion to compel is appropriate when "a deponent fails to answer a question propounded or submitted under [Federal Rule of Civil Procedure] 30." Fed. R. Civ. P. 37(a)(2)(B). The movant must certify that it has in good faith conferred or attempted to confer with the party failing to make discovery in an effort to secure information or material without court action. *Id.*; *see* Civil L.R. 37-1.

If a motion to compel is granted, the court shall require the party whose conduct necessitated the motion to pay the moving party the reasonable expenses incurred in making the motion, including reasonable attorney's fees, unless it finds the opposition was "substantially justified" or other circumstances make such award "unjust." Fed. R. Civ. P. 37(a)(4)(A). In addition, "[i]f the court finds that any impediment, delay, or other conduct has frustrated the fair examination of the deponent, it may impose upon the persons responsible an appropriate sanction, including the reasonable costs and attorney's fees incurred by any parties as a result thereof." Fed. R. Civ. P. 30(d)(3).

   **B.     Discussion**

Plaintiffs have filed motions to compel further deposition testimony of defendant Chief Fong, to increase the deposition time of Chief Fong, to sanction defendants' counsel for their conduct during the deposition of Chief Fong, and to extend the discovery period by two months. Defendants object that all of these motions should be denied on the grounds that plaintiffs failed to comply with Civil Local Rule 7-2(A), which requires motions to be filed at least 35 days prior to the day the motioned is calendared. Plaintiffs filed their motions on October 12, 2007, but noticed the motions for November

11

2, 2007, a window of only 21 days. Under normal circumstances, plaintiffs' motion would have been improperly filed. Here, however, the Court noted during the case management conference on September 27, 2007, that defendants could bring their motion for sanctions on an expedited schedule to be heard November 2, 2007; the Court also stated that plaintiffs could bring their motion for sanctions at that time as well. Because it was the Court's intention to address all of the various discovery-related issues raised by both parties on November 2, the Court will reach the merits of plaintiffs' motions and not overrule them based on the alleged procedural deficiency. The parties are reminded, however, that absent stipulation or the approval of the Court, they must continue to follow the mandates of Local Civil Rule 7-2.

Plaintiffs move the Court to compel Chief Fong to answer certain questions that she was advised not to answer during the first deposition session on September 20, 2007. Plaintiffs argue that it was improper for defendants' counsel to instruct Chief Fong not to answer questions regarding (1) whether she had received or reviewed certain documents and (2) whether she believed she had violated local statutes and regulations. Defendants respond that Chief Fong did answer some of these questions and that to the extent she did not it was due to a valid need to preserve the attorney-client privilege.

As to the first set of questions, the Court cannot determine whether there was a need to preserve the attorney-client privilege with regard to plaintiffs' question of why Chief Fong did not review the suspension letters. *See* Fong Deposition at 25. The parties have not provided the Court with any indication of what those suspension letters were or why the question would or would not involve the attorney-client privilege. Plaintiffs also urge the Court to compel Chief Fong to answer a question about whether she had reviewed defendants' responses to plaintiffs' form interrogatories. *Id.* at 32. The Court DENIES plaintiffs' motion with respect to this question because Chief Fong did answer when she stated that she did not personally respond to the interrogatories. *Id.* at 33:14-16.

The second set of questions involve Chief Fong's knowledge of whether she violated local statutes and regulations. Chief Fong answered plaintiffs' question as to whether she was required to follow the San Francisco Charter. *See id.* at 81. Chief Fong also made clear that she could not answer each of the remaining two questions at issue here because doing so would require the disclosure of attorney-client communications about the legality of her actions. That is, plaintiffs asked Chief Fong

whether she thought she had violated various local rules, and Chief Fong stated each time that her understanding of the rules and whether she violated them was based on confidential communications with her attorney. *See id.* at 116, 118. The Court agrees that these answers, if based on Chief Fong's discussions with counsel, would disclose privileged communications and that Chief Fong therefore is not required to answer. For these reasons, the Court DENIES plaintiffs' motion to compel.

Plaintiffs also ask the Court to increase the length of Chief Fong's deposition from the standard seven hours, but do not provide any indication of how much time they actually request. The Court finds that plaintiffs' request is premature at this juncture because plaintiffs have deposed Chief Fong for only three hours. Plaintiffs are advised to depose Chief Fong for the four hours that remain. If, after taking a full seven hours of deposition, plaintiffs believe that two or three additional hours are needed, plaintiffs may move for an enlargement at that time. Plaintiffs should be aware, however, that the Court has no intention of granting plaintiffs leave to depose Chief Fong for four days, as initially suggested by plaintiffs' counsel in a letter to defendants. Plaintiffs are also advised that should they feel the need to request additional time, they must attempt in good faith to meet and confer with defendants and, if no resolution can be reached by the parties, must request a specific amount of time and must describe why the enlargement is necessary. *See* Civil Local Rule 16-2(d).

Finally, plaintiffs ask the Court to order defendants to pay sanctions for their counsel's behavior during the deposition of Chief Fong, while defendants move for sanctions against plaintiffs for their counsel's refusal to meet and confer regarding the scheduling of plaintiffs' motions. The Court is aware that the pretrial discovery period has not reflected the finest professional hour of either counsel. Chief Fong's deposition, for example, found counsel reacting, and over-reacting, to one another in ways which effectively stymied completion of the deposition, and similar conduct has occurred in other depositions.[6] Because both parties participated in achieving this result, the Court does not believe that assessing monetary sanctions against either would be appropriate at this time. However, based on the uncontroverted record before it, the Court finds that these are "exceptional conditions" which require

---

[6]This Court has already been contacted on several occasions during depositions to referee disputes. Both counsel have asserted that because the lawyers are talking over one another, the deposition transcripts will not accurately reflect the proceedings.

13

the appointment of a special discovery master to oversee discovery and insure that the parties behave properly during depositions and other interactions. Fed. R. Civ. P. 53(a)(1)(B)(i); Civ. Local Rule 11-6(a)(2); *Nat'l Ass'n of Radiation Survivors v. Turnage*, 115 F.R.D. 543, 560-61 (N.D. Cal. 1987); *Good Stewardship Christian Ctr. v. Empire Bank*, 341 F.3d 794, 797-98 (8th Cir. 2003).

Accordingly, the parties are hereby notified pursuant to Federal Rule of Civil Procedure 53(b)(1) that the Court intends to appoint a special master on or after November 16, 2007, and intends to order that the cost of the special master initially be borne equally by the parties, subject to re-allocation for good cause shown. **The parties may file any responses to this notice, including suggestions of candidates for appointment, in writing no later than November 15, 2007.** The Court intends to rule on plaintiffs' motion to extend discovery after consulting with the discovery master, who will inform the Court whether additional time for discovery is necessary.

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby GRANTS defendants' motion for a protective order relating to the deposition of Mayor Newsom [Docket # 50] and DENIES as moot plaintiffs' motion to compel the deposition [Docket # 72]. The Court GRANTS defendants' motion to find Cohen and McCoy in civil contempt for violating the stipulated protective order and orders them to pay defendants' reasonable expenses [Docket # 66]. The Court DENIES plaintiffs' motion to compel Chief Fong to answer additional questions and for sanctions, and DENIES without prejudice plaintiffs' motion to increase the length of time for Chief Fong's deposition [Docket # 71]. The Court NOTIFIES THE PARTIES that it intends to appoint a special master to oversee discovery, pursuant to Federal Rule of Civil Procedure 53 and Local Rule 11-6, and that it will accept responses to this notice, including suggestions of candidates for appointment, on or before November 15, 2007.

**IT IS SO ORDERED.**

Dated: November 6, 2007

SUSAN ILLSTON
United States District Judge