1   WAUKEEN Q. McCOY, ESQ. (SBN: 168288)
    LAW OFFICES OF WAUKEEN Q. McCOY
2   The Central Tower
    703 Market St. Suite 1407
3   San Francisco, CA 94103
    Telephone (415) 675-7705
4   Facsimile (415) 675-2530

5   ATTORNEY FOR PLAINTIFFS

6

7

8                  UNITED STATES DISTRICT COURT

9                NORTHERN DISTRICT OF CALIFORNIA

10  CLAYTON HARMSTON, an individual;          Case No. C 07-01186 SI
    *et al.,*
11                                            **PLAINTIFFS' MOTION FOR**
                     Plaintiffs,              **CLARIFICATION OF NOVEMBER 6,**
12                                            **2007 ORDER REGARDING VARIOUS**
              vs.                             **DISCOVERY-RELATED MOTIONS**
13
    CITY AND COUNTY OF SAN                    **FRCP 60(a)**
14  FRANCISCO, HEATHER FONG, an
    individual, and DOES 1-50,                Courtroom: 10, 19th Floor
15                                            Judge:     Hon. Susan Illston
                     Defendants.
16

17

18

19

20

21

22

23

24         Plaintiffs, through their counsel of record herein, pursuant to FRCP Rule 60(a), hereby

25  move the Court for clarification of the Court's November 6, 2007 Order Regarding Various

26  Discovery-Related Motions.

27

28  Motion for Clarification                    1                        www.mccoyslaw.com

Plaintiffs request that the Court clarify its November 6, 2007 Order Regarding Various Discovery-Related Motions in four particulars:

1.  Are the sanctions assessed against attorney McCoy and Plaintiff Cohen to be assessed jointly and severally?

2.  Are the findings made in the order findings of criminal contempt?

3.  Is the amount of the monetary sanction excessive given an 18 page brief?

4.  Are the monetary sanctions and the declarations supporting them based solely on Defendant's costs in preparing its Motion for Civil Contempt, or does the sanction amount include time spent on other motions heard on November 2, 2007, or the improperly filed letter briefs filed September 21 and 25, 2007?

Plaintiffs request that the  Court clarify its November 6, 2007 Order with or without notice and hearing, in the Court's discretion pursuant to FRCP Rule 60(a).


**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION**

 The Court's order dated November 6, 2007 ("Order Regarding Various Discovery-Related Motions", Docket No. 105) granted, *inter alia,* Defendants' Motion for Sanctions and Civil Contempt Against Plaintiff Andrew Cohen and Attorney Waukeen McCoy for Violation of the Court's Protective Order and FRCP 37 (Docket No. 66).    Heard that same day were Defendant's Motion for Protective Order to Prevent the Deposition of San Francisco Mayor Gavin Newsom (Docket No. 50), Plaintiff's motion to compel San Francisco Police Chief Heather Fong to Answer Additional Questions (Docket No. 71), Plaintiff's motion to Increase the time for Chief Fong's Deposition (Docket No. 71), Plaintiff's Motion for Sanctions Related

1  to the Deposition of Heather Fong (Docket No. 71), and Plaintiff's motion to extend the

2  deadline for fact discovery (Docket No. 69).

3        The Court found that both attorney McCoy and Plaintiff Cohen had violated the

4  Stipulated Protective Order (Docket No. 30), by publishing items designated as confidential

5  by the defense.   The Court otherwise denied Defendants' request for sanctions on the other

6  motions addressed by the Order, but found both McCoy and Cohen in civil contempt for

7  violating the Stipulated Protective Order.  The monetary sanction in the amount of $24,407.42

8  was based, according to the Order, on "declarations supporting defendants' reasonable

9  expenses."   The declaration relating to the motion for civil contempt is Docket No. 70, the

10 Declaration of Lawrence Hecimovich in Support of Defendants' Motion for Civil Contempt

11 and for Sanctions.  That declaration states that various attorneys worked over 100 hours

12 preparing a motion, consisting of three declarations and an eighteen page memorandum.

13

14       However, prior to the filing of Docket No. 70, , the parties had proceeded by way of

15 letter briefs on a range of discovery issues, all of which appeared to be captured in the time

16 statement set forth by the declaration in Docket No. 70:

17       September 21, 2007      Letter from Lawrence Hecimovich re violation of court

18                              order and request for discovery sanctions.

19       September 25, 2007      Letter from Lawrence Hecimovich re Request for

20                              Sanctions.

21       September 26, 2007      Letter from Plaintiffs' Opposing Defendants' Letter Brief

22                              Requesting Sanctions For Alleged Discovery Violations;
   Request For Sanctions Against Larry Hecimovich and

23                              Defendants.

24       Of the nultiple declarations filed by Defendants in support of the motions heard

25 November 2, 2007, however, only the Declarations of Lawrence Hecimovich contained

26 statements concerning hours worked.

27

28 Motion for Clarification                  3               www.mccoyslaw.com

Docket No. 55 (Declaration of Lawrence Hecimovich in Opposition to Plaintiffs' Motion for Leave to Exceed Seven Hour Time Limit for Chief Fong's Deposition and In Support of Defendants' Request for Discovery Sanctions) does not contain a statement concerning hours worked or fees claimed.

Docket No. 70 (Declaration of Lawrence Hecimovich in Support of Defendants' Motion for Civil Contempt and for Sanctions) does contain a statement of in excess of one hundred (100) hours worked and fees claimed.

Docket No. 80 (Declaration of Lawrence Hecimovich in support of Opposition to Plaintiffs' Motion to Compel, and For Sanctions) does contain a statement of twenty (20) hours worked and fees claimed.

Docket No. 85 (Declaration of Lawrence Hecimovich in opposition to Plaintiffs' Motion to Modify Scheduling Order) does not contain a statement of hours worked or fees claimed.

Docket No. 101 (Declaration of Lawrence Hecimovich in Support of Letter Brief Requesting Sanctions Based on Attorney McCoy's Discovery Misconduct)  does contain a statement of twenty (20) hours worked and fees claimed.

Although the Court's November 6, 2007 Order references defendants' "declarations" as the basis for the monetary sanction, Plaintiffs are still unsure which declarations, where the amount comes from, which declarations support the amount, and whether any of the amounts alleged as fees are attributable to the wrongly filed letter briefs around September 21-26, 2007.  As such, Plaintiff's request the Court clarify the amount and basis for the monetary sanction.

/ / /

/ / /

## II.   LAW AND ARGUMENT

### A.  The Federal Rules Empower The District Court to Clarify its Orders.

Federal Rules of Civil Procedure, Rule 60(a) permits courts to correct orders and judgments:

> (a) Clerical Mistakes. Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders. During the pendency of an appeal, such mistakes may be so corrected before the appeal is docketed in the appellate court, and thereafter while the appeal is pending may be so corrected with leave of the appellate court.

*Id*.  Here, Plaintiffs' request for clarification fits squarely within the provisions of FRCP 60(a) in that Plaintiffs are unsure of whether the monetary sanction imposed was assessed against both attorney McCoy and Plaintiff Cohen jointly and severally, or against each individually.  Further, as set forth below, Plaintiffs are unsure whether the monetary sanction contained in the Court's November 6, 2007 Order is based upon civil contempt or criminal contempt.

### B.   The Court's November 6, 2007 Order is Unclear as to Whether a Civil Contempt Standard or a Criminal Contempt Standard Applies to the Alleged Violations of the Stipulated Protective Order.

Plaintiffs request that the Court clarify its Order to distinguish between what is apparently a criminal contempt sanction for conduct already completed and civil contempt, whose purpose is to coerce future behavior.

Generally, in distinguishing civil from criminal contempt, courts look at the sanction and its nature and purpose, rather than the conduct. *Shillitani v. United States*, 384 U.S. 364, 86 S.Ct. 1531, 16 L.Ed.2d 622 (1966); *State v. Stokes*, 240 N.W.2d 867 (N.D.1976). If the sanction's purpose is coercive, that is, to induce performance of an act primarily for another's benefit, the

contempt is civil. *See United States v. Asay*, 614 F.2d 655, 659 (9th Cir.1980) (stating that contempts are civil where "the purpose of the relief is to compel the respondent to comply"). One of the paradigmatic civil contempt sanctions is a per diem fine imposed for each day a contemnor fails to comply with an affirmative court order. "Because civil contempt sanctions are viewed as nonpunitive and avoidable, fewer procedural protections for such sanctions have been required." *International Union, UMW v. Bagwell*, 512 US 821, 831 114 S.Ct. 2552, 2557 (1994). Thus civil contempt "may be imposed in an ordinary civil proceeding upon notice and an opportunity to be heard. Neither a jury trial nor proof beyond a reasonable doubt is required." Id. at 827, 114 S.Ct. 2552.

If the contemptuous conduct has been concluded and the purpose of the sanction is to punish the offender and vindicate the authority of the court, the contempt is criminal. *International Union, UMW v. Bagwell*, *supra* 512 US at 827.    Merely because  a coercive sanction incidentally benefits another person does not change the contempt from civil to criminal. *Gompers v. Buck's Stove & Range Co.*, 221 U.S. 418, 31 S.Ct. 492, 55 L.Ed. 797 (1911). So too, a punitive sanction that incidentally coerces does not transform criminal contempt into civil contempt. *Id.*

Applying these principles to the contempt sanction imposed upon McCoy and Cohen, it appears that the sanctions may indeed be criminal in nature. The primary purpose of the order appears to have been to punish McCoy and Cohen for completed acts of disobedience (November 6, 2007 Order, pp. 9, 10).    The court imposed the fine because McCoy and Cohen allegedly disobeyed the protective order by (1) Cohen posting on his website an interview summary document designated as confidential by defendants; (2) Cohen filed an internal complaint with the San Francisco Police Department that included "an edited version of the video of Chief Fong's deposition" as evidence supporting the allegations in the internal

complaint; (3) Plaintiff's counsel McCoy provided or showed a copy of the videotaped deposition to a reporter for ABC NEWS; and (4) McCoy filed in the Court's public record confidential excerpts from Chief Fong's deposition transcript without attempting to file under seal. (November 6, 2007 Order, pp. 7, 8).   Neither McCoy nor Cohen could do anything to change these past acts of disobedience. Consequently, the district court's order could not have had the effect of coercing McCoy or Cohen to comply with its protective order. *See Gompers, supra,* 221 U.S. at 442, 31 S.Ct. at 498 ("[A coercive sanction] cannot undo or remedy what has been done nor afford any compensation....") This is a clear indication of punishment. See *Gompers, supra,*  221 U.S. at 449, 31 S.Ct. at 501.

In that it appears that the purpose of the relief sought by the Defendants was to punish defiance of the court's order rather than to remedy or compensate for the dissemination of the Chief's deposition (the Declaration of Mr. Hecimovich in support of his 18 page motion cited in excess of 65 hours of his own time and 32 hours of Ms. Warner's time for a single motion). The amounts allegedly necessary to compensate Defendants for bringing that single motion are on their face excessive and indicate an intent to punish McCoy and Cohen rather than compensate Defendants for their attorneys fees and costs in bringing the motion.


### C.        The Amount of the Monetary Sanction Appears to Be In Error.

The Memorandum supporting Defendants' motion for civil contempt is only eighteen pages long, yet it took over 100 hours to prepare, according to the Declaration of Lawrence Hecimovich (Docket No. 70).  These hours seem highly improbable, as multiple depositions occurred in the weeks between the taking of the Fong deposition and the filing of the motion. Plaintiff's are unsure as to whether the declaration and the portion of the Court's order based on

that declaration contain a calculation error, as the amount appears to be more than ten times an ordinary discovery sanction.

**D.    The Basis of the Monetary Sanction Is Unclear.**

As set forth in the Introduction above, Plaintiff cannot tell from whence the hours supporting the monetary sanction came.  As set forth above, the declarations may include time spent preparing the improperly filed letter briefs of September 21 and September 25.  If so, the monetary sanction should be adjusted downward to exclude the improperly filed letter motions.

Furthermore, it is unclear from either the November 6, 2007 Order or the multiple declarations of Mr. Hecimovich which of the multiple motions heard by the Court on November 2, 2007 were included in the civil contempt sanction.  Therefore, Plaintiffs request that the Court clarify its November 6, 2007 Order to indicate whether the improperly filed letter briefs and the various other motions are to be included in the 100 hour plus fee request of Defendants.

## III.  CONCLUSION

Plaintiffs respectfully request that the Court clarify its November 6, 2007 Order to indicate whether the monetary sanction imposed is joint and several or individual.  As the foregoing demonstrates, it appears that the sanction itself is punitive in nature rather than compensatory, and Plaintiffs request clarification as to whether the contempt sanction is civil or criminal in nature.

Respectfully submitted,

November 9, 2007                    LAW OFFICES OF WAUKEEN McCOY


                                   /S/  Waukeen McCoy_____

                                   WAUKEEN Q. McCOY
                                   ATTORNEY FOR PLAINTIFFS