United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLAYTON HARMSTON, et al., | No. C 07-01186 SI |
| Plaintiffs, | **ORDER DENYING PLAINTIFFS' MOTION FOR LEAVE TO FILE A FOURTH AMENDED COMPLAINT AND MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION** |
| v. | |
| CITY AND COUNTY OF SAN FRANCISCO, et al., | |
| Defendants. | |

Plaintiffs have filed a motion for leave to file a fourth amended complaint and a motion for leave to file a motion for reconsideration of the Court's September 25, 2007 Order [Docket No. 48]. Both motions are scheduled for hearing on November 30, 2007. Pursuant to Civil Local Rule 7-1(b), the Court determines that the matters are appropriate for resolution without oral argument, and VACATES the hearing. Having considered the arguments of the parties and the papers submitted, the Court hereby DENIES plaintiffs' motion for leave to file a fourth amended complaint and DENIES plaintiffs' motion for leave to file a motion for reconsideration.

**BACKGROUND**

Plaintiffs are eighteen police officers employed by the San Francisco Police Department. Each officer was involved in some way in the making of a video that was meant to parody the work of police officers assigned to the Bayview-Hunter's Point District. First Amended Complaint ¶ 26. In December 2005, shortly after it was made, the video came to the attention of San Francisco Police Chief Heather

Fong and San Francisco Mayor Gavin Newsom, who believed the video contained racist, sexist, and homophobic scenes. *Id.* at ¶¶ 28, 29. Newsom and Fong appeared before the press to condemn the video, and Fong temporarily suspended some, but apparently not all, of the police officers involved in making the video. *Id.* at ¶ 29. The City and Fong also launched an investigation into the video sometime after it was discovered by Fong. *Id.* at ¶ 32. That investigation concluded in December 2006, at which point certain plaintiffs were given additional suspensions as well as other forms of reprimand. *Id.* at ¶¶ 40-42.

Plaintiffs identify themselves as being white, African American, and Latino, but no plaintiff identifies as being Asian American. *Id.* at ¶ 25. Plaintiffs allege that the City and Fong disciplined only those officers involved in the video who were not Asian American, and failed to discipline Asian-American police officers who were involved in making the video. *Id.* at ¶¶ 28, 30, 43-46, 48, 54. Plaintiffs allege that the temporary suspensions of the officers violated the San Francisco Charter and department regulations. *Id.* at ¶ 29. Plaintiffs also allege that after plaintiffs filed notices of tort claims against the defendants, on May 31, 2006, the City and Fong retaliated against some of the plaintiffs by giving them undesirable positions and undesirable hours, and also by requiring some plaintiffs to appear before the police commissioner to answer charges against them. *Id.* at ¶¶ 62-64.

Plaintiffs originally brought the instant suit in state court in August 2006, and amended their complaint in February 2007; defendants removed the suit to federal court. Plaintiffs' First Amended Complaint includes claims for (1) racial discrimination under state law, (2) racial discrimination under Title VII, (3) retaliation under state law, (4) retaliation under Title VII, (5) defamation, and (6) intentional infliction of emotional distress. After removal to federal court, plaintiffs filed a motion for leave to file a second amended complaint to add a claim of defamation against Mayor Newsom, followed by a motion for leave to file a third amended complaint to add a claim for a violation of due process under 42 U.S.C. § 1983.

In its September 25, 2007 Order, the Court denied plaintiffs' motion for leave to amend their complaint to add a claim against Mayor Newsom as unduly delayed [Docket No. 48]. The Court also

acknowledged that plaintiffs had sought leave to amend their complaint to add a cause of action for a violation of their due process rights under 42 U.S.C. § 1983, but denied the motion without prejudice because it was unclear from plaintiffs' papers what events formed the factual basis of their due process claim. In the same order, the Court granted defendants' motion to dismiss plaintiffs' defamation claim against Chief Fong because the decision to speak to the press about the video qualifies as a discretionary, policy-making decision under California Government Code § 820.2. Currently before the Court is plaintiffs' motion for leave to file a fourth amended complaint asserting the due process claim, as well as plaintiffs' motion for leave to file a motion for reconsideration of the Court's decision to dismiss the defamation claim against Fong.

## LEGAL STANDARD

**1.    Motion for leave to amend complaint**

Federal Rule of Civil Procedure 15(a) permits a party to amend its pleading "only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed. R. Civ. Pro. 15(a). Leave to amend should be granted "with extreme liberality," *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003), so long as factors "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the amendment, [or] futility of amendment" are not present, *id.* at 1052 (quoting *Forman v. Davis*, 371 U.S. 178, 182 (1962)). In addition, "the district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint." *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990) (internal quotation marks omitted).

**2.    Motion for leave to file a motion for reconsideration**

In the Northern District of California, no motion for reconsideration may be brought without leave of court. *See* Civil L.R. 7-9(a). Civil Local Rule 7-9(b) provides, in pertinent part:

3

> The moving party must specifically show:
>
> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which the reconsideration is sought. The party must also show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
>
> (2) The emergence of new material facts or a change of law occurring after the time of such order; or
>
> (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

*See* Civil L.R. 7-9(b).

## DISCUSSION

**1.  Motion for leave to amend complaint**

Plaintiffs ask the Court for leave to amend their complaint to add a cause of action under 42 U.S.C. § 1983 for a violation of their due process rights. Defendants argue that plaintiffs' motion for leave to amend should be denied because it was untimely filed and because the amendment was unduly delayed, was made in bad faith, and would be futile.

A party may amend its pleading only by leave of court or written consent of the opposing party. Fed. R. Civ. Pro. 15(a). The Court's September 25, 2007 Order stated that "the Court DENIES the current leave to amend without prejudice to a further *request*, based on a fuller statement of the facts related to the due process claim. Any *further motion* must be filed no later than October 6, 2007." September 25, 2007 Order at 13 (emphasis added). While plaintiffs filed their fourth amended complaint on October 5, 2007, they did not file a motion for leave to file the amended complaint until October 23, 2007, citing a misinterpretation of the Court's order as the reason for their delay. The Court's order, however, is clear that plaintiffs were to file a "motion" by October 6, 2007, not the actual amended complaint. The Federal Rules of Civil Procedure are similarly clear that plaintiffs must seek leave of the Court prior to amending their complaint, Fed. R. Civ. Pro. 15(a), and the Court's order in no way granted plaintiffs leave to amend their complaint. Given the plaintiffs' repeated difficulty in

4

complying with the Court's orders, the Court is not inclined to overlook the fact that plaintiffs' motion was filed more than two weeks late.

In addition, even if plaintiffs had filed their motion on time, the Court agrees with defendants that amendment is not proper as a result of plaintiffs' undue delay in seeking to add the due process claim to their complaint. In its September 25, 2007 Order, the Court denied plaintiffs' motion for leave to amend to add a defamation claim against Mayor Newsom because the "plaintiffs unduly delayed their attempt to amend their complaint." September 25, 2007 Order at 12. There, the Court stated:

> The events at issue in this amendment occurred in December 2005 and January 2006. Plaintiffs filed their complaint in August 2006. They then amended their complaint in February 2007 but did not seek to add the amendments at issue here. Plaintiffs did not seek leave to add Mayor Newsom as a defendant until June 2007. Plaintiffs have made no attempt to justify this delay. They do not, and cannot, claim that they were unaware of the facts at issue, and have given no explanation why they did not include the claim against Mayor Newsom in their original complaint or why they failed to include this amendment when they last amended their complaint in February 2007. *See Allen*, 911 F.2d at 373.

*Id.* Essentially, the same is true of plaintiffs' due process claim, which alleges that Chief Fong violated plaintiffs' due process rights by failing to provide the proper process and notice prior to suspending plaintiffs in December 2005. As with plaintiffs' claim against Mayor Newsom, the events at issue in the due process claim occurred in December 2005, yet plaintiffs did not include the claim in their August 2006 complaint, in their February 2007 complaint, or in their June 2007 attempt to amend their complaint to add a claim against Mayor Newsom. Instead, plaintiffs waited until July 24, 2007, to seek leave to amend their complaint to add a claim for a violation of their due process rights [Docket No. 27].

Plaintiffs attempt to explain the delay by arguing that new facts emerged during Chief Fong's deposition in September 2007 that clarified the due process violation. More precisely, plaintiffs allege that Chief Fong admitted at her deposition that she violated local regulations by suspending plaintiffs without providing hearings, but plaintiffs do not cite to Fong's deposition in support of this allegation and defendants argue that Fong's testimony contradicts the allegation. Even assuming Fong did admit a violation of local regulations regarding suspensions – an issue on which the Court takes no position – such an admission would merely confirm plaintiffs' already-held belief that the December 2005 suspensions violated plaintiffs' due process rights. *See* Memorandum in Support of Motion for Leave

5

to File Third Amended Complaint at 3 (stating in July 2007 that "Fong suspended [plaintiffs] without pay from their jobs and without any due process"). All the information plaintiffs needed regarding the alleged due process violation had been known to them since December 2005, when they were suspended without hearings and received letters explaining the suspensions. Indeed, all of the allegations put forth in the amended complaint regarding the due process violation were known to plaintiffs well before they filed their first complaint in August 2006. Thus, as with plaintiffs' claim against Mayor Newsom, the Court finds that plaintiffs unduly delayed their attempt to amend their complaint to add a due process claim. *Eminence Capital*, 316 F.3d at 1052; *Allen*, 911 F.2d at 373. Accordingly, the Court DENIES plaintiffs' motion for leave to file a fourth amended complaint.

**2.    Motion for leave to file a motion for reconsideration**

Plaintiffs ask the Court for leave to file a motion for reconsideration pursuant to Civil Local Rule 7-9 because plaintiffs discovered new evidence after they filed their briefs but prior to the date the Court issued its order. Plaintiffs point to new evidence from the deposition of Chief Fong, in which Fong stated that she (1) did not want to hold a press conference regarding the video made by plaintiffs, (2) did not set policies at the press conference, and (3) would not normally hold a press conference to discuss a disciplinary matter. McCoy Decl. ex. A. Plaintiffs argue that this new evidence is material to the question whether Fong's decision to speak to the press was discretionary and pursuant to her policy-making function, such that she is entitled to immunity under California Government Code § 820.2. The Court disagrees.

Under Civil Local Rule 7-9, the new evidence submitted by plaintiffs is not "material" and thus plaintiffs have no grounds on which to seek reconsideration. The fact that Fong did not want to hold a press conference and that Mayor Newsom, rather than Fong, called the press conference is immaterial to whether the decision to hold the conference was a policy-making decision under California law. Indeed, the involvement of the mayor's office in the decision to hold the press conference and in the press conference itself demonstrates that the decision to go public was pursuant to a policy-making

function and far from a routine, ministerial decision. *Caldwell v. Montoya*, 10 Cal. 4th 972, 981 (Cal. 1995); *Sanborn v. Chronicle Publ'g Co.*, 18 Cal. 3d 406, 415 (Cal. 1976). The extraordinary circumstances at issue are further demonstrated by Fong's statement that press conferences would not normally be held for disciplinary matters. Plaintiffs also mischaracterize Fong's testimony, arguing that Fong testified that "her statements were not made in furtherance of any policy-making function." Motion at 4. Fong did not so testify; rather, she stated that she did not "set policies at the press conference." McCoy Decl. ex. A. Whether or not policies were set or announced at the press conference is immaterial to the Court's prior order, which held that the decision *to initiate* the press conference was made pursuant to a policy-making function. That is, the holding of a press conference regarding a potentially volatile situation was itself discretionary, and it is immaterial whether policies were actually announced at the conference. The Court therefore DENIES plaintiffs' motion for leave to file a motion for reconsideration of the Court's ruling regarding Government Code § 820.2.

Plaintiffs also argue that the Court should reconsider its holding that Fong was immune from liability under Government Code § 821.6, but offer no new evidence in support of this contention. The Court therefore DENIES plaintiffs' motion for leave on this ground as well.

## CONCLUSION

For all of the foregoing reasons, and for good cause shown, the Court DENIES plaintiffs' motion for leave to file an amended complaint [Docket No. 89] and DENIES plaintiffs' motion for leave to file a motion for reconsideration [Docket No. 59]. The Court also DENIES as moot defendants' motion to strike plaintiffs' fourth amended complaint [Docket No. 92].

**IT IS SO ORDERED.**

Dated: November 21, 2007

SUSAN ILLSTON
United States District Judge

7