IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLAYTON HARMSTON, et al., | No. C 07-01186 SI |
| Plaintiffs, | **ORDER DENYING PLAINTIFFS' MOTION TO STRIKE, MOTION FOR DISCOVERY, AND MOTION FOR SANCTIONS** |
| v. | |
| CITY AND COUNTY OF SAN FRANCISCO, et al., | |
| Defendants. / | |

Currently before the Court are plaintiffs' motion to strike the declaration of attorney Lawrence Hecimovich, motion for discovery of Hecimovich's billing statements, and motion for sanctions. The motions are scheduled for hearing on March 14, 2008. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument, and hereby VACATES the hearing.

In its order of January 29, 2008, the Court clarified its order awarding sanctions to defendants for plaintiffs' violation of a protective order, explaining that the sanctions were civil, not criminal, in nature. The Court also suggested that it had misinterpreted the declarations submitted by defendants in support of the amount of sanctions, and asked defendants to resubmit a declaration of hours spent on the protective order issue. Plaintiffs' current motion was filed in response to defendants' new declaration.

Although neither party has raised the issue, the Court notes that plaintiffs have appealed the Court's award of sanctions to the Ninth Circuit, having filed a notice of appeal on November 16, 2007. "As a general rule, the filing of a notice of appeal divests a district court of jurisdiction over those aspects of the case involved in the appeal." *Stein v. Wood*, 127 F.3d 1187, 1189 (9th Cir. 1997); *see also*

*Mayweathers v. Newland*, 258 F.3d 930, 935 (9th Cir. 2001). In light of plaintiffs' appeal, the Court finds that while it was appropriate for the Court to clarify its order granting sanctions, *see id.* ("There are a number of exceptions to the general rule that a district court loses jurisdiction upon the filing of a notice of appeal. A district court may, for example, retain jurisdiction to correct clerical errors or clarify its judgment pursuant to Fed. R. Civ. P. 60(a)."), it was error for the Court to address the amount of sanctions itself in the January 29, 2008 Order. More significantly, because plaintiffs' appeal of the sanctions award is still before the Ninth Circuit, it would be error for the Court to address plaintiffs' motions now. The Court therefore DENIES plaintiffs' motions without prejudice to reconsideration when jurisdiction over the sanctions issue is transferred from the Ninth Circuit back to this Court. In the meantime, defendants' attorneys shall preserve their billing records to enable the Court to review them *in camera* should the need arise in the future. The Court also notes that it is not inclined to grant plaintiffs' motion for sanctions against defendants in the absence of any affirmative evidence of wrongdoing, which plaintiffs have thus far failed to put forth.

## CONCLUSION

For the foregoing reasons, the Court DENIES WITHOUT PREJUDICE plaintiffs' motions regarding the Hecimovich declaration [Docket No. 137].

**IT IS SO ORDERED.**

Dated: March 3, 2008

SUSAN ILLSTON
United States District Judge