IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLAYTON HARMSTON, et al., | No. C 07-1186 SI |
| Plaintiff, | **ORDER GRANTING PLAINTIFFS' MOTION TO REMAND TO SUPERIOR COURT FOR CITY AND COUNTY OF SAN FRANCISCO AND REMANDING ACTION** |
| v. | |
| CITY AND COUNTY OF SAN FRANCISCO, et al. | |
| Defendant. | |

Before the Court is plaintiffs' motion to dismiss all federal claims and remove and remand case to state court, where it was originally filed. This Court finds the motions appropriate for determination without oral argument in accordance with Local Rule 7-1(b). Having considered the papers submitted, and all the files and records in the case, and for good cause shown, the Court GRANTS plaintiffs' motion.

**BACKGROUND**

On August 10, 2006, plaintiff Clayton Harmston, along with a group of fellow San Francisco police officers, filed suit against the City and County of San Francisco and Chief of Police Heather Fong in San Francisco Superior Court. Plaintiffs asserted state causes of action for racial discrimination under California's Fair Employment and Housing Act ("FEHA"), retaliation under FEHA, defamation, and intentional infliction of emotional distress. On January 22, 2007, plaintiffs amended their complaint to add federal claims of racial discrimination and retaliation under 42 U.S.C. § 2000e *et seq.*, Title VII of

the Civil Rights Act of 1964 ("Title VII"). On February 28, 2007, defendants removed the action to this Court pursuant to 28 U.S.C. § 1441, since the complaint now included federal claims.

This Court has since addressed various procedural and discovery issues, including sanctions and appointment of a special discovery master, and has issued one order substantively affecting the pleadings. *See* Order Grant. in Part & Den. in Part Defs' Mot. for J. on Pleadings.

On July 10, 2008, plaintiffs moved to dismiss all of their federal claims. Because only state law claims will remain, plaintiffs have moved to remand the case to San Francisco Superior Court, where it was originally filed. Defendants oppose the motion.

## LEGAL STANDARD

When a case "of which the district courts of the United States have original jurisdiction" is initially brought in state court, the defendant may remove it to federal court. 28 U.S.C. § 1441(a). Upon a defendant's removal of a case to federal court, the court "shall have supplemental jurisdiction over all other claims that . . . form part of the same case or controversy." 28 U.S.C. § 1367(a). However, if the court chooses, it may in its discretion "remand all matters in which State law predominates." 28 U.S.C. § 1441(c). A district court has the discretion to remand a properly removed case to state court when no federal claim remains, "upon a proper determination that retaining jurisdiction over the case would be inappropriate." *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 358 (1988); *Harrell v. 20th Century Ins. Co.*, 934 F.2d 203, 205 (9th Cir. 2001). In deciding whether to remand, courts should "consider and weigh the values of judicial economy, convenience, fairness, and comity." *Carnegie-Mellon*, 484 U.S. at 350. The Supreme Court in *Carnegie-Mellon* noted that a district court has "a powerful reason to choose not to continue to exercise jurisdiction" when all federal claims have been eliminated at an early stage of the litigation. *Carnegie-Mellon*, 484 U.S. at 350-51.

## DISCUSSION

Plaintiffs argue that the Court should remand this case to state court because they have dismissed all their federal claims. Plaintiffs assert that remand would advance the interests of judicial economy, that considerations of comity favor a state court's resolution of issues arising under FEHA, and finally,

1  that factors of convenience and fairness do not weigh against remand because both the federal and state
2  forums are in San Francisco.

3  In arguing against remand, defendants contend that the Court's retention of this case would
4  advance the interests of judicial economy because it has issued numerous rulings on procedural and
5  substantive motions. Defendants highlight the Court's ruling on defendants' motion for judgment on
6  the pleadings, which they argue "constitutes the foundational order in this case." Def. Opp. Mot. to
7  Remand at 5. Defendants also point out that the court-appointed Special Master has resolved various
8  discovery disputes. These factors, defendants argue, illustrate the Court's heavy involvement in this
9  case, and weigh against remand to state court.

10  While defendants are correct that the Court has issued numerous orders in this case, those orders
11  largely governed discovery and procedural matters. Moreover, neither the filing deadline nor the
12  hearing date for motions for summary judgment has arrived, so this case remains in its early stages. The
13  Court finds that the interests of judicial economy, comity and convenience do not command it to retain
14  jurisdiction, but rather favor remand to state court for determination of the state law issues that now
15  exclusively control this case.

## CONCLUSION

18  For the foregoing reasons and for good cause shown, the Court hereby GRANTS plaintiffs'
19  motion to remand [Docket No. 170], and REMANDS this action to the Superior Court for the City and
20  County of San Francisco.

**IT IS SO ORDERED.**

Dated: October 9, 2008

SUSAN ILLSTON
United States District Judge